

275 Seventh Avenue Suite 1506, New York, NY 10001-6860
ph: 212-633-6967   fax: 212-633-6371   www.nclej.org

May 6, 2018

*Via ECF*

The Honorable Christina Reiss
United States District Court, District of Vermont
P.O. Box 446
Burlington, VT 05402-0446

Re:  *Black Love Resists in the Rust et al. v. City of Buffalo et al.*; No. 18-CV-719

Dear Judge Reiss:

The National Center for Law and Economic Justice, along with the Center for Constitutional Rights and the Western New York Law Center, represents the Plaintiffs in *Black Love Resists in the Rust et al. v. City of Buffalo et al.* We write to advise the Court of the current status of discovery in this matter and to request modification of the schedule to enlarge the amount of time for the parties to amend pleadings, add parties, and complete discovery in this litigation. Plaintiffs further request that the Court schedule a status conference to set deadlines by which Defendants must substantially complete their production of responsive documents and Electronically Stored Information (ESI) and to resolve other discovery disputes.

On November 5, 2018, Plaintiffs served their initial discovery requests, consisting of requests for production of documents and interrogatories. Plaintiffs' requests for production sought documents and ESI pertaining to Defendants' policies and practices in operating vehicle checkpoints, towing and impounding vehicles, issuing tickets for violations of the New York Vehicle and Traffic Law (VTL), and other related issues connected to the allegations in Plaintiffs' Complaint.

Since November 5, the Parties have  met and conferred telephonically at least  ten times. As explained to the Court in Plaintiffs' last update on the status of discovery, *see* Dkt # 29, in late January Defendants represented that they would make their first production of ESI within thirty days from the date Plaintiffs proposed additional search terms. Despite this representation, and despite the fact that Plaintiffs provided those additional search terms on February 4, 2019, Defendants waited until March 6 to inform Plaintiffs for the first time that technological limitations relating to the Buffalo Police Department's email system impaired Defendants' ability to search for and collect responsive ESI. Defendants subsequently informed Plaintiffs that they intended to contract with a vendor with the technological capabilities to complete collection and production of Defendants' ESI. Defendants have since hired the vendor, and the parties are conferring with respect to custodians and search terms, but Defendants have not yet begun the search process.

Because Defendants have not yet produced any ESI and production of hardcopy documents remains ongoing, Plaintiffs have been unable to identify and notice depositions of relevant persons with knowledge of facts central to the claims and defenses in this litigation. Plaintiffs lack important evidence needed to move for class certification. In addition, Plaintiffs have had to seek data for the statistical analyses to be conducted by our experts through third-party subpoenas and open records requests, which has added significant time and expense to Plaintiffs' discovery efforts. Several of these third party requests remain outstanding.

Under Federal Rule of Civil Procedure 16(b), a scheduling order may be modified for "good cause" and with the Judge's consent. Presently, the deadline to seek leave to amend the pleadings or add parties is May 14, 2019, and the deadline for the parties to complete fact discovery is June 14, 2019. Here, good cause exists for an extension Defendants are only starting the search and collection of ESI responsive to Plaintiffs' First and Second Sets of Requests for Production of Documents.  The proposed modifications will not result in undue delay, as they will provide the Parties sufficient time to take necessary discovery, which may lead to a narrowing of the issues and claims. Moreover, Plaintiffs expect that the volume of this production will be substantial, and Plaintiffs intend to seek leave to amend their Complaint based on their review of this discovery and additional factual investigation.

Accordingly, Plaintiffs propose the following modified schedule:

| Deadlines | Current Date | Modified Date |
|---|---|---|
| Deadline for filing motions to amend the pleadings or add parties | May 14, 2019 | November 14, 2019 |
| Deadline for completion of fact discovery | June 14, 2019 | December 13, 2019 |
| Deadline for motions to compel discovery | June 14, 2019 | December 13, 2019 |
| Deadline for service of Initial Expert Reports | July 12, 2019 | January 31, 2020 |
| Deadline for service of Rebuttal Expert Reports | August 13, 2019 | March 2, 2020 |
| Deadline for completion of all expert discovery (incl. expert depositions) | September 13, 2019 | March 26, 2020 |
| Deadline for Dispositive Motions | October 9, 2019 | April 30, 2020 |

Plaintiffs further request that the Court hold a status conference to set a schedule by which Defendants will substantially complete their production of responsive documents and ESI and to resolve several other outstanding discovery issues which the parties have been unable to resolve through the meet-and-confer process. Plaintiffs propose that the parties advise the Court of these issues in separate submissions prior to the conference.

Plaintiffs have conferred with counsel for Defendants, who has stated that Defendants do not object to the proposed extension or conference.

Plaintiffs are available for a telephone conference with the Court should the Court wish to hear from the Parties on this motion or other matters pertaining to this litigation.

Respectfully Submitted,

Claudia Wilner
Senior Attorney

Cc:    All counsel of record (via ECF)