```
UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
BLACK LOVE RESISTS IN THE RUST, et al.,   :
                                          :
                         Plaintiffs,      :
                                          :
        v.                                :   Case No. 1:18-cv-00719
                                          :
CITY OF BUFFALO, N.Y., et al.,            :
                                          :
                         Defendants.      :
                                          :
                                          :
                                          :
                                          :
------------------------------------------------------------ X
```

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL NON-PARTY ERIE COUNTY CENTRAL POLICE SERVICES TO COMPLY WITH PLAINTIFFS' MAY 17, 2019 SUBPOENA

On May 17, 2019, Plaintiffs served non-party Erie County Central Police Services (ECCPS) with a subpoena requiring production of certain electronically stored information (ESI) regarding crime data for the City of Buffalo contained within ECCPS's Computerized History and Record Management System (CHARMS) database. *See* Wilner Decl. ¶ 12, Ex. A. The subpoena was returnable on May 31. Wilner Decl. ¶ 13, Ex. A.  Pursuant to Fed. R. Civ. P. 45(a)(4), Plaintiffs served a copy of the subpoena on counsel for Defendants before serving it on ECCPS. Wilner Decl. ¶ 14, Ex. D.

On May 24, counsel for Plaintiffs spoke with Marlaine Hoffman, the Deputy Director of Information Services for ECCPS. Wilner Decl. ¶ 15. Plaintiffs had previously had cooperative interactions with Ms. Hoffman with respect to both subpoenas and Freedom-of-Information requests. Wilner Decl. ¶¶ 11, 15.  Ms. Hoffman asked a few clarifying questions about the data mapping in the subpoena and indicated that she expected to be able to complete production by the May 31 due date or, if not, shortly thereafter.  Wilner Decl. ¶ 15.

Plaintiffs did not hear anything further from Ms. Hoffman on or before May 31, 2019, and ECCPS did not produce the requested data. *See* Wilner Decl. ¶ 16. On June 6, 2019, Plaintiffs emailed Ms. Hoffman about her progress in responding to the subpoena and learned that she was away for the week. Wilner Decl. ¶ 17, Ex. E. On June 19, Plaintiffs followed up again. Wilner Decl. ¶ 18, Ex. F. Ms. Hoffman did not respond, and no production has been forthcoming. Wilner Decl. ¶ 18.

ECCPS has not raised any objections to the subpoena or provided Plaintiffs with any explanation concerning its failure to obey the subpoena. Wilner Decl. ¶ 19. Defendants also have not moved to quash the subpoena. Wilner Decl. ¶ 20. Accordingly, Plaintiffs are entitled to an order pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i) compelling ECCPS to comply with the subpoena and produce the requested information.

## FACTUAL BACKGROUND

The Complaint in this action contains detailed allegations concerning the relationship (or lack thereof) between locations of reported crimes in Buffalo and the location of vehicle checkpoints. *See* ECF No. 1, ¶¶ 29-64. Those allegations respond, in part, to Defendants' history of statements that the BPD utilized crime data in choosing the location of vehicle checkpoints. *See*, *e.g.*, ECF No. 1, ¶¶ 29-33, 50-57. The requested discovery is therefore plainly relevant to Plaintiffs' need to prove these allegations.

Plaintiffs initially requested information concerning reported crime data in Buffalo in Plaintiffs' First Set of Requests for Production to Defendants in November 2018. Wilner Decl. ¶ 5, Ex. B. Plaintiffs conferred with Defendants about their objections, including Defendants' purported obstacles in retrieving the data from their systems. Wilner Decl. ¶¶ 6-9. As of result of these conferrals, Plaintiffs learned that ECCPS possessed identical data and that Plaintiffs could

attempt to obtain the requested information from ECCPS pursuant to a subpoena. Wilner Decl. ¶¶ 10-11.  Plaintiffs then sent notice and a copy of the subpoena to Defendants via email before serving the subpoena on ECCPS on May 17, 2019. Wilner Decl. ¶¶ 12, 14.  The subpoena does not seek personal identifying information other than names of BPD officers. Wilner Decl. ¶ 13. The subpoena seeks information pertaining to the date, time, offense category, and location of crimes committed within the City of Buffalo, Wilner Decl. Ex. A, and the City of Buffalo routinely makes similar information available on its website for some, but not all, categories of crimes. *See, e.g.,* https://data.buffalony.gov/Public-Safety/Crime-Incidents-Data-Lens-/vhp3-62vz.

## ARGUMENT

ECCPS has not complied with the subpoena or served objections to it. Defendants also have not moved to quash the subpoena. Additionally, ECCPS has ignored Plaintiffs' last two attempts to follow up about the production of the requested information. Plaintiffs therefore respectfully request that the Court issue an Order compelling ECCPS to comply with the Plaintiffs' May 17, 2019 subpoena and produce crime data dating back to 2011 contained within the CHARMS database.

Under Federal Rule of Civil Procedure 45(c)(2)(B), objections to non-party subpoenas that are not made within the required fourteen-day time frame are waived. *Schweizer v. Mulville*, 93 F. Supp. 2d 376, 412 (S.D.N.Y. 2000). Thus, by their failure to object and/or move to quash, ECCPS and Defendants have waived any objections to the subpoena. *See*, *e.g.*, *Cruz v. Green Tree Mortg. Servicing, LLC*, No. 3:15CV00714(AWT), 2017 U.S. Dist. LEXIS 22901, at *4-5 (D. Conn. Feb. 17, 2017) (granting party's motion to compel against non-party who failed to respond, object, or move to quash subpoena); *see also Schweizer*, 93 F. Supp. 2d at 412 (finding

against the defendant and ruling that a party who does not seek to quash or modify a non-party subpoena "despite adequate opportunity to do so" waives any objections).  Furthermore, any objections ECCPS or Defendants could make would be meritless.  Ms. Hoffman has made clear that compliance with the subpoena would *not* be burdensome. It is the kind of work she does routinely and has previously done in response to subpoenas and FOIL requests in this case. Wilner Decl. ¶¶ 10-11.

Finally, as set forth above, the subpoena seeks basic information that is directly relevant to core allegations of the Complaint. Equal Protection violations require "[p]roof of discriminatory intent or purpose." *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977). Plaintiffs alleging racial discrimination must prove that race was a "motivating factor" in the challenged action. *Id.* at 265-66. A challenged action or practice must have more than a disparate impact on racial groups and not be easily explainable on grounds other than race. *Id.* at 266. Defendants have asserted that checkpoint locations were chosen based on criminal activity, *see*, *e.g.*, ECF No. 1, ¶¶ 29-33, 50-57, and Plaintiffs are entitled to the data needed to test any such assertion. *See*, *e.g., Floyd v. City of New York*, 959 F.Supp. 2d 540, 562, 664 (S.D.N.Y. 2013) (finding that New York City had "adopted a policy of indirect racial profiling by targeting racially defined groups for stops based on local crime suspect data" and holding that "[t]he Equal Protection Clause does not sanction treating similarly situated members of different racial groups differently based on racial disparities in crime data"). In *Floyd*, as here, the defendants claimed that the racial disparities in the New York Police Department's (NYPD) pedestrian *Terry* stop activity reflected the NYPD's race-neutral response to criminal activity, not racial discrimination. The *Floyd* plaintiffs tested and ultimately disproved this claim through statistical analyses of the *Terry* stop racial disparities, using NYPD crime data as a benchmark.

*Floyd*, 959 F.Supp.2d at 583-89. The *Floyd* defendants turned over that crime data—which included the very same categories of information for each reported crime that Plaintiffs here seek in their ECCPS subpoena—to *Floyd* plaintiffs in discovery. *See Floyd v. City of New York*, 08 Civ. 1034, ECF No. 66 (S.D.N.Y. June 9, 2009) (Stipulation and Order requiring defendants to produce crime complaint report data with date, time, location and offense category for each reported crime).

## CONCLUSION

This Court should grant the motion to compel and order ECCPS to comply with the subpoena and produce the requested crime data immediately.

Respectfully Submitted,

/s/ Claudia Wilner
Claudia Wilner
Travis W. England*
Britney Wilson*
NATIONAL CENTER FOR LAW
AND ECONOMIC JUSTICE
275 Seventh Avenue, Suite 1506
New York, NY 10001
212-633-6967
wilner@nclej.org
england@nclej.org
wilson@nclej.org

* *Application for admission forthcoming.*

/s/ Darius Charney
Darius Charney
Chinyere Ezie
Brittany Thomas*
CENTER FOR CONSTITUTIONAL
RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
212-614-6439
DCharney@ccrjustice.org
CEzie@ccrjustice.org
BThomas@ccrjustice.org

/s/ Keisha A. Williams
Joseph Keleman
Keisha Williams
WESTERN NEW YORK LAW CENTER
Main Seneca Building
237 Main Street, Suite 1130
Buffalo, NY 14203
Tel: (716) 828-8415
Fax: (716) 270-4005
jkeleman@wnylc.com
kwilliams@wnylc.com