UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
BLACK LOVE RESISTS IN THE RUST, et al.,

                     *Plaintiffs,*

                                                                                       Case No. 1:18-cv-719

- vs -

CITY OF BUFFALO, N.Y., et al.,

                     *Defendants*.
---------------------------------------------------------------x

# **DECLARATION OF CLAUDIA WILNER IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL NON-PARTY ERIE COUNTY CENTRAL POLICE SERVICES TO COMPLY WITH PLAINTIFFS' MAY 17, 2019 SUBPOENA**

I, Claudia Wilner, declare the following under penalty of perjury, pursuant to 28 U.S.C. § 1746:

      1.      I am a Senior Attorney at the National Center for Law and Economic Justice (NCLEJ).

      2.      I am one of the attorneys representing Plaintiffs and the proposed classes in this action, and I am fully familiar with the facts stated in this declaration.

      3.      I am an attorney admitted to practice in the Western District of New York.

      4.      I submit this declaration in support of Plaintiffs' motion to compel non-party Erie County Central Police Services (ECCPS) to comply with Plaintiffs' May 17, 2019 subpoena requiring ECCPS to produce certain electronically stored information (ESI) regarding crime data of the City of Buffalo contained within Erie County's Computerized History and Record Management System (CHARMS) database. Ex. A.

      5.      Plaintiffs initially sought such crime data directly from Defendants. Defendants responded with a string of boilerplate objections. Ex. B, Response to Plaintiffs' First Set of Requests for Production to Defendant City of Buffalo, Objection to Request No. 29, at p. 20.

6. On December 19, 2018, I (along with Darius Charney of the Center for Constitutional Rights and Travis England and Britney Wilson of NCLEJ) conferred with counsel for Defendants, Rob Quinn. During that conferral, I clarified that Request 29 sought data consisting of the date, time, location, and offense category of all crimes committed within the City of Buffalo, but that it did not seek documents related to the investigation of any particular crime, nor did it seek personal identifying information of any person.

7. On January 4, 2019, the parties conferred again concerning multiple topics, including the crime data. Mr. Quinn stated that he did not know whether the City of Buffalo kept crime data, but that he would look into it.

8. On January 18, 2019, Plaintiffs wrote to Defendants about a number of outstanding discovery issues, including the crime data. Ex. C, Letter from C. Wilner to R. Quinn, dated Jan. 18, 2019, at p. 7.

9. On January 18, 2019, the parties conferred again. During this call, Mr. Quinn stated that the City stored crime data in the CHARMS database and that ECCPS maintained this database. Mr. Quinn described the City's ability to extract data from the CHARMS database as limited to running individual searches, and he stated his belief that ECCPS had greater access to the data than he did.

10. On January 29, 2019, I spoke with Marlaine Hoffman, the Deputy Director of Information Services for Erie County. Ms. Hoffman confirmed that ECCPS maintained the CHARMS database containing crime data of the City of Buffalo and that she had the technical capacity to produce this data upon request.

11. Over the next several months, I and Edward P. Krugman (also with NCLEJ) had multiple cooperative dealings with Ms. Hoffman, and Ms. Hoffman responded promptly to two FOIL requests and a subpoena for traffic ticket data stored in a separate database.

12. On May 17, 2019, Plaintiffs served ECCPS with a subpoena requiring it to produce certain electronically stored information (ESI) regarding crime data for the City of Buffalo contained within Erie County's CHARMS database. Ex. A.

13. The subpoena does not seek personal identifying information other than names of BPD officers and was returnable on May 31. *Id.*

14. Pursuant to Fed. R. Civ. P. 45(a)(4), Plaintiffs served a copy of the subpoena on counsel for Defendants before serving Erie County. Ex. D.

15. On May 24, Mr. Krugman and I spoke with Ms. Hoffman. Ms. Hoffman asked a few clarifying questions concerning the data mapping in the subpoena and indicated that she expected to be able to complete production by May 31 or shortly thereafter.

16. Plaintiffs did not hear anything further from Ms. Hoffman on or before May 31, and ECCPS did not produce the requested data.

17. On June 6, 2019, Mr. Krugman e-mailed Ms. Hoffman about her progress in responding to the subpoena and learned that she was away for the week. Ex. E, June 6-19, 2019, E-mail chain from E. Krugman to M. Hoffman.

18. On June 19, Mr. Krugman followed up with Ms. Hoffman again via email. *Id*. Ms. Hoffman did not respond to that email.

19. ECCPS has not objected to the subpoena or provided Plaintiffs with any explanation concerning its failure to obey the subpoena.

20. Defendants did not move to quash the subpoena.

21. Accordingly, Plaintiffs move for an order pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i) compelling ECCPS to comply with the subpoena and produce the requested information.

Dated: July 15, 2019.

                                                   /s/ Claudia Wilner
                                                 Claudia Wilner