**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**BLACK LOVE RESISTS IN THE RUST, et al.**

|  |  |
|---|---|
| **Plaintiffs,** | **RESPONSES TO PLAINTIFFS' SECOND** |
|  | **SET OF REQUESTS FOR PRODUCTION TO** |
| **-vs-** | **DEFENDANT CITY OF BUFFALO, N.Y.** |
|  |  |
| **CITY OF BUFFALO, et al.** | **Civil Action No.: 18-cv-719** |
|  |  |
| **Defendants.** |  |

_____

Defendant, CITY OF BUFFALO ("City") offer the following in response to "PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANT CITY OF BUFFALO, N.Y." based on information available as of the date prescribed herein.

## GENERAL OBJECTIONS

1.      The City responds to each and every document request subject to the general objections set forth herein. These objections form a part of the response to each and  every document request and are set forth herein to avoid duplication by restating them for each document request. These general objections may be specifically referred to in response to a certain document request for the purpose of clarity. However, the failure specifically to refer to a general objection is not and shall not be construed to be a waiver of any general objection, even if other general objections are specifically stated in response to a document request.

2.    The City objects to each of the requests to the extent that they seek information and documents that they seek materials prepared in anticipation of litigation or are subject to the attorney-client privilege, attorney work product doctrine, deliberative process privilege, law enforcement privilege, prosecutorial privilege, or any other applicable privilege, including but not limited to those set forth by statutes such as the New York State Civil Rights Law §§50-a and 50-b, New York Public Officers Law §86, the New York Social Services Law, the Health Insurance Portability And Accountability Act (HIPAA), and 18 NYCRR §357.1.

3.    The City objects to each of the requests to the extent that they seek to impose upon Defendants any obligation beyond those imposed by the Federal Rules of Civil Procedure. The City objects to each of the requests and to the preliminary statement, definitions, and instructions that accompany them, to the extent that they are not consistent with the Federal Rules of Civil Procedure and/or the Local Rules of Civil Procedure and/or attempt to impose requirements greater than those imposed by each or all of those rules. The City objects to these requests to the extent that they seek to impose an obligation upon the Defendant to collect an obtain information from any person or entity that is not a party to this action.

4.    The City objects to each of the document requests to the extent they are vague, ambiguous, overbroad, unduly burdensome, oppressive, unlimited in time, scope or subject, call for unbounded discovery, and/or do not describe the documents sought with reasonable particularity.

5.      The City objects to each of the document requests to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence or seek information material and necessary to the prosecution or defense of this action.

6.      The City objects to each of the document requests to the extent that they seek information not in the possession of the Defendants or their agents/employees.

7.      The City reserves the right to challenge the competency, relevance, materiality and admissibility of, and to object on any grounds to, the use of the information and/or documents provided hereby in any proceeding or trial of this or any other action.

8.      The City objects to the document requests insofar as they state or imply contested facts, circumstances, legal conclusions, issues, events or circumstances. The City's responses to these document requests shall not constitute any admission of any fact, event, circumstance, issue, or legal conclusion.

9.      The City objects to any requests for original evidence, records, documents, and things; the City will not release original evidence or things to any party for discovery purposes but will provide a reasonable opportunity for appropriate viewing in the presence of all parties.

10.     The City expressly reserves the right to amend and supplement the following responses and document requests with respect to additional information, material, and documents supplied or obtained in the course of discovery herein.

11.     The City objects to these document requests to the extent that they seek information which is proprietary in nature.

3

## RESPONSES TO DOCUMENT REQUESTS

**REQUEST NO. 50**: **All Documents and Communications relating to the schedule of the fines and fees imposed by the City of Buffalo and/or the BTVA for violations of (i) the New York State Vehicle and Traffic Law and (ii) Chapter 479 of the Code of the City of Buffalo.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB009523-COB009701 on the enclosed compact disk, which may be responsive to this request, and will supplement this response if and when additional documents or communications are located.

**REQUEST NO. 51**: **All Recommended and Adopted Budgets and Quarterly Gap Statements for the City of Buffalo, including but not limited to Budgets and Statements for the Buffalo Traffic Violations Agency, Buffalo Police Department, Parking Enforcement Division, and Law Department.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the attorney-client privilege, and/or attorney work-product privileges.

4

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB004337-COB008188 on the enclosed compact disk, which may be responsive to this request, and will supplement this response if and when additional documents or communications are located.

**REQUEST NO. 52:** **All Documents and Communications relating to any modification or amendment to the City of Buffalo's laws and ordinances concerning traffic fees and fines since July 2013, including, but not limited to, amendments to Chapter 175 of the Code of the City of Buffalo regarding fees charged by the BTVA.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB009536-COB009604 on the enclosed compact disk, which may be responsive to this request, and will supplement this response if and when additional documents or communications are located.

**REQUEST NO. 53:** **All Documents and Communications relating to the City of Buffalo's and/or the BTVA's implementation, enforcement, and collection of any and all fees referenced in Request 52 above.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and

seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.  The City specifically further objects in that the phrase "implementation, enforcement, and collection of any and all fees referenced in Request 52 above" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:**  Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 54: All Documents and Communications relating to the actual administrative cost to the BTVA and/or the City of Buffalo of the following: (a) allowing a defendant to defer payment; (b) processing a scofflaw/default judgment; (c) processing a default conviction; (d) filing a judgment; (e) processing or responding to a motion to vacate disposition.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the attorney-client privilege, and/or attorney work-product privileges. The City specifically further objects in that the phrase "actual administrative cost to the BTVA and/or the City of Buffalo" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 55: All Documents and Communications, including drafts and internal emails, relating to the preparation and development of the budgets for the BPD, the BTVA, and any agencies having to do with the towing, impounding, and/or auctioning of vehicles, including but not limited to the number of cars towed, impounded, and/or auctioned on an annual basis for violations of the VTL and the amount of revenue generated from such activities.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the attorney-client privilege, and/or attorney work-product privileges. The City specifically further objects in that the phrases "budgets for the BPD, the BTVA, and any agencies having to do with the towing impounding, and/or auctioning of vehicles" and "amount of revenue generated from such activities" are vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB004337-COB008188 on the enclosed compact disk, which may be responsive to this request, and will supplement this response if and when additional documents or communications are located.

**REQUEST NO. 56:** All Documents and Communications, including drafts and internal emails, relating to the BPD budget, including but not limited to any documents relating to or used in the compilation of or operation of "Work Program Statistics" identified in each budget for the Division of Patrol Services and Division of Traffic Services and any documents relating to how the BPD allocated and disbursed its funds to various units, initiatives, and/or programs within the Department.

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges. The City specifically further objects in that the phrase "any documents relating to how the BPD allocated and disbursed its funds to various units, initiatives and/or programs within the Department" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:**  Without waiving any general or specific objections, the City is aware of the documents bates numbered COB004337-COB008188 on the enclosed compact disk, which may be responsive to this request, and will supplement this response if and when additional documents or communications are located.

**REQUEST NO. 57:** All Documents and Communications with any member of the BPD relating to the status of or any change in municipal revenue.

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges. The City specifically further objects in that the phrase "relating to the status of any change in municipal revenue" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 58:** **All Documents and Communications relating to the amount of revenue BPD officers generate from tickets, towing and impound of vehicles, or the issuance of fines and fees related to traffic enforcement, including but not limited to any internal emails.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges. The City specifically further objects in that the phrase "the amount of revenue BPD officers generate from tickets, towing and impound of vehicles, or the issuance of fines and fees

related to traffic enforcement" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 59: All Documents and Communications, including contracts, emails, performance evaluations, and financial reports, between the City and independent contractors providing towing and impound services in connection with violations of the Vehicle and Traffic law.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, Civil Rights Law §50-a, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges. The City specifically further objects in that the phrase "between the City and independent contractors" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 60: All Documents and Communications concerning the amount of money a BPD officer should collet or aim to collect and/or the number of tickets an**

officer should issue or attempt to issue during any period of time (e.g., work shift, day, week, month, calendar quarter, etc.), including but not limited to any internal emails, BPD forms or directives.

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 61: All Documents and Communications, including drafts and internal emails, relating to the BTVA budget.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB004337-COB008188 on the enclosed compact disk, which may be responsive to this request, and will supplement this response if and when additional documents or communications are located.

**REQUEST NO. 62**: All Documents and Communications relating to the amount of revenue the BTVA generates on a monthly, quarterly, and/or yearly basis, including but not limited to revenue generated from traffic fines and fees and parking tickets.

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the attorney-client privilege, and/or attorney work-product privileges. The City specifically further objects in that the phrases "relating to the amount of revenue the BTVA generates" and "revenue generated from traffic fines and fees and parking tickets" are vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:** Without waiving any general or specific objections, e City is aware of the reports previously provided as COB003877-COB003903 and the documents bates numbered COB004337-COB008188 on the enclosed compact disk, which may be responsive to this request, and will supplement this response if and when additional documents or communications are located.

**REQUEST NO. 63**: All Documents and Communications relating to the cost to the City of Buffalo of operating the BTVA, including but not limited to any internal emails.

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the attorney-client

privilege, and/or attorney work-product privileges. The City specifically further objects in that the phrase "cost to the City of Buffalo of operating the BTVA" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the reports previously provided as COB003877-COB003903 and the documents bates numbered COB004337-COB008188 on the enclosed compact disk, which may be responsive to this request, and will supplement this response if and when additional documents or communications are located.

**REQUEST NO. 64: All Documents and Communications relating to the amount the City of Buffalo spends on (a) any debt collection methods for unpaid traffic fines and fees; and (b) how much revenue from traffic fines generates for the City of Buffalo.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the attorney-client privilege, and/or attorney work-product privileges. The City specifically further objects in that the phrases "debt collection methods" and "how much revenue from traffic fines generates for the City of Buffalo" are vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 65: All Documents and Communications relating to (a) the amount the City of Buffalo spends on towing, impounding, and auctioning vehicles for violations of the VTL; and (b) how much revenue towing, impounding, and auctioning vehicles for violations of the VTL generates for the City of Buffalo.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the attorney-client privilege, and/or attorney work-product privileges. The City specifically further objects in that the phrase "how much revenue towing, impounding, and auctioning vehicles for violations of the VTL generates for the City of Buffalo" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 66: All Documents and Communications related to the BTVA annual reports, including but not limited to all reports not previously produced, draft reports, all data summaries consulted or reviewed to create the reports, and any internal emails concerning the preparation of the reports.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and

seeks information protected by the deliberative process privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is aware of the reports previously provided as COB003877-COB003903, which may be responsive to this request, and will supplement this response if and when additional documents or communications are located.

**REQUEST NO. 67:** **To the extent not already provided, all Documents and Communications generated by or within the Office of the City of Buffalo Comptroller that would be responsive to Requests 52-66 above.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the attorney-client privilege, and/or attorney work-product privileges. The City specifically further objects in that the phrase "would be responsive to Requests 53-66 above" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB008189-COB009522 on the enclosed compact disk, which may be responsive to this request, and will supplement this response if and when additional documents or communications are located.

**REQUEST NO. 68:** **All Documents and Communications relating to the New York State Attorney General office's 2017 investigation into the BPD's use of**

15

**checkpoints and suspicionless trespass sweeps inside Buffalo Municipal Housing Authority (BMHA)'s public housing complexes, including but not limited to Defendants' internal Documents and Communications referencing the investigation as well as any documents produced by the City of Buffalo and/or the BPD to the Attorney General's office as a result of the investigation.** The City specifically further objects in that the phrase "relating to the New York State Attorney General office's 2017 investigation into the BPD's use of checkpoints and suspicionless trespass sweeps inside Buffalo Municipal Housing Authority (BMHA)'s public housing complexes" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**REQUEST NO. 69:** **All Documents and Communications relating to BPD polices, practices, procedures, rules, regulations, guidelines, and/or training materials contemplated or enacted as a result of the 2017 New York State Attorney General's Office Investigation.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges. The

City specifically further objects in that the phrase "contemplated or enacted as a result of the 2017 New York State Attorney General's Office Investigation" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**REQUEST NO. 70: All Documents and Communications relating to the BTVA and/or City of Buffalo's processes for notifying the New York State Department of Motor Vehicles to suspend the licenses of people who do not pay their tickets or fail to appear at their traffic-related court appearances.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges. The City specifically further objects in that the phrase "process for notifying the New York State Department of Motor Vehicles to suspend the licenses of people who do not pay their tickets or fail to appear at their traffic-related court appearances" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:**  Without waiving any general or specific objections, the City is aware of the documents bates numbered COB009523-COB009701 on the enclosed compact disk, which may be responsive to this request, and will supplement this response if and when additional documents or communications are located.

**REQUEST NO. 71: All Documents and Communications concerning the BTVA and/or City of Buffalo's debt collection practices for unpaid traffic fines, including but**

not limited to internal emails, forms, contracts, and communications with debt collectors and law firms concerning the collection of unpaid traffic fines, default judgments, etc..

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges. The City specifically further objects in that the phrase "debt collection practices" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB009523-COB009701 on the enclosed compact disk, which may be responsive to this request, and will supplement this response if and when additional documents or communications are located.

**REQUEST NO. 72:** All Documents and Communications relating to the complaints regarding vehicle tows, impounds, and/or auctions, whether performed by the City or an independent contractor, where the basis for the tow or impound was an alleged violation of the VTL.

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by Civil Rights Law §50-a, the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-

product privileges. The City specifically further objects in that the phrase "where the basis for the tow or impound was an alleged violation of the VTL" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:**  Without waiving any general or specific objections and to the extent that the request is understood, at this time, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 73**: All Documents and Communications from the electronic BTVA database, Courtroom, or any other relevant database showing, for each case adjudicated at the BTVA, (a) whether the defendant pled guilty, not guilty, or failed to appear; (b) the outcome of the adjudication; (c) all fines, fees and default penalties assessed; (d) whether the defendant paid the fines and fees; (e) the date and amount of each payment; (f) all collection actions taken by the BTVA including docketing the ticket as a default judgment and reporting nonpayment or nonappearance to the DMV; (g) whether the default judgment was vacated or license reinstated.

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:**  Without waiving any general or specific objections and to the extent that the request is understood, at this time, the City is not aware of any responsive documents or communications at this time.

Dated: May 19, 2019
      Buffalo, New York

TIMOTHY A. BALL, ESQ.
Corporation Counsel


*/s/Robert E. Quinn*
By: Robert E. Quinn
65 Niagara Square - 1103 City Hall
Buffalo, NY 14202
Tel.: (716) 851-4326
rquinn@ch.ci.buffalo.ny.us


TO:    NCLEJ
      Attn.: Claudia Wilner, Esq.
      275 Seventh Avenue, Suite 1506
      New York, NY  10001
      wilner@nclej.org

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**BLACK LOVE RESISTS IN THE RUST, et al.**

       **Plaintiffs,**

           **-vs-**

**CITY OF BUFFALO, et al.**

       **Defendants.**

_____

              **CERTIFICATE OF SERVICE**

       **Civil Action No.: 18-cv-719**

       I, Robert E. Quinn, hereby certify that on May 19, 2019, the annexed document was electronically served on Counsel for the Plaintiffs in this case:

Claudia Wilner, Esq.
NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE
275 Seventh Avenue, Suite 1506
New York, NY  10001
wilner@nclej.org

I certify under penalty of perjury that the foregoing is true and correct.

Dated: May 19, 2019
      Buffalo, New York

                 TIMOTHY A. BALL, ESQ.
                 Corporation Counsel

                 _/s/Robert E. Quinn_____
                 By: Robert E. Quinn
                 65 Niagara Square - 1103 City Hall
                 Buffalo, NY 14202
                 Tel.: (716) 851-4326
                 rquinn@ch.ci.buffalo.ny.us