# Claudia Wilner

| | |
|---|---|
| **From:** | Claudia Wilner |
| **Sent:** | Thursday, January 03, 2019 2:09 PM |
| **To:** | 'Quinn,Robert E' |
| **Cc:** | Darius Charney; Travis England |
| **Subject:** | Tomorrow's Meet & Confer - BLRR v. City of Buffalo |

Hi Rob, I'm writing to check in on the status of Defendant's production and to propose an agenda for our meet and confer this Friday from 3-5pm.

First, during our last meet and confer on Dec. 19, you stated that you expected to supplement your production "tomorrow or early next week." We still have not received any additional production from you. When can we expect to receive the additional production you promised?

Second, during the last meet and confer you stated that you would provide supplemental responses to various interrogatories including Interrogatory 1, 2, and 9. When will you provide those supplemental responses? Interrogatory 9 – including the list of tables, fields, and associational relationships for the TraCS database along with the name of the person most knowledgeable about its operation (an IT professional) – is particularly urgent and we ask that you prioritize that response.

Third, during our last meet and confer you stated that you object to Interrogatory 8 on the basis of overbreadth, vagueness, and burden. We would like to confirm that you maintain these objections and do not intend to supplement your response to this Interrogatory.

Finally, during our meet and confer we would like to discuss the following Requests for Production of Documents:

RFPs 1-8:  We understand from our last meet and confer that you are continuing to search for responsive documents and ESI.  We would like an update on the search process including identification of the custodians searched, search terms used, the amount of time needed to complete the search, and an estimated date to complete production.  We can also discuss staging of production if necessary.

RFP 9 and 44:  In your response to Interrogatory 4, you stated that Checkpoint locations are chosen in part based on "citizen complaints, and other information regarding traffic safety and motor vehicle accidents, all of which are analyzed to determine the chosen checkpoint locations."  These documents would be responsive to RFP 9 and 44 and we specifically ask that you produce them along with any other responsive documents.  We would also like an update on your search process as described above.

RFPs 10-16, 20-21:  During our last meet and confer, we explained that these RFPs seek copies of the statistical information that specific BPD units and the individual officers in those units provide to their superior officers in order to document their aggregate enforcement activity (i.e. the total number of arrests made, traffic citations issued, cars impounded, etc) during a given day, week, month, etc. We clarified that the information sought is distinct from arrest reports and traffic tickets that BPD officers fill out for each individual arrest or traffic stop that they conduct. We gave you an example of a Housing Unit daily report, which is transmitted electronically and is directly responsive to RFP 11.  We also shared our expectation that the Strike Force and Traffic Units issue similar monthly and daily reports, and we asked you to produce those reports for those units.  You said that you would attempt to locate the requested reports.  We would like an update as to the status of the search.  We would also like to know the volume of responsive documents.  We expect that the Monthly Reports will not be voluminous, and we expect you to produce those in their entirety.  We also prefer that you produce the Daily Reports in their entirety.  If the Daily Reports are so voluminous so

as to make a full production infeasible, we can discuss narrowing the request to reduce the burden, but in order to do that we need detailed information as to the number of responsive documents by unit and year.

RFP 19:  This RFP calls for information documenting other kinds of checkpoints carried out by the BPD, if any (for example, DUI checkpoints).  We would like an update on the status of the search for responsive documents.

RFP 22:  This RFP seeks any documents and communications concerning the criteria used to evaluate the performance of Housing Unit and Strike Force officers.  It does not seek the actual performance evaluations of individual officers.  During our last meet and confer we stated that we believed the union contracts would be responsive to this RFP, and we asked you to produce those contracts.  We would like an update on the status of your search for those contracts and any other documents or ESI that might explain how BPD conducts performance evaluations of its officers.

RFP 23:  Your response suggests that you did not understand this request.  We would like to clarify the request and the basis for your objections so that we can go to the court if necessary.

RFPs 24-26, 29-30:  As we explained during our last meet and confer, these requests seek data that is essential to Plaintiffs' claims and motion for class certification. Plaintiffs need production of this data as soon as possible.  During our conversations, you have indicated that you lack the technical knowledge needed to produce the data yourself, and you have indicated that some categories of data Plaintiffs seek may not be available.  Accordingly, in order to confirm the availability (or non-availability) of the data and to facilitate its production, we need an answer to Interrogatory 9 as soon as possible.  In addition, during our last meet and confer you indicated that you may object to producing some of this data, but you did not clearly articulate the basis of your objection.  We would like to discuss whether you continue to maintain objections to production of this data, and if so we would like to confirm which specific data you object to producing and the basis for your objection(s) so that we can go to the court if necessary.

RFPs 27, 31-34, 37, 45-46:  We would like to clarify the nature of your objections and to know whether you are actually withholding any documents on the basis of any privilege.  We would also like to receive an update on the search process. If no responsive documents exist for any particular RFP, please state that definitively. However, please note that in some instances (for example, RFPs 33, 34) Plaintiffs strongly believe responsive documents exist.

RFPs 35-36, 38-40:  We would like to clarify the nature of your objections and to know whether you are actually withholding any documents on the basis of any privilege.  We would also like to receive an update on the search process.  We understand that BPD maintains copies of the trainings and written lesson plans that officers receive at the Police Academy.  We also understand that BPD issues its own training documents and bulletins such as General Orders, Special Orders, and Training Bulletins. If you believe the materials are too voluminous to produce, we understand that the BPD also maintains a Master File listing all Bulletins and Orders issued, and we would ask you to produce the Master File as a first step so that we may identify the specific Orders and Bulletins that are relevant to our claims.  Further, we understand that BPD sometimes uses training videos; those videos also may be responsive to one or more of these requests.

RFPs 41-44:  These requests seek copies of complaints and grievances in various categories relevant to Plaintiffs' claims.  You have stated that no documents exist, which is simply not credible, especially in light of your response to Interrogatory 4 stating that checkpoint locations were chosen in part based on citizen complaints.  We would like to clarify the nature of your objections and to know whether you are actually withholding any documents on the basis of any privilege.  We would also like to receive an update on the search process.  If you have not conducted a search because of the categorical nature of your objection to these particular requests, please advise so that we may go to the court.

RFP 47:  Please let us know whether you will stipulate that the Buffalo Police Department receives federal financial assistance.

Thank you, and we look forward to speaking with you.



**Claudia Wilner**
Senior Attorney
National Center for Law and Economic Justice
275 Seventh Avenue, Suite 1506, New York, NY 10001-6860

212-633-6967 | wilner@nclej.org | www.nclej.org

   

**Confidentiality Note**: This e-mail (including attachments) is intended only for the addressee and may contain information that is privileged and/or confidential. Distribution or copying of this e-mail or its attachments by anyone other than the intended recipient is prohibited. If you have received this e-mail in error, please notify us immediately by telephone at 212-633-6967 or e-mail at info@nclej.org and destroy the original message and all copies.