# Claudia Wilner

| | |
|---|---|
| **From:** | Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us> |
| **Sent:** | Monday, January 21, 2019 4:17 PM |
| **To:** | Claudia Wilner |
| **Cc:** | Darius Charney; Travis England |
| **Subject:** | RE: BLRR v City of Buffalo - Discovery |

Allow this to follow up in response to our prior discussions and communications:

As I have previously indicated, the following individuals have also assisted in the search and responses to your demands: Tracy Dean from the BPD Management Information Systems (MIS) and Danielle Morgera from the Buffalo Traffic Violation Agency (BTVA). There are a number of retired employees who may also be responsive and possess responsive information and I am currently aware of Vera Berent – BPD MIS (retired) and Captain Patrick Mann – BPD Training Officer (retired), who I have also previously identified. I believe the previously provided screen shots provide information regarding the databases used for Courtroom and CHARMS. Regarding the State's TraCS, again as previously indicated, it is my understanding that the version used currently used is 10.06.56 and the hardware used is a Panasonic Mobile Computer Terminal ("MCT") and desktop computers, of which we have many different models.

As I have also indicated, we have reached out to other agencies, specifically Erie County Central Police Services and the Erie County Community College Training Academy, to determine the universe of available data and search capacities. This specifically includes attempting to contact Suzanne Spencer (who I understand has the most familiarity with the TraCS system) and speaking with their Deputy Director of Information Services, Marlaine Hoffman, and an individual who referred to himself as "D.W.". We are still awaiting a response from the Erie Community College Training Academy.

To determine additional individuals and locations which may possess additional information, I have also contacted the BPD's Internal Affairs Division ("IAD"). While we continue to object to your requests for this information on relevancy, as well as many other grounds, in an effort to move discovery forward, I can advise that the BPD uses the IAPro/Blue Team software (http://www.iapro.com/products/blueteam/) in its operations. It is my understanding that this software contains certain, limited, information which corresponds with paper files through an identifying number. That database is searchable by a number of parameters, including Division, District, and "Incident Type", among other things. Without waiving or diminishing our previously raised objections and concerns, I believe it would be productive to discuss your requests further, with this information in mind, to see if we can avoid a potential discovery dispute.

As we have discussed at each of your conferrals, given the size and scope of your requests, and the size and scope of the City of Buffalo, and in light of the fact that responsive information could be contained in a number of locations which are all under the control of one individual, the search for and production of ESI is a substantial and time consuming endeavor. The search terms used, and which we will continue to use are "Checkpoints", "check points", "strike force", and "housing". We have requested that the above named individuals and all named defendants search all records for this information specifically including databases, computer files, paper files, and emails. We have also specifically requested the named defendants to conduct a search for complaints and requests related to traffic concerns, and would suggest that you provide specific search terms in that regard. We have also reached to the City of Buffalo's 311 office to search for complaints, requests, and other information which may be responsive to your demands. I would also note, as you have stated, much of that information is publicly available, and we have also utilized the City's Open Data website (https://data.buffalony.gov/), to search for and provide additional information.

Regarding your threats about motion practice, I believe they lack any foundation whatsoever. As I have indicated at each of our conferrals, given all of this, we believe and reiterate that responses will take a considerable amount of time and effort. In an attempt to show good faith, we provided initial responses in a timely manner, without asking for

additional time which would have been completely warranted and reasonable under the circumstances. As you also know, we have also provided our first supplemental response and will continue to fulfill our discovery obligations as we move forward.  Our office has already dedicated an extensive amount of time and resources in that effort, which I must remind you is still very much ongoing, and for which we don't have anywhere near the number of attorneys which are apparently at your disposal. Despite your accusations, we have and will continue to participate in this process in good faith, in an attempt to move discovery forward which, at least to my understanding, is what this process is intended to facilitate.  I would note that this has already resulted in substantial progress on a number of responses where there was an apparent dispute, and to which my office agreed to work through.  While I don't pretend to tell you how to prosecute your case, I can ask for the same good faith, and we we will preserve our objections to the excessive and unproductive number of attorneys, feigned and unreasonable expectations, arguments, and posturing, as well as the number and length of your correspondence when a phone call, or simply waiting a brief and reasonable period,  would suffice.   In that regard we will respectfully decline to engage in unnecessary, redundant, and time consuming letter writing battles.  Respectfully, and acknowledging that there is still work to do, I do not believe that 10 page letters basically memorializing our prior discussions in an accusatory tone is helpful in moving things along. I look forward to speaking with you more and continuing in our effort to proceed in a reasonable and productive manner.  Thanks.

Rob Quinn. (716) 851-4326.

**From:** Quinn,Robert E
**Sent:** Sunday, January 20, 2019 3:22 PM
**To:** 'Claudia Wilner' <wilner@nclej.org>
**Cc:** 'Darius Charney' <dcharney@ccrjustice.org>; 'Travis England' <england@nclej.org>
**Subject:** RE: BLRR v City of Buffalo - Discovery

4 of 4.

**From:** Quinn,Robert E
**Sent:** Sunday, January 20, 2019 3:21 PM
**To:** 'Claudia Wilner' <wilner@nclej.org>
**Cc:** 'Darius Charney' <dcharney@ccrjustice.org>; 'Travis England' <england@nclej.org>
**Subject:** RE: BLRR v City of Buffalo - Discovery

3 of 4.

**From:** Quinn,Robert E
**Sent:** Sunday, January 20, 2019 3:20 PM
**To:** 'Claudia Wilner' <wilner@nclej.org>
**Cc:** 'Darius Charney' <dcharney@ccrjustice.org>; 'Travis England' <england@nclej.org>
**Subject:** RE: BLRR v City of Buffalo - Discovery

2 of 4.

**From:** Quinn,Robert E
**Sent:** Sunday, January 20, 2019 3:19 PM
**To:** 'Claudia Wilner' <wilner@nclej.org>
**Cc:** 'Darius Charney' <dcharney@ccrjustice.org>; 'Travis England' <england@nclej.org>
**Subject:** RE: BLRR v City of Buffalo - Discovery

1 of 4.