275 Seventh Avenue Suite 1506, New York, NY 10001-6860
ph: 212-633-6967   fax: 212-633-6371   www.nclej.org

June 20, 2019

**SENT VIA E-MAIL**

Robert Quinn
Assistant Corporation Counsel
65 Niagara Square
Room 1100
Buffalo, NY 14202
(716) 851-4326
rquinn@city-buffalo.com

**RE: Black Love Resists, et al. v. City of Buffalo, et al., No. 18-cv-719 (W.D.N.Y.) – Conferral Regarding Discovery Issues**

Dear Rob:

We are writing to raise a number of urgent issues regarding Defendants' responses to Plaintiffs' Requests for Production of Documents and First Set of Interrogatories. Plaintiffs consider each these issues to be extremely high priority.

**Defendants' Failure to Produce ESI**

During the May 30 court conference, the Court ordered Defendants to produce ESI within two weeks of our providing you with 20 custodians and 20 search terms. We provided the custodians and search terms on June 5. Defendants' production was due yesterday, June 19, but you have produced nothing, nor have you contacted us to explain your failure to produce. If Defendants do not make a substantial production of ESI by **Friday, June 21,** we will seek court intervention.

**Interrogatory 1:  Employment History of BPD Housing and Strike Force Officers**

Interrogatory 1 sought the Employment History of Strike Force and Housing Unit Officers. Employment History is a defined term consisting of a "person's date of hire; the names and dates of all positions held; the date and basis of any discipline received; and the date and basis of their separation (where applicable)." You initially objected to providing any of this information but later supplemented your response to state the names of officers who held positions in the Housing Unit or Strike Force during the requested time period, along with their date of hire and date of retirement where applicable. This response is insufficient.

Plaintiffs require further detail in order to perform a statistical analysis of BPD's ticketing patterns. Specifically, we need to know, for each ticket issued, whether that ticket was issued by a member of the Housing Unit or Strike Force. We had hoped to obtain this information from the TraCS data, but it is missing for the majority of tickets.

Accordingly, Plaintiffs request that you supplement your response to Interrogatory 1 to state, for each officer, the exact dates of that officer's employment with the Strike Force or Housing Unit.[1]

**Interrogatory 6 and Request 26:  Copies of all Traffic Tickets Issued by the BPD and Identification of File Locations**

During our conferrals on December 19, 2018, and January 18, 2019, you stated that BPD officers issued both electronic and paper tickets, that the City had scanned and uploaded the paper tickets, and that you believed information from paper tickets would be contained in TraCS. Our review of the TraCS and Courtroom data, however, suggests that TraCS may not contain complete data from paper tickets. At least 2,700 tickets listed in Courtroom as tickets issued by the BPD do not appear in TraCS, and thousands more tickets appearing in Courtroom but not TraCS may also have been issued by BPD. Accordingly, Plaintiffs request that you produce all the paper tickets as soon as possible. We would accept as a first step immediate production of the 2,700 missing tickets (we will supply the list), plus a sample of 500 additional paper tickets, so we may confirm the process.

Furthermore, during our conferrals you indicated that officers entered information from the paper tickets into a computer to be sent to the County. Please supplement your response to Interrogatory 6 to provide more information about this process so that we may determine whether there is an additional source of electronic data containing information derived from paper tickets.

**Requests 10-15:  Statistical Reports from the Strike Force, Housing and Traffic Units**

Strike Force and Housing Unit Daily Reports:  As you know, we have been requesting the Strike Force and Housing Unit Daily Reports since October.  We understand from previous conferrals that electronic version of these documents exist in Lotus Notes, and your ESI vendor is capable of searching for and producing those documents.  At our May 30 court conference, you stated for the first time that you had additional objections to producing these documents aside from your need to redact them.  On June 6 and 11 we sent you emails requesting a conferral on this matter, but you did not respond to those emails.

Strike Force Monthly Reports: We have long sought Strike Force monthly reports, and you have stated your belief that no such reports exist. We believe Strike Force monthly reports may exist because the Housing Unit makes monthly reports on a form that is designed for use by both the Housing Unit and the Strike Force. We asked you to speak with former commanders of the Strike Force and inquire whether they made monthly reports similar to those produced by the Housing Unit. If you have not already done so, we request that you make this inquiry as soon as possible and inform us of the results.

Housing Unit Monthly Reports: You already produced Housing Unit monthly reports; however, these documents have been heavily redacted to omit discoverable information, such as locations of checkpoints and other incidents. Furthermore, despite numerous requests you have not

---

[1] Plaintiffs reserve the right to seek, at a later time, additional Employment History such as the date and basis of any discipline received by a Housing or Strike Force officer.

produced a privilege log as ordered by the Court. We request that you re-produce the Housing Unit monthly reports with fewer redactions and a privilege log. As a reminder, Plaintiffs would consent to redactions of (1) personal identifying information of complainants, witnesses, arrestees, and confidential informants; and (2) information relevant to *currently ongoing* investigations.

Traffic Unit Statistical Reports: You have stated that you are not aware of any statistical reports by the Traffic Unit, but that is implausible. City budget documents contain statistical summaries of work performed by the Traffic Unit and reference "daily activity reports" prepared by Traffic Unit Officers. Furthermore, the BPD Manual of Procedures states that the Traffic Unit must prepare a Daily Report of Summonses Issued (Form P-54) and Daily Traffic Summons/Arrest and Tag Report (Form P-1231).

### Request 68:  Attorney General Investigation

On May 30, 2019, the Court ordered you to provide materials relevant to the New York Attorney General office's 2017 investigation. You have not done so. Please produce these documents as soon as possible.

### Search Capacity for IA Pro and 311 Databases

On June 6 and 11, we emailed you requesting that you provide specific information about the search capacity of the IA Pro and 311 Databases. You did not respond to this email.

Please respond by **Friday, June 21** with (1) your production of ESI as ordered by the court; (2) dates on which you will produce the remaining information requested above or your availability to meet and confer prior to June 28. If we do not hear from you by June 21, we will seek court intervention.

Sincerely,

Claudia Wilner