**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**BLACK LOVE RESISTS IN THE RUST, et al.**

           **Plaintiffs,**          **RESPONSES TO PLAINTIFFS' FIRST**
                            **SET OF REQUESTS FOR PRODUCTION TO**
           **-vs-**             **DEFENDANT CITY OF BUFFALO, N.Y.**

**CITY OF BUFFALO, et al.**          **Civil Action No.: 18-cv-719**

           **Defendants.**
_____

Defendant, CITY OF BUFFALO ("City") offer the following in response to "PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT CITY OF BUFFALO, N.Y." based on information available as of the date prescribed herein.

## <u>GENERAL OBJECTIONS</u>

1.      The City responds to each and every document request subject to the general objections set forth herein. These objections form a part of the response to each and every document request and are set forth herein to avoid duplication by restating them for each document request. These general objections may be specifically referred to in response to a certain document request for the purpose of clarity. However, the failure specifically to refer to a general objection is not and shall not be construed to be a waiver of any general objection, even if other general objections are specifically stated in response to a document request.

2.      The City objects to each of the requests to the extent that they seek information and documents that they seek materials prepared in anticipation of

litigation or are subject to the attorney-client privilege, attorney work product doctrine, deliberative process privilege, law enforcement privilege, prosecutorial privilege, or any other applicable privilege, including but not limited to those set forth by statutes such as the New York State Civil Rights Law §§50-a and 50-b, New York Public Officers Law §86, the New York Social Services Law, the Health Insurance Portability And Accountability Act (HIPAA), and 18 NYCRR §357.1.

3.      The City objects to each of the requests to the extent that they seek to impose upon Defendants any obligation beyond those imposed by the Federal Rules of Civil Procedure. The City objects to each of the requests and to the preliminary statement, definitions, and instructions that accompany them, to the extent that they are not consistent with the Federal Rules of Civil Procedure and/or the Local Rules of Civil Procedure and/or attempt to impose requirements greater than those imposed by each or all of those rules. The City object to these requests to the extent that they seek to impose an obligation upon the defendant to collect an obtain information from any person or entity that is not a party to this action.

4.      The City objects to each of the document requests to the extent they are vague, ambiguous, overbroad, unduly burdensome, oppressive, unlimited in time, scope or subject, and call for unbounded discovery.

5.      The City objects to each of the document requests to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence or seek information material and necessary to the prosecution or defense of this action.

2

6.    The City objects to each of the document requests to the extent that they seek information not in the possession of the Defendants or their agents/employees.

7.    The City reserves the right to challenge the competency, relevance, materiality and admissibility of, and to object on any grounds to, the use of the information and/or documents provided hereby in any proceeding or trial of this or any other action.

8.    The City objects to the document requests insofar as they state or imply contested facts, circumstances, legal conclusions, issues, events or circumstances. The City's responses to these document requests shall not constitute any admission of any fact, event, circumstance, issue, or legal conclusion.

9.    The City objects to any requests for original evidence, records, documents, and things; the City will not release original evidence or things to any party for discovery purposes but will provide a reasonable opportunity for appropriate viewing in the presence of all parties.

10.    The City expressly reserves the right to amend and supplement the following responses and document requests with respect to additional information, material, and documents supplied or obtained in the course of discovery herein.

11.    The City objects to these requests to the extent that they do not describe the documents sought with reasonable particularity.

12.    The City objects to these interrogatories to the extent that they seek information which is proprietary in nature.

3

## RESPONSES TO DOCUMENT REQUESTS

**REQUEST NO. 1: All Documents and Communications relating to the creation of the Strike Force, including but not limited to the reasons for or purposes of the Strike Force's creation, without limitation to time period.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the "Manual of Procedures" attached hereto and will supplement this request if and when additional documents or communications are located.

**REQUEST NO. 2: All Documents and Communications relating to the purpose, mandate, goal, function, or mission of the Strike Force, without limitation to time period.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the "Manual of Procedures" attached hereto and will supplement this request if and when additional documents or communications are located.

4

**REQUEST NO. 3: All Documents and Communications relating to the creation of the Housing Unit, including but not limited to the reasons for or purposes of the Housing Unit's creation, without limitation to time period.**

**OBJECTION:** The City object to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the "Agreement for Police Services Between the Buffalo Municipal Housing Authority and the City of Buffalo" as well as the "Manual of Procedures" attached hereto and will supplement this request if and when additional documents or communications are located.

**REQUEST NO. 4: All Documents and Communications relating to the purpose, mandate, goal, function, or mission of the Housing Unit, without limitation to time period.**

**OBJECTION:** The City object to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the "Agreement for Police Services Between the Buffalo Municipal Housing

Authority and the City of Buffalo" as well as the "Manual of Procedures" section attached hereto and will supplement this request if and when additional documents or communications are located.

**REQUEST NO. 5: All Documents and Communications relating to the creation of the Buffalo Traffic Violation Agency (BTVA) without limitation to time period, including but not limited to the reasons for or purposes of the BTVA's creation.**

**OBJECTION:** The City object to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the "City of Buffalo Traffic Violations Agency Annual Report 2017" attached hereto and will supplement this request if and when additional documents or communications are located.

**REQUEST NO. 6: All Documents and Communications relating to the purpose, mandate, goal, function, or mission of the BTVA, including but not limited to BTVA annual reports, without limitation to time period.**

**OBJECTION:** The City object to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the "City of Buffalo Traffic Violations Agency Annual Report 2017" attached hereto and will supplement this request if and when additional documents or communications are located.

<u>**REQUEST NO. 7:**</u> **All Documents and Communications relating to the BPD's decision to establish or conduct Checkpoints, without limitation to time period.**

**OBJECTION:** The City object to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the "Traffic Safety Checkpoint Tally Sheet(s)" and "Buffalo Police Department Roadblock Directive(s)" attached hereto and will supplement this request if and when additional documents or communications are located.

<u>**REQUEST NO. 8:**</u> **All Documents and Communications relating to the BPD's decision to end the Strike Force.**

**OBJECTION:** The City object to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, at this time, the City is not aware of any responsive documents or communications at this time.

**REQUEST  NO. 9:** **All Documents and Communications consulted or reviewed by the BPD in order to determine the physical location of each Checkpoint or group of Checkpoints, including any Documents and Communications referring or relating to strategy or other considerations in determining Checkpoint location.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, and/or the law enforcement privilege.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the "Traffic Safety Checkpoint Tally Sheet(s)" and "Buffalo Police Department Roadblock Directive(s)" attached hereto and will supplement this request if and when additional documents or communications are located.

**REQUEST  NO. 10:** **All BPD Housing Unit Monthly and Weekly Statistics Reports.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement

privilege, and which may be sealed, part of an ongoing investigations, sealed, and/or subject to other confidentiality concerns.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the attached "Buffalo Police Department Housing Statistics Reports", redacted in accordance with the raised objections, and will supplement this request if and when additional documents or communications are located.

**REQUEST NO. 11: All BPD Housing Unit Daily Reports, including but not limited to Daily Statistical Reports.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, and which may be sealed, part of an ongoing investigations, sealed, and/or subject to other confidentiality concerns.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, at this time, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 12: All BPD Strike Force Monthly and Weekly Statistics Reports.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement

privilege, and which may be sealed, part of an ongoing investigations, sealed, and/or subject to other confidentiality concerns.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, at this time, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 13: All BPD Strike Force Unit Daily Reports.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, and which may be sealed, part of an ongoing investigations, sealed, and/or subject to other confidentiality concerns.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, at this time, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 14: All BPD Division of Traffic Enforcement Monthly and Weekly Statistics Reports.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, and which may be sealed, part of an ongoing investigations, sealed, and/or subject to other confidentiality concerns.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, at this time, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 15:** **All BPD Division of Traffic Enforcement Daily Reports.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, and which may be sealed, part of an ongoing investigations, sealed, and/or subject to other confidentiality concerns.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, at this time, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 16:** **All Documents and Communications containing statistical, demographic, or other information regarding the operation of Checkpoints by any part of the BPD, to the extent not already responsive to Requests 10 through 15.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, and which may be sealed, part of an ongoing investigations, sealed, subject to other confidentiality concerns.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, at this time, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 17:** **All completed BPD Roadblock Directives.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, and which may be sealed, part of an ongoing investigations, sealed, subject to other confidentiality concerns.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the "Buffalo Police Department Roadblock Directive(s)" attached hereto and will supplement this request if and when additional documents or communications are located.

**REQUEST NO. 18:** **All completed Traffic Safety Checkpoint Tally Sheets.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, and which may be sealed, part of an ongoing investigations, sealed, subject to other confidentiality concerns.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the "Traffic Safety Checkpoint Tally Sheet(s)" attached hereto and will

supplement this request if and when additional documents or communications are located.

**REQUEST NO. 19: All other completed directives, tally sheets, and/or similar Documents and Communications discussing the date, time, location, and/or results of Checkpoints carried out by the BPD, to the extent not already responsive to Requests 17 and 18.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, and which may be sealed, part of an ongoing investigations, sealed, subject to other confidentiality concerns.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the "Traffic Safety Checkpoint Tally Sheet(s)" and "Buffalo Police Department Roadblock Directive(s)" attached hereto and will supplement this request if and when additional documents or communications are located.

**REQUEST NO. 20: For each officer assigned to the Housing Unit, all activity reports and other Documents and Communications completed by Housing Unit Officers to record their enforcement activity (tickets, arrests, traffic stops) on a daily, weekly, monthly, quarterly, and annual basis.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and

seeks information protected by the deliberative process privilege, the law enforcement privilege, and which may be sealed, part of an ongoing investigations, sealed, subject to other confidentiality concerns.

**REQUEST NO. 21: For each officer assigned to the Strike Force, all activity reports and other Documents and Communications completed by Strike Force Officers to document their enforcement activity (tickets, arrests, traffic stops) on a daily, weekly, monthly, quarterly, and annual basis.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, and which may be sealed, part of an ongoing investigations, sealed, subject to other confidentiality concerns.

**REQUEST NO. 22: All Documents and Communications concerning the procedures, information, and criteria used to evaluate the performance of Housing Unit and Strike Force officers.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by Civil Rights Law §50-a, the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the "Manual of Procedures" and the "Buffalo Police Department's Rules & Regulations", which are attached hereto and will supplement this request if and when additional documents or communications are located.

**REQUEST NO. 23: For each officer assigned to the Housing Unit and/or Strike Force, copies of all monthly, quarterly and annual performance evaluations of that officer conducted while he or she was assigned to the Housing Unit and/or Strike Force.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by Civil Rights Law §50-a, the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, at this time, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 24: Electronic or computerized data compilations sufficient to show for each Checkpoint conducted by the BPD:**

      **a.** **The number of license plates checked, by an automated license plate reader or otherwise, at the Checkpoint;**

      **b.** **The unit or division within BPD that conducted the Checkpoint;**

    c.        The date, time, duration and Location of the Checkpoint;

    d.        The number of Persons selected for a secondary stop at the Checkpoint and the race, ethnicity, national origin, and any other demographic data recorded for each such Person;

    e.        The number of Persons who received a Traffic Ticket at the Checkpoint, the number of tickets each such Person received, and the race, ethnicity, national origin, and any other demographic data recorded for each such Person;

    f.        The number of firearms confiscated at the Checkpoint and the race, ethnicity, national origin, and any other demographic data recorded for each such Person;

    g.        The number of Persons arrested for a traffic misdemeanor at the Checkpoint and the race, ethnicity, national origin, and any other demographic data recorded for each such Person;

    h.        The number of Persons arrested for a non-traffic misdemeanor at the Checkpoint and the race, ethnicity, national origin, and any other demographic data recorded for each such Person;

    i.        The number of Persons arrested for a felony at the Checkpoint and the race, ethnicity, national origin, and any other demographic data recorded for each such Person;

    j.        The number of vehicles towed following a stop at the Checkpoint, the reason for towing the vehicle, and the race,

**ethnicity, national origin, and any other demographic data recorded for the driver of each such vehicle;**

k.   **The number of vehicles impounded following a stop at the Checkpoint, the reason for impoundment, and the race, ethnicity, national origin, and any other demographic data recorded for the driver of each such vehicle;**

l.   **The number of vehicles released from impound following a stop at the Checkpoint and the race, ethnicity, national origin, and any other demographic data recorded for each Person whose vehicle was released following a stop at the Checkpoint; and**

m.   **The number of vehicles auctioned following a stop at the Checkpoint and the race, ethnicity, national origin, and any other demographic data recorded for each Person whose vehicle was auctioned following a stop at the Checkpoint.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, and which may be sealed, part of an ongoing investigations, sealed, subject to other confidentiality concerns.

**RESPONSE:** Without waiving any general or specific objections, the City is not aware of any "electronic or computerized data compilations" responsive to this request. The City is aware of the "Traffic Safety Checkpoint Tally Sheet(s)" attached hereto and

will supplement this request if and when additional documents or communications are located.

**REQUEST NO. 25**: Electronic or computerized data compilations sufficient to show for each and every Traffic Ticket issued and/or traffic-related arrest:

    **a.** The identity of the person(s) stopped, ticketed or arrested (names may be anonymized but stops, tickets, and arrests must be traceable at the individual level);

    **b.** The identity of the officer issuing the ticket or arrest (Name, Unit, and Badge Number);

    **c.** The date, time, and Location of the stop giving rise to the ticket or arrest;

    **d.** Whether the stop occurred at a Checkpoint;

    **e.** The race of the person(s) stopped, ticketed, or arrested;

    **f.** The gender of the person(s) stopped, ticketed, or arrested;

    **g.** The age of the person(s) stopped, ticketed, or arrested;

    **h.** All VTL and/or City of Buffalo Municipal Code violations for which the person was ticketed and/or arrested;

    **i.** All misdemeanor, traffic misdemeanor, and felony arrests made as a result of the stop, including the specific provision(s) forming the basis for the arrest;

    **j.** All weapons seized as a result of the stop, including the nature of the weapon;

**k.  The total amount of cash seized as a result of the stop;**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, and which may be sealed, part of an ongoing investigations, sealed, subject to other confidentiality concerns.

**RESPONSE:** Without waiving any general or specific objections, the City is not aware of any "electronic or computerized data compilations" responsive to this request.

**REQUEST NO. 26: Copies of all Traffic Tickets issued by the BPD.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information which may be sealed and/or subject to confidentiality or other privacy concerns.

**REQUEST NO. 27:  All Documents and Communications relating to any reports, notes, memoranda, files, data sets, databases, or other paper or electronic mechanisms used by You to record, transmit, maintain, tabulate, aggregate, analyze, and/or review information relating to any Checkpoint conducted by the BPD.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege and/or the law enforcement privilege, or which is proprietary in nature.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the "Traffic Safety Checkpoint Tally Sheet(s)" and "Buffalo Police Department Roadblock Directive(s)" attached hereto and will supplement this request if and when additional documents or communications are located.

**REQUEST NO. 28:** **All Documents and Communications relating to any reports, notes, memoranda, files, data sets, databases, or other paper or electronic mechanisms used by You to record, transmit, maintain, tabulate, aggregate, analyze, and/or review information relating to Traffic Tickets issued and/or misdemeanor and/or felony traffic arrests made by BPD officers.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, and which may be sealed, part of an ongoing investigations, sealed, subject to other confidentiality concerns.

**REQUEST  NO. 29:** **All Documents and Communications showing the dates, times, offense categories and Locations of all reported crimes in the City of Buffalo.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, and which may be sealed, part of an ongoing investigations, sealed, subject to other confidentiality concerns.

**REQUEST NO. 30: All Documents and Communications showing the dates, times and Locations of all traffic accidents that occurred in the City of Buffalo.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, and which may be sealed, part of an ongoing investigations, sealed, subject to other confidentiality concerns.

**REQUEST NO. 31: All Documents and Communications relating to the time individuals waited during Checkpoints ("wait times"), average wait times, and/or or other measures of individual or aggregate waiting times, for Persons driving through a Checkpoint established by the Strike Force or Housing Unit.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, and/or the law enforcement privilege.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 32:    All Documents and Communications relating to the average wait times, or other measures of individual or aggregate waiting times, for**

**Persons pulled over for a secondary stop at a Checkpoint established by the Strike Force or Housing Unit.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, and/or the law enforcement privilege.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 33: All Documents and Communications relating to BPD's use of computer software and/or technology to issue traffic tickets.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege and/or the law enforcement privilege, or which is proprietary in nature.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 34: All Documents and Communications relating to the academic study by Andrew P. Wheeler and Scott W. Phillips referenced at paragraph**

**56 and n.7 of the Complaint, including all communications, data, and Documents and Communications shared with the study authors and/or their staff and interns.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, and/or the law enforcement privilege.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 35: All Documents and Communications relating to BPD policies, procedures, protocols, directives, forms, guidelines, standards, rules, regulations, orders, training materials or instructions relating to Checkpoints, including but not limited to, deciding where and when to conduct a Checkpoint, conducting initial and secondary stops, performing searches, issuing Traffic Tickets, making misdemeanor and felony arrests, and/or towing or impounding cars at Checkpoints.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, and/or the law enforcement privilege.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is aware of the "Manual of Procedures" and the "Traffic Safety Checkpoint Tally Sheet(s)" and "Buffalo Police Department Roadblock Directive(s)" attached hereto and will supplement this request if and when additional documents or communications are located.

**REQUEST NO. 36:** **All Documents and Communications relating to BPD policies, procedures, protocols, directives, forms, guidelines, standards, rules, regulations, orders, training materials or instructions relating to enforcing the Vehicle and Traffic Law, including but not limited to conducting traffic stops, performing searches of vehicles, issuing Traffic Tickets, making misdemeanor and felony arrests following traffic stops, and/or towing or impounding vehicles following traffic stops.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, and/or the law enforcement privilege.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is aware of the "Manual of Procedures" and the "Traffic Safety Checkpoint Tally Sheet(s)" and "Buffalo Police Department Roadblock Directive(s)" attached hereto and will supplement this request if and when additional documents or communications are located.

**REQUEST NO. 37**: **All Documents and Communications relating to BPD policies, practices, directives, forms, guidelines, standards, rules, regulations, orders, training materials or instructions relating to the use of Automatic License Plate Readers and storage of ALPR data.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, and/or the law enforcement privilege.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 38**: **All Documents and Communications relating to BPD policies, procedures, protocols, directives, forms, guidelines, standards, rules, regulations, orders, training materials or instructions relating to compliance with the Fourth and Fourteenth Amendment of the United States Constitution, including the rights to due process and equal protection.**

**OBJECTION:** The City objects to this request insofar as it is argumentative, overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, and/or the law enforcement privilege.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, at this time, the City is aware of all of the documents attached hereto as well as those possibly in the possession of the Police Academy at the Police Training Academy operated by Erie County's Central Police Services at Erie Community College North Campus, which may be responsive to this request, and will supplement this request if and when additional documents or communications are located.

**REQUEST NO. 39:** **All Documents and Communications relating to BPD policies, procedures, protocols, directives, forms, guidelines, standards, rules, regulations, orders, training materials or instructions relating to racial profiling, biased policing, and/or the use of race in law enforcement decision-making.**

**OBJECTION:** The City objects to this request insofar as it is argumentative, overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, and/or the law enforcement privilege.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, at this time, the City is aware of all of the documents attached hereto as well as those possibly in the possession of the Police Academy at the Police Training Academy operated by Erie County's Central Police Services at Erie Community College North Campus, which may be responsive to this

request, and will supplement this request if and when additional documents or communications are located.

**REQUEST NO. 40: All Documents and Communications relating to BPD policies, procedures, protocols, directives, forms, guidelines, standards, rules, regulations, orders, training materials or instructions relating to supervisory review of the traffic enforcement activities, including, but not limited to, Checkpoints, traffic stops, traffic tickets, and traffic misdemeanor arrests, conducted by BPD officers.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by Civil Rights Law §50-a, the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, at this time, the City is aware of all of the documents attached hereto as well as those possibly in the possession of the Police Academy at the Police Training Academy operated by Erie County's Central Police Services at Erie Community College North Campus, which may be responsive to this request, and will supplement this request if and when additional documents or communications are located.

**REQUEST NO. 41:** **All Documents and Communications relating to any comments, complaints, grievances, or concerns You received verbally or in writing about any Checkpoint established by the Strike Force or Housing Unit.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by Civil Rights Law §50-a, the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents at this time.

**REQUEST NO. 42:** **All Documents and Communications relating to any comments, complaints, grievances, or concerns You received verbally or in writing related to alleged racial profiling, bias or discrimination by the BPD.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by Civil Rights Law §50-a, the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 43: All Documents and Communications relating to any comments, complaints, grievances, or concerns You received verbally on in writing related to BPD traffic stops, traffic ticketing, and/or other traffic enforcement practices.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by Civil Rights Law §50-a, the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 44: All Documents and Communications relating to any comments, complaints, grievances, or concerns You received verbally or in writing about traffic safety, including but not limited to requests from the public for increased traffic enforcement.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and

seeks information protected by Civil Rights Law §50-a, the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 45**: **All Documents and Communications relating to any analysis, evaluation, review, recording, or study of Checkpoints, including the race, ethnicity, national origin or other demographic data of individuals who drove through and/or were stopped at Checkpoints and the extent to which such Checkpoints enhanced or detracted from traffic safety.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, and/or the law enforcement privilege.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 46**: **All Documents and Communications relating to the September 18, 2018 report provided by the Buffalo Police Advisory Board to the Buffalo Common Council Police Oversight Committee.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, and/or the law enforcement privilege. The City also objects that the term "report" is vague, subject to multiple meetings, and does not describe the documents sought with reasonable particularity.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 47:** **Documents and Communications sufficient to show all federal financial assistance received by the Buffalo Police Department.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**REQUEST NO. 48:** **All Documents and Communications concerning the defenses asserted in Defendants' Answer, including Documents and Communications that support or refute the defenses.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and

seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**REQUEST NO. 49:** **All Documents identified in response to Plaintiff Black Love Resists' First Set of Interrogatories to Defendant City of Buffalo, N.Y.**

**OBJECTION:** The City objects to this request insofar as it is requests documents not in the custody or control of the City.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is aware of the attached documents and communications at this time.

Dated:  December 5, 2018
        Buffalo, New York

                                        TIMOTHY A. BALL, ESQ.
                                        Corporation Counsel


                                        */s/Robert E. Quinn*
                                        By: Robert E. Quinn
                                        65 Niagara Square - 1103 City Hall
                                        Buffalo, NY 14202
                                        Tel.: (716) 851-4326
                                        rquinn@ch.ci.buffalo.ny.us


TO:     NCLEJ
        Attn.: Claudia Wilner, Esq.
        275 Seventh Avenue, Suite 1506
        New York, NY  10001
        wilner@nclej.org

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**BLACK LOVE RESISTS IN THE RUST, et al.**

      **Plaintiffs,**

           **-vs-**

**CITY OF BUFFALO, et al.**

      **Defendants.**
_____

                                    **CERTIFICATE OF SERVICE**

                                    **Civil Action No.: 18-cv-719**

I, Robert E. Quinn, hereby certify that on December 5, 2018, the annexed document was electronically served on Counsel for the Plaintiffs in this case:

Claudia Wilner, Esq.
NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE
275 Seventh Avenue, Suite 1506
New York, NY  10001
wilner@nclej.org

I certify under penalty of perjury that the foregoing is true and correct.

Dated: December 5, 2018
      Buffalo, New York

                                      TIMOTHY A. BALL, ESQ.
                                      Corporation Counsel


                                    _/s/Robert E. Quinn_        
                                      By: Robert E. Quinn
                                      65 Niagara Square - 1103 City Hall
                                      Buffalo, NY 14202
                                      Tel.: (716) 851-4326
                                      rquinn@ch.ci.buffalo.ny.us

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**BLACK LOVE RESISTS IN THE RUST, et al.**

|  |  |
|---|---|
| **Plaintiffs,** | **RESPONSES TO PLAINTIFFS' SECOND** |
|  | **SET OF REQUESTS FOR PRODUCTION TO** |
| **-vs-** | **DEFENDANT CITY OF BUFFALO, N.Y.** |
| **CITY OF BUFFALO, et al.** | **Civil Action No.: 18-cv-719** |
| **Defendants.** |  |

_____

Defendant, CITY OF BUFFALO ("City") offer the following in response to "PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANT CITY OF BUFFALO, N.Y." based on information available as of the date prescribed herein.

## GENERAL OBJECTIONS

1.      The City responds to each and every document request subject to the general objections set forth herein. These objections form a part of the response to each and every document request and are set forth herein to avoid duplication by restating them for each document request. These general objections may be specifically referred to in response to a certain document request for the purpose of clarity. However, the failure specifically to refer to a general objection is not and shall not be construed to be a waiver of any general objection, even if other general objections are specifically stated in response to a document request.

2.     The City objects to each of the requests to the extent that they seek information and documents that they seek materials prepared in anticipation of litigation or are subject to the attorney-client privilege, attorney work product doctrine, deliberative process privilege, law enforcement privilege, prosecutorial privilege, or any other applicable privilege, including but not limited to those set forth by statutes such as the New York State Civil Rights Law §§50-a and 50-b, New York Public Officers Law §86, the New York Social Services Law, the Health Insurance Portability And Accountability Act (HIPAA), and 18 NYCRR §357.1.

3 .     The City objects to each of the requests to the extent that they seek to impose upon Defendants any obligation beyond those imposed by the Federal Rules of Civil Procedure. The City objects to each of the requests and to the preliminary statement, definitions, and instructions that accompany them, to the extent that they are not consistent with the Federal Rules of Civil Procedure and/or the Local Rules of Civil Procedure and/or attempt to impose requirements greater than those imposed by each or all of those rules. The City objects to these requests to the extent that they seek to impose an obligation upon the Defendant to collect an obtain information from any person or entity that is not a party to this action.

4.     The City objects to each of the document requests to the extent they are vague, ambiguous, overbroad, unduly burdensome, oppressive, unlimited in time, scope or subject, call for unbounded discovery, and/or do not describe the documents sought with reasonable particularity.

5.     The City objects to each of the document requests to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence or seek information material and necessary to the prosecution or defense of this action.

6.     The City objects to each of the document requests to the extent that they seek information not in the possession of the Defendants or their agents/employees.

7.     The City reserves the right to challenge the competency, relevance, materiality and admissibility of, and to object on any grounds to, the use of the information and/or documents provided hereby in any proceeding or trial of this or any other action.

8.     The City objects to the document requests insofar as they state or imply contested facts, circumstances, legal conclusions, issues, events or circumstances. The City's responses to these document requests shall not constitute any admission of any fact, event, circumstance, issue, or legal conclusion.

9.     The City objects to any requests for original evidence, records, documents, and things; the City will not release original evidence or things to any party for discovery purposes but will provide a reasonable opportunity for appropriate viewing in the presence of all parties.

10.     The City expressly reserves the right to amend and supplement the following responses and document requests with respect to additional information, material, and documents supplied or obtained in the course of discovery herein.

11.     The City objects to these document requests to the extent that they seek information which is proprietary in nature.

## RESPONSES TO DOCUMENT REQUESTS

**REQUEST NO. 50**: **All Documents and Communications relating to the schedule of the fines and fees imposed by the City of Buffalo and/or the BTVA for violations of (i) the New York State Vehicle and Traffic Law and (ii) Chapter 479 of the Code of the City of Buffalo.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB009523-COB009701 on the enclosed compact disk, which may be responsive to this request, and will supplement this response if and when additional documents or communications are located.

**REQUEST NO. 51**: **All Recommended and Adopted Budgets and Quarterly Gap Statements for the City of Buffalo, including but not limited to Budgets and Statements for the Buffalo Traffic Violations Agency, Buffalo Police Department, Parking Enforcement Division, and Law Department.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the attorney-client privilege, and/or attorney work-product privileges.

4

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB004337-COB008188 on the enclosed compact disk, which may be responsive to this request, and will supplement this response if and when additional documents or communications are located.

**REQUEST NO. 52: All Documents and Communications relating to any modification or amendment to the City of Buffalo's laws and ordinances concerning traffic fees and fines since July 2013, including, but not limited to, amendments to Chapter 175 of the Code of the City of Buffalo regarding fees charged by the BTVA.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB009536-COB009604 on the enclosed compact disk, which may be responsive to this request, and will supplement this response if and when additional documents or communications are located.

**REQUEST NO. 53: All Documents and Communications relating to the City of Buffalo's and/or the BTVA's implementation, enforcement, and collection of any and all fees referenced in Request 52 above.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and

seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.  The City specifically further objects in that the phrase "implementation, enforcement, and collection of any and all fees referenced in Request 52 above" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:**  Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 54**: **All Documents and Communications relating to the actual administrative cost to the BTVA and/or the City of Buffalo of the following: (a) allowing a defendant to defer payment; (b) processing a scofflaw/default judgment; (c) processing a default conviction; (d) filing a judgment; (e) processing or responding to a motion to vacate disposition.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the attorney-client privilege, and/or attorney work-product privileges. The City specifically further objects in that the phrase "actual administrative cost to the BTVA and/or the City of Buffalo" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:**  Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 55: All Documents and Communications, including drafts and internal emails, relating to the preparation and development of the budgets for the BPD, the BTVA, and any agencies having to do with the towing, impounding, and/or auctioning of vehicles, including but not limited to the number of cars towed, impounded, and/or auctioned on an annual basis for violations of the VTL and the amount of revenue generated from such activities.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the attorney-client privilege, and/or attorney work-product privileges. The City specifically further objects in that the phrases "budgets for the BPD, the BTVA, and any agencies having to do with the towing impounding, and/or auctioning of vehicles" and "amount of revenue generated from such activities" are vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB004337-COB008188 on the enclosed compact disk, which may be responsive to this request, and will supplement this response if and when additional documents or communications are located.

**REQUEST NO. 56:** All Documents and Communications, including drafts and internal emails, relating to the BPD budget, including but not limited to any documents relating to or used in the compilation of or operation of "Work Program Statistics" identified in each budget for the Division of Patrol Services and Division of Traffic Services and any documents relating to how the BPD allocated and disbursed its funds to various units, initiatives, and/or programs within the Department.

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges. The City specifically further objects in that the phrase "any documents relating to how the BPD allocated and disbursed its funds to various units, initiatives and/or programs within the Department" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB004337-COB008188 on the enclosed compact disk, which may be responsive to this request, and will supplement this response if and when additional documents or communications are located.

**REQUEST NO. 57:** All Documents and Communications with any member of the BPD relating to the status of or any change in municipal revenue.

8

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges. The City specifically further objects in that the phrase "relating to the status of any change in municipal revenue" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 58:** **All Documents and Communications relating to the amount of revenue BPD officers generate from tickets, towing and impound of vehicles, or the issuance of fines and fees related to traffic enforcement, including but not limited to any internal emails.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges. The City specifically further objects in that the phrase "the amount of revenue BPD officers generate from tickets, towing and impound of vehicles, or the issuance of fines and fees

related to traffic enforcement" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 59: All Documents and Communications, including contracts, emails, performance evaluations, and financial reports, between the City and independent contractors providing towing and impound services in connection with violations of the Vehicle and Traffic law.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, Civil Rights Law §50-a, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges. The City specifically further objects in that the phrase "between the City and independent contractors" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 60: All Documents and Communications concerning the amount of money a BPD officer should collet or aim to collect and/or the number of tickets an**

officer should issue or attempt to issue during any period of time (e.g., work shift, day, week, month, calendar quarter, etc.), including but not limited to any internal emails, BPD forms or directives.

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 61: All Documents and Communications, including drafts and internal emails, relating to the BTVA budget.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB004337-COB008188 on the enclosed compact disk, which may be responsive to this request, and will supplement this response if and when additional documents or communications are located.

**REQUEST NO. 62: All Documents and Communications relating to the amount of revenue the BTVA generates on a monthly, quarterly, and/or yearly basis, including but not limited to revenue generated from traffic fines and fees and parking tickets.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the attorney-client privilege, and/or attorney work-product privileges. The City specifically further objects in that the phrases "relating to the amount of revenue the BTVA generates" and "revenue generated from traffic fines and fees and parking tickets" are vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:** Without waiving any general or specific objections, e City is aware of the reports previously provided as COB003877-COB003903 and the documents bates numbered COB004337-COB008188 on the enclosed compact disk, which may be responsive to this request, and will supplement this response if and when additional documents or communications are located.

**REQUEST NO. 63: All Documents and Communications relating to the cost to the City of Buffalo of operating the BTVA, including but not limited to any internal emails.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the attorney-client

privilege, and/or attorney work-product privileges. The City specifically further objects in that the phrase "cost to the City of Buffalo of operating the BTVA" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:**  Without waiving any general or specific objections, the City is aware of the reports previously provided as COB003877-COB003903 and the documents bates numbered COB004337-COB008188 on the enclosed compact disk, which may be responsive to this request, and will supplement this response if and when additional documents or communications are located.

**REQUEST NO. 64: All Documents and Communications relating to the amount the City of Buffalo spends on (a) any debt collection methods for unpaid traffic fines and fees; and (b) how much revenue from traffic fines generates for the City of Buffalo.**

**OBJECTION:**  The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the attorney-client privilege, and/or attorney work-product privileges. The City specifically further objects in that the phrases "debt collection methods" and "how much revenue from traffic fines generates for the City of Buffalo" are vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:**  Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 65**: **All Documents and Communications relating to (a) the amount the City of Buffalo spends on towing, impounding, and auctioning vehicles for violations of the VTL; and (b) how much revenue towing, impounding, and auctioning vehicles for violations of the VTL generates for the City of Buffalo.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the attorney-client privilege, and/or attorney work-product privileges. The City specifically further objects in that the phrase "how much revenue towing, impounding, and auctioning vehicles for violations of the VTL generates for the City of Buffalo" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:**  Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 66**: **All Documents and Communications related to the BTVA annual reports, including but not limited to all reports not previously produced, draft reports, all data summaries consulted or reviewed to create the reports, and any internal emails concerning the preparation of the reports.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and

seeks information protected by the deliberative process privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is aware of the reports previously provided as COB003877-COB003903, which may be responsive to this request, and will supplement this response if and when additional documents or communications are located.

**REQUEST NO. 67: To the extent not already provided, all Documents and Communications generated by or within the Office of the City of Buffalo Comptroller that would be responsive to Requests 52-66 above.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the attorney-client privilege, and/or attorney work-product privileges. The City specifically further objects in that the phrase "would be responsive to Requests 53-66 above" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB008189-COB009522 on the enclosed compact disk, which may be responsive to this request, and will supplement this response if and when additional documents or communications are located.

**REQUEST NO. 68: All Documents and Communications relating to the New York State Attorney General office's 2017 investigation into the BPD's use of**

15

**checkpoints and suspicionless trespass sweeps inside Buffalo Municipal Housing Authority (BMHA)'s public housing complexes, including but not limited to Defendants' internal Documents and Communications referencing the investigation as well as any documents produced by the City of Buffalo and/or the BPD to the Attorney General's office as a result of the investigation.** The City specifically further objects in that the phrase "relating to the New York State Attorney General office's 2017 investigation into the BPD's use of checkpoints and suspicionless trespass sweeps inside Buffalo Municipal Housing Authority (BMHA)'s public housing complexes" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**REQUEST NO. 69:** **All Documents and Communications relating to BPD polices, practices, procedures, rules, regulations, guidelines, and/or training materials contemplated or enacted as a result of the 2017 New York State Attorney General's Office Investigation.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges. The

City specifically further objects in that the phrase "contemplated or enacted as a result of the 2017 New York State Attorney General's Office Investigation" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**REQUEST NO. 70: All Documents and Communications relating to the BTVA and/or City of Buffalo's processes for notifying the New York State Department of Motor Vehicles to suspend the licenses of people who do not pay their tickets or fail to appear at their traffic-related court appearances.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges. The City specifically further objects in that the phrase "process for notifying the New York State Department of Motor Vehicles to suspend the licenses of people who do not pay their tickets or fail to appear at their traffic-related court appearances" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:**  Without waiving any general or specific objections, the City is aware of the documents bates numbered COB009523-COB009701 on the enclosed compact disk, which may be responsive to this request, and will supplement this response if and when additional documents or communications are located.

**REQUEST NO. 71: All Documents and Communications concerning the BTVA and/or City of Buffalo's debt collection practices for unpaid traffic fines, including but**

not limited to internal emails, forms, contracts, and communications with debt collectors and law firms concerning the collection of unpaid traffic fines, default judgments, etc..

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges. The City specifically further objects in that the phrase "debt collection practices" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:**  Without waiving any general or specific objections, the City is aware of the documents bates numbered COB009523-COB009701 on the enclosed compact disk, which may be responsive to this request, and will supplement this response if and when additional documents or communications are located.

**REQUEST NO. 72:** **All Documents and Communications relating to the complaints regarding vehicle tows, impounds, and/or auctions, whether performed by the City or an independent contractor, where the basis for the tow or impound was an alleged violation of the VTL.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by Civil Rights Law §50-a, the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-

product privileges. The City specifically further objects in that the phrase "where the basis for the tow or impound was an alleged violation of the VTL" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:**  Without waiving any general or specific objections and to the extent that the request is understood, at this time, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 73**: All Documents and Communications from the electronic BTVA database, Courtroom, or any other relevant database showing, for each case adjudicated at the BTVA, (a) whether the defendant pled guilty, not guilty, or failed to appear; (b) the outcome of the adjudication; (c) all fines, fees and default penalties assessed; (d) whether the defendant paid the fines and fees; (e) the date and amount of each payment; (f) all collection actions taken by the BTVA including docketing the ticket as a default judgment and reporting nonpayment or nonappearance to the DMV; (g) whether the default judgment was vacated or license reinstated.

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:**  Without waiving any general or specific objections and to the extent that the request is understood, at this time, the City is not aware of any responsive documents or communications at this time.

Dated: May 19, 2019
      Buffalo, New York

                                               TIMOTHY A. BALL, ESQ.
                                               Corporation Counsel

                                               */s/Robert E. Quinn*
                                             By: Robert E. Quinn
                                             65 Niagara Square - 1103 City Hall
                                             Buffalo, NY 14202
                                             Tel.: (716) 851-4326
                                             rquinn@ch.ci.buffalo.ny.us

TO:     NCLEJ
           Attn.: Claudia Wilner, Esq.
           275 Seventh Avenue, Suite 1506
           New York, NY  10001
           wilner@nclej.org

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**BLACK LOVE RESISTS IN THE RUST, et al.**

       **Plaintiffs,**

                                       **CERTIFICATE OF SERVICE**

       **-vs-**

                                 **Civil Action No.: 18-cv-719**

**CITY OF BUFFALO, et al.**

       **Defendants.**
_____

       I, Robert E. Quinn, hereby certify that on May 19, 2019, the annexed document was electronically served on Counsel for the Plaintiffs in this case:

Claudia Wilner, Esq.
NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE
275 Seventh Avenue, Suite 1506
New York, NY  10001
wilner@nclej.org

I certify under penalty of perjury that the foregoing is true and correct.

Dated: May 19, 2019
       Buffalo, New York

                                         TIMOTHY A. BALL, ESQ.
                                         Corporation Counsel

                                         _/s/Robert E. Quinn_____
                                         By: Robert E. Quinn
                                         65 Niagara Square - 1103 City Hall
                                         Buffalo, NY 14202
                                         Tel.: (716) 851-4326
                                         rquinn@ch.ci.buffalo.ny.us

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**BLACK LOVE RESISTS IN THE RUST, et al.**

          **Plaintiffs,**

          **-vs-**

**CITY OF BUFFALO, et al.**

          **Defendants.**
_____

          **FIRST SUPPLEMENTAL**
          **RESPONSES TO PLAINTIFFS'**
          **FIRST SET OF INTERROGATORIES TO**
          **DEFENDANT CITY OF BUFFALO, N.Y.**

          **Civil Action No.: 18-cv-719**

Defendant, CITY OF BUFFALO ("City"), offers the following FIRST SUPPLEMENTAL RESPONSE to Plaintiffs' "FIRST SET OF INTERROGATORIES TO DEFENDANT CITY OF BUFFALO, N.Y.", incorporating by reference all prior responses and objections thereto, based on information available as of the date prescribed herein:

## GENERAL OBJECTIONS

1.    The City responds to each and every interrogatory subject to the general obligations set forth herein. These objections form a part of the response to each and every interrogatory and are set forth here to avoid duplication by restating them for each interrogatory and document request. These general objections may be specifically referred to in response to a certain interrogatory and document request for purpose of clarity.  However, the failure to specifically refer to a general objection is not and shall not be construed to be a waiver of any general objection, even if other general objections are specifically stated in response to an interrogatory and document request.

2.      The City objects to each of the interrogatories to the extent that they seek information and documents that seek materials prepared in anticipation of litigation or are subject to the attorney-client privilege, attorney work product doctrine, deliberative process privilege, law enforcement privilege, prosecutorial privilege, or any other applicable privilege, including but not limited to those set forth by statutes such as the New York State Civil Rights Law §§50-a and 50-b, New York Public Officers Law §86, the New York Social Services Law, the Health Insurance Portability And Accountability Act (HIPAA), and 18 NYCRR §357.1.

3.      The City objects to each of the interrogatories to the extent that they seek to impose upon Defendants any obligation beyond those imposed by the Federal Rules of Civil Procedure. The City objects to each of the interrogatories and to the preliminary statement, definitions, and instructions that accompany them, to the extent that they are not consistent with the Federal Rules of Civil Procedure and/or the Local Rules of Civil Procedure and/or attempt to impose requirements greater than those imposed by each or all of those rules. The City objects to these interrogatories to the extent that they seek to impose an obligation upon the defendant to collect an obtain information from any person or entity that is not a party to this action.

4.      The City objects to each of the interrogatories as being vague, ambiguous, overly broad; unduly, burdensome, oppressive, unlimited in time, scope or subject, and calling for unbounded discovery.

5.     The City objects to each of the interrogatories to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence or seek information material and necessary to the prosecution or defense of this action.

6.     The City reserves the right to challenge the competency, relevance, materiality and admissibility of, and to object on any grounds to, the use of information and/or documents provided hereby in any proceeding or trial of this or any other action.

7.     The City objects to the interrogatories insofar as they are argumentative and/or state or imply contested facts, circumstances, legal conclusions, and/or issues. The City's responses to these interrogatories shall not constitute any admission of any fact, issue, and/or legal conclusion.

8.     The City objects to any requests for original evidence, records, documents, and things; the City will not release original evidence or things to any party for discovery purposes but will provide a reasonable opportunity for appropriate viewing in the presence of all parties.

9.     The City expressly reserves the right to amend, supplement and/or correct the following interrogatory responses as appropriate.

10.     The City expressly reserves, and does not waive their right to seek appropriate relief pursuant to FRCP 26 and 33 and any other applicable law with respect to these interrogatories.

11.     The City objects to these interrogatories to the extent that they do not describe the documents or information sought with reasonable particularity.

12.    The City objects to these interrogatories to the extent that they seek information which is proprietary in nature.

## FIRST SUPPLEMENTAL INTERROGATORY RESPONSES

**INTERROGATORY NO. 1: Identify each Person who has worked as part of the Strike Force or Housing Unit and provide his or her Employment History at the BPD.**

**OBJECTION:** The City objects to this interrogatory to the extent that it is overly broad, unduly burdensome, is not likely to result in the production of admissible evidence. The City also objects to this interrogatory to the extent that the phrase "worked as part of" is vague and ambiguous. The City additionally objects to this interrogatory in that it seeks irrelevant, personal, and confidential information not subject to disclosure in this civil action. The City specifically objects to the term "Employment History", as its defined the Plaintiffs' Interrogatories as overly broad and potentially seeking information and materials protected by Civil Rights Law §50-a.

**RESPONSE:** Without waiving these objections, upon information and belief, the Buffalo Police Department's Strike Force was generally made up of approximately 20 police officers and the Housing Unit made up of approximately 18 police officers with some changes in personnel over the period identified. Officers in the Strike Force and Housing Unit held positions as Captain ("Capt."), Lieutenant ("Lt."), and Police Officer ("PO"). The Buffalo Police Department also has positions of Detective ("Det.") and Detective Sergeant ("Det. Sgt."). In an attempt to avoid an unnecessary discovery dispute and move this matter forward, the following individuals may be responsive to this

demand (where multiple positions were held during the requested time period, each

position is identified):

<u>STRIKE FORCE</u>

- Lt. Michael Quinn.  Hired on January 30, 1997.  Retired on June 30, 2018.
- Lt. David Piech.  Hired on February 4, 1994.
- Lt. George McLean.  Hired on February 4, 1994.  Retired on June 28, 2018.
- Lt. Ivan Watkins.  Hired on March 1, 1998.  Retired on June 29, 2018.
- Lt. Brian Strobele.  Hired on August 6, 1986.  Retired on November 30, 2017.
- Lt. David Wilcox.  Hired on July 29, 1988. Retired on December 19, 2016.
- Lt. Thomas Whelan.  Hired on January 31, 1995. Retired on September 24, 2018.
- Lt. Robbin Thomas.  Hired on January 28, 1999.
- Lt. James C. O'Donnell.  Hired on September 15, 1995.
- Lt. Marcus Rogowski.  Hired on July 31, 2009.
- Lt. Daniel Burke.  Hired July 29, 1988.  Retired on May 23, 2015.
- PO/Lt. Scott Culver.  Hired on January 13, 2012.
- PO/Lt. Bradford Pitts, II.  Hired on January 16, 2009.
- PO/Lt. Robert Danner.  Hired on January 13, 2012.
- PO/Det. Sgt. Amy Frankel.  Hired on April 19, 2002.
- PO/Det. Jerry Guilian.  Hired on July 30, 1994.
- PO/Det. Anthony Fanara.  Hired on January 13, 2012.
- PO/Det. Michael J. Acquino.  Hired on January 18, 2008.
- PO Robert Salamone.  Hired on January 30, 1984.
- PO Richard Lopez. Hired on March 24, 1986.
- PO Joseph Walters.  Hired on July 29, 1988.
- PO Michael Martinez.  Hired on August 31, 1990.  Retired on August 31, 2018.
- PO Joseph Chojnacki.  Hired on August 5, 1994.
- PO Debra Strobele.  Hired on October 2, 1989.  Retired on March 31, 2018.
- PO Thomas Zak.  Hired on November 19, 2007.
- PO Mark Hamilton.  Hired on January 18, 2008.
- PO Christopher Fields. Hired on January 16, 2009.
- PO Richard Hy. Hired on January 13, 2012.
- PO Darren McDuffie.  Hired on January 13, 2012.
- PO Adam Wigdorski.  Hired on August 3, 2012.
- PO Aaron Pariseau. Hired on January 18, 2008.
- PO Robert Heidinger.  Hired on July 23, 1998.  Retired on September 29, 2018.
- PO Jonathan Bierl.  Hired on August 1, 2008.
- PO Latasha Howard. Hired on November 18, 2008.
- PO Charles Miller. Hired on January 13, 2012.
- PO John Poisson.  Hired on August 10, 1989.  Retired on May 31, 2018.

- PO Nathan Maryanski.  Hired on January 13, 2012.
- PO Charles Skipper. Hired on January 6, 1998.
- PO Justin Tedesco. Hired on August 3, 2012.
- PO Sean Zoll.  Hired on July 31, 2009.

HOUSING UNIT

- Capt. Guy Zagara.  Hired on July 30, 1993.  Retired on August 21, 2013.
- Capt. Patrick Roberts.  Hired on March 1, 1988.  Retired on June 29, 2015.
- Capt. Philip Serafini.  Hired on August 27, 1986. Retired on December 31, 2018.
- Capt. Scott Testa.  Hired on January 16, 1998.
- Lt. Lance R. Russo.  Hired on September 15, 1995.
- Lt. Jeffrey M. Giallella.  Hired on January 31, 1995.
- Lt. Brian Strobele.  Hired on August 6, 1986. Retired on November 31, 2017.
- Lt. Joseph Lynch.  Hired on July 29, 1988. Retired on December 31, 2018.
- PO/Det. Bart Adams.  Hired on November 19, 2007.
- PO/Det. Michael J. Acquino.  Hired on January 18, 2008.
- PO/Det. William Macy.  Hired on January 18, 2008.
- PO/Det. Anthony Shea.  Hired on August 1, 2008.
- PO Michael Bennett.  Hired on February 4, 1994. Retired on June 31, 2017.
- PO Joseph Paolucci. Hired on September 19, 1995.  Retired on June 30, 2010.
- PO Robert Joyce.  Hired on August 4, 1991.
- PO Edmond Labby, Jr.. Hired on July 31, 1997.  Retired on August 31, 2017.
- PO Donna Donovan.  Hired on January 1, 1998.
- PO David Acosta.  Hired on January 31, 1983.  Retired on February 28, 2015
- PO Angelo Threats.  Hired on January 26, 2000.
- PO Cory Krug. Hired on May 19, 1999.
- PO John Evans.  Hired on January 25, 2001.
- PO Ann Devaney.  Hired on May 18, 1997.
- PO Sherry Holtz.  Hired on September 22, 1997.
- PO William Rezabek. Hired on January 18, 2008.
- PO Thomas Nunan. Hired on January 18, 2008.
- PO Adolphus Barkor. Hired on January 18, 2008.
- PO Jeanan Sharpe. Hired on January 18, 2008.
- PO Joseph Hassett.  Hired on July 31, 2009.
- PO Shawn Adams.  Hired on January 25, 2001.
- PO Donna Benitez.  Hired on January 25, 2001.  Retired October 26, 2018.
- PO Patrick Humiston. Hired on January 25, 2001.
- PO Kelvin Sharpe. Hired on August 1, 2008.
- PO Jonathan Bierl. Hired August 1, 2008.
- PO Kenneth Agee. Hired on August 1, 2008.
- PO Andre Lloyd. Hired on January 16, 2009.

6

- PO Christopher Fields.  Hired on January 16, 2009.
- PO Elizabeth Baker. Hired on August 1, 2008.
- PO John Lattanzio. Hired on January 18, 2008.
- PO Mark Hamilton. Hired on January 18, 2008.
- PO Jared Domaracki. Hired on January 18, 2008.
- PO John Poisson.  Hired on August 10, 1989.  Retired on May 31, 2018.
- PO Jerry Guilian.  Hired on January 30, 1997.
- PO Latasha Howard. Hired on January 18, 2008.
- PO Anniel Vidal. Hired on January 13, 2012.
- PO William Robinson. Hired on January 18, 2008.
- PO Joshua Craig.  Hired on January 13, 2012.
- PO Patrick Crowley. Hired on September 15, 1995.  Retired on December 30, 2017.
- PO Joseph Acquino.  Hired on February 22, 2010.
- PO Charles Miller. Hired on January 13, 2012.
- PO Andrew Whiteford. Hired on January 13, 2012.
- PO Terrance Ciszek.  Hired on January 17, 2014.
- PO Armonde Badger.  Hired on July 31, 2015.
- PO Michael Norwood.  Hired on January 18, 2013.
- PO Omar Rodriguez.  Hired on July 30, 2009.
- PO Ryan Crespo.  Hired on August 1, 2014.

All individuals identified are, or were, City of Buffalo employees.  The City of Buffalo maintains an office at 1100 City Hall, 65 Niagara Sq., Buffalo, New York  14202.  Due to the size of the time period, and scope of the request, there may be additional individuals identified during discovery and the City will further supplement this response as needed.

**INTERROGATORY NO. 2: Identify each Person who signed a Traffic Safety Checkpoint Tally Sheet or Buffalo Police Department Roadblock Directive.**

**OBJECTION:** The City objects to this interrogatory to the extent that it is overly broad, unduly burdensome, is not likely to result in the production of admissible evidence, and seeks irrelevant information not subject to disclosure in this civil action.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the interrogatory is understood, the City refers to the "Traffic Safety Checkpoint Tally Sheet(s)" and "Buffalo Police Department Roadblock Directive(s)" provided in response to "PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION TO THE DEFENDANT CITY OF BUFFALO" for its response to this interrogatory.  As a further response and good faith attempt to move discovery forward, upon information and belief, the names of the individuals who signed the referenced documents include: Lt. Michael Quinn, Lt. Brian Strobele, Lt. Lance R. Russo, Lt. Jeffrey M. Giallella, Lt. George McLean, Lt. Ivan Watkins, Lt. David Wilcox, Lt. Thomas Whelan., Lt. James C. O'Donnell, Lt. Marcus Rogowski, Lt. Daniel Burke, Lt. Stephen D. Schulz.  All individuals are, or were, City of Buffalo employees.  The City of Buffalo maintains an office at 1100 City Hall, 65 Niagara Sq., Buffalo, New York  14202.  Due to the size of the time period and number of documents, there may be additional individuals identified during discovery and the City will further supplement this response as needed.

**INTERROGATORY NO. 3: Identify each Person involved in the drafting and/or approval of the directive on Checkpoints referenced in paragraph 38 of the Complaint and your Answer.**

**OBJECTION:** The City objects to this interrogatory to the extent that it is overly broad, unduly burdensome, is not likely to result in the production of admissible evidence, and seeks irrelevant information not subject to disclosure in this civil action. The City also objects to the phrase "involved in the drafting and/or approval of the

directive on Checkpoints referenced in paragraph 38 of the Complaint" as vague, ambiguous and subject to multiple interpretations.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the interrogatory is understood based on prior communications with counsel for the Plaintiff, which are incorporated herein by reference, the City is aware of the named Defendants Daniel Derenda and Kevin Brinkworth, at this time. Both individuals were City of Buffalo employees.  The City of Buffalo maintains an office at 1100 City Hall, 65 Niagara Sq., Buffalo, New York  14202.


Dated: February 5, 2019
        Buffalo, New York

                                        TIMOTHY A. BALL, ESQ.
                                        Corporation Counsel


                                        */s/Robert E. Quinn*
                                        By: Robert E. Quinn
                                        65 Niagara Square - 1103 City Hall
                                        Buffalo, NY 14202
                                        Tel.: (716) 851-4326
                                        rquinn@ch.ci.buffalo.ny.us


TO:    WESTERN NEW YORK LAW CENTER
       Attn.: Joseph Keleman, Keisha Williams
       37 Franklin Street, Second Floor
       Buffalo, New York  14202

       Claudia Wilner, Esq.
       NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE
       275 Seventh Avenue, Suite 1506
       New York, NY  10001

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**BLACK LOVE RESISTS IN THE RUST, et al.**

      **Plaintiffs,**

            **-vs-**

**CITY OF BUFFALO, et al.**

      **Defendants.**
_____

                       **CERTIFICATE OF SERVICE**

                     **Civil Action No.: 18-cv-719**

       I, Robert E. Quinn, hereby certify that on February 5, 2019, the annexed document was electronically served on Counsel for the Plaintiffs in this case:

               Claudia Wilner, Esq.
   NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE
          275 Seventh Avenue, Suite 1506
           New York, NY  10001
             wilner@nclej.org

I certify under penalty of perjury that the foregoing is true and correct.

Dated: February 5, 2019
      Buffalo, New York

                    TIMOTHY A. BALL, ESQ.
                    Corporation Counsel

                    */s/Robert E. Quinn*
                    By: Robert E. Quinn
                    65 Niagara Square - 1103 City Hall
                    Buffalo, NY 14202
                    Tel.: (716) 851-4326
                    rquinn@ch.ci.buffalo.ny.us

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**BLACK LOVE RESISTS IN THE RUST, et al.**

<table>
<tr><td style="text-align:center">Plaintiffs,</td><td style="text-align:center"><u>FIRST SUPPLEMENTAL</u><br>RESPONSES TO PLAINTIFFS' FIRST<br>SET OF REQUESTS FOR PRODUCTION</td></tr>
<tr><td style="text-align:center">-vs-</td><td style="text-align:center">TO DEFENDANT CITY OF BUFFALO, N.Y.</td></tr>
</table>

**CITY OF BUFFALO, et al.**                **Civil Action No.: 18-cv-719**

                        **Defendants.**
_____

Defendant, CITY OF BUFFALO ("City") offer the following in response to "PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT CITY OF BUFFALO, N.Y." based on information available as of the date prescribed herein.

## <u>GENERAL OBJECTIONS</u>

1.      The City responds to each and every document request subject to the general objections set forth herein. These objections form a part of the response to each and  every document request and are set forth herein to avoid duplication by restating them for each document request. These general objections may be specifically referred to in response to a certain document request for the purpose of clarity. However, the failure specifically to refer to a general objection is not and shall not be construed to be a waiver of any general objection, even if other general objections are specifically stated in response to a document request.

2.      The City objects to each of the requests to the extent that they seek information and documents that they seek materials prepared in anticipation of litigation

or are subject to the attorney-client privilege, attorney work product doctrine, deliberative process privilege, law enforcement privilege, prosecutorial privilege, or any other applicable privilege, including but not limited to those set forth by statutes such as the New York State Civil Rights Law §§50-a and 50-b, New York Public Officers Law §86, the New York Social Services Law, the Health Insurance Portability And Accountability Act (HIPAA), and 18 NYCRR §357.1.

3. The City objects to each of the requests to the extent that they seek to impose upon Defendants any obligation beyond those imposed by the Federal Rules of Civil Procedure. The City objects to each of the requests and to the preliminary statement, definitions, and instructions that accompany them, to the extent that they are not consistent with the Federal Rules of Civil Procedure and/or the Local Rules of Civil Procedure and/or attempt to impose requirements greater than those imposed by each or all of those rules. The City object to these requests to the extent that they seek to impose an obligation upon the defendant to collect an obtain information from any person or entity that is not a party to this action.

4. The City objects to each of the document requests to the extent they are vague, ambiguous, overbroad, unduly burdensome, oppressive, unlimited in time, scope or subject, and call for unbounded discovery.

5. The City objects to each of the document requests to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence or seek information material and necessary to the prosecution or defense of this action.

2

6.      The City objects to each of the document requests to the extent that they seek information not in the possession of the Defendants or their agents/employees.

7.      The City reserves the right to challenge the competency, relevance, materiality and admissibility of, and to object on any grounds to, the use of the information and/or documents provided hereby in any proceeding or trial of this or any other action.

8.      The City objects to the document requests insofar as they state or imply contested facts, circumstances, legal conclusions, issues, events or circumstances. The City's responses to these document requests shall not constitute any admission of any fact, event, circumstance, issue, or legal conclusion.

9.      The City objects to any requests for original evidence, records, documents, and things; the City will not release original evidence or things to any party for discovery purposes but will provide a reasonable opportunity for appropriate viewing in the presence of all parties.

10.     The City expressly reserves the right to amend and supplement the following responses and document requests with respect to additional information, material, and documents supplied or obtained in the course of discovery herein.

11.     The City objects to these requests to the extent that they do not describe the documents sought with reasonable particularity.

12.     The City objects to these interrogatories to the extent that they seek information which is proprietary in nature.

<u>**RESPONSES TO DOCUMENT REQUESTS**</u>

**<u>REQUEST NO. 1</u>: All Documents and Communications relating to the creation of the Strike Force, including but not limited to the reasons for or purposes of the Strike Force's creation, without limitation to time period.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB000001-COB000940 and COB003907-COB003908, on the enclosed compact disk, and will supplement this request if and when additional documents or communications are located.

**<u>REQUEST NO. 2</u>: All Documents and Communications relating to the purpose, mandate, goal, function, or mission of the Strike Force, without limitation to time period.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB000001-COB000969, COB000985-COB001347;

COBCOB001613-COB001636, COB001962-COB003602, and COB003907-COB003908, on the enclosed compact disk, and will supplement this request if and when additional documents or communications are located.

 **REQUEST NO. 3: All Documents and Communications relating to the creation of the Housing Unit, including but not limited to the reasons for or purposes of the Housing Unit's creation, without limitation to time period.**

 **OBJECTION:** The City object to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

 **RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB000001-COB000940, COB003842-COB003850, and COB003904-COB003905, on the enclosed compact disk, and will supplement this request if and when additional documents or communications are located.

 **REQUEST NO. 4: All Documents and Communications relating to the purpose, mandate, goal, function, or mission of the Housing Unit, without limitation to time period.**

 **OBJECTION:** The City object to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB000001-COB000969, COB001551-COB001613, COB001637-COB001941, COB003842-COB003850, and COB003904-COB003905, on the enclosed compact disk, and will supplement this request if and when additional documents or communications are located.

**REQUEST NO. 5: All Documents and Communications relating to the creation of the Buffalo Traffic Violation Agency (BTVA) without limitation to time period, including but not limited to the reasons for or purposes of the BTVA's creation.**

**OBJECTION:** The City object to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB003877-COB003903 on the enclosed compact disk and will supplement this request if and when additional documents or communications are located.

**REQUEST NO. 6: All Documents and Communications relating to the purpose, mandate, goal, function, or mission of the BTVA, including but not limited to BTVA annual reports, without limitation to time period.**

**OBJECTION:** The City object to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and

seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

    **RESPONSE:**  Without waiving any general or specific objections, the City is aware of the documents bates numbered COB003877-COB003903 on the enclosed compact disk and will supplement this request if and when additional documents or communications are located.

    **REQUEST NO. 7: All Documents and Communications relating to the BPD's decision to establish or conduct Checkpoints, without limitation to time period.**

    **OBJECTION:** The City object to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

    **RESPONSE:**  Without waiving any general or specific objections, the City is aware of the documents bates numbered COB000985-COB001347 and COB001962-COB3602 on the enclosed compact disk and will supplement this request if and when additional documents or communications are located.

    **REQUEST NO. 8: All Documents and Communications relating to the BPD's decision to end the Strike Force.**

    **OBJECTION:** The City object to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and

seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB003906 on the enclosed compact disk and will supplement this request if and when additional documents or communications are located.

**REQUEST  NO. 9: All Documents and Communications consulted or reviewed by the BPD in order to determine the physical location of each Checkpoint or group of Checkpoints, including any Documents and Communications referring or relating to strategy or other considerations in determining Checkpoint location.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, and/or the law enforcement privilege.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB000985-COB001347 and COB001962-COB3602 on the enclosed compact disk and will supplement this request if and when additional documents or communications are located.

**REQUEST  NO. 10: All  BPD  Housing  Unit  Monthly  and  Weekly  Statistics Reports.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, and which may be sealed, part of an ongoing investigations, sealed, and/or subject to other confidentiality concerns.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB001551-COB001612 and COB001637-COB001941 on the enclosed compact disk and will supplement this request if and when additional documents or communications are located.

**REQUEST NO. 11: All BPD Housing Unit Daily Reports, including but not limited to Daily Statistical Reports.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, and which may be sealed, part of an ongoing investigations, sealed, and/or subject to other confidentiality concerns.

**REQUEST NO. 12: All BPD Strike Force Monthly and Weekly Statistics Reports.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement

privilege, and which may be sealed, part of an ongoing investigations, sealed, and/or subject to other confidentiality concerns.

**RESPONSE:**  Without waiving any general or specific objections and to the extent that the request is understood, at this time, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 13**: All BPD Strike Force Unit Daily Reports.

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, and which may be sealed, part of an ongoing investigations, sealed, and/or subject to other confidentiality concerns.

**REQUEST NO. 14**: All BPD Division of Traffic Enforcement Monthly and Weekly Statistics Reports.

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, and which may be sealed, part of an ongoing investigations, sealed, and/or subject to other confidentiality concerns.

**RESPONSE:**  Without waiving any general or specific objections and to the extent that the request is understood, at this time, the City is not aware of any responsive documents at this time.

**REQUEST NO. 15: All BPD Division of Traffic Enforcement Daily Reports.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, and which may be sealed, part of an ongoing investigations, sealed, and/or subject to other confidentiality concerns.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, at this time, the City is not aware of any responsive documents at this time.

**REQUEST NO. 16: All Documents and Communications containing statistical, demographic, or other information regarding the operation of Checkpoints by any part of the BPD, to the extent not already responsive to Requests 10 through 15.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, and which may be sealed, part of an ongoing investigations, sealed, subject to other confidentiality concerns.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, at this time, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 17:** **All completed BPD Roadblock Directives.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, and which may be sealed, part of an ongoing investigations, sealed, subject to other confidentiality concerns.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB001962-COB3602 on the enclosed compact disk and will supplement this request if and when additional documents are located.

**REQUEST NO. 18:** **All completed Traffic Safety Checkpoint Tally Sheets.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, and which may be sealed, part of an ongoing investigations, sealed, subject to other confidentiality concerns.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB001962-COB3602 on the enclosed compact disk and will supplement this request if and when additional documents are located.

**REQUEST NO. 19:** **All other completed directives, tally sheets, and/or similar Documents and Communications discussing the date, time, location, and/or results of**

Checkpoints carried out by the BPD, to the extent not already responsive to Requests 17 and 18.

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, and which may be sealed, part of an ongoing investigations, sealed, subject to other confidentiality concerns.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB000985-COB001347 on the enclosed compact disk and will supplement this request if and when additional documents or communications are located.

**REQUEST NO. 20:** **For each officer assigned to the Housing Unit, all activity reports and other Documents and Communications completed by Housing Unit Officers to record their enforcement activity (tickets, arrests, traffic stops) on a daily, weekly, monthly, quarterly, and annual basis.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, and which may be sealed, part of an ongoing investigations, sealed, subject to other confidentiality concerns.

**REQUEST NO. 21**: **For each officer assigned to the Strike Force, all activity reports and other Documents and Communications completed by Strike Force Officers to document their enforcement activity (tickets, arrests, traffic stops) on a daily, weekly, monthly, quarterly, and annual basis.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, and which may be sealed, part of an ongoing investigations, sealed, subject to other confidentiality concerns.

**REQUEST NO. 22**: **All Documents and Communications concerning the procedures, information, and criteria used to evaluate the performance of Housing Unit and Strike Force officers.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by Civil Rights Law §50-a, the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:**  Without waiving any general or specific objections, the City is aware of the documents bates numbered COB000001-COB000969, COB003842-COB003876, COB003904-COB003905, and COB003907-COB003908, on the enclosed compact disk, and

will supplement this request if and when additional documents or communications are located.

**REQUEST NO. 23: For each officer assigned to the Housing Unit and/or Strike Force, copies of all monthly, quarterly and annual performance evaluations of that officer conducted while he or she was assigned to the Housing Unit and/or Strike Force.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by Civil Rights Law §50-a, the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, at this time, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 24: Electronic or computerized data compilations sufficient to show for each Checkpoint conducted by the BPD:**

      a.     **The number of license plates checked, by an automated license plate reader or otherwise, at the Checkpoint;**

      b.     **The unit or division within BPD that conducted the Checkpoint;**

      c.     **The date, time, duration and Location of the Checkpoint;**

d.      The number of Persons selected for a secondary stop at the Checkpoint and the race, ethnicity, national origin, and any other demographic data recorded for each such Person;

e.      The number of Persons who received a Traffic Ticket at the Checkpoint, the number of tickets each such Person received, and the race, ethnicity, national origin, and any other demographic data recorded for each such Person;

f.      The number of firearms confiscated at the Checkpoint and the race, ethnicity, national origin, and any other demographic data recorded for each such Person;

g.      The number of Persons arrested for a traffic misdemeanor at the Checkpoint and the race, ethnicity, national origin, and any other demographic data recorded for each such Person;

h.      The number of Persons arrested for a non-traffic misdemeanor at the Checkpoint and the race, ethnicity, national origin, and any other demographic data recorded for each such Person;

i.      The number of Persons arrested for a felony at the Checkpoint and the race, ethnicity, national origin, and any other demographic data recorded for each such Person;

j.      The number of vehicles towed following a stop at the Checkpoint, the reason for towing the vehicle, and the race,

**ethnicity, national origin, and any other demographic data recorded for the driver of each such vehicle;**

k.     **The number of vehicles impounded following a stop at the Checkpoint, the reason for impoundment, and the race, ethnicity, national origin, and any other demographic data recorded for the driver of each such vehicle;**

l.     **The number of vehicles released from impound following a stop at the Checkpoint and the race, ethnicity, national origin, and any other demographic data recorded for each Person whose vehicle was released following a stop at the Checkpoint; and**

m.     **The number of vehicles auctioned following a stop at the Checkpoint and the race, ethnicity, national origin, and any other demographic data recorded for each Person whose vehicle was auctioned following a stop at the Checkpoint.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, and which may be sealed, part of an ongoing investigations, sealed, subject to other confidentiality concerns.

**RESPONSE:** Without waiving any general or specific objections, the City is not aware of any "electronic or computerized data compilations" responsive to this request.

**REQUEST NO. 25**: Electronic or computerized data compilations sufficient to show for each and every Traffic Ticket issued and/or traffic-related arrest:

    a.  The identity of the person(s) stopped, ticketed or arrested (names may be anonymized but stops, tickets, and arrests must be traceable at the individual level);

    b.  The identity of the officer issuing the ticket or arrest (Name, Unit, and Badge Number);

    c.  The date, time, and Location of the stop giving rise to the ticket or arrest;

    d.  Whether the stop occurred at a Checkpoint;

    e.  The race of the person(s) stopped, ticketed, or arrested;

    f.  The gender of the person(s) stopped, ticketed, or arrested;

    g.  The age of the person(s) stopped, ticketed, or arrested;

    h.  All VTL and/or City of Buffalo Municipal Code violations for which the person was ticketed and/or arrested;

    i.  All misdemeanor, traffic misdemeanor, and felony arrests made as a result of the stop, including the specific provision(s) forming the basis for the arrest;

    j.  All weapons seized as a result of the stop, including the nature of the weapon;

    k.  The total amount of cash seized as a result of the stop;

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, and which may be sealed, part of an ongoing investigations, sealed, subject to other confidentiality concerns.

**RESPONSE:** Without waiving any general or specific objections, the City is not aware of any "electronic or computerized data compilations" responsive to this request.

**REQUEST NO. 26:** Copies of all Traffic Tickets issued by the BPD.

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information which may be sealed and/or subject to confidentiality or other privacy concerns.

**REQUEST NO. 27:** All Documents and Communications relating to any reports, notes, memoranda, files, data sets, databases, or other paper or electronic mechanisms used by You to record, transmit, maintain, tabulate, aggregate, analyze, and/or review information relating to any Checkpoint conducted by the BPD.

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege and/or the law enforcement privilege, or which is proprietary in nature.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB000985-COB001347 and COB0001962-COB003602 on the enclosed compact disk and will supplement this request if and when additional documents or communications are located.

**REQUEST NO. 28:** **All Documents and Communications relating to any reports, notes, memoranda, files, data sets, databases, or other paper or electronic mechanisms used by You to record, transmit, maintain, tabulate, aggregate, analyze, and/or review information relating to Traffic Tickets issued and/or misdemeanor and/or felony traffic arrests made by BPD officers.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, and which may be sealed, part of an ongoing investigations, sealed, subject to other confidentiality concerns.

**REQUEST  NO. 29:** **All Documents and Communications showing the dates, times, offense categories and Locations of all reported crimes in the City of Buffalo.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, and which may be sealed, part of an ongoing investigations, sealed, subject to other confidentiality concerns.

**REQUEST NO. 30: All Documents and Communications showing the dates, times and Locations of all traffic accidents that occurred in the City of Buffalo.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, and which may be sealed, part of an ongoing investigations, sealed, subject to other confidentiality concerns.

**REQUEST NO. 31: All Documents and Communications relating to the time individuals waited during Checkpoints ("wait times"), average wait times, and/or or other measures of individual or aggregate waiting times, for Persons driving through a Checkpoint established by the Strike Force or Housing Unit.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, and/or the law enforcement privilege.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 32: All Documents and Communications relating to the average wait times, or other measures of individual or aggregate waiting times, for Persons**

**pulled over for a secondary stop at a Checkpoint established by the Strike Force or Housing Unit.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, and/or the law enforcement privilege.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 33: All Documents and Communications relating to BPD's use of computer software and/or technology to issue traffic tickets.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege and/or the law enforcement privilege, or which is proprietary in nature.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB003603-COB003638 and COB0004327-COB004336 on the enclosed compact disk and will supplement this request if and when additional documents or communications are located.

**REQUEST NO. 34: All Documents and Communications relating to the academic study by Andrew P. Wheeler and Scott W. Phillips referenced at paragraph**

**56 and n.7 of the Complaint, including all communications, data, and Documents and Communications shared with the study authors and/or their staff and interns.**

OBJECTION: The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, and/or the law enforcement privilege.

RESPONSE: Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 35: All Documents and Communications relating to BPD policies, procedures, protocols, directives, forms, guidelines, standards, rules, regulations, orders, training materials or instructions relating to Checkpoints, including but not limited to, deciding where and when to conduct a Checkpoint, conducting initial and secondary stops, performing searches, issuing Traffic Tickets, making misdemeanor and felony arrests, and/or towing or impounding cars at Checkpoints.**

OBJECTION: The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, and/or the law enforcement privilege.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB000001-COB000969, COB000985-COB001347, COB001962-COB003602, and COB003842-COB3850, on the enclosed compact disk and will supplement this request if and when additional documents or communications are located.

**REQUEST NO. 36: All Documents and Communications relating to BPD policies, procedures, protocols, directives, forms, guidelines, standards, rules, regulations, orders, training materials or instructions relating to enforcing the Vehicle and Traffic Law, including but not limited to conducting traffic stops, performing searches of vehicles, issuing Traffic Tickets, making misdemeanor and felony arrests following traffic stops, and/or towing or impounding vehicles following traffic stops.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, and/or the law enforcement privilege.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB000001-COB000984, COB000985-COB001347, COB001962-COB003602, and COB003842-COB3850, on the enclosed compact disk as well as those possibly in the possession of the Police Academy at the Police Training Academy operated by Erie County's Central Police Services at Erie Community College North

Campus, which may be responsive to this request, and will supplement this request if and when additional documents or communications are located.

**REQUEST NO. 37**: **All Documents and Communications relating to BPD policies, practices, directives, forms, guidelines, standards, rules, regulations, orders, training materials or instructions relating to the use of Automatic License Plate Readers and storage of ALPR data.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, and/or the law enforcement privilege.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB000001-COB000984, COB000985-COB001347, COB001962-COB003602, and COB003842-COB3850, on the enclosed compact disk as well as those possibly in the possession of the Police Academy at the Police Training Academy operated by Erie County's Central Police Services at Erie Community College North Campus, which may be responsive to this request, and will supplement this request if and when additional documents or communications are located.

**REQUEST NO. 38**: **All Documents and Communications relating to BPD policies, procedures, protocols, directives, forms, guidelines, standards, rules, regulations, orders, training materials or instructions relating to compliance with the**

**Fourth and Fourteenth Amendment of the United States Constitution, including the rights to due process and equal protection.**

**OBJECTION:** The City objects to this request insofar as it is argumentative, overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, and/or the law enforcement privilege.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB000001-COB000984, COB000985-COB001347, COB001962-COB003602, and COB003842-COB3850, on the enclosed compact disk as well as those possibly in the possession of the Police Academy at the Police Training Academy operated by Erie County's Central Police Services at Erie Community College North Campus, which may be responsive to this request, and will supplement this request if and when additional documents or communications are located.

**REQUEST NO. 39:** **All Documents and Communications relating to BPD policies, procedures, protocols, directives, forms, guidelines, standards, rules, regulations, orders, training materials or instructions relating to racial profiling, biased policing, and/or the use of race in law enforcement decision-making.**

**OBJECTION:** The City objects to this request insofar as it is argumentative, overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, and/or the law enforcement privilege.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB000001-COB000984, COB000985-COB001347, COB001962-COB003602, and COB003842-COB3850, on the enclosed compact disk as well as those possibly in the possession of the Police Academy at the Police Training Academy operated by Erie County's Central Police Services at Erie Community College North Campus, which may be responsive to this request, and will supplement this request if and when additional documents or communications are located.

**REQUEST NO. 40**: All Documents and Communications relating to BPD policies, procedures, protocols, directives, forms, guidelines, standards, rules, regulations, orders, training materials or instructions relating to supervisory review of the traffic enforcement activities, including, but not limited to, Checkpoints, traffic stops, traffic tickets, and traffic misdemeanor arrests, conducted by BPD officers.

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by Civil Rights Law §50-a, the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB000001-COB000984, COB000985-COB001347, COB001962-COB003602, and COB003842-COB3850, on the enclosed compact disk as well as those possibly in the possession of the Police Academy at the Police Training Academy

operated by Erie County's Central Police Services at Erie Community College North Campus, which may be responsive to this request, and will supplement this request if and when additional documents or communications are located.

**REQUEST NO. 41: All Documents and Communications relating to any comments, complaints, grievances, or concerns You received verbally or in writing about any Checkpoint established by the Strike Force or Housing Unit.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by Civil Rights Law §50-a, the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents at this time.

**REQUEST NO. 42: All Documents and Communications relating to any comments, complaints, grievances, or concerns You received verbally or in writing related to alleged racial profiling, bias or discrimination by the BPD.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by Civil Rights Law §50-a, the deliberative process privilege,

the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:**  Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 43: All Documents and Communications relating to any comments, complaints, grievances, or concerns You received verbally on in writing related to BPD traffic stops, traffic ticketing, and/or other traffic enforcement practices.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by Civil Rights Law §50-a, the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:**  Without waiving any general or specific objections, the City is aware of the documents bates numbered COB003639-COB003841 on the enclosed compact disk and will supplement this request if and when additional documents or communications are located.

**REQUEST NO. 44:  All Documents and Communications relating to any comments, complaints, grievances, or concerns You received verbally or in writing about traffic safety, including but not limited to requests from the public for increased traffic enforcement.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by Civil Rights Law §50-a, the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:**  Without waiving any general or specific objections, the City is aware of the documents bates numbered COB003639-COB003841 on the enclosed compact disk and will supplement this request if and when additional documents or communications are located.

**REQUEST NO. 45: All Documents and Communications relating to any analysis, evaluation, review, recording, or study of Checkpoints, including the race, ethnicity, national origin or other demographic data of individuals who drove through and/or were stopped at Checkpoints and the extent to which such Checkpoints enhanced or detracted from traffic safety.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, and/or the law enforcement privilege.

**RESPONSE:**  Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 46**: **All Documents and Communications relating to the September 18, 2018 report provided by the Buffalo Police Advisory Board to the Buffalo Common Council Police Oversight Committee.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, and/or the law enforcement privilege. The City also objects that the term "report" is vague, subject to multiple meetings, and does not describe the documents sought with reasonable particularity.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB003909--COB004326, on the enclosed compact disk and will supplement this request if and when additional documents or communications are located.

**REQUEST NO. 47**: **Documents and Communications sufficient to show all federal financial assistance received by the Buffalo Police Department.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**REQUEST NO. 48**: **All Documents and Communications concerning the defenses asserted in Defendants' Answer, including Documents and Communications that support or refute the defenses.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**REQUEST NO. 49**: **All Documents identified in response to Plaintiff Black Love Resists' First Set of Interrogatories to Defendant City of Buffalo, N.Y.**

**OBJECTION:** The City objects to this request insofar as it is requests documents not in the custody or control of the City.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is aware of the documents bates numbered COB000001-COB004326, on the enclosed compact disk and will supplement this request if and when additional documents or communications are located.

Dated: March 15, 2019
      Buffalo, New York

                        TIMOTHY A. BALL, ESQ.
                        Corporation Counsel

                        */s/Robert E. Quinn*
                        By: Robert E. Quinn
                        65 Niagara Square - 1103 City Hall
                        Buffalo, NY 14202
                        Tel.: (716) 851-4326
                        rquinn@ch.ci.buffalo.ny.us

TO:    NCLEJ
        Attn.: Claudia Wilner, Esq.
        275 Seventh Avenue, Suite 1506
        New York, NY  10001
        wilner@nclej.org

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**BLACK LOVE RESISTS IN THE RUST, et al.**

        **Plaintiffs,**

              **-vs-**

**CITY OF BUFFALO, et al.**

        **Defendants.**
_____

        **CERTIFICATE OF SERVICE**

        **Civil Action No.: 18-cv-719**

        I, Robert E. Quinn, hereby certify that on March 15, 2018, the annexed document was electronically served on Counsel for the Plaintiffs in this case:

Claudia Wilner, Esq.
NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE
275 Seventh Avenue, Suite 1506
New York, NY  10001
wilner@nclej.org

I certify under penalty of perjury that the foregoing is true and correct.

Dated: March 15, 2019
      Buffalo, New York

                        TIMOTHY A. BALL, ESQ.
                        Corporation Counsel


                        _/s/Robert E. Quinn_____
                        By: Robert E. Quinn
                        65 Niagara Square - 1103 City Hall
                        Buffalo, NY 14202
                        Tel.: (716) 851-4326
                        rquinn@ch.ci.buffalo.ny.us

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**BLACK LOVE RESISTS IN THE RUST, et al.**

                **Plaintiffs,**

                **-vs-**

**CITY OF BUFFALO, et al.**

                **Defendants.**
_____

                <u>**SECOND SUPPLEMENTAL**</u>
                **RESPONSES TO PLAINTIFFS'**
        **FIRST SET OF INTERROGATORIES TO**
        **DEFENDANT CITY OF BUFFALO, N.Y.**

                **Civil Action No.: 18-cv-719**

Defendant, CITY OF BUFFALO ("City"), offers the following SECOND SUPPLEMENTAL RESPONSE to Plaintiffs' "FIRST SET OF INTERROGATORIES TO DEFENDANT CITY OF BUFFALO, N.Y.", incorporating by reference all prior responses and objections thereto, based on information available as of the date prescribed herein:

## GENERAL OBJECTIONS

1.      The City responds to each and every interrogatory subject to the general obligations set forth herein. These objections form a part of the response to each and every interrogatory and are set forth here to avoid duplication by restating them for each interrogatory and document request. These general objections may be specifically referred to in response to a certain interrogatory and document request for purpose of clarity.  However, the failure to specifically refer to a general objection is not and shall not be construed to be a waiver of any general objection, even if other general objections are specifically stated in response to an interrogatory and document request.

2.     The City objects to each of the interrogatories to the extent that they seek information and documents that seek materials prepared in anticipation of litigation or are subject to the attorney-client privilege, attorney work product doctrine, deliberative process privilege, law enforcement privilege, prosecutorial privilege, or any other applicable privilege, including but not limited to those set forth by statutes such as the New York State Civil Rights Law §§50-a and 50-b, New York Public Officers Law §86, the New York Social Services Law, the Health Insurance Portability And Accountability Act (HIPAA), and 18 NYCRR §357.1.

3.     The City objects to each of the interrogatories to the extent that they seek to impose upon Defendants any obligation beyond those imposed by the Federal Rules of Civil Procedure. The City objects to each of the interrogatories and to the preliminary statement, definitions, and instructions that accompany them, to the extent that they are not consistent with the Federal Rules of Civil Procedure and/or the Local Rules of Civil Procedure and/or attempt to impose requirements greater than those imposed by each or all of those rules. The City objects to these interrogatories to the extent that they seek to impose an obligation upon the defendant to collect an obtain information from any person or entity that is not a party to this action.

4.     The City objects to each of the interrogatories as being vague, ambiguous, overly broad; unduly, burdensome, oppressive, unlimited in time, scope or subject, and calling for unbounded discovery.

5.     The City objects to each of the interrogatories to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence or seek information material and necessary to the prosecution or defense of this action.

6.     The City reserves the right to challenge the competency, relevance, materiality and admissibility of, and to object on any grounds to, the use of information and/or documents provided hereby in any proceeding or trial of this or any other action.

7.     The City objects to the interrogatories insofar as they are argumentative and/or state or imply contested facts, circumstances, legal conclusions, and/or issues. The City's responses to these interrogatories shall not constitute any admission of any fact, issue, and/or legal conclusion.

8.     The City objects to any requests for original evidence, records, documents, and things; the City will not release original evidence or things to any party for discovery purposes but will provide a reasonable opportunity for appropriate viewing in the presence of all parties.

9.     The City expressly reserves the right to amend, supplement and/or correct the following interrogatory responses as appropriate.

10.    The City expressly reserves, and does not waive their right to seek appropriate relief pursuant to FRCP 26 and 33 and any other applicable law with respect to these interrogatories.

11.    The City objects to these interrogatories to the extent that they do not describe the documents or information sought with reasonable particularity.

12.    The City objects to these interrogatories to the extent that they seek information which is proprietary in nature.

## SECOND SUPPLEMENTAL INTERROGATORY RESPONSES

**INTERROGATORY NO. 8**: **Describe in detail all training materials and programs, both formal and informal, that You provided or provide to Your officers concerning: the operation of Checkpoints; the enforcement of the New York Vehicle and Traffic Law, including, but not limited to, the issuance of traffic violations or infractions, misdemeanor or felony traffic arrests, and towing and/or impoundment of vehicles; how to conduct Checkpoints and/or enforce traffic laws in compliance with the Fourth and Fourteenth Amendments to the United States Constitution; racial profiling, biased policing, and/or the use of race in law enforcement decision-making; and the use of the electronic software and hardware referenced in response to Interrogatory 5. This should include, but not be limited to, a description of the training materials and programs, the dates on which they have been provided, the frequency with which they are provided, the Persons who provide them, the Persons who receive them, the Persons who decide their contents, any changes made to them over time, including when those changes were made, and an identification of all Documents used for any training.**

**OBJECTION:** The City objects to this interrogatory to the extent that it is overly broad, unduly burdensome, is not likely to result in the production of admissible evidence, and seeks irrelevant, personal, and proprietary information not subject to

disclosure in this civil action.  The City also objects to the extent that the interrogatory is vague, ambiguous and subject to multiple interpretations.

**RESPONSE:** Without waiving any general or specific objections, and to the extent that the Interrogatory is understood, the City responds as follows:

Buffalo Police recruits generally complete a Basic Police Course training at Erie County's Central Police Services Training Academy, located at Erie Community College North Campus, prior to performing regular police duties.  Upon information and belief, that Academy is operated by a Director, Erie County employee Edward Hempling, and the courses are taught by full and part-time staff working under him.  Staff includes law enforcement officials, attorneys, and other public and private organizations, who may provide training materials and programs as described in this Interrogatory.

The Buffalo Police Academy, a unit within the Buffalo Police Department, also provides training materials and programs to Buffalo Police Department Recruits and Officers concerning departmental rules, regulations, and operations. After completion of the Basic Police Course, formal training is generally provided by the Buffalo Police Academy, in coordination and cooperation with other Buffalo Police Department employees and units, to ensure that Department personnel are appropriately trained. Training is generally based on the MOP, established police principles, monitoring and oversight, trends in law enforcement, and relevant court decisions. The Buffalo Police Academy is overseen by a Captain and has assigned staff, including Training Instructors, who can administer in-service training and issue Departmental Training Bulletins, which may include training materials and programs as described in this Interrogatory.

The Buffalo Police Department Commissioner and Deputy Commissioners generally oversee the Department and its units, including the Buffalo Police Academy, and can issue and approve General and Special Orders regarding departmental policies and procedures, which may include information that generally or specifically relates to the areas identified in this Interrogatory.

Buffalo Police Recruits and Officers are provided with Rules and Regulations and the Buffalo Police Department's Manual of Procedures ("MOP"). The MOP may contain information, including but not limited to that contained within Chapter 1: Organization, Chapter 2: Aided and Accident Cases; Chapter 7: Traffic, Chapter 8: Patrol, and Chapter 15: Discipline and Discharge, as well as the sections, subsections, and selections, contained in those chapters, which may relate to the areas of training described in this Interrogatory.

Buffalo Police Officers may also receive formal and informal training as described in this interrogatory from other officers in their district, Commanding Officers, supervising members of the Buffalo Police Department administration, and Field Training Officers. This training can include general direction and instruction, monitoring of an Officer's performance, disciplinary and/or remedial training, and Roll Call Training by Commanding Officers and shift supervisors to members of their command, all of which may include training that generally or specifically relates to the areas identified in this Interrogatory. Commanding Officers can also, at their discretion, issue other written orders to their subordinates in the Department.

The Buffalo Police Department Roadblock and Traffic Safety Checkpoint Directive forms, in addition to on site supervision and guidance at Traffic Safety Checkpoints, may also include information responsive to this Interrogatory. This information includes, but is not limited to, instruction on the purpose, location, and procedures, of conducting a Traffic Safety Checkpoint.

Buffalo Police Recruits and Officers may also receive formal and informal training by Erie County Central Police Services and other outside individuals and organizations which may also be responsive to this Interrogatory, including but not limited to training on the use of New York State's TraCS program.

Formal and informal training on the areas identified in this Interrogatory may also be provided on the job through interactions and observations with other police officers, the regular experience and practice of law enforcement activities, as well as interactions with prosecuting attorneys and the local Court System(s).

Dated: April 11, 2019
      Buffalo, New York

                                          TIMOTHY A. BALL, ESQ.
                                          Corporation Counsel

                                          */s/Robert E. Quinn*
                                          By: Robert E. Quinn
                                          65 Niagara Square - 1103 City Hall
                                          Buffalo, NY 14202
                                          Tel.: (716) 851-4326
                                          rquinn@ch.ci.buffalo.ny.us

TO:    WESTERN NEW YORK LAW CENTER
          Attn.: Joseph Keleman, Keisha Williams
          37 Franklin Street, Second Floor
          Buffalo, New York  14202

          Claudia Wilner, Esq.
          NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE
          275 Seventh Avenue, Suite 1506
          New York, NY  10001

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**BLACK LOVE RESISTS IN THE RUST, et al.**

       **Plaintiffs,**

           **-vs-**

**CITY OF BUFFALO, et al.**

       **Defendants.**
_____

           **CERTIFICATE OF SERVICE**

           **Civil Action No.: 18-cv-719**

       I, Robert E. Quinn, hereby certify that on February 5, 2019, the annexed document was electronically served on Counsel for the Plaintiffs in this case:

Claudia Wilner, Esq.
NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE
275 Seventh Avenue, Suite 1506
New York, NY  10001
wilner@nclej.org

I certify under penalty of perjury that the foregoing is true and correct.

Dated: April 11, 2019
      Buffalo, New York

           TIMOTHY A. BALL, ESQ.
           Corporation Counsel

           */s/Robert E. Quinn*
           By: Robert E. Quinn
           65 Niagara Square - 1103 City Hall
           Buffalo, NY 14202
           Tel.: (716) 851-4326
           rquinn@ch.ci.buffalo.ny.us

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**BLACK LOVE RESISTS IN THE RUST, et al.**

          **Plaintiffs,**          **RESPONSES TO PLAINTIFFS'**
                                 **FIRST SET OF INTERROGATORIES TO**
          **-vs-**          **DEFENDANT CITY OF BUFFALO, N.Y.**

**CITY OF BUFFALO, et al.**          **Civil Action No.: 18-cv-719**

          **Defendants.**
_____

Defendant, CITY OF BUFFALO ("City") offer the following in response to Plaintiffs' "FIRST SET OF INTERROGATORIES TO DEFENDANT CITY OF BUFFALO, N.Y.", based on information available as of the date prescribed herein:

## GENERAL OBJECTIONS

1.     The City responds to each and every interrogatory subject to the general obligations set forth herein. These objections form a part of the response to each and every interrogatory and are set forth here to avoid duplication by restating them for each interrogatory and document request. These general objections may be specifically referred to in response to a certain interrogatory and document request for purpose of clarity.  However, the failure to specifically refer to a general objection is not and shall not be construed to be a waiver of any general objection, even if other general objections are specifically stated in response to an interrogatory and document request.

2.     The City objects to each of the interrogatories to the extent that they seek information and documents that seek materials prepared in anticipation of litigation or

are subject to the attorney-client privilege, attorney work product doctrine, deliberative process privilege, law enforcement privilege, prosecutorial privilege, or any other applicable privilege, including but not limited to those set forth by statutes such as the New York State Civil Rights Law §§50-a and 50-b, New York Public Officers Law §86, the New York Social Services Law, the Health Insurance Portability And Accountability Act (HIPAA), and 18 NYCRR §357.1.

3.      The City objects to each of the interrogatories to the extent that they seek to impose upon Defendants any obligation beyond those imposed by the Federal Rules of Civil Procedure. The City objects to each of the interrogatories and to the preliminary statement, definitions, and instructions that accompany them, to the extent that they are not consistent with the Federal Rules of Civil Procedure and/or the Local Rules of Civil Procedure and/or attempt to impose requirements greater than those imposed by each or all of those rules. The City objects to these interrogatories to the extent that they seek to impose an obligation upon the defendant to collect an obtain information from any person or entity that is not a party to this action.

4.      The City objects to each of the interrogatories as being vague, ambiguous, overly broad; unduly, burdensome, oppressive, unlimited in time, scope or subject, and calling for unbounded discovery.

5.      The City objects to each of the interrogatories to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence or seek information material and necessary to the prosecution or defense of this action.

6.     The City reserves the right to challenge the competency, relevance, materiality and admissibility of, and to object on any grounds to, the use of information and/or documents provided hereby in any proceeding or trial of this or any other action.

7.     The City objects to the interrogatories insofar as they are argumentative and/or state or imply contested facts, circumstances, legal conclusions, and/or issues. The City's responses to these interrogatories shall not constitute any admission of any fact, issue, and/or legal conclusion.

8.     The City objects to any requests for original evidence, records, documents, and things; the City will not release original evidence or things to any party for discovery purposes but will provide a reasonable opportunity for appropriate viewing in the presence of all parties.

9.     The City expressly reserves the right to amend, supplement and/or correct the following interrogatory responses as appropriate.

10.     The City expressly reserves, and does not waive their right to seek appropriate relief pursuant to FRCP 26 and 33 and any other applicable law with respect to these interrogatories.

11.     The City objects to these interrogatories to the extent that they do not describe the documents or information sought with reasonable particularity.

12.     The City objects to these interrogatories to the extent that they seek information which is proprietary in nature.

## INTERROGATORY RESPONSES

**INTERROGATORY NO. 1**: Identify each Person who has worked as part of the Strike Force or Housing Unit and provide his or her Employment History at the BPD.

**OBJECTION:** The City objects to this interrogatory to the extent that it is overly broad, unduly burdensome, is not likely to result in the production of admissible evidence.  The City also objects to this interrogatory to the extent that the phrase "worked as part of" is vague and ambiguous.  The City additionally objects to this interrogatory in that it seeks irrelevant, personal, and confidential information not subject to disclosure in this civil action.  The City specifically objects to the term "Employment History", as its defined the Plaintiffs' Interrogatories as overly broad and potentially seeking information and materials protected by Civil Rights Law §50-a.

**RESPONSE:** Without waiving these objections, upon information and belief, the Buffalo Police Department's strike force was generally made up of approximately 20 police officers and the housing unit made up of approximately 18 police officers with some changes over the period identified.  Upon information and belief, the named Defendants, Aaron Young, Phillip Serafini, Kevin Brinkworth, and Robbin Thomas held positions with the Strike Force and/or Housing Unit during the time period identified.

**INTERROGATORY NO. 2**: Identify each Person who signed a Traffic Safety Checkpoint Tally Sheet or Buffalo Police Department Roadblock Directive.

**OBJECTION:** The City objects to this interrogatory to the extent that it is overly broad, unduly burdensome, is not likely to result in the production of admissible evidence, and seeks irrelevant information not subject to disclosure in this civil action.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the interrogatory is understood, the City refers to the "Traffic Safety Checkpoint Tally Sheet(s)" and "Buffalo Police Department Roadblock Directive(s)" provided in response to "PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION TO THE DEFENDANT CITY OF BUFFALO" for its response to this interrogatory.

**INTERROGATORY NO. 3**: **Identify each Person involved in the drafting and/or approval of the directive on Checkpoints referenced in paragraph 38 of the Complaint and your Answer.**

**OBJECTION:** The City objects to this interrogatory to the extent that it is overly broad, unduly burdensome, is not likely to result in the production of admissible evidence, and seeks irrelevant information not subject to disclosure in this civil action. The City also objects to the phrase "involved in the drafting and/or approval of the directive on Checkpoints" as vague, ambiguous and subject to multiple interpretations.

**RESPONSE:**  Without waiving any general or specific objections and to the extent that the interrogatory is understood, the named Defendants may have been involved in the drafting and/or approval of the referenced "directive" along with those individuals identified in the "Traffic Safety Checkpoint Tally Sheet(s)" and "Buffalo Police Department Roadblock Directive(s)" provided in response to "PLAINTIFFS'

FIRST REQUEST FOR THE PRODUCTION TO THE DEFENDANT CITY OF BUFFALO", which are incorporated herein as part of the City's response to this interrogatory.

**INTERROGATORY NO. 4: For each Checkpoint responsive to Plaintiffs' First Set of Requests for Production of Documents 17-19, please Identify the Person(s) who determined the Location of the Checkpoint; all data, material, or other information consulted in connection with determining the location of the Checkpoint; and all BPD officers who worked at the Checkpoint.**

**OBJECTION:** The City objects to this interrogatory to the extent that it is overly broad, unduly burdensome, is not likely to result in the production of admissible evidence, and seeks information subject to the law enforcement privilege. The City also objects to the extent that the phrase "all date, material, or other information consulted in connection with determining the location of the Checkpoint" is vague, ambiguous and subject to multiple interpretations.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the interrogatory is understood, the locations may have been chosen by the named Defendants and/or the individuals identified in the "Traffic Safety Checkpoint Tally Sheet(s)" and "Buffalo Police Department Roadblock Directive(s)" provided in response to "PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION TO THE DEFENDANT CITY OF BUFFALO", incorporated herein as part of the City's response to this interrogatory. Upon information and belief, the locations are generally based on a non-

exclusive combination of Police Department observations, familiarity with traffic patterns, citizen complaints, and other information regarding traffic safety and motor vehicle accidents, all of which are analyzed to determine the chosen checkpoint locations. Factors such as proximity to manpower, ease of transport and travel, and concerns over officer safety, may also play a role in evaluating a particular location. There are occasions when locations are used more than once based on prior experiences at that location.   At this time, the City is aware of the named Defendants, who may be responsive to this demand.

**INTERROGATORY NO. 5: Identify by name and version number all electronic software and hardware used by You to issue traffic violations or infractions.**

**OBJECTION:** The City objects to the extent that the interrogatory is vague, ambiguous, subject to multiple interpretations, and potentially seeking information which is proprietary in nature.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the interrogatory is understood, upon information and belief, traffic violations and infractions are generally issued through the New York State Traffic and Criminal Software ("TraCS") application software. Upon information and belief, handwritten form paper tickets are also occasionally issued for traffic violations and infractions.

**INTERROGATORY NO. 6: Identify all paper and electronic file locations within the City of Buffalo, including but not limited to the BPD and the Buffalo**

**Traffic Violations Agency, where information from Uniform Traffic Tickets is stored, and for each file location, identify the format in which the information is kept, including without limitation all information required by Interrogatory 9.**

**OBJECTION:** The City objects to this interrogatory to the extent that it is overly broad, unduly burdensome, is not likely to result in the production of admissible evidence, and seeks irrelevant, personal, and proprietary information not subject to disclosure in this civil action. The City also objects to the extent that the phrase "where information from Uniform Traffic Tickets is stored" is vague, ambiguous and subject to multiple interpretations.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the interrogatory is understood, upon information and belief, such information may be stored in the offices of the Buffalo Police Department and Buffalo Traffic Violations Agency. Information may be contained within papers files and databases including the Courtroom Program case management software, as well as commonly used word processing and spreadsheet programs at the Buffalo Traffic Violations Agency. Information may also be contained within New York State's TraCS, the Department of Motor Vehicles and Office of Court Adminstration's databases and files, was well as the databases and files of the local court system(s).

**INTERROGATORY NO. 7: Identify all mechanisms by which BPD transmits information concerning traffic violations or infractions to and from the Buffalo Traffic Violations Agency.**

**OBJECTION:**  The City objects to this interrogatory to the extent that it is overly broad, unduly burdensome, is not likely to result in the production of admissible evidence, and seeks irrelevant, personal, and proprietary information not subject to disclosure in this civil action.  The City also objects to the extent that the phrase "all mechanisms by which BPD transmits information concerning traffic violations or infractions to and from the Buffalo Traffic Violations Agency" is vague, ambiguous and subject to multiple interpretations.

**RESPONSE:** Without waiving any general or specific objections, the majority of Uniform Traffic tickets are transmitted electronically via the TraCS. The ticket information is then transmitted to the New York State Department of Motor Vehicle's Traffic Safety Law Enforcement and Disposition ("TSLE&D") system, then distributed to the Buffalo Traffic Violations Agency through the New York State Office of Court Administration ("OCA"). In instances where handwritten paper tickets are issued, a hand-written ticket is completed in duplicate form, the conformed copy is issued to the defendant-motorist and the original ticket is filed with the Court.

**INTERROGATORY NO. 8**: **Describe in detail all training materials and programs, both formal and informal, that You provided or provide to Your officers concerning: the operation of Checkpoints; the enforcement of the New York Vehicle and Traffic Law, including, but not limited to, the issuance of traffic violations or infractions, misdemeanor or felony traffic arrests, and towing and/or impoundment of vehicles; how to conduct Checkpoints and/or enforce traffic laws in compliance**

**with the Fourth and Fourteenth Amendments to the United States Constitution; racial profiling, biased policing, and/or the use of race in law enforcement decision-making; and the use of the electronic software and hardware referenced in response to Interrogatory 5. This should include, but not be limited to, a description of the training materials and programs, the dates on which they have been provided, the frequency with which they are provided, the Persons who provide them, the Persons who receive them, the Persons who decide their contents, any changes made to them over time, including when those changes were made, and an identification of all Documents used for any training.**

**OBJECTION:** The City objects to this interrogatory to the extent that it is overly broad, unduly burdensome, is not likely to result in the production of admissible evidence, and seeks irrelevant, personal, and proprietary information not subject to disclosure in this civil action. The City also objects to the extent that the interrogatory is vague, ambiguous and subject to multiple interpretations.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the interrogatory is understood, Buffalo Police Officers are generally trained at the Police Training Academy operated by Erie County's Central Police Services at Erie Community College North Campus. Upon information and belief, the director of that Academy is Edward Hempling and the courses are taught by individuals working for him including, but not limited to practicing attorneys, who may provide training as described. Buffalo Police Officers are also provided with the Buffalo Police Department's Manual of Procedures, which may be responsive to this interrogatory.

Following the Police Academy, Officer's receive training from other officers including but not limited to senior officers in their district, supervising members of the Buffalo Police Department administration, and an assigned Field Training Officer.  Buffalo Police Officers receive periodic formal training after the Police Academy which may also be responsive to this interrogatory.  Informal training is also provided on the job through other police officers, the regular practice of normal law enforcement activities, and interactions with prosecuting attorneys and the local Court System(s). The Buffalo Police Department Checkpoint "Directive" forms, as well as on site supervision and guidance from other officers, may also be responsive to this interrogatory.

**INTERROGATORY NO. 9: For each electronic database identified in your answers to these Interrogatories or provided in response to any Request for Production, provide the name of the database; a description of its contents; the name of the company that manufactured the database software; the period of time in which the database was or has been in use; lists of the tables contained within that database, the fields within each table, and the associational relationships linking such tables and fields, and Identify any user's manual or other Document describing the use and operation of the database along with the Person(s) most knowledgeable as to the operation of the database.**

**OBJECTION:** The City objects to this interrogatory to the extent that it is overly broad, unduly burdensome, is not likely to result in the production of admissible evidence, and seeks irrelevant, personal, and proprietary information not subject to

disclosure in this civil action.  The City also objects to the extent that the interrogatory is vague, ambiguous and subject to multiple interpretations.

**RESPONSE:**  Without waiving any general or specific objections and to the extent that the interrogatory is understood, the City is aware of the New York State TraCS and TSLE&D databases which, upon information and belief, were manufactured by New York State and are used by various members of the Buffalo Police Department and Buffalo Traffic Violations Agency.  Upon information and belief, any commonly used word processing and spreadsheets would be manufactured by Microsoft.  Upon information and belief, The Courtroom Program was manufactured and/or operated by the New York State Unified Court System and/or Service Education, Inc. ("SEi").  The City is unaware of when the above referenced databases were specifically created and, upon information and belief, cannot provide which "version" was used due to the extent of the request.  At this time, the City is aware of the named Defendants, who may be responsive to this demand.

**INTERROGATORY NO. 10**:  **Identify each Person, by name and title, from whom factual information was sought in preparing the answers to these Interrogatories and/or who provided materials produced in response to Plaintiffs' First Set of Requests for Production to Defendant City of Buffalo, N.Y..**

**OBJECTION:** The City objects to this interrogatory to the extent that it is overly broad, unduly burdensome, and may seek information protected by the attorney-client

12

privilege.  The City also objects to the extent that the interrogatory is vague, ambiguous and subject to multiple interpretations.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the interrogatory is understood, the Objections are raised and asserted by Robert E. Quinn, and the information contained in the Reponses are provided by the named Defendants as well as those individuals identified in the documents submitted in response to the "PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION TO THE DEFENDANT CITY OF BUFFALO".

Dated: December 5, 2018
          Buffalo, New York

                              TIMOTHY A. BALL, ESQ.
                              Corporation Counsel


                              */s/Robert E. Quinn*
                              By: Robert E. Quinn
                              65 Niagara Square - 1103 City Hall
                              Buffalo, NY 14202
                              Tel.: (716) 851-4326
                              rquinn@ch.ci.buffalo.ny.us


TO:    NCLEJ
       Attn.: Claudia Wilner, Esq.
       275 Seventh Avenue, Suite 1506
       New York, NY  10001
       wilner@nclej.org

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**BLACK LOVE RESISTS IN THE RUST, et al.**

       **Plaintiffs,**

            **-vs-**

**CITY OF BUFFALO, et al.**

       **Defendants.**
_____

       **CERTIFICATE OF SERVICE**

       **Civil Action No.: 18-cv-719**

       I, Robert E. Quinn, hereby certify that on December 5, 2018, the annexed document was electronically served on Counsel for the Plaintiffs in this case:

Claudia Wilner, Esq.
NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE
275 Seventh Avenue, Suite 1506
New York, NY  10001
wilner@nclej.org

I certify under penalty of perjury that the foregoing is true and correct.

Dated: December 5, 2018
      Buffalo, New York

                         TIMOTHY A. BALL, ESQ.
                         Corporation Counsel

                         _/s/Robert E. Quinn_____
                         By: Robert E. Quinn
                         65 Niagara Square - 1103 City Hall
                         Buffalo, NY 14202
                         Tel.: (716) 851-4326
                         rquinn@ch.ci.buffalo.ny.us

14
