## Quinn,Robert E

**From:** Quinn,Robert E
**Sent:** Wednesday, July 24, 2019 5:38 PM
**To:** 'Darius Charney'
**Cc:** 'Claudia Wilner'; 'Travis England'
**Subject:** RE: BLRR v City of Buffalo
**Attachments:** RE: BPD; RE: Call availability; RE: Correspondence from NYS Attorney General Civil Rights; Automatic reply: BPD; Automatic reply: Correspondence from NYS Attorney General Civil Rights; BPD; Call availability; Follow-up call; Re: BPD; RE: Call availability; RE: Correspondence from NYS Attorney General Civil Rights; Re: Call availability; RE: Correspondence from NYS Attorney General Civil Rights; Re: Follow-up call; RE: Correspondence from NYS Attorney General Civil Rights; Re: Correspondence from NYS Attorney General Civil Rights

AG emails attached. I'm working on a privilege log but am having some formatting issues, will send tomorrow if not tonight. Let me know if you have any questions.

---

**From:** Quinn,Robert E
**Sent:** Thursday, July 18, 2019 8:12 PM
**To:** 'Darius Charney' <dcharney@ccrjustice.org>
**Cc:** Claudia Wilner <wilner@nclej.org>; Travis England <england@nclej.org>
**Subject:** RE: BLRR v City of Buffalo

Again, we agree on the dates and steps discussed and specifically outlined in our conference. Nothing in the email I just sent changes that, as I said 2 times (for that extra emphasis). I noted my disagreement with the characterization/argument/language set forth in your email in what I though was a pretty straight forward manner. I don' think tis additional email was necessary. I'm going to proceed exactly as we discussed. I don't see the point in wasting the court's time, and will reiterate all of this if you want to.

In a further effort to make it clear why I do not think this is an actual dispute, my specific responses are contained in the body of your email. Apologize for any typographical errors, tried to respond quickly.

My direct extension is (716) 851-4326 if any of this, or my prior email, was unclear.

---

**From:** Darius Charney [mailto:dcharney@ccrjustice.org]
**Sent:** Thursday, July 18, 2019 7:25 PM
**To:** Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us>
**Cc:** Claudia Wilner <wilner@nclej.org>; Travis England <england@nclej.org>
**Subject:** Re: BLRR v City of Buffalo

Rob-

Do you at least agree with steps 1 through 3(b) as I have outlined them(I agree with the steps I proposed and we discussed, and which the numbered steps generally reflect if you take away the characterization and argument. I don't think we're deciding relevancy, and I don't think the only two options are all or portions of the IAD files. Everyone is reserving arguments, we're just trying to narrow issues, which probably will have to be presented to the court, as contemplated by these steps, with the slight distinction about an in camera)? Because if not, then we (plaintiffs) do not see the point of continuing with this process and would rather just go to the court for rulings on (1) which IA complaints are relevant and thus must be produced to plaintiffs (I think

this what we are trying to get to, the point was to narrow that so as not to burden the court and waste anyone's time), since, as we and the court have already said, 50a in no way bars discovery of relevant materials in a federal civil rights litigation (I think you're conflating 50a with relevancy so not sure how to respond to this, but I reiterate my objection to you continuously bringing up 50a as a straw man), and (2) whether plaintiffs are entitled to all or part of the files for the relevant IA complaints (again, this is essentially what we are trying to get to, point was to get a better idea of the materials and narrow the issues).

As you know, we requested these IA materials 8 months ago and tried to resolve any potential 50a concerns with you 9 months ago, which you were totally unwilling to do (and in fact said it was not necessary at that time) (This is rhetoric and not accurate. I've stated my position to you on 50a countless times, including options on how it is generally and can be specifically resolved). Steps 1 to 3 as we have outlined them (and which we thought you agreed to on our call today)(I agreed to what was discussed on our call today, and disagreed with the characterization put in your email, which is exactly what my email says and is reiterated here) are designed precisely to narrow down the universe of complaints that the court would have to deal with in resolving your objections to our discovery requests (on this, we can agree).

So please indicate whether you agree with Steps 1 through 3 as I have outlined them (I agree to what we discussed and which these steps generally reflect with the objections to the characterization/argument/language I've outlined).

Sent from my iPhone

On Jul 18, 2019, at 7:02 PM, Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us> wrote:

> "Traffic Stop" attached.
>
> Dates are what we discussed. Characterization is off, unnecessary, and appears to be an attempt to make arguments. This is no way affects what I told you we would do, or what I expect you will do, but I'll address it in an attempt to clarify, expedite, and hopefully avoid future disputes.
>
> As I stated, don't think we are determining relevancy at this point. We are also not conceding you would be entitled to any portions of the IAD files, at this point, and we have raised objections to that effect. This process is designed to get everyone to the point where we can narrow the materials, have a better idea of the universe of documents, and concisely present to the court as needed, with the opportunity to make all available arguments, and ultimately to move forward with a clearer idea of the issues in a reasonable manner.
>
> The *in camera* process is dependent on too many things to decide for certain at this point, most significant being the court's time and discretion, but absolutely would be something to discuss and consider with all the other issues after we narrow down the number of "complaints" and have a better idea of the burden and materials.
>
> Again, none of this impacts or changes the proposals we discussed in any way. Let me know if you have any questions, but hopefully this is pretty straight forward. Thanks.
>
> **From:** Darius Charney [mailto:dcharney@ccrjustice.org]
> **Sent:** Thursday, July 18, 2019 4:45 PM
> **To:** Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us>
> **Cc:** Claudia Wilner <wilner@nclej.org>; Travis England <england@nclej.org>
> **Subject:** Re: BLRR v City of Buffalo
>
> Great, thanks for letting us know.

Also, we just wanted to make sure we're on the same page about what the process will be moving forward on the IA complaint discovery. Please let us know if this accurately reflects what we discussed on the phone earlier today:

1. Today to Tomorrow- Rob sends Excel spreadsheet with the summaries of the 180 "Traffic Stop" IA complaints

2. Wed, 7/24- Plaintiffs send the list of IA complaints from each of the Excel Spreadsheets that we believe are relevant to our claims

3. Mon, 7/29-
(a) Rob indicates which of the IA complaints that Plaintiffs flagged as relevant do Defendants agree are relevant and which do defendants do not think are relevant
(b) Rob indicates whether Plaintiffs are entitled to (i) the entire case file for each relevant IA complaint OR (ii) only certain portions and identifies those portions of the case files which Plaintiffs are not entitled to and why

4. Thereafter, parties will submit to the Court all of the complaints that the parties agree are relevant as well as those that there is dispute over relevance. We will ask the Court to conduct in camera review of those complaints for which there is a dispute over relevance to determine which are relevant and must be produced to plaintiffs. In addition, if there is a dispute over which portions of the case files of each relevant IA complaint must be produced to plaintiffs, the parties will make our respective arguments in support of our respective positions to the Court and ask the Court to rule on the issue. The Court may at its own discretion review the IA complaints that the parties already agree are relevant, but we will not ask the Court to conduct that in camera review.

Darius

On Thu, Jul 18, 2019 at 3:10 PM Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us> wrote:

> Should be able to finish "Traffic Stop" by the end of today.
>
> **From:** Darius Charney [mailto:dcharney@ccrjustice.org]
> **Sent:** Thursday, July 18, 2019 12:10 PM
> **To:** Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us>
> **Cc:** Claudia Wilner <wilner@nclej.org>; Travis England <england@nclej.org>
> **Subject:** Re: BLRR v City of Buffalo
>
> Rob-
>
> I sent you a calendar invite for a call at 12:15. In case you didn't receive it or cannot open it, here is the conference line we're going to use:

1-800-298-6863

PIN: 6141000#

On Wed, Jul 17, 2019 at 6:39 PM Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us> wrote:

> Noon should work. I have 50-h's at 11 and 1, but try to keep those at an hour. I'll let you know if not, probably worst would be I'd have to start at 12:10 or so. Thanks.
>
> ---
>
> **From:** Darius Charney [mailto:dcharney@ccrjustice.org]
> **Sent:** Wednesday, July 17, 2019 6:28 PM
> **To:** Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us>
> **Cc:** Claudia Wilner <wilner@nclej.org>; Travis England <england@nclej.org>
> **Subject:** Re: BLRR v City of Buffalo
>
> Rob-
>
> Just checking in again to see if you can do a call at noon tomorrow. If not, we can probably make 4pm tomorrow work, but we would prefer noon.
>
> Darius
>
> On Jul 17, 2019, at 11:34 AM, Darius Charney <dcharney@ccrjustice.org> wrote:
>
> > Rob-
> >
> > Can we do a call tomorrow at noon tomorrow? Also, when we speak, Plaintiffs would like to get an update from you on when you intend to produce the additional documents related to the NY AG's investigation. You indicated back

on June 28 that you would be producing them on July 1, but we have yet to receive them.

Darius

On Tue, Jul 16, 2019 at 3:33 PM Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us> wrote:

I'll do a search for "traffic stop" to see how much that narrows results, and try to get a better sense of the 329 "traffic" hits, maybe then we can discuss what to do next. Should be able to have that completed tomorrow and will email additional response.

My Thursday and Friday are pretty open.

**From:** Darius Charney [mailto:dcharney@ccrjustice.org]
**Sent:** Monday, July 15, 2019 8:51 PM
**To:** Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us>
**Cc:** Claudia Wilner <wilner@nclej.org>; Travis England <england@nclej.org>
**Subject:** Re: BLRR v City of Buffalo

Okay, looking forward to your response tomorrow, and then please let us know when this week you would be available to discuss what the next step is, as we are quite eager to complete the production of the responsive IA files since our request for them has been pending since November. And, will you also be providing the results of the IA Pro search for "Traffic Stop" tomorrow? Finally, if 329 IA "Traffic" files are too many for you to review, could you instead provide us with an Excel chart with all 329 of the short complaint summary narratives, and then we can go through and identify the ones that we think are potentially responsive/relevant, which are very likely going to be much less than 329?

Darius

On Mon, Jul 15, 2019 at 6:50 PM Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us> wrote:

Still working on this, will respond further early tomorrow.

Think we need to discuss what the next step is, but I believe it would involve going through the lists to identify whether the entry is responsive/discoverable first. I believe there should be ones that can be eliminated but we'd obviously have to talk about that. We should also discuss what would be submitted to the Court (i.e., entire files, just complaints, etc.) if we were able to agree on sending directly for in camera review. Thanks.

Rob Quinn.

---

**From:** Quinn,Robert E
**Sent:** Friday, July 12, 2019 5:24 PM
**To:** 'Darius Charney' <dcharney@ccrjustice.org>
**Cc:** Claudia Wilner <wilner@nclej.org>; Travis England <england@nclej.org>
**Subject:** RE: BLRR v City of Buffalo

329 hits for traffic in IA pro.

Big problem is that word is used in several unrelated/irrelevant contexts.

I'll get back to you by Monday on the other two.

**From:** Darius Charney [mailto:dcharney@ccrjustice.org]
**Sent:** Friday, July 12, 2019 4:49 PM
**To:** Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us>
**Cc:** Claudia Wilner <wilner@nclej.org>; Travis England <england@nclej.org>
**Subject:** Re: BLRR v City of Buffalo

Rob-

Thanks for sending these. We had a few follow-up questions and requests:

1. When you say that there were too many non-responsive traffic entries, exactly how many entries were there? As you recall from the May 30 Court conference, the Judge specified that if the IA Pro search came up with 200 or less hits, Defendants are obligated to review all of those complaint files to identify those that are responsive. So if the "traffic" query generated 200 or less entries, you are required to review all of those and to send us the list of those that are responsive. So we ask that you confirm by Monday that you will do so.

2. Would Defendants be willing to run an IA Pro query for "Traffic Stop"?

3. We now want to to get clarity from you on what you envision to be the next step in the process of producing the responsive IAD complaint files to us. You have mentioned several times on prior meet-and-confer phone calls and during the May 30 Court conference that 50-a requires the Court to review the files in camera and then issue an order directing you to produce the relevant ones to us. Are we now at the stage where the complaints listed in each of the Excel spreadsheets can be submitted to the Court for in camera review? If yes, then we ask that you tell us by Monday the date when you will be ready to submit them for in camera review. If you do not think we are yet at the stage of in camera review, then please tell us by Monday what else you think needs to happen before you will be ready to submit the files to the Court for in camera review.

Darius

On Thu, Jul 11, 2019 at 8:04 PM Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us> wrote:

IAD is attached.

I did not provide traffic because I believe it overbroad and too many of the entries are non-responsive. There were no hits for "roadblock" or "road blocks". I will hand deliver tomorrow.

Thanks.

---

**From:** Quinn,Robert E
**Sent:** Thursday, July 11, 2019 8:02 PM
**To:** 'Darius Charney' <dcharney@ccrjustice.org>
**Cc:** 'Claudia Wilner' <wilner@nclej.org>; 'Travis England' <england@nclej.org>
**Subject:** RE: BLRR v City of Buffalo

311 Part 2.

---

**From:** Quinn,Robert E
**Sent:** Thursday, July 11, 2019 8:01 PM
**To:** 'Darius Charney' <dcharney@ccrjustice.org>
**Cc:** 'Claudia Wilner' <wilner@nclej.org>; 'Travis England' <england@nclej.org>
**Subject:** RE: BLRR v City of Buffalo

311 attached. I will have to send in multiple emails due to size restrictions and hand deliver a copy on disk tomorrow.

I did not provide "traffic" because I believe it is overbroad and too many of the entries are non-responsive.

---

**From:** Quinn,Robert E
**Sent:** Tuesday, July 09, 2019 8:50 PM
**To:** 'Darius Charney' <dcharney@ccrjustice.org>
**Cc:** Claudia Wilner <wilner@nclej.org>; Travis England <england@nclej.org>
**Subject:** RE: BLRR v City of Buffalo

Sorry for the delayed response, I was out of the office and didn't see the "close of business" language in your email till just now. Think we've previously stated our position and I'm not sure if this email is something new, or just a reiteration of

what you previously stated, but I'll go through it and try to have a reiteration or new response first thing tomorrow morning. Don't think a motion is warranted and, as we've previously done with much success, if we are unable to agree I think it makes the most sense just to discuss with the Court.

---

**From:** Darius Charney [mailto:dcharney@ccrjustice.org]
**Sent:** Tuesday, July 09, 2019 1:57 PM
**To:** Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us>
**Cc:** Claudia Wilner <wilner@nclej.org>; Travis England <england@nclej.org>
**Subject:** Re: BLRR v City of Buffalo

Rob-

It is Plaintiffs' view that every one of the Housing and Strike Force Monthly and Daily Reports from 2013 to the present contains relevant/discoverable information, namely (1) the charts on the first page of the reports that tabulate the quantity of traffic tickets issued and traffic arrests made by Housing and Strike Force officers on a daily and monthly basis, and (2) the narratives on the subsequent pages of the reports that discuss particular locations where checkpoints and other traffic enforcement activities (e.g. vehicle stops, vehicle searches, traffic tickets, traffic misdemeanor arrests) were conducted and why those activities were conducted at those locations. Thus, it is Plaintiffs' position that all of the charts and all of the checkpoint and other traffic enforcement-related narratives contained in each and every Monthly and Daily Housing and Strike Force report from 2013 to the present must be produced to us. We would accept redactions of all non-traffic and non-checkpoint-related narratives- in addition to the redactions of personal identifying information of witnesses, victims, informants and suspects and information concerning ongoing BPD investigations that we previously proposed. We also want to note that, in our view, redactions of personal identifying information does NOT include redactions of demographic information such as a person's race, age, or gender.

Please let us know by close of business today if this proposal is acceptable to you. If we do not get confirmation from you that our proposal is acceptable to Defendants, we intend to move the Court to compel production of the Housing and Strike Force Monthly and Daily Reports

Darius

On Jul 3, 2019, at 1:46 PM, Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us> wrote:

I'll reiterate our objections to your demands and again clarify that these discussions have been an attempt to work together in good faith to move the case forward.

With that said, our proposed redactions/production would essentially be based on relevancy/discoverability. If there are categories of information you believe is relevant to your claims (e.g., information about a specific checkpoint, date, location, etc.), we would be willing to attempt to go through records for that information subject to redaction of other information (and assuming categories not still overly broad, burdensome, etc.).

Additionally, within the categories of information we agree would be responsive/relevant, we would redact the information you identify below and anything subject to privileges such as law enforcement, attorney client, etc..

I have to leave the office for a settlement conference at 2, but will try to respond by phone if you have a clarifying questions. I'm also in tomorrow morning and Friday. Thanks and have a good 4th if I don't here back.

**From:** Darius Charney [mailto:dcharney@ccrjustice.org]
**Sent:** Friday, June 28, 2019 4:31 PM
**To:** Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us>
**Cc:** Claudia Wilner <wilner@nclej.org>; Travis England

<england@nclej.org>
**Subject:** Re: BLRR v City of Buffalo

Rob-

Thanks for the response. On the Housing and Strike Force reports, Plaintiffs have already provided you with our proposal re the redactions both in prior telephonic meet-and-confers and in our June 20 letter to you. To repeat, we would accept redactions of only (1) names and other personal identifying information of witnesses, crime victims, crime suspects, arrestees, and informants , and (2) information related to currently ongoing BPD investigations. We ask that you provide Defendants' position on this proposal in writing by Wednesday, July 3. If we do not hear from you by then, we intend to raise the Housing and Strike Force reports issue with the Court, as we have been discussing our redaction proposal with you for more than a month now and our request for production of these reports has been pending since November.

Darius

On Fri, Jun 28, 2019 at 2:50 PM Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us> wrote:

> We started the search for these terms and, so far, no issues. I will follow up again next week to advise of the status.
>
> As to the Housing Unit and Strike Force Reports, as discussed, we have raised objections to your requests and those are specifically preserved. Without waiving those objections, in an effort to move discovery forward we have discussed producing with redactions. In this proposal, if we reach an agreement on redaction we would also be agreeing to produce records, without waiving our objections and preserving them as also set forth in our responses. So basically and shorter version, yes, I think we're on the same page on this proposal but it depends on agreement. Let me know if you have any questions or want to discuss further. Thanks.

I expect to have further responses regarding the AG completed this weekend and will try to hand deliver on Monday.

-Rob Quinn.

**From:** Darius Charney [mailto:dcharney@ccrjustice.org]
**Sent:** Thursday, June 27, 2019 2:50 PM
**To:** Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us>
**Cc:** Claudia Wilner <wilner@nclej.org>; Travis England <england@nclej.org>
**Subject:** Re: BLRR v City of Buffalo

Rob-

Attached please find Plaintiffs lists of (1) 20 initial search terms for the 311 database, and (2) 10 initial search terms for IA Pro.

In addition, please provide by tomorrow an email confirming that Defendants will produce the requested Housing Unit and Strike Force Daily and Monthly Reports if and when the parties reach an agreement on the redactions of those reports. If we do not receive that email from you by tomorrow, we will assume that you are maintaining the objections to producing those reports which are set forth in your responses to our Requests for Production, and we will proceed with moving the court to compel production of those reports.

Darius

On Tue, Jun 25, 2019 at 11:36 AM Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us> wrote:

> Yes, I will send asap. If you get me proposed search terms for 311/IAD in the next day or two, I'll also try to have searches started before Friday, and will try to update regarding progress along with other info we discussed yesterday. Thanks.

**From:** Darius Charney [mailto:dcharney@ccrjustice.org]
**Sent:** Tuesday, June 25, 2019 11:29 AM
**To:** Claudia Wilner <wilner@nclej.org>
**Cc:** Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us>; Travis England <england@nclej.org>
**Subject:** Re: BLRR v City of Buffalo

Rob-

I am writing to remind you to send an email memorializing Defendants' position on the redactions issue for the Housing and Strike force daily and monthly reports, which you stated you would do on yesterday's call. If you do not send this email this week, Plaintiffs will have to assume that you are standing by all of your previously-stated objections to our requests for the Housing and Strike Force reports, and we will therefore need to bring this unresolved discovery dispute to the Court's attention.

Darius

On Mon, Jun 24, 2019 at 1:35 PM Claudia Wilner <wilner@nclej.org> wrote:

> We can use 646-680-8918, 0140943#
>
> Claudia Wilner
> Senior Attorney
> National Center for Law and Economic Justice
> 275 Seventh Avenue, Suite 1506, New York, NY 10001-6860
> 212-633-6967 | wilner@nclej.org | www.nclej.org
>
> Confidentiality Note: This e-mail (including attachments)

is intended only for the addressee and may contain information that is privileged and/or confidential. Distribution or copying of this e-mail or its attachments by anyone other than the intended recipient is prohibited. If you have received this e-mail in error, please notify us immediately by telephone at 212-633-6967 or e-mail at info@nclej.org and destroy the original message and all copies.

-----Original Message-----
From: Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us>
Sent: Monday, June 24, 2019 11:58 AM
To: Claudia Wilner <wilner@nclej.org>
Subject: Re: BLRR v City of Buffalo

Yes, absolutely. Thanks.

Sent from my iPhone

> On Jun 24, 2019, at 11:52 AM, Claudia Wilner <wilner@nclej.org> wrote:
>
> Rob, are you able to speak today at 3pm?
>
>
> Claudia Wilner
> Senior Attorney
> National Center for Law and Economic Justice
> 275 Seventh Avenue, Suite 1506, New York, NY 10001-6860
> 212-633-6967 | wilner@nclej.org | www.nclej.org
>
>
>
>
>
>
>
> Confidentiality Note: This e-mail (including attachments) is intended only for the addressee and may contain information that is privileged and/or confidential. Distribution or copying of this e-mail or its attachments by anyone other than the intended recipient is prohibited. If you have received this e-mail in error, please notify us immediately by telephone at 212-633-6967 or e-mail at info@nclej.org and destroy the original message and all copies.
>
>

> -----Original Message-----
> From: Claudia Wilner
> Sent: Friday, June 21, 2019 5:19 PM
> To: Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us>
> Cc: Darius Charney <dcharney@ccrjustice.org>; Travis England <england@nclej.org>
> Subject: RE: BLRR v City of Buffalo
>
> Rob, we are available to speak Monday at 3pm. On that call we will expect to discuss all the issues raised in our letter of June 20.
>
> In terms of your production, as of this writing we have received nothing from you. Our instructions specify to produce electronically or by hand-delivery to the Western New York Law Center, and if you had produced documents "a few days ago" as you assert, we should have them in hand by now.
>
> In terms of the costs of production, there is absolutely no rationale for cost-shifting for a simple search of your own emails. Zubulake v. UBS Warburg LLC, 217 F.R.D. 309 (S.D.N.Y. 2003). If some of the searches have produced an unreasonably large number of hits, that is something we can discuss. Please provide us with a list of the searches you would like to modify along with the hit count per custodian. Please provide this information in writing before the call.
>
>
> Claudia Wilner
> Senior Attorney
> National Center for Law and Economic Justice
> 275 Seventh Avenue, Suite 1506, New York, NY 10001-6860
> 212-633-6967 | wilner@nclej.org | www.nclej.org
>
>
>
>
>
>
>
> Confidentiality Note: This e-mail (including attachments) is intended only for the addressee and may contain information that is privileged and/or confidential. Distribution or copying of this e-mail or its attachments by anyone other than the intended recipient is prohibited. If you have received this e-mail in error, please notify us immediately by telephone at 212-633-6967 or e-mail at info@nclej.org and destroy the original message and all

copies.
>
>
>
> -----Original Message-----
> From: Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us>
> Sent: Friday, June 21, 2019 2:29 PM
> To: Claudia Wilner <wilner@nclej.org>
> Cc: Darius Charney <dcharney@ccrjustice.org>; Travis England <england@nclej.org>
> Subject: Re: BLRR v City of Buffalo
>
> I'm going to respond more fully, but think we need to discuss local rule 26 as it pertains to e-discovery, costs, and language of requests, among other things. I am available most of the day on Monday. We sent out partial responses a few days ago, I hoped to have more but we are unfamiliar with this process and it's taking much longer then expected. I'll try to respond tonight or early tomorrow, apologize but I am in a mediation with the court that's going much longer then expected.
>
> Sent from my iPhone
>
> On Jun 20, 2019, at 11:20 AM, Claudia Wilner <wilner@nclej.org<mailto:wilner@nclej.org>> wrote:
>
> Rob, please see attached letter concerning discovery.
> Thanks,
> Claudia
>
> <image002.jpg>
>
> Claudia Wilner
> Senior Attorney
> National Center for Law and Economic Justice
> 275 Seventh Avenue, Suite 1506, New York, NY 10001-6860
>
> 212-633-6967 | wilner@nclej.org<mailto:wilner@nclej.org> | www.nclej.org<http://www.nclej.org/>
>
>
<image003.jpg><https://interland3.donorperfect.net/weblink/weblink.aspx?name=E83594&id=1>
>
>
>
> <image004.jpg><https://www.facebook.com/NCLEJ/>
>

> <image005.jpg><https://twitter.com/NCLEJustice>
>
>
<image006.jpg><https://www.linkedin.com/company/national-center-for-law-and-economic-justice?trk=top_nav_home>
>
>
>
>
> Confidentiality Note: This e-mail (including attachments) is intended only for the addressee and may contain information that is privileged and/or confidential. Distribution or copying of this e-mail or its attachments by anyone other than the intended recipient is prohibited. If you have received this e-mail in error, please notify us immediately by telephone at 212-633-6967 or e-mail at info@nclej.org<mailto:info@nclej.org> and destroy the original message and all copies.
>
>
>
> <Letter to Rob 6.20.19.pdf>

<Traffic Stop.xlsx>