# Claudia Wilner

| | |
|---|---|
| **From:** | Darius Charney <DCharney@ccrjustice.org> |
| **Sent:** | Monday, October 15, 2018 9:20 PM |
| **To:** | Quinn,Robert E (rquinn@ch.ci.buffalo.ny.us) |
| **Cc:** | Claudia Wilner; Travis England; Britney Wilson |
| **Subject:** | BLRR v. Buffalo- Updated Draft Confidentiality Order and possible mediators |
| **Attachments:** | Pls Draft Protective Order.10 15 2018 Updated Draft.docx |

Hi Rob-

Attached is an update draft of the confidentiality order we've been discussing. We've revised paragraph 8 (now 9) to reflect what was discussed with the Court last week. The new paragraph 5 was added for consistency.

In addition, below are the mediators from the WDNY Buffalo mediator list whom Plaintiffs propose using for our court-ordered mediation. Please let us know if any of these folks are acceptable to Defendants:

    Carol Heckman
    Marilyn Hochfield
    Lindy Korn
    Michael Menard

We would appreciate it if you could get back to us on both of these items by the end of this week.

Thanks,
Darius

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
BLACK LOVE RESISTS IN THE RUST, et al.,

                          *Plaintiffs,*

                                                                    Case No. 1:18-cv-719

                 - vs -

CITY OF BUFFALO, N.Y., et al.,

                          *Defendants*.
-------------------------------------------------------------x

## [PROPOSED] STIPULATION AND PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

**WHEREAS**, plaintiffs Black Love Resists in the Rust ("BLRR"), by and through its co-directors Natasha Soto and Shaketa Redden, Dorothea Franklin, Taniqua Simmons, De'Jon Hall, and Jane Doe have sought or will seek certain information and documents from defendants City of Buffalo, Byron B. Brown, Byron C. Lockwood, Daniel Derenda, Aaron Young, Kevin Brinkworth, Philip Serafini, Robbin Thomas, Unknown Supervisory Personnel 1-10, and Unknown Officers 1-20 in discovery in this action, information and documents which defendants deem confidential, and;

**WHEREAS**, defendants object to the production of the discovery unless appropriate protection for its confidentiality is assured, and;

**WHEREAS,** defendants City of Buffalo, Byron B. Brown, Byron C. Lockwood, Daniel Derenda, Aaron Young, Kevin Brinkworth, Philip Serafini, Robbin Thomas, Unknown Supervisory Personnel 1-10, and Unknown Officers 1-20 have sought or will seek certain information and documents from plaintiffs BLRR , by and through its co-directors Natasha Soto

and Shaketa Redden, Dorothea Franklin, Taniqua Simmons, De'Jon Hall, and Jane Doe in discovery in this action, information and documents which plaintiffs deem confidential, and;

**WHEREAS**, plaintiffs object to the production of the discovery unless appropriate protection for its confidentiality is assured; and

**WHEREAS**, good cause exists for entry of this order, and;

NOW, THEREFORE IT IS HEREBY STIPULATED AND AGREED, by and among attorneys for plaintiffs and defendants, as follows:

1. As used herein, "Confidential Information" shall mean:

    (a) any documents or information, including electronically stored information, containing the personal identifying information (address, telephone number, date of birth, social security number, driver's license number, state ID, and/or tax ID number) of any staff or member of BLRR, individual named plaintiff, plaintiff class member, or individual defendant in this action;

    (b) any documents or information, including electronically stored information, that are confidential pursuant to federal or state laws, including but not limited to the Health Insurance Portability and Accountability Act (HIPAA) and its implementing regulations, 42 U.S.C. § 1320d-1-d-7, 45 C.F.R. Parts 160, 162, and 164; the Family Educational Rights and Privacy Act (FERPA) and its implementing regulations, 20 U.S.C. § 1232g; 34 C.F.R. Part 99; and N.Y. Civil Rights Law § 50-a;

    (c) any documents or information, including electronically stored information, containing personal financial information about any staff or member of

        BLRR, individual named plaintiff, plaintiff class member, or individual defendant in this action; and

    (d) any records of the arrests and/or prosecutions of any staff or member of BLRR, individual named plaintiffs, plaintiff class member, or individual defendants in this action (i) which were not directly related to the incidents that are the subject of this action and (ii) where the charges against those plaintiffs or defendants were dismissed and sealed pursuant to N.Y. C.P.L. § 160.50.

2. The parties shall not use the Confidential Information for any purpose other than the preparation or presentation of plaintiffs' or defendants' case in the above-captioned action.

3. The parties' attorneys shall not disclose the Confidential Information before trial to any person or entity other than:

    (a) a member of the staff of the office of an attorney for a party to this action ;

    (b) a party;

    (c) an expert who has been retained or specifically employed by a party's attorneys in anticipation of litigation or preparation for this action;

    (d) a witness at deposition in this action, or

    (e) to the Court.

4. Before any disclosure is made to a person listed in paragraphs 3(b)-(d) above-, the disclosing party's attorneys shall provide each such person with a copy of this Stipulation and Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Information for any purpose other than in connection with the prosecution or defense of this case and not to further disclose the Confidential Information except in

testimony taken in this case. The signed consent shall be retained by the disclosing party's attorney and a copy shall be furnished to the other parties' attorneys up their request

5.     "The producing party shall identify Confidential information by including the designation "CONFIDENTIAL" on the information itself or, where such designation is not practicable, by including such designation in an accompanying cover letter or disc label.

5.6.    Any portion of deposition testimony concerning any Confidential Information that reveal the contents of such information shall be deemed confidential by all parties, and the transcript of that portion of testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page marked "CONFIDENTIAL."  Such portion of the transcript shall be deemed to be Confidential Information with the meaning of this Stipulation and Order.

6.7.    If any paper which incorporates any Confidential Information or reveals the contents thereof is filed with the Court, those portions of the papers incorporating or revealing the contents of the Confidential Information shall be delivered to the Court in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

**CONFIDENTIAL**

> This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Western District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

7.8.    Within 30 days after the termination of this case, including any appeals, the Confidential Information, including all copies thereof, shall be returned to the attorneys for the party that originally disclosed the information or, upon their consent, destroyed, and all persons

who possessed such material shall verify their return or destruction by affidavit furnished to the attorneys who provided them with the information. Counsel of record may, however, retain written discovery responses, attorney work product, depositions and their exhibits, as well as documents admitted into evidence or filed with the Court. This Stipulation and Order shall continue to be binding after the conclusion of this litigation.

8.9.    A party seeking to designate as confidential additional categories of documents and/or information not listed in this Stipulation and Order shall follow the procedures for doing so set forth in Fed.R.Civ.P. 26(c). Any additional confidentiality designations agreed to by the parties and/or approved by the Court shall be subject to the requirements of this Stipulation and Order. ~~The parties may seek modification of this Stipulation and Order, and the parties may seek review of confidentiality designations under this Stipulation and Order by application to the Court for good cause shown at any time during the course of this litigation~~.

Dated: Buffalo, New York

October~~September~~ ____, 2018