

275 Seventh Avenue Suite 1506, New York, NY 10001-6860
ph: 212-633-6967   fax: 212-633-6371   www.nclej.org

January 18, 2019

**SENT VIA E-MAIL**

Robert Quinn
Assistant Corporation Counsel
65 Niagara Square
Room 1100
Buffalo, NY 14202
(716) 851-4326
rquinn@city-buffalo.com

**RE: Black Love Resists, et al. v. City of Buffalo, et al., No. 18-cv-719 (W.D.N.Y.) – Conferral Regarding Discovery Issues**

Dear Rob:

I write regarding the Parties' ongoing conferral with respect to Plaintiffs' First Set of Requests for Production of Documents and First Set of Interrogatories (the "Requests"). We appreciate the time you have taken to confer with us, and we had believed we were making progress in these discussions, but you have yet to supplement your production as you have repeatedly promised.

Below we summarize our concerns and our understanding of the parties' current positions. We will be raising Defendants' noncompliance with discovery obligations in our letter to the court next week.

**The Course of Dealings between the Parties**

Since Plaintiffs served the Requests on November 5, 2018, we have attempted in good faith to confer with you about these matters as required by the local rules. At Plaintiffs' request, the Parties met by telephone on November 8 to discuss Plaintiffs' expectations regarding the likely sources where discoverable information may exist and Defendants' methodologies for searching for this information. We continued this conferral on November 26. During these two initial calls, you declined to provide any details about Defendants' search methodologies. Plaintiffs nonetheless went through each of the Requests for Production and explained the types of documents and electronically stored information (ESI) sought. Plaintiffs also offered to propose search terms and other narrowing methods to ensure that the intent of Plaintiffs' Requests is fulfilled while minimizing the burden to Defendants. You stated that you believed it would be more productive to continue the conversation following Plaintiffs' receipt of Defendants' Responses and Objections to the Requests ("Responses").

On December 5, 2018, Defendants served Responses. Unfortunately, the Responses contained very little information and no production of ESI. The only documents produced consisted of materials previously produced to Plaintiffs' counsel via the New York Freedom of Information

1



275 Seventh Avenue Suite 1506, New York, NY 10001-6860
ph: 212-633-6967   fax: 212-633-6371   www.nclej.org

Law (FOIL) and copies of the Police Department Rules and Regulations and Manual of Procedures.

We had agreed to resume our conversation on December 11. Unfortunately, and without notice to us, you did not call in to our December 11 conference call, and we had to reschedule to December 14, only one week before the Parties' first teleconference with the Court. We continued our conferral on December 19.  During those calls, you promised to supplement your production the following week.

On December 21, the parties had an initial conference with the Court, during which Plaintiffs raised concerns with your production so far, and you represented that you would soon supplement your production. The Court declined to intervene at that time, but directed the Parties to contact the Court within 30 days about any unresolved issues. Following the conference, you failed to supplement your production as promised.

On January 4, the parties continued their conferral. During this conversation you stated that you had an upcoming trial, but that you had secured additional staff from your office to assist you in meeting discovery obligations.  You again promised to supplement your responses as discussed in more detail below. As of the date of this letter, however, Plaintiffs have still not received any additional materials from Defendants since your initial limited December 5 production..

**Defendants' Inadequate Search for Electronically Stored Information**

As you know, Plaintiffs have serious concerns about the sufficiency of Defendants' search for ESI. Local Rule 26(e)(3) requires the parties to confer regarding ESI, including the "method of searching, and the words, terms, and phrases to be searched" as well as "any restrictions as to scope and method which might affect their ability to conduct a complete electronic search of the ESI." To minimize undue expense, the Rule encourages parties to "consider limiting the scope of the electronic search" by such means as identifying specific time frames, fields, or document types.

Plaintiffs have raised this issue during every meet and confer. Consistent with the Local Rules, we have asked you to provide information about the custodians you have searched and the search terms you have used, but you have not provided this information, nor have you produced any ESI. Although you have represented that your search for ESI is "ongoing," you have not provided any detailed information about your search process. During our last call, we asked you to, at minimum, provide us with a written statement of the custodians searched and search terms used so far. You promised to provide this information but have not done so.

You have asserted that, due to a lack of resources, you need to maintain a rolling search and production process. Plaintiffs do not object to a rolling process, but you have thus far produced little more than documents Plaintiffs' counsel had already obtained from you through FOIL litigation preceding this lawsuit and have repeatedly declined to share any specific information



275 Seventh Avenue Suite 1506, New York, NY 10001-6860
ph: 212-633-6967   fax: 212-633-6371   www.nclej.org

about your search process, methodology, and timing, leading us to question whether any search is in fact underway.

Because you have not followed through on your commitment to provide more detailed information on your search process and methodology (including for each Request the custodians searched, search terms used, whether those searches have produced results, and when you expect to make a supplemental production), Plaintiffs intend to ask the court to order Defendants to provide this information in writing by a date certain.

### **Defendants' Inadequate Answers to Interrogatories**

During our conferrals, Defendants promised to supplement their Responses to a number of Interrogatories. However, Defendants have not provided the promised information. The Parties also identified some areas of conflict that will require court intervention.

**Interrogatory No. 9:** This Interrogatory seeks information about certain electronic databases in Defendants' possession that contain data Plaintiffs need to support their claims. We sought the data itself in Requests for Production 24-26 and 29-30, but you claimed possible technical barriers to producing this data. Plaintiffs need the information sought in Interrogatory 9 to assess and overcome the supposed technical barriers to production.

As we have discussed, Plaintiffs seek a listing of the tables, fields, and associational relationships used within these databases so that the Parties may construct a query for the specific data within these databases that Plaintiffs need. Defendants have not provided this information and have raised no valid objections to its production. Plaintiffs also asked you to identify the person(s) most knowledgeable about Defendants' databases so that we may depose them if necessary. During our last call you stated that you had identified the person most knowledgeable, but that this person had retired. You could not identify current employees with knowledge of the databases, but you stated that you were continuing to inquire. You also stated that you had had discussions with the State to explore whether the State could provide the information Plaintiffs seek. Plaintiffs stated their belief that obtaining information through the State would cause significant, unnecessary delays and that Defendants have access to the same information and can produce it faster. You stated that you were continuing to investigate and asked for more time. We asked to you share the information you had gained so far in an email, and you agreed to do this, but you have not yet sent us this information several weeks later.

As you have not responded to Interrogatory 9 despite our many conferrals on this topic, Plaintiffs intend to seek permission from the court to conduct a 30(b)(6) deposition regarding the relevant electronic databases, without the deposition counting against our total deposition limit or the seven-hour time limit imposed for substantive 30(b)(6) depositions. We believe this is the most efficient way of getting the information we need. Please advise whether you consent to this proposal.

**Interrogatory No. 1:** This Interrogatory requests Defendants to Identify each person who has worked as part of the Strike Force or Housing Unit and provide their Employment History (a



275 Seventh Avenue Suite 1506, New York, NY 10001-6860
ph: 212-633-6967   fax: 212-633-6371   www.nclej.org

defined term consisting of a "person's date of hire; the names and dates of all positions held; the date and basis of any discipline received; and the date and basis of their separation (where applicable)"). Defendants objected on several grounds, including breadth, burden, and relevance, and, rather than identify specific names of persons, only provided the number of police officers who "made up" each unit. During our recent calls, you explained that you are primarily concerned with the "breadth" of this Interrogatory's request for "Employment History" as it could require production of "everything" with respect to the identified officers. As we have explained during our recent calls, this objection itself is overbroad and mischaracterizes the request, which is narrowly defined and does not seek documents. Each of these officers is a potential witness, and Plaintiffs are entitled to know who they are, as any of these officers could lead to the discovery of admissible evidence.

Following our conferral, you agreed to provide the names of the officers who have worked as part of each unit, but you objected to providing those aspects of the "Employment History" that may arguably include confidential information. Other aspects of Employment History, such as the person's dates of employment with the BPD, however, do not include confidential information and are relevant and important to Plaintiffs. Plaintiffs ask that you supplement your answer to this Interrogatory to provide all the requested information, including name, contact information and current employer (if known) as well as those aspects of the Employment History to which you do not object. To the extent that you object to disclosing certain subparts of the "Employment History" please state the grounds for those objections with specificity so that Plaintiffs may respond.

**Interrogatory No. 2:** This Interrogatory requests that Defendants identify all individuals who signed the Traffic Safety Checkpoint Tally Sheets and Roadblock Directives, because the signatures on the forms themselves are illegible. You agreed to provide this information but have not done so.

**Interrogatory No. 3:** This Interrogatory requests Defendants to identify each person involved in drafting or approving the directive on Checkpoints referenced in paragraph 38. Defendants have objected on various grounds, including breadth, burden, and relevance, and have generally referred to the named Defendants as responsive to this Interrogatory. During our December 19 call, we requested you to be more specific, but you responded that you were "unaware of other individuals" who were involved in this process. Please confirm (a) which named Defendants were involved in drafting or approving the directive on Checkpoints referenced in paragraph 38; and (b) that no other individuals not named as Defendants had any such involvement.

**Interrogatory No. 4:** This Interrogatory requests Defendants to identify the persons responsible for determining the location of each Checkpoint identified in documents responsive to Request Nos. 17-19 of Plaintiffs' First Set of Requests for Production of Documents. Defendants have raised a number of objections, including breadth, burden, and relevance, and have provided a general response that the locations "may have" been chosen by the named Defendants or the individuals listed on various Checkpoints Forms, and that "upon information and belief" the



275 Seventh Avenue Suite 1506, New York, NY 10001-6860
ph: 212-633-6967   fax: 212-633-6371   www.nclej.org

locations may have been based on various listed factors. Plaintiffs believe this response is deficient and insist that Defendants' Response be more specific.

**Interrogatory No. 8:** This Interrogatory requests Defendants to describe training provided to BPD personnel regarding various specifically identified topics, and to identify the individuals responsible for such training. Defendants have raised a number of objections and have responded by directing Plaintiffs to the BPD "Manual of Procedures" and identifying a non-party individual who is the Director of the Police Training Academy at the Erie Community College North Campus. Defendants state that various other formal and informal training activities occur, but do not provide specific information such as who receives and/or oversees this training, how the need for it is determined, how it is logged, or how it is structured and provided. During our recent conferral, we requested you to provide additional specifics, but you continued to object on burden grounds. You stated that generally it is the Lieutenants that make these determinations, but, beyond providing us with the name of a former BPD training captain (Patrick Mann), you were unable to identify any specific person within the BPD who is responsible for overseeing the training on these issues. You further responded that the response may vary depending on the type of training or unit. Plaintiffs believe this response is deficient, and insist that Defendants' Response be more specific, as requested. In addition, to address your burden objection, Plaintiffs are willing to narrow the scope of this interrogatory to include only classroom, video, online, roll call and field training provided to police recruits and incumbent officers on each of the topics listed in the interrogatory.

### Plaintiffs' First Set of Requests for Production

We have also discussed Defendants' responses to Plaintiffs' Requests for Production. Below we summarize Plaintiffs' understanding of these discussions.

First, we note that in many responses, Defendants stated that they are "not aware of" information that may be responsive to Plaintiffs' requests. As a result, we would like Defendants to confirm and, if necessary, amend their responses to expressly indicate when no documents exist that are responsive to Plaintiffs' requests. We expect that Defendants will have conducted and completed a thorough search for potentially responsive documents and will be prepared to state accurately that no such documents exist.

**Request Nos. 1-8:** These requests seek information relating to the creation and purpose of the Strike Force, Housing Unit, and the Buffalo Traffic Violations Agency ("BTVA"), Defendants' decision to establish and conduct checkpoints, and Defendants' decision to end the Strike Force Unit. Thus far, you have only produced the Buffalo Police Department ("BPD")'s "Manual of Procedures" and "Rules and Regulations," as well as the BTVA's 2017 Annual Report. In recent calls, Plaintiffs expressed their concern that Defendants have not adequately searched for responsive information and explained that we believe there are many more sources where such responsive information may exist. You represented that your search for responsive documents is ongoing and that further responsive documents would be produced in forthcoming productions. We look forward to receiving these documents and we request an update on your search progress.



275 Seventh Avenue Suite 1506, New York, NY 10001-6860
ph: 212-633-6967   fax: 212-633-6371   www.nclej.org

**Request No. 9:** This Request seeks documents and communications consulted by the BPD to determine the physical location of each Checkpoint or Group of Checkpoints. Defendants have produced "Traffic Safety Checkpoint Tally Sheets and BPD Roadblock Directives, both of which document the location of Checkpoints but do not provide any information about documents or communications consulted by BPD in deciding those locations. Defendants have otherwise objected. This response is inconsistent with Defendants' response to Interrogatory No. 4, which states that Checkpoint locations are chose in part based on "citizen complaints, and other information regarding traffic safety and motor vehicle accidents, all of which are analyzed to determine the chosen checkpoint locations." Plaintiffs expect that Defendants will produce the documents containing this information that BPD considered in determining the location of checkpoints. Further, Plaintiffs have clarified that they seek only those documents that were actually considered by BPD personnel in selecting locations of checkpoints, which should narrow the universe of responsive documents.

**Request Nos. 10-16:** These Requests seek various completed forms utilized by Defendants in tracking the monthly, weekly, and daily activities of BPD personnel within specific units, including the Strike Force, Housing, and Traffic Enforcement Units. In Response, Defendants have provided only Monthly Housing Unit Statistics forms. During our recent conversations, Plaintiffs stated that they are aware of additional forms (some of which appear to be electronically stored) and sent you an example of such a form. You responded that you would inquire further as to the existence of further responsive documents. We have not received any update from you regarding your search for these forms.

**Request No. 19:** This Request seeks documents recording information relating to other types of checkpoints conducted by the BPD (e.g. DUI checkpoints). During our last conversation you stated that you were not certain whether BPD has any documents that record this information as to other checkpoints but that you would let us know. We have not received any update from you regarding this inquiry.

**Request Nos. 20-21:** These Requests seek documents containing information relating to the activities of officers assigned to the Strike Force and Housing Units. Defendants' response only raises objections and does not state that Defendants will be providing any documents in response, or undertaking further searches for responsive documents. Plaintiffs believe this response is deficient, and during our calls we discussed ways to narrow the universe of documents that may be responsive to this request. During our last conversation, you stated that you were in the process of gathering additional information regarding reporting from the Strike Force and Housing Unit and that you would inform us of the specific types of reports that are available so that Plaintiffs can prioritize collection and production of those most relevant. You have not yet provided us this additional information and we ask that you do so as soon as possible.

**Request No. 22:** This Request seeks documents and communications concerning the criteria used to evaluate the performance of Housing Unit and Strike Force officers. During our conversations, you stated that there are no formal performance evaluations of BPD officers. We explained that we believe that the Collective Bargaining Agreement (CBA) has provisions



275 Seventh Avenue Suite 1506, New York, NY 10001-6860
ph: 212-633-6967   fax: 212-633-6371   www.nclej.org

governing personnel evaluations and would be responsive. You said that you had obtained the CBA and that it would be produced. We have not yet received this production. You also explained that there isn't a "different" evaluation process for Strike Force and Housing Unit officers. In response, we explained that the Request should therefore be interpreted to seek documents and communications concerning any criteria that are applied to officers within these units, even if such criteria apply to other personnel within BPD. We look forward to an update on the status of your search for further responsive documents.

**Request No. 23:** These Requests seek documents relating to the evaluation of BPD personnel, including BPD policies and procedures as well as officer-specific evaluations for officers assigned to the Strike Force and Housing units. Defendants have objected based on various grounds, including New York Civil Rights Law 50a. As we have explained, Plaintiffs believe these issues can be addressed through the Parties' proposed confidentiality stipulation and order, discussed above, and look forward to concluding our discussions regarding that order. You stated that a search for responsive documents was underway. We would like an update on the status of this search as soon as possible.

**Request Nos. 24-25:** These Requests seek electronic data in Defendants' possession, custody, or control relating to activities at each Checkpoint conducted by Defendants and Defendants' enforcement of the Vehicle and Traffic Laws. As noted above, because you have stated your belief that obtaining data from these systems will be burdensome, in Interrogatory No. 9 Plaintiffs have requested you to provide certain information about the databases, including a listing of the tables, fields, and associational relationships used within them, so that Plaintiffs may construct specific queries to retrieve data relevant to the claims and defenses raised by the Parties. You stated that you are intending to retrieve certain information through requests to the State. As noted above, Plaintiffs disagree with this approach and believe it will lead to undue delay, and have requested you to identify persons employed by the City with specific knowledge as to database operations. Plaintiffs have also requested that you provide the contract for Defendants' use of the TRaCs database, which should provide some information as to Defendants' capabilities in operating this database. We look forward to receiving this information as soon as possible.

**Request Nos. 26, 29-30:** These Requests seek all traffic tickets issued by the BPD for violation of the New York State Vehicle and Traffic Law (NY VTL) and/or Chapter 479 of the Municipal Code of the City of Buffalo, and all documents and communications sufficient to show the dates, times, and locations for all reported crimes (including offense categories) and traffic accidents in the City of Buffalo. You have repeatedly objected to these requests on the basis of relevance, and Plaintiffs have repeatedly explained that this data is relevant because the City has asserted that it has not operated Checkpoints for "crime control" purposes, and that it has determined the location of Checkpoints based on "information regarding traffic safety and motor vehicle accidents." (*See* Response to Interrogatory No 4.). Plaintiffs are therefore entitled to test these assertions.

You have also objected to providing these documents and data on the basis of breadth and scope, asserting that this is "not [yet] a class action." First, Plaintiffs believe Judge Reiss explained

7



275 Seventh Avenue Suite 1506, New York, NY 10001-6860
ph: 212-633-6967   fax: 212-633-6371   www.nclej.org

during our initial conferences that discovery relevant to class certification is appropriate and should in fact be prioritized at this juncture. Second, regardless of the status of class certification, Plaintiffs' claims against Defendant the City of Buffalo require proof of a municipal policy or practice, and discovery as to whether the practices alleged in the Complaint are widespread throughout the City and BPD is therefore of central relevance to their claims. Last, Plaintiffs have repeatedly stated their willingness to obtain work with you to construct search queries to most efficiently obtain relevant electronically stored data regarding these Requests, but we have been unable to suggest appropriate methods because you have not yet provided sufficient information regarding Defendants' databases and systems.

**Requests Nos. 27-28, 31-32:** These Requests seek reports or other similar data compilations regarding Defendants' operation of Checkpoints (including analysis of waiting times relating to checkpoints), and issuance of Traffic Tickets. During our last call, you said you were inquiring as to the existence of such documents. We have not yet received an update from you regarding this inquiry and we request an update as soon as possible.

**Request No. 33:** This Request seeks information relating to BPD's use of computer software to issue traffic tickets. You have objected, in part, on your assertion that the Request calls for production of certain unspecified "proprietary" information. During our last call, we asked you to clarify this objection. You said you were not certain whether Defendants are under contractual or other obligations that would prevent disclosure of certain documents or other information pertaining to computer software utilized by BPD in its traffic enforcement, and that you were investigating this question. We have not yet received an update from you as to this inquiry and we request an update as soon as possible.

**Request No. 34:** This Request seeks documents and communications pertaining to the academic study regarding BPD's operation of Checkpoints that is referenced in paragraph 56 and note 7 of the Complaint. Defendants Responses state that they are "not aware" of responsive documents. Plaintiffs have explained their concerns with this response and their belief that responsive documents and communications must exist, as data was clearly transmitted from the BPD to the authors of the academic study. We have requested you to continue searching for responsive documents and communications and we request an update on this search as soon as possible.

**Request Nos. 35-40:** These Requests seek documents and communications containing policies, procedures, protocols, directives, or other similar instructions or training regarding: Defendants' operation of Checkpoints and the selection of their locations; Defendants' enforcement of the NY VTL and other traffic enforcement activities; Defendants' operation of and storage of data related to Automatic License Plate Readers ("ALPRs"); Defendants' compliance with Constitutional requirements; Defendants' policies regarding racial profiling, biased policing, and/or the use of race in law enforcement decision-making. During our last call we asked you to clarify your objections. You stated that the City has not withheld anything thus far, and that your search for responsive documents is ongoing. We request you to provide an update of this search, and to state specifically whether you have completed your search to any request and to amend your response to state whether no responsive documents exist.



275 Seventh Avenue Suite 1506, New York, NY 10001-6860
ph: 212-633-6967   fax: 212-633-6371   www.nclej.org

**Request Nos. 41-44:** These Requests seek documents and communications relating to comments, complaints, grievances, or concerns received by Defendants from members of the public in relation to: alleged racial profiling, bias, or discrimination by the BPD and/or any of its officers; BPD traffic enforcement practices; and issues relating to traffic safety. You have agreed to produce certain data from the city's 311 hotline, but we have not yet received this data. During our last call, you also stated your belief that these Requests could implicate Section 50-a of the New York Civil Rights Law. We requested you to clarify whether Defendants were objecting to *searching* for responsive documents on this basis**, or** whether Defendants would conduct such a search and then produce a log of responsive documents that may require some additional protections pursuant to Section 50-a. You responded that such a search was underway and that you would inform us whether any responsive documents exist and Defendants' position as to their status under Section 50-a. We request an update on this search process as soon as possible.

**Request No. 47:** This Request documents relating to Defendants' receipt of federal funding. You have not yet produced any responsive documents or communications. During our last call, we asked whether Defendants' would stipulate to the City's receipt of federal funding. You said you would investigate your clients' position as to this proposal. We request an update on this inquiry and your search for responsive documents as soon as possible.

### Privilege Log

Your Responses included many objections grounded in various privileges. During our conferrals you stated that in Defendants' initial production "nothing was withheld" on the basis of any privilege. We expect that this will likely change as Defendants continue to search for responsive documents, and we expect that you will identify any objections to specific documents on a privilege log. As with the document production, we would expect that the privilege log will be provided on a rolling basis.

### Confidentiality Order

During the Parties' initial conferral pursuant to Rule 26(f), Plaintiffs raised the need for the Parties to agree to some form of stipulated Order governing the production and handling of confidential information. We shortly thereafter sent you a draft of such an Order, which we have discussed during various calls over the last several months. Plaintiffs made various edits to the draft to address certain of Defendants' concerns. You represented that you were seeking client approval, but you have still not provided your consent to file it. Now that Defendants have begun producing documents, and raising objections to production based on confidentiality concerns, the need for such a Confidentiality Order is all the more pressing. During our next call, I ask that you identify any outstanding issues relating to the draft Confidentiality Order so that we can finalize it, seek Court approval, and ensure that it is in place to move forward with production of any documents to which it may apply.



275 Seventh Avenue Suite 1506, New York, NY 10001-6860
ph: 212-633-6967   fax: 212-633-6371   www.nclej.org

**Verification of Interrogatories**

Federal Rule of Civil Procedure 33(b)(5) requires responses to interrogatories to be signed by the person responding to the interrogatories. We note that Defendants' Responses and Objections do not contain such a verification, and we request that Defendants promptly provide such verification in accordance with the rules. In connection with this issue, we also expect Defendants to amend their response to Interrogatory No. 10, which requests the identity of persons who have provided factual information responsive to the Interrogatories.

In sum, Plaintiffs remain significantly concerned regarding the status of Defendants' responses to the Requests, and we plan to seek judicial intervention.

Sincerely,


Claudia Wilner