

275 Seventh Avenue Suite 1506, New York, NY 10001-6860
ph: 212-633-6967   fax: 212-633-6371   www.nclej.org

March 18, 2019

**SENT VIA E-MAIL**

Robert Quinn
Assistant Corporation Counsel
65 Niagara Square
Room 1100
Buffalo, NY 14202
(716) 851-4326
rquinn@city-buffalo.com

**RE: <u>Black Love Resists, et al. v. City of Buffalo, et al.</u>, No. 18-cv-719 (W.D.N.Y.) – Conferral Regarding Discovery Issues**

Dear Rob:

We are writing to summarize the status of our ongoing conferral process regarding Defendants' production in response to Plaintiffs' First Set of Requests for Production of Documents and First Set of Interrogatories, as well as Plaintiffs' counsel's understanding of the parties' current positions with respect to the ongoing production of documents.

**Defendants' Failure to Produce Electronically Stored Information (ESI)**

You had agreed, after months of delays and conferrals, to produce ESI on March 6, 2019. Plaintiffs memorialized this agreement in our January 29, 2019 status report to the court. On March 6, however, you did not produce any ESI. Instead—nearly four months after Plaintiffs served their Requests, and despite your previous representations that searches were underway—you asserted that you could not produce ESI because the Buffalo Police Department (BPD) uses Lotus Notes, a system you claim cannot perform keyword searches, retrieve metadata, or drag and drop emails into a standard windows folder for collection and production.

During every meet and confer we have had since November, Plaintiffs have asked you to identify Defendants' electronic systems so that we could address and overcome any technical barriers to the production of ESI. If, as your obligation requires, you had informed us in November that BPD uses Lotus Notes, we could have addressed the issue then. We would not now be six months into discovery with no ESI and no prospect of production any time soon.

During our meet and confer you stated that you reached out to a service provider and are considering whether Defendants can undertake an alternate approach to gather responsive ESI, such as hiring a third party vendor. You stated that you hope to have a more definitive update within the week. We agreed to discuss the problem further on our next call on Tuesday, March 19, 2019. If on that call you cannot make a commitment to provide ESI by a date certain, we will seek relief from the court.

You also provided no explanation of why you have not produced ESI that is not stored within Lotus Notes, such as documents and communications within the custody of Mayor Brown and/or other City Departments or stored on individuals' computers or centralized server locations. However, you agreed to provide such information in 14 days.

Additionally, we reminded you of Defendants' obligation to search for ESI such as text messages and social media posts. You stated that a search and production of that type of information would take longer than 14 days. We look forward to an update on Defendants' search of these additional locations.

**Strike Force and Housing Unit Daily Reports**

With respect to the Strike Force and Housing Unit Daily Reports, we discussed a number of issues. First, you explained that each Daily Report consisted of statistics and a narrative section, which you stated would require extensive redaction. We propose that you produce a sample of at least ten redacted daily reports. We will then review the sample and advise whether and to what extent we require production of this information. Please let us know whether you agree.

Second, we discussed the fact that the Daily Reports themselves are not fully legible because of the way that they were printed, which cuts off information on either the right side, the bottom, or both. You further explained that the Daily Reports you currently have in your possession are paper versions that the BPD had printed and stored in boxes. We understand that electronic versions of these documents exist but that they are located within Lotus Notes, and at this time you do not know how to search for them. If we can retrieve the electronic versions of the documents from Lotus Notes, we will not need production of the duplicate paper versions. However, at this time we do not know if the paper versions are in fact duplicates.

**Request for Production #29:  Crime Data**

With respect to Plaintiffs' Request for Production of Documents #29, which requests "[a]ll [d]ocuments and [c]ommunications showing the dates, times, offense categories and [l]ocations of all reported crimes in the City of Buffalo, you stated that Defendants did produce "some" crime data, namely, paper copies of Uniform Crime Reports made over the last year. The information produced, however, is incomplete and not in a usable format. The UCR reports represent only a small subset of the crime data in the City's custody and control.

As discussed, Plaintiffs intend to subpoena this data from Erie County Central Police Services (ECCPS), which has access to the City's crime data and the technical capacity to produce it in a useful format. ECCPS will require your consent to release the data to us.

We agreed that Plaintiffs will send you a draft subpoena, which you will review and, unless you have specific objections, consent to the release of the requested information. We would be happy to discuss further if you have any concerns.

**Format of Production, Metadata**

We received your most recent supplemental response, which appears to include Bates stamps for previously produced documents and to identify which documents respond to which Requests. Thank you for that. We will review and advise if there are any additional issues with the format of production.

You asked us to provide you a copy of the spreadsheet we would ask you to fill out in lieu of providing metadata. Please see attached.

**Specific Discovery Item Follow-Up**

Finally, Plaintiffs' counsel sought updates about the production of the following miscellaneous outstanding discovery items that the parties had previously discussed:

- **311 complaints**: You stated that you did not have the original electronic spreadsheet with the complaint field, but that you would email us as soon as you got it. We ask that you produce this spreadsheet in advance of our meeting on Tuesday.

- **Verifications**: Federal Rule of Civil Procedure 33(b)(5) requires the "person who makes the answers" contained in an interrogatory to sign them, in addition to the "attorney who objects." Unlike the state rules, Defendants must verify the interrogatories with the signatures of either the party to whom they have been directed or an officer or agent of Defendants who has furnished the requested information.  See also Rule 33(b)(1)(5). We ask that you provide these verifications promptly.

- **Training**: You stated that the person who ran the BPD Training Academy has retired and been replaced by Lieutenant Fahey. You stated that you were able to look up some information about the trainings that have taken place, but you did not know whether that information would be comprehensive in terms of all the trainings that have taken place. You explained that the BPD offers yearly department-wide training, but that you did not have information about trainings for specific units, like housing. With respect to specific training topics, you stated that you would produce that information if you could get it, but you explained that a lot of the process is relying on institutional knowledge, i.e. people remembering what types of trainings took place. Plaintiffs' counsel advised that any individuals with institutional knowledge of trainings must be disclosed in response to Interrogatory 8.

    With respect to training bulletins, you stated that Defendants did a keyword search. You stated that there was nothing that you could tell was responsive at this point, but that there are a number of documents and the search process is ongoing.

    You stated that training data does not come from the BPD and does not go to the BPD. You stated that the BPD does VTL training and traffic enforcement training, generally, but that you would try to get additional information. We ask that you provide this information in advance of our meeting next Tuesday.

- **Internal Affairs**: You confirmed that you were running the list of search terms that Plaintiffs' counsel provided you through IAPro and that you could give us a better sense of the status of your search when we reconvene discussions next week. In response to Plaintiffs' counsel's question, you stated that you would look into whether IAPro has dropdown fields.

Finally, we scheduled our next conferral call for Tuesday, March 19, 2019 at 4 pm.

Sincerely,

*[signature]*

Claudia Wilner