# Claudia Wilner

| | |
|---|---|
| **From:** | Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us> |
| **Sent:** | Thursday, July 18, 2019 8:12 PM |
| **To:** | Darius Charney |
| **Cc:** | Claudia Wilner; Travis England |
| **Subject:** | RE: BLRR v City of Buffalo |

Again, we agree on the dates and steps discussed and specifically outlined in our conference. Nothing in the email I just sent changes that, as I said 2 times (for that extra emphasis). I noted my disagreement with the characterization/argument/language set forth in your email in what I though was a pretty straight forward manner. I don' think tis additional email was necessary. I'm going to proceed exactly as we discussed. I don't see the point in wasting the court's time, and will reiterate all of this if you want to.

In a further effort to make it clear why I do not think this is an actual dispute, my specific responses are contained in the body of your email. Apologize for any typographical errors, tried to respond quickly.

My direct extension is (716) 851-4326 if any of this, or my prior email, was unclear.

**From:** Darius Charney [mailto:dcharney@ccrjustice.org]
**Sent:** Thursday, July 18, 2019 7:25 PM
**To:** Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us>
**Cc:** Claudia Wilner <wilner@nclej.org>; Travis England <england@nclej.org>
**Subject:** Re: BLRR v City of Buffalo

Rob-

Do you at least agree with steps 1 through 3(b) as I have outlined them(I agree with the steps I proposed and we discussed, and which the numbered steps generally reflect if you take away the characterization and argument. I don't think we're deciding relevancy, and I don't think the only two options are all or portions of the IAD files. Everyone is reserving arguments, we're just trying to narrow issues, which probably will have to be presented to the court, as contemplated by these steps, with the slight distinction about an in camera)? Because if not, then we (plaintiffs) do not see the point of continuing with this process and would rather just go to the court for rulings on (1) which IA complaints are relevant and thus must be produced to plaintiffs (I think this what we are trying to get to, the point was to narrow that so as not to burden the court and waste anyone's time), since, as we and the court have already said, 50a in no way bars discovery of relevant materials in a federal civil rights litigation (I think you're conflating 50a with relevancy so not sure how to respond to this, but I reiterate my objection to you continuously bringing up 50a as a straw man), and (2) whether plaintiffs are entitled to all or part of the files for the relevant IA complaints (again, this is essentially what we are trying to get to, point was to get a better idea of the materials and narrow the issues).

As you know, we requested these IA materials 8 months ago and tried to resolve any potential 50a concerns with you 9 months ago, which you were totally unwilling to do (and in fact said it was not necessary at that time) (This is rhetoric and not accurate. I've stated my position to you on 50a countless times, including options on how it is generally and can be specifically resolved). Steps 1 to 3 as we have outlined them (and which we thought you agreed to on our call today)(I agreed to what was discussed on our call today, and disagreed with the characterization put in your email, which is exactly what my email says and is reiterated here) are designed precisely to narrow down the universe of complaints that the court would have to deal with in resolving your objections to our discovery requests (on this, we can agree).

So please indicate whether you agree with Steps 1 through 3 as I have outlined them (I agree to what we discussed and which these steps generally reflect with the objections to the characterization/argument/language I've outlined).

Sent from my iPhone

On Jul 18, 2019, at 7:02 PM, Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us> wrote:

> "Traffic Stop" attached.
>
> Dates are what we discussed. Characterization is off, unnecessary, and appears to be an attempt to make arguments. This is no way affects what I told you we would do, or what I expect you will do, but I'll address it in an attempt to clarify, expedite, and hopefully avoid future disputes.
>
> As I stated, don't think we are determining relevancy at this point. We are also not conceding you would be entitled to any portions of the IAD files, at this point, and we have raised objections to that effect. This process is designed to get everyone to the point where we can narrow the materials, have a better idea of the universe of documents, and concisely present to the court as needed, with the opportunity to make all available arguments, and ultimately to move forward with a clearer idea of the issues in a reasonable manner.
>
> The *in camera* process is dependent on too many things to decide for certain at this point, most significant being the court's time and discretion, but absolutely would be something to discuss and consider with all the other issues after we narrow down the number of "complaints" and have a better idea of the burden and materials.
>
> Again, none of this impacts or changes the proposals we discussed in any way. Let me know if you have any questions, but hopefully this is pretty straight forward. Thanks.
>
> **From:** Darius Charney [mailto:dcharney@ccrjustice.org]
> **Sent:** Thursday, July 18, 2019 4:45 PM
> **To:** Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us>
> **Cc:** Claudia Wilner <wilner@nclej.org>; Travis England <england@nclej.org>
> **Subject:** Re: BLRR v City of Buffalo
>
> Great, thanks for letting us know.
>
> Also, we just wanted to make sure we're on the same page about what the process will be moving forward on the IA complaint discovery. Please let us know if this accurately reflects what we discussed on the phone earlier today:
>
> 1. Today to Tomorrow- Rob sends Excel spreadsheet with the summaries of the 180 "Traffic Stop" IA complaints
>
> 2. Wed, 7/24- Plaintiffs send the list of IA complaints from each of the Excel Spreadsheets that we believe are relevant to our claims
>
> 3.  Mon, 7/29-
>    (a) Rob indicates which of the IA complaints that Plaintiffs flagged as relevant do Defendants agree are relevant and which do defendants  do not think are relevant

    (b) Rob indicates whether Plaintiffs are entitled to (i) the entire case file for each relevant IA complaint OR (ii) only certain portions and identifies those portions of the case files which Plaintiffs are not entitled to and why

4.  Thereafter, parties will submit to the Court all of the complaints that the parties agree are relevant as well as those that there is dispute over relevance. We will ask the Court to conduct in camera review of those complaints for which there is a dispute over relevance to determine which are relevant and must be produced to plaintiffs. In addition, if there is a dispute over which portions of the case files of each relevant IA complaint must be produced to plaintiffs, the parties will make our respective arguments in support of our respective positions to the Court and ask the Court to rule on the issue. The Court may at its own discretion review the IA complaints that the parties already agree are relevant, but we will not ask the Court to conduct that in camera review.

Darius

On Thu, Jul 18, 2019 at 3:10 PM Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us> wrote:

> Should be able to finish "Traffic Stop" by the end of today.
>
> **From:** Darius Charney [mailto:dcharney@ccrjustice.org]
> **Sent:** Thursday, July 18, 2019 12:10 PM
> **To:** Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us>
> **Cc:** Claudia Wilner <wilner@nclej.org>; Travis England <england@nclej.org>
> **Subject:** Re: BLRR v City of Buffalo
>
> Rob-
>
> I sent you a calendar invite for a call at 12:15. In case you didn't receive it or cannot open it, here is the conference line we're going to use:
>
> 1-800-298-6863
>
> PIN: 6141000#
>
> On Wed, Jul 17, 2019 at 6:39 PM Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us> wrote: