**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**BLACK LOVE RESISTS IN THE RUST, et al.**

    **Plaintiffs,**

            **-vs-**

**CITY OF BUFFALO, et al.**

    **Defendants.**

**MEMORANDUM OF LAW**

**Civil Action No.: 18-cv-719**

---

This supporting Memorandum of Law is submitted in response to Plaintiff's Motion to Compel disclosure of certain internal affairs files and/or request and *in camera* review of those files. The facts supporting Defendants response are set forth in the Affirmation of Robert E. Quinn. This Memorandum is submitted to further elaborate the basis for the Defendants' objections and response, and specifically to clarify and set forth Defendants position with respect to the issue of Civil Rights Law §50-a, which has been raised as an objection, but unfairly mischaracterized in its impact by Plaintiffs' counsel. As we have stated on numerous occasions, both orally in writing, the issue of Civil Rights Law §50-a is something that will have to be addressed, and it should be done at the same time and in connection with the various other objections raised by Defendants with respect to production. In many respects, these issues overlap and are intertwined, and there are no documents which have been specifically withheld based on a §50-a objection alone, we simply feel that under our reading of these statute, the Law Department is prohibited from turning those materials over without a Court Order.

## **ARGUMENT**

Defendants' objections to plaintiff's discovery demands speak for themselves, and are elaborated on by the email correspondence provided in connection with the pending motions. *See,* Fed.R.Civ.P 26(b)(1)(information is discoverable if it is nonprivileged, relevant to a party's claim or defense, and proportional to the needs of the case).

In general, the rules of privilege in federal court are governed by federal common law, except state privilege law governs in civil cases on claims for which state law supplies the rule of decision. Fed.R.Evid. 501. Evidence is relevant if it has any tendency to make a material fact more or less probable than it would be without the evidence. Id. 401. The factors that bear on proportionality are "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(1).

Plaintiffs' motion to compel focuses the internal affairs files which are clearly files used for the evaluation and continued employment of police officers. We have raised issues of breadth, burden, and relevancy among others, which we submit all can be addressed alongside Civil Rights Law §50-a, which provides that, absent the consent of the officer, such records are not subject to disclosure, except as may be mandated by court order made after a clear showing of facts sufficient to warrant the judge to request the records for an in camera review, and, upon such review, the judge will make those parts of the record found to be relevant and material available to the person so requesting.

It is recognized that no federal rule absolutely prohibits discovery of police personnel or disciplinary files. *See*, Levy v. Harrington, 2011 WL 5191796 ("[i]f considered privileged, this statute is only qualified in federal courts"). However, federal common law provides for consideration of state law privileges, since a "'strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policies.'" Lora v. Board of Education, 74 F.R.D. 565, 576 (E.D.N.Y., 1977) (quoting *U*nited States v. King, 73 F.R.D. 103, 105 (E.D.N.Y., 1976)).

Federal courts do not treat New York Civil Rights Law §50-a as embodying a state law privilege. See Martin v. Lamb, 122 F.R.D. 143, 146 (W.D.N.Y. 1988). Although §50-a does not prohibit discovery of police personnel documents, the statute is to be given some effect in federal court. "Generally, the Courts in the Western District of New York will direct the production of documents contained in the personnel file of an officer only if the documents are relevant and involved disciplinary action taken against the officer." Worthy v. City of Buffalo, 2013 WL 5574624 (W.D.N.Y. 2013).

Thus, while federal courts do not view §50-a as prohibiting discovery of police personnel documents, "[t]hat does not mean that the state statute is to be given no effect." Gagne v. Fix, 2015 WL 4648056, at *2 (W.D.N.Y. 2015)("Generally, the Court will direct the production of documents contained in the personnel file of an officer only if the documents **are relevant and involved disciplinary action** taken against the officer.") Id.

For example, in Evans v. Murphy, 2013 WL 2250709, at *4 (W.D.N.Y. 2013), the court directed a correctional facility to produce to the court for an in camera review only

3

those documents relating to any substantiated claims of excessive force involving the individual defendants named in the lawsuit.

To resolve discovery disputes of this kind, a federal court must balance the plaintiff's interests in disclosure against the state's legitimate concern of protecting the confidentiality of the officers' personnel files from unnecessary intrusions. Mercado v. Division of New York State Police, 989 F.Supp. 521 (S.D.N.Y., 1998); see also Unger v. Cohen, 125 F.R.D. 67, 69 (S.D.N.Y., 1989); King v. Conde, 121 F.R.D. 180 (E.D.N.Y., 1988). As discussed at length by the Western District Court in Martin v. Lamb, 122 F.R.D. 143, 146+ (W.D.N.Y., 1988), the concerns behind Civil Rights Law §50-a are as follows:

> "the legislative intent underlying the enactment of Civil Rights Law § 50–a was *narrowly specific,* 'to prevent time-consuming and perhaps vexatious investigation into *irrelevant collateral* matters in the contest of a civil or criminal action' " *Matter of Capital Newspapers v. Burns,* 67 N.Y.2d 562, 569, 505 N.Y.S.2d 576, 496 N.E.2d 665 (1986) (quoting, *id.* 109 A.D.2d 92, 96, 490 N.Y.S.2d 651 [3rd Dept.1985] ) (emphasis supplied). The primary purpose of the legislature was to prevent embarrassment and harassment of testifying officers by cross-examination concerning "unsubstantiated and irrelevant complaints" against them and to prevent " *unrestricted* examination of their personnel records" in civil actions for the purpose of lessening "their vulnerability to harassment or reprisals." *Id.* 67 N.Y.2d at 568, 505 N.Y.S.2d 576, 496 N.E.2d 665 (quoting *Carpenter v. City of Plattsburgh,* 66 N.Y.2d 791, 497 N.Y.S.2d 909, 488 N.E.2d 839 [1985], *affirming for reasons stated at,* 105 A.D.2d 295, 298, 484 N.Y.S.2d 284 [3rd Dept.1985] ), 568–69 (quoting Senator Marino's sponsoring memorandum, reprinted in 1981 N.Y.Legis.Ann., at 419)"

> *Martin v. Lamb*, 122 F.R.D. at 146.

With these policy considerations in mind, the Western District has held "[p]laintiff thus needs to show the materiality and relevance of the individual defendants' personnel and disciplinary records to warrant this Court's *in camera* review before production to

plaintiff". Levy v. Harrington, 2011 WL 5191796. Moreover, the materiality and relevance of the requested documents needs to be determined prior to any production "even if the defendant has not made a substantial showing of harm" Paulding v. City of Buffalo, 2011 WL 5187953. If a sufficient basis is found, the withheld records are then turned over to the Court under seal for *in camera* review and the Court will decide which of "those parts of the record found to be relevant and material [are to be made] available to the persons so requesting," N.Y. Civ. Rts. Law § 50–a(3).

Under federal law, only relevant information is discoverable. *See*, Fed.R.Civ.P. 26(b)(1). "The burden of demonstrating relevance is on the party seeking discovery." Armstrong Pump, Inc. v. Hartman, 2016 WL 7208753, at *2 (W.D.N.Y. 2016) (internal quotation marks omitted). Thus, the threshold rule requires plaintiff to show that the items sought are likely to contain relevant information, before any inquiry into whether the material sought might be subject to a privilege or right of confidentiality.

Applying these general principles to the discovery disputes at issue in this case, the City has raised objection to plaintiff's request for internal affairs files as overbroad, unduly burdensome, and not material and necessary in the prosecution of this action, and also in that it seeks information that is specifically exempted from disclosure under the Civil Rights Law §50-a. The process outlined in our emails to Plaintiffs' Counsel and Affirmation is designed to address these objections. Ashford v. Goord, 2009 WL 2086838 (W.D.N.Y., 2009) (request seeking all grievances and complaints filed against defendants was overly broad); Melendez v. Falls, 2010 WL 811337 (W.D.N.Y., 2010) (request seeking all grievances and complaints filed against defendants was overly broad).

5

Moreover, to the extent that the disciplinary files do not reveal alleged incidents of misconduct similar to plaintiffs' claims or that the records indicate that the officer was exonerated from any disciplinary complaints charged, those records need not be produced, see Law v. Cullen, 613 F.Supp. 259, 262 (S.D.N.Y., 1985)(unsubstantiated civilian complaints merely charges, not actual findings of abuse); Hart v. Goord, 2010 WL 1644242 (W.D.N.Y., 2010)(No. 08CV681)(denying discovery of unsubstantiated grievances against corrections officer, with its probative value being quite limited).

For instance, in Crenshaw v. Herbert, the Second Circuit held that the district court did not abuse its discretion by denying plaintiff's motion to compel the production of a corrections officer's personnel file, since "even if evidence of a prior **substantiated** excessive force investigation existed," such evidence would be inadmissible on the facts of the particular case. 409 F.Appx. 428, 430 (2d Cir. 2011) (emphasis added).

## CONCLUSION

As such, should the Court determine that any internal affairs files need to be produced, Defendants would respectfully request a commensurate time period to complete such a search, direction on the method of production, an opportunity to identify documents and information which we believe are privileged and/or confidential in each file, an *in camera* review of anything ordered produced, an order addressing Civil Rights Law §50-a, and a protective order specifying that that any documents produced shall be kept confidential, used only for the purposes of this case, and that the disclosure shall be restricted to plaintiffs' attorney's eyes only in this case.

Dated: September 13, 2019
      Buffalo, New York

                                TIMOTHY A. BALL, ESQ.
                                Corporation Counsel

                                */s/Robert E. Quinn*
                                By: Robert E. Quinn
                                65 Niagara Square - 1103 City Hall
                                Buffalo, NY 14202
                                Tel.: (716) 851-4326
                                rquinn@ch.ci.buffalo.ny.us

TO:    NCLEJ
          Attn.: Claudia Wilner, Esq.
          275 Seventh Avenue, Suite 1506
          New York, NY 10001
          wilner@nclej.org