UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
BLACK LOVE RESISTS IN THE RUST, et al.,  :
                                                     Plaintiffs,   :

                   v.   :   Case No. 1:18-cv-00719

CITY OF BUFFALO, N.Y., et al.,   :

                                      Defendants.   :
------------------------------------------------------------ X

**DECLARATION OF CLAUDIA WILNER, ESQ. IN SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO AMEND AND SUPPLEMENT THEIR COMPLAINT**

I, Claudia Wilner, Esq., declare the following under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1.     I am one of the attorneys representing Plaintiffs and the proposed classes in this action, and I am fully familiar with the facts stated in this declaration.

2.     I am an attorney admitted to practice in the Western District of New York.

3.     I submit this declaration in support of Plaintiffs' motion for leave to amend and supplement their complaint in this action.

4.     Attached as Exhibit 1 to this declaration is a true and correct clean copy of Plaintiffs' Proposed Amended and Supplemental Class Action Complaint.

5.     Attached as Exhibit 2 to this declaration is a true and correct marked copy of Plaintiffs' Proposed Amended and Supplemental Class Action Complaint which shows the changes made from Plaintiffs' original Complaint in this action. *See* ECF No. 1.

6.     Plaintiffs served their First Set of Requests for the Production of Documents on Defendants on November 5, 2018. Included in this first set of document requests, all of which

focused on issue relevant to Fed.R.Civ.P. 23 class certification requirements and Plaintiffs' municipal liability claims, were requests for (i) electronic data on all traffic tickets issued by the Buffalo Police Department (BPD), and (ii) data on the dates, times, and locations of all vehicle safety checkpoints conducted by the BPD, since January 1, 2013. A true and correct copy of the relevant portions of these document requests are attached hereto as Exhibit 3.

7.  The parties exchanged their initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) on November 8, 2018.

8.  Defendants served their initial Responses and Objections to Plaintiffs' First Set of Requests for Production on December 8, 2018, in which they produced copies of BPD "Roadblock Directives" and "Checkpoint Tally Sheets," listing the dates and locations of some checkpoints conducted by the BPD between January 1, 2013 and October 27, 2017. However, Defendants objected to production of electronic BPD ticketing data and represented that they were not aware of the existence of such data compilation. In addition. A true and correct copy of the relevant portions of Defendants' responses are attached hereto as Exhibit 4.

9.  Between December 2018 and March 2019, the parties met and conferred several times by telephone and over email about Plaintiffs' first set of document requests. Throughout each of these exchanges, Defendants' counsel continued to represent that he was not aware of the existence of an electronic data compilation for BPD-issued traffic tickets.

10. On March 15, 2019, Defendants served their Supplemental Responses and Objections to Plaintiffs' First Set of Requests for Production, in which they maintained their objection to Plaintiffs' request for electronic data on traffic tickets issued by the BPD and maintained that they were not aware of the existence of such a data. A true and correct copy of

the relevant portions of Defendants' Supplemental Responses and Objections is attached hereto as Exhibit 5.

11.     On the same date, March 15, 2019, Plaintiffs served a third-party subpoena on the Erie County Central Police Services (ECCPS), seeking production of electronic data on all traffic tickets issued by the BPD since 2013 that is stored in TraCS, an electronic database administered by ECCPS that collects and stores data on all traffic tickets issued by law enforcement agencies in Erie County, New York. BPD is one such agency.  A true and correct copy of the subpoena is attached hereto as Exhibit 6. Plaintiffs provided notice and served a copy of the subpoena on Defendants on the same day that they served ECCPS.

12.     ECCPS produced the TraCS BPD ticketing data responsive to Plaintiffs' subpoena on April 1, 2019.

13.     The TraCS BPD ticket dataset produced by ECCPS consisted of approximately 300,000 records, each record containing 46 fields of data. Coding was very spotty. In particular, because, even after transitioning to electronic ticketing, the BPD did not take advantage of existing, readily available geocoding technology to record the precise location at which each ticket was issued, the fields indicating such location were pure text fields, containing whatever information the issuing officer chose to enter. It has taken Plaintiffs and their consultants months to translate these text fields into usable location information, and the task is still not quite complete.

14.     Thereafter, over the course of several months, Plaintiffs conducted a preliminary analysis of the TraCS BPD ticket data, which revealed that (a) BPD overall ticket issuance was likely even more heavily focused on non-Whites than had been previously understood, (b) tinted window and seatbelt tickets were likely given almost exclusively to non-Whites, and (c) on the

rare occasions when Whites did receive such tickets they received fewer than non-Whites did. The analysis also revealed that the Strike Force had conducted many more checkpoints than Defendants had previously disclosed, either in their responses to Plaintiffs' pre-litigation FOIL requests or in any of their discovery responses thus far in this litigation.

15. Plaintiffs first learned of the existence of the thirteen new (13) fees enacted by the Buffalo Common Council that the Buffalo Traffic Violations Agency (BTVA) assesses on drivers who receive traffic tickets in the City of Buffalo when a story about the fees was published in *The Investigative Post*, a local Buffalo newspaper, on February 27, 2019.

16. On April 19, 2019, Plaintiffs served their Second Set of Requests for Production of Documents on Plaintiffs, which included two separate requests related to the 13 new BTVA fees. A true and correct copy of Plaintiffs' Requests is attached hereto as Exhibit 7.

17. In response, on May 19, 2019, Defendants produced only screen shots of the sections of the BTVA's public website concerning the fees and copies of the fee sections of City of Buffalo's Municipal Code. Defendants have yet to produce any electronic discovery or any other documents or information responsive to Plaintiffs' Second Set of Requests for Production.

18. To date, Plaintiffs have only been able to depose one witness in this case, the current head of the BPD training academy, because Defendants have still not produced large portions of the document discovery requested by Plaintiffs, including, but not limited to the majority of the electronically stored information and BPD Internal Affairs Division's citizen complaint investigation files which the Court directed Defendants to produce in its December 19, 2019 Opinion & Order, *see* ECF. No. 51.

19. To date, Defendants have not yet sought discovery from any of the Named Plaintiffs in this litigation.

20. Since January 2020, staff members of the law offices serving as Plaintiffs' Counsel in this case have spent hundreds of hours interviewing, verifying the claims of, and vetting potential additional named plaintiffs to this action.

Dated: April 22, 2020

                                                ___/s/ Claudia Wilner_____
                                                CLAUDIA WILNER