# Exhibit 3

nclej
National Center for Law and Economic Justice

275 Seventh Avenue Suite 1506, New York, NY 10001-6860
ph: 212-633-6967  fax: 212-633-6371  www.nclej.org

September 25, 2020

Robert E. Quinn
Corporation Counsel
65 Niagara Square
1103 City Hall
Buffalo, NY 14202
rquinn@ch.ci.buffalo.ny.us

Re:  Discovery Deficiencies in Black Love Resists et al v. City of Buffalo, 1:18-cv-00719-CCR

Rob,

NCLEJ, along with the Center for Constitutional Rights and the Western New York Law Center, write in regard to discovery in the above captioned case. Time and again, Defendants have proved themselves unwilling or unable to respond to Plaintiffs' Requests for Production in a timely and appropriate manner.

Over a year ago—on June 29, 2019—Plaintiffs provided Defendants an initial list of twenty custodians and search terms pursuant to a May 30, 2019 court order. (ECF No. 51 at 4). Plaintiffs then moved to compel discovery following weeks of delay, prompting the Court to order Defendants promptly to begin producing documents on a rolling basis responsive to Plaintiffs' search terms and custodian lists and to provide relevant metadata. (Id. at 12, 20) (noting that productions had to commence within 20 days of the Court's December 19, 2019 order).

Yet, as Defendants admitted on September 18, 2020, "[p]roduction has been completed *for some* search terms *for a few* custodians, but *no* custodians or terms have been completed in whole." (Email from R. Quinn to Plaintiffs' Counsel dated Sept. 18, 2020 at 3:26pm).  Therefore, not a single one of the Court-ordered productions is complete more than 9 months after the Court's Order.[1]

Defendants' continued delays and piecemeal discovery responses, which began well before COVID-19, have already necessitated multiple extensions to the parties' scheduling order and made it all but impossible for fact discovery to proceed apace.  Defendants have also been deficient with respect to specific discovery requests including the following:

---

[1] The productions that Plaintiffs have received to date have also been rife with errors, including instances where Bates numbers have been missing or recycled or produced as a single omnibus PDF that is impossible to review in an ESI platform (See Email from Plaintiffs' Counsel to Robert Quinn dated Sept. 8, 2020).

1. <u>The Remaining 73 IAD Files Which the Court Ordered Defendants to Produce</u>: As Plaintiffs have explained to you multiple times over email, Defendants have thus far produced fewer than half of the files which Defendants were required to produce within 30 days of the Court's entry of the January 24, 2020 Attorneys-Eyes Only Confidentiality Order. *See* ECF No. 51 at 19; ECF No. 54.  On March 6, you indicated that several of the file entries in the original list of 168 were duplicates, several of the unproduced IAD files "no longer exist," and that you would continue to search for the unproduced files. (*See* Email from Robert Quinn to Plaintiffs Counsel dated March 6, 2020 at 4:49pm). On March 10, Plaintiffs provided you with documentation showing that, even accounting for duplicates, there were 136 unique IAD files that Defendants were required to produce, of which 73 had yet to be produced, and we asked Defendants to state whether these remaining 73 unproduced files were destroyed pursuant to the BPD's/City's record retention policies, to produce copies of those policies, and to provide the dates on which those files were destroyed. (See Email from Plaintiffs Counsel to Robert Quinn dated March 10, 2020 at 4:44pm). In response, you stated that you would provide responses to our questions about the whereabouts of the 73 files by Friday, March 13. (See Email from Robert Quinn to Plaintiffs' Counsel dated March 10, 2020 at 4:54pm). To date, despite numerous follow-up inquiries from Plaintiffs' counsel, Defendants have neither responded to Plaintiffs' March 10 questions nor produced any of the remaining 73 unproduced IAD files.

2. <u>Documents Responsive to Plaintiffs' Fourth Request for the Production of Documents</u>: In contravention of their discovery obligations, Defendants have also failed to produce a single piece of discovery responsive to Plaintiffs' Fourth Requests for the Production of Documents, served on May 12, 2020. Defendants' utter failure to search for and produce documents in the five months since the Request has been served cannot be justified.

3. <u>Housing Unit Monthly Reports and Housing and Strike Force Daily Reports (Responsive to RFPs 10-14):</u> Despite conferring about Plaintiffs' request for daily and monthly Housing and Strike Force reports telephonically on May 6, and electronically on May 12, May 28, June 1, June 25, July 9, July 14, and July 21, 2020, among others, these documents remain outstanding.

    This includes monthly housing unit reports from January 1, 2018 to present, which Defendants expressly agreed to produce.  (See Email from Plaintiffs' Counsel to Robert Quinn dated May 12, 2020 at 10:26am). Moreover, the documents that have been produced to date, which relate to the June 1, 2013 to December 31, 2017 time period, were produced with improper redactions and omissions. (See Email from Plaintiffs' Counsel to Robert Quinn dated Jul. 21, 2020 at 2:28pm).

    With respect to the Housing Unit and Strike Force Daily Reports, on May 12 Plaintiffs narrowed our request as follows: you would produce only (1) the first pages of all the reports, which would not need redacting; and (2) the narratives for 30-50 Strike Force

daily reports on which the data suggests a Checkpoint occurred but you did not produce a Checkpoint directive. We followed up on June 25 with a redaction proposal and a list of 36 dates for which we requested Strike Force narratives. You have yet to provide a clear response to Plaintiffs' proposal, nor have you produced documents.

Defendants' continued delays in providing this discovery are unacceptable and prejudicial.

4. Complaints to Commission on Citizens' Rights and Community Relations (Responsive to RFP 79-84): Despite conferring with Defendants on May 6, May 12, May 14, and May 20, 2020, discovery concerning complaints that were made to the Commission on Citizens' Rights and Community Relations also remains outstanding. Defendants previously stated they would provide an update about the status of this discovery by March 20, yet Plaintiffs have received nothing to date. (Email from Plaintiffs' Counsel to Robert Quinn dated May 12, 2020). These delays are unacceptable.

5. Employment history of officers (Responsive to RFPs 74-75 & Interrogatories 1 &12): Similarly, despite conferring about these matters on January 10, May 6, May 12, May 14, May 28, May 29, June 1, and June 25, 2020, among others, documents showing the employment histories of officers on the Housing, Strike Force, and Traffic Units—specifically, which officers were in which units on which dates—remain outstanding. Defendants' delays are highly prejudicial because, without the benefit of this data, depositions cannot proceed.

6. Outstanding Training Materials Referenced in the Fahey Deposition (Responsive to RFPs 35-40): Despite conferring about the matter in January 2020, as well as May 12, May 14, May 20, May 28, June 1, and June 25, 2020, among others, Plaintiffs are still waiting to receive a complete set of the training bulletins and materials that were referenced in the December 19, 2019 deposition of Lieutenant Fahey. Defendants' more than nine-month delay in providing these training materials is simply inexcusable.

7. Defendants' Failure to Produce Metadata (All Requests): Plaintiffs have never received metadata mandated by the Court's December 19, 2019 order (ECF No. at 21), or in the alternative, a spreadsheet concerning (a) emails that have hidden recipients (*e.g.*, listserv participants) or a BCC field and/or (b) documents that have attachments. (Email from Robert Quinn to Plaintiffs' Counsel dated June 2, 2020).[2]

---

[2] The June 2, 2020 email reflects the parties' compromise agreement that spreadsheets be provided that list the following:
- Beginning bates number (BEGDOC)
- Beginning bates number of all attachments (BEGATT)
- BCC field (emails only)
- Custodians
- Date field

The snail's pace of Defendants' productions, and omission of crucial metadata, is unacceptable and untenable. Defendants' inability to discharge their discovery obligations in a timely and efficient manner has already necessitated three extensions to the Court's discovery schedule, including two extensions granted prior to the onset of Covid-19. See Order Resetting Scheduling Order Deadlines dated June 5, 2019 (calling for the close of discovery by September 13, 2019); Order Resetting Scheduling Order Deadlines dated Nov. 13, 2019 (calling for the close of fact discovery by June 12, 2020).

Defendants' delays are highly prejudicial because Plaintiffs cannot move forward with depositions until Defendants' document productions are complete. Moreover, with the deadline for the close of discovery rapidly approaching, the need for yet another extension is now all but certain. *See* Order Resetting Scheduling Order Deadlines dated May 15, 2020 (setting the close of discovery to December 12, 2020–just under three months away).

Accordingly, Plaintiffs request that, no later than October 1, 2020, you provide Plaintiffs a production schedule to which you will adhere, to ensure that all of the aforementioned document discovery and metadata are produced in their entirety by November 1, 2020, so that depositions may proceed. Otherwise, Plaintiffs will be forced to seek relief from the Court.

Sincerely,

*Claudia Wilner*

Claudia Wilner
Director of Litigation and Advocacy

4