# Exhibit 7



275 Seventh Avenue Suite 1506, New York, NY 10001-6860
ph: 212-633-6967   fax: 212-633-6371   www.nclej.org

February 14, 2020

**SENT VIA E-MAIL**

Robert Quinn
Assistant Corporation Counsel
65 Niagara Square
Room 1100
Buffalo, NY 14202
(716) 851-4326
rquinn@city-buffalo.com

**RE: <u>Black Love Resists, et al. v. City of Buffalo, et al.</u>, No. 18-cv-719 (W.D.N.Y.) –
Conferral Regarding Discovery Issues**

Dear Rob:

We are writing to follow up on a number of urgent issues regarding the parties' ongoing
conferral regarding discovery.

First, thank you for your initial production of electronically stored information (ESI) on February
11. Based on Plaintiffs' review of these materials, it appears that this initial production includes
approximately 270 pages of emails from only several of the twenty custodians we sent to you on
January 22, 2020—those employed by the Buffalo Traffic Violations Agency. Accordingly, we
ask that you provide us with a timeline for your production of ESI for the remaining custodians.
In addition, to the extent you withheld any of these custodians' documents on grounds of
privilege, please provide a privilege log of those withheld documents that is sufficiently detailed,
as discussed below, to allow Plaintiffs to assess the validity of your privilege assertion.

Second, thank you for your February 13 production of some of the materials that Plaintiffs
requested on the record at Lieutenant Joseph Fahey's deposition on December 13, 2019 and
again by letter dated January 15, 2020.  As I mentioned to you in an email on February 13,
Plaintiffs are still awaiting production of two categories of the requested documents: (1) BPD
Police Academy training materials on topics listed in Plaintiffs' Requests for Production ## 35-
40 that pre-date Lieutenant Fahey's tenure as head of the Academy, and (2) BPD training
bulletins on the topics listed in Plaintiffs' Requests for Production ## 35-40. We understand that
your search for and production of these materials may have been delayed because Lieutenant
Fahey has recently been on bereavement leave. We therefore ask that you provide a date by
which you realistically envision being able to produce these materials.

Third, in follow up to your February 3, 2020 production of certain documents relating to federal
grants received by BPD, we write to request production of additional documents that are related
to and referred to in the grants-related documents that you produced. In your January 2 email

update, you stated that the Justice Assistance Grant (JAG) program materials include an "Application, a Grant/Contract, quarterly Performance Measuring Tool (PMT), quarterly Financial Status Reports, and Closeout paperwork." You stated that there "may also be Grant Adjustment Notice (GAN) and Official Communications" as part of the grant materials. The materials you enclosed in your February 3 production did not include many or most of these documents as to the JAG. Rather they included the Application, a Grant/Contract, but we did not identify any quarterly PMTs or Financial Status Reports, GANs, or Official Communications. The JAG materials also note that grant recipients must submit "semi-annual progress reports, final financial and progress reports." (See Buffalo JAG 2019 MOU). Please produce these documents, all of which fall under our existing document requests concerning the City's receipt and use of federal funding. In addition, the JAG materials contain acknowledgments that the BPD "must submit quarterly metrics data related to use of force, racial and ethnic bias training." (*See e.g.*, p. 18 of 2018 JAG Narrative Report). To the extent these data and reports are not subsumed in those documents already requested, please produce these documents as soon as possible.

Fourth, you have not yet responded to Plaintiffs' revised proposal regarding production of Strike Force, Housing, and Traffic Unit Daily and Monthly Reports, which you had indicated on our January 22 call that you would respond to by January 31. To reiterate, in light of the Court's December 19, 2019 Order denying without prejudice Plaintiffs' original motion to compel production of the entirety of all such reports from 2013 to the present, *see* ECF No. 51 at 15, Plaintiffs now propose that Defendants produce just the first pages of all daily and monthly Strikeforce and Housing Unit reports from 2013 to the present, plus the narrative sections of approximately 30-50 Strikeforce Unit daily reports for certain days on which Plaintiffs have reason to believe, based on our review of the TRACS BPD ticketing data, Checkpoints were conducted but for which there are no Checkpoint directives or tally sheets. Please provide Defendants' position on this revised proposal.

Fifth, please provide an update regarding your ongoing search for data relating to the employment history of BPD Housing, Strike Force, and Traffic Unit Officers. The parties have been conferring for several months regarding this information, which was also a subject of Plaintiffs' Motion to Compel. During our conversation on January 21, you stated that you were in the process of "confirming dates" for Strike Force and Housing Unit employment history and would be able to provide updated information "early next week." Weeks have gone by, and still we have not received any update. You further stated during the January 21 call that you would perform further investigation to identify whether Traffic Unit officers make daily reports. Plaintiffs note that the City budget documents (e.g. COB 7068) state that one of the "activities" performed by the Division of Traffic Services is "Complete daily activity reports and related paperwork as required." The budget documents further provide Work Program Statistics that the City most likely compiled from the daily activity reports.

Sixth, you have still not provided a date by which you expect to supplement Defendants' production of documents responsive to Plaintiffs' Requests for Production Nos. 79-84, which you indicated on our January 22 phone call you would provide by January 31. Please provide a date by which you expect to make this supplemental production.

2

Last, please provide an update regarding your privilege log. When we last spoke on January 22, you had questions about the sample privilege log that Travis had sent you. We explained that the privilege log must be completed in enough detail that Plaintiffs can determine whether your assertion of privilege appears to be valid. You advised that you would provide a revised privilege log, but you never did. Now that you have begun to produce electronic discovery, it is all the more important that you provide sufficient privilege logs in a timely manner. No privilege log accompanied your first tranche of production.

Please respond to all of the above items by no later than February 21, 2020.

Sincerely,

Claudia Wilner

Cc: Timothy Ball