# Exhibit 12

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                   :

BLACK LOVE RESISTS IN THE RUST, et al.,  :

                                :

             Plaintiffs,  :   Case No. 1:18-cv-00719-CCR

                                :

       v.  :

CITY OF BUFFALO, N.Y., et al.,  :

                                :

             Defendants.  :

-------------------------------------------------------------- X

## PLAINTIFF BLACK LOVE RESISTS' SECOND SET OF INTERROGATORIES TO DEFENDANT CITY OF BUFFALO, N.Y.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Black Love

Resists in the Rust ("Plaintiff"), by its undersigned attorneys, hereby request that, within thirty

(30) days, or on a date mutually agreed to by the parties, You answer the interrogatories in

Schedule B ("Interrogatories"), in accordance with the definitions and instructions set forth in

Schedule A.  Plaintiff reserves the right to serve additional Interrogatories as discovery

progresses.

Dated:  August 13, 2019


_/s/ Claudia Wilner_____
Marc Cohan
Travis W. England
Claudia Wilner
Britney Wilson
NATIONAL CENTER FOR LAW
AND ECONOMIC JUSTICE
275 Seventh Avenue, Suite 1506
New York, NY 10001
212-633-6967

1

cohan@nclej.org
wilner@nclej.org
england@nclej.org
wilson@nclej.org


Joseph Keleman
Keisha Williams
WESTERN NEW YORK LAW CENTER
Main Seneca Building
237 Main Street, Suite 1130
Buffalo, NY 14203
Tel: (716) 828-8415
Fax: (716) 270-4005
jkeleman@wnylc.com
kwilliams@wnylc.com


Baher Azmy
Darius Charney
Chinyere Ezie
Brittany Thomas (admission pending)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
212-614-6439
BAzmy@ccrjustice.org
DCharney@ccrjustice.org
CEzie@ccrjustice.org
BThomas@ccrjustice.org

**Schedule A**

DEFINITIONS

1.      Except as set forth in the definitions and rules of construction in Paragraph 2

hereof, the Uniform Definitions for all Discovery Requests set forth in Local Civil Rule 26(c) of

the Local Rules of Civil Procedure of the United States District Court for the Western District of

New York (the "Local Civil Rules") are incorporated herein by reference.

2.      Specific Definitions and Rules of Construction:

a.      "All" means "any and all" and "any" means "any and all."

b.      When referring to a person, "to identify" means to give, to the extent

known, the person's full name, present or last known address, and when

referring to a natural person, the present or last known place of

employment.  Once a person has been identified in accordance with this

subsection, only the person's name need be listed in response to

subsequent discovery requesting the identification of that person.

c.      When referring to documents, "identify" means to give, to the extent

known, the (i) type of document; (ii) general subject matter; (iii) date of

the document; and (iv) author(s), addressee(s), and recipients(s).

d.      The terms "Plaintiff" and "Defendant," as well as a party's full or

abbreviated name or a pronoun referring to a party, mean the party and,

where applicable, its officers, directors, employees, partners, corporate

parent, subsidiaries, or affiliates.  This definition is not intended to impose

a discovery obligation on any person who is not a party to the litigation.

3

e. The term "Person" is defined as any natural person or any business, legal or governmental entity, or association.

f. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

g. The use of the singular form of any word includes the plural and vice versa.

h. "Refer," "relate," or "reflect" means all documents that comprise, evidence, constitute, describe, explicitly or implicitly refer to, were reviewed in conjunction with, or were generated as a result of the subject matter of the request, including, but not limited to all documents that reflect, record, memorialize, discuss, evaluate, consider, review, or report the subject matter of the request.

i. The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed.R.Civ.P. 34(a), including, without limitation, electronic or computerized data compilations.[1] A draft or non-identical copy is a separate document within the meaning of this term.

j. The term "including" means including without limitation.

---

[1] Fed. R. Civ. P. 34(a) further references "documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form" and "any designated tangible things." *Id.* 34(a)(A)–(B).

3.      The term "BPD" means the Buffalo Police Department, including its officers, supervisors, commanders, captains, chiefs, units, departments, divisions, districts, bureaus, task forces, squads, sections, employees, and agents.

4.      The term "Crime Analyst" means persons employed as a Crime Analyst within the BPD or those employed in a position with similar or identical function but previously or subsequently having another title.

5.      The term "Employment History" means a person's date of hire; the names and dates of all positions held; the date and basis of any discipline received; the date and basis of their separation (where applicable); the date and basis of their termination (where applicable).

6.      The term "Housing Unit" means the Housing Unit of the BPD, including its officers, supervisors, commanders, captains, chiefs, units, departments, divisions, districts, bureaus, task forces, squads, sections, employees, and agents.

7.      The term "Strike Force" means the Strike Force Unit of the BPD, including its officers, supervisors, commanders, captains, chiefs, units, departments, divisions, districts, bureaus, task forces, squads, sections, employees, and agents.

8.      The term "Traffic Unit" means the BPD's Division of Traffic Services, including any other organizational unit serving a similar or identical function but previously or subsequently having another name.

9.      The term "You" or "Your" means Defendant City of Buffalo, N.Y. and any Person or entity acting on its behalf on under its control, including, but not limited to, the Buffalo Police Department, the Buffalo Traffic Violations Agency, any of their respective predecessors and successors, and any of the employees, agents, consultants, representatives, or advisors of any of the foregoing.

5

INSTRUCTIONS

1.      Unless otherwise specified, the information requested in Schedule B is for the period from **January 1, 2013 to the present**.

2.      In responding to these Interrogatories, you shall answer each Interrogatory set forth below separately and completely in writing under oath on the basis of any and all information that is in your possession, custody, or control, or in the possession, custody, or control of any person acting on your behalf.  Your response shall be signed and verified by the person making it, and the objections signed by the attorney making them, as required by Federal Rule of Civil Procedure 33(b).

3.      If you object to any Interrogatory, specify (i) whether information is being withheld on the basis of the objection, and (ii) if any information is being provided notwithstanding the objection.  If you object to any Interrogatory only in part, specify the portion of the Interrogatory you deem objectionable and provide all information responsive to the remainder of the Interrogatory.  If the objection is based on a claim of privilege or immunity, see Instruction No. 4 below.

4.      If, in response to an Interrogatory, you represent that you are unable to respond to the Interrogatory in whole or in part, you shall provide a statement (i) identifying the portion(s) of the Interrogatory to which you are unable to respond, (ii) affirming that a diligent search and a reasonable inquiry has been made in an effort to comply with the Interrogatory, (iii) specifying whether the inability to comply is because the information sought has been destroyed, lost, misplaced, or stolen, or has been, and is no longer, in your possession, custody, or control, and (iv) identifying the name(s) and address(es) of each person known or believed to have possession, custody, or control of that information.

6

5.      If any information responsive to these Interrogatories or portion of the

Interrogatory is withheld or redacted by you under a claim of privilege or immunity, you shall

provide at least the information required by Local Civil Rule 26(d).

6.      Whenever necessary to bring within the scope of these Interrogatories information

that might otherwise be construed to be outside their scope: (i) the use of any verb in any tense

shall be construed as the use of that verb in all other tenses; and (ii) all date ranges shall be

inclusive of the first and last dates identified.

7.      If, in responding to these Interrogatories, you perceive any request, definition, or

instruction to be vague, ambiguous, or overbroad, your response shall set forth the matter

deemed vague, ambiguous, or overbroad; set forth the construction used in responding; and

respond in full to the best of your ability.

8.      These Interrogatories are continuing, thus you shall revise or supplement your

responses whenever new additional responsive information becomes known.

**Schedule B**

INTERROGATORIES

12.      Identify each Person who has worked as part of the BPD Traffic Unit and provide

his or her Employment History.

13.      Identify each Person who has worked as a BPD Crime Analyst, provide his or her

Employment History, and identify each Person to whom he or she reports or reported.

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2019, a true and correct copy of the foregoing

document was served on the following via electronic mail:

Robert E. Quinn
Assistant Corporation Counsel
65 Niagara Square, 11th Floor
Buffalo, New York 14202
(716) 851-4326
rquinn@city-buffalo.com

Dated: August 13, 2019

*/s/ Claudia Wilner*
Claudia Wilner
NATIONAL CENTER FOR LAW
AND ECONOMIC JUSTICE
275 Seventh Avenue, Suite 1506
New York, NY 10001
(212) 633-6967
wilner@nclej.org