# Exhibit 13

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**BLACK LOVE RESISTS IN THE RUST, et al.**

                  **Plaintiffs,**                  **RESPONSES TO PLAINTIFFS'**
                                    **SECOND SET OF INTERROGATORIES TO**
                    **-vs-**                      **DEFENDANT CITY OF BUFFALO, N.Y.**

**CITY OF BUFFALO, et al.**                   **Civil Action No.: 18-cv-719**

                **Defendants.**
_____

       Defendant, CITY OF BUFFALO ("City"), offers the following RESPONSES to Plaintiffs' "SECOND SET OF INTERROGATORIES TO DEFENDANT CITY OF BUFFALO, N.Y.", incorporating by reference all prior responses and objections thereto, based on information available as of the date prescribed herein:

## GENERAL OBJECTIONS

       1.     The City responds to each and every interrogatory subject to the general obligations set forth herein. These objections form a part of the response to each and every interrogatory and are set forth here to avoid duplication by restating them for each interrogatory and document request. These general objections may be specifically referred to in response to a certain interrogatory and document request for purpose of clarity.  However, the failure to specifically refer to a general objection is not and shall not be construed to be a waiver of any general objection, even if other general objections are specifically stated in response to an interrogatory and document request.

2.     The City objects to each of the interrogatories to the extent that they seek information and documents that seek materials prepared in anticipation of litigation or are subject to the attorney-client privilege, attorney work product doctrine, deliberative process privilege, law enforcement privilege, prosecutorial privilege, or any other applicable privilege, including but not limited to those set forth by statutes such as the New York State Civil Rights Law §§50-a and 50-b, New York Public Officers Law §86, the New York Social Services Law, the Health Insurance Portability And Accountability Act (HIPAA), and 18 NYCRR §357.1.

3.     The City objects to each of the interrogatories to the extent that they seek to impose upon Defendants any obligation beyond those imposed by the Federal Rules of Civil Procedure. The City objects to each of the interrogatories and to the preliminary statement, definitions, and instructions that accompany them, to the extent that they are not consistent with the Federal Rules of Civil Procedure and/or the Local Rules of Civil Procedure and/or attempt to impose requirements greater than those imposed by each or all of those rules. The City objects to these interrogatories to the extent that they seek to impose an obligation upon the defendant to collect an obtain information from any person or entity that is not a party to this action.

4.     The City objects to each of the interrogatories as being vague, ambiguous, overly broad; unduly, burdensome, oppressive, unlimited in time, scope or subject, and calling for unbounded discovery.

5.      The City objects to each of the interrogatories to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence or seek information material and necessary to the prosecution or defense of this action.

6.      The City reserves the right to challenge the competency, relevance, materiality and admissibility of, and to object on any grounds to, the use of information and/or documents provided hereby in any proceeding or trial of this or any other action.

7.      The City objects to the interrogatories insofar as they are argumentative and/or state or imply contested facts, circumstances, legal conclusions, and/or issues. The City's responses to these interrogatories shall not constitute any admission of any fact, issue, and/or legal conclusion.

8.      The City objects to any requests for original evidence, records, documents, and things; the City will not release original evidence or things to any party for discovery purposes but will provide a reasonable opportunity for appropriate viewing in the presence of all parties.

9.      The City expressly reserves the right to amend, supplement and/or correct the following interrogatory responses as appropriate.

10.      The City expressly reserves, and does not waive their right to seek appropriate relief pursuant to FRCP 26 and 33 and any other applicable law with respect to these interrogatories.

11.      The City objects to these interrogatories to the extent that they do not describe the documents or information sought with reasonable particularity.

12.     The City objects to these interrogatories to the extent that they seek information which is proprietary in nature.

### INTERROGATORY RESPONSES

**INTERROGATORY NO. 12: Identify each Person who has worked as part of the BPD Traffic Unit and provide his or her Employment History at the BPD.**

**OBJECTION:** The City objects to this interrogatory to the extent that it is overly broad, unduly burdensome, is not likely to result in the production of admissible evidence. The City also objects to this interrogatory to the extent that the phrase "worked as part of" is vague and ambiguous. The City additionally objects to this interrogatory in that it seeks irrelevant, personal, and confidential information not subject to disclosure in this civil action. The City specifically objects to the term "Employment History", as its defined the Plaintiffs' Interrogatories as overly broad and potentially seeking information and materials protected by Civil Rights Law §50-a.

**RESPONSE:** Without waiving these objections, upon information and belief, in an attempt to avoid an unnecessary discovery dispute and move this matter forward, the following individuals may be responsive to this demand:

- Lt. Kenneth Agee.  Hired August 1, 2008.
- PO Adolphus Barkur.  Hired January 18, 2008.
- PO Oscar Barretto.  Hired July 29, 1988.  Retired December 26, 2018.
- Lt. Richard Bartoszewicz.  Hired on January 26, 1989
- PO Michael Bass.  Hired on February 4, 1994.  Retired on July 31, 2018.
- PO Roberto Becerril.  Hired on August 1, 2008.
- Lt. Richard Bonarek.  Hired on August 6, 1986.  Retired on December 29, 2018.
- PO Kevin Brautlacht. Hired on July 30, 1993.
- PO Christopher Calloway.  Hired on March 1, 1988.
- PO Joseph Chojnacki.  Hired on August 5, 1994.

- Lt. David Ciepley.  Hired on February 4, 1994.
- PO Jonathan Clemons.  Hired on July 29, 1995.
- Capt. William Cusella. Hired on September 3, 1985.
- Lt. David Daniels.  Hired on September 15, 1995.
- PO Ronnie Daniels.  Hired on August 10, 1989.
- PO Robert Delaney.  Hired on February 4, 1994.
- PO Michael Divito.  Hired on August 6, 1996.
- PO Terence Dolan.  Hired on March 4, 1994.
- PO Joseph Donovan.  Hired on August 3, 2018.
- PO Michael Eason.  Hired on August 16, 1982.
- PO Scott Escobar.  Hired on February 2, 1987.  Retired on July 31, 2018.
- PO John Evans.  Hired on January 25, 2001.
- Lt. Darren Exum.  Hired on January 26, 2000.
- PO Thomas Feeney.  Hired on November 19, 2007.
- PO Eric Fuller.  Hired on January 25, 2001.
- PO Antoinette Garbacz.  Hired on September 15, 1995.
- Lt. Jeffrey Giallella.  Hired on July 31, 1997.
- PO Raymond Harrington.  Hired on January 16, 1998.
- PO Brandon Hawkins.  Hired on January 18, 2008.
- PO John Kaska.  Hired on August 6, 1996.
- PO Corey Krug.  Hired on July 21, 2000.
- Lt. Robert Lee.  Hired on August 6, 1996.
- Lt. Michael Long. Hired on July 31, 1997.
- PO John Lopez.  Hired on August 30, 1991.
- PO Richard Lopez.  Hired on March 24, 1986.
- Lt. Joseph Markowski. Hired on February 2, 1987.  Retired on December 27, 2017.
- PO Michael Martinez.  Hired on August 31, 1990.  Retired on August 31, 2018.
- PO Dorian McKnight.  Hired on March 4, 1994.  Retired on December 26, 2018.
- PO Arthur McCabe.  Hired on March 24, 1986.  Retired on May 31, 2018.
- Lt. George McLean.  Hired on February 4, 1994.  Retired on July 28, 2018.
- Lt. Peter Nigrelli.  Hired on July 31, 1997.
- PO David Obrien.  Hired on January 25, 2001.
- PO Timothy O'Neill.  Hired on July 29, 1995.
- PO Joseph Paolucci. Hired on September 19, 1995.
- Lt. David Piech.  Hired on February 4, 1994.
- PO John Poisson.  Hired on August 10, 1989.  Retired on May 31, 2018.
- PO Anthony Porzio.  Hired on March 1, 1988.  Retired on June 29, 2018.
- Lt. Michael Quinn.  Hired on January 30, 1997.  Retired on June 30, 2018.
- PO Karen Quinn-Higgins.  Hired on September 15, 1995.
- PO Jose Rivera.  Hired on November 4, 2016.
- PO David Rodriguez.  Hired on July 30, 1993.

- Lt. Aaron Salter.  Hired on January 26, 1989.  Retired on August 31, 2018.
- PO John Simonian.  Hired on March 1, 1988.
- PO Charles Skipper.  Hired on January 16, 1998.
- PO Mark Slawek.  Hired on August 30, 1991.
- PO Paul Sobkowiak.  Hired on July 23, 1998.
- PO Debra Strobele.  Hired on September 15, 1995.  Retired on March 31, 2018.
- PO Thomas Stroehlein. Hired on August 30, 1991.
- Lt. Micheal Sullivan.  Hired on January 25, 2001.
- PO Mark Testa.  Hired on August 27, 1986.  Retired on December 28, 2018.
- PO Edwin Torres.  Hired on February 2, 1987. Retired on December 27, 2018.
- PO Timothy Wagner.  Hired on January 25, 2001.
- Lt. Michael Walker.  Hired on January 18, 2008.
- PO Joseph Walters.  Hired on July 29, 1988.
- PO Kristin Weeks Russo.  Hired on July 23, 1998.
- PO Joseph Wendel.  Hired on January 18, 2008.
- PO Cleveland Wilson. Hired on January 30, 1997.
- PO David Wojtasik. Hired on January 18, 2008.
- PO Ernest Wright.  Hired on August 27, 1986.
- PO Thomas Zak.  Hired on November 19, 2007.

All individuals identified are, or were, City of Buffalo employees.  The City of Buffalo maintains an office at 1100 City Hall, 65 Niagara Sq., Buffalo, New York  14202.  Due to the size of the time period, and scope of the request, there may be additional individuals identified during discovery and the City will further supplement this response as needed.

**INTERROGATORY NO. 13: Identify each Person who has worked as part of the BPD Crime Analyst and provide his or her Employment History at the BPD.**

**OBJECTION:** The City objects to this interrogatory to the extent that it is overly broad, unduly burdensome, is not likely to result in the production of admissible evidence.  The City also objects to this interrogatory to the extent that the phrases "worked as part of" and "BPD Crime Analyst" as vague and ambiguous.  The City additionally objects to this interrogatory in that it seeks irrelevant, personal, and

6

confidential information not subject to disclosure in this civil action. The City specifically objects to the term "Employment History", as its defined the Plaintiffs' Interrogatories as overly broad.

**RESPONSE:** Without waiving these objections, upon information and belief, in an attempt to avoid an unnecessary discovery dispute and move this matter forward, the following individuals may be responsive to this demand:

- Kathleen Marciano. Hired on August January 10, 1983. Retired on January 30, 2016.
- Tracy Masiello. Hired on July 14, 2008.

Dated: September 12, 2019
        Buffalo, New York

                                TIMOTHY A. BALL, ESQ.
                                Corporation Counsel


                                /s/Robert E. Quinn
                                By: Robert E. Quinn
                                65 Niagara Square - 1103 City Hall
                                Buffalo, NY 14202
                                Tel.: (716) 851-4326
                                rquinn@ch.ci.buffalo.ny.us


TO:    WESTERN NEW YORK LAW CENTER
       Attn.: Joseph Keleman, Keisha Williams
       37 Franklin Street, Second Floor
       Buffalo, New York  14202

       Claudia Wilner, Esq.
       NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE
       275 Seventh Avenue, Suite 1506
       New York, NY  10001

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BLACK LOVE RESISTS IN THE RUST, et al.

   Plaintiffs,

            CERTIFICATE OF SERVICE

    -vs-

            Civil Action No.: 18-cv-719

CITY OF BUFFALO, et al.

   Defendants.
_____

   I, Robert E. Quinn, hereby certify that on September 12, 2019, the annexed document was electronically served on Counsel for the Plaintiffs in this case:

Claudia Wilner, Esq.
NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE
275 Seventh Avenue, Suite 1506
New York, NY  10001
wilner@nclej.org

I certify under penalty of perjury that the foregoing is true and correct.

Dated: September 12, 2019
   Buffalo, New York

           TIMOTHY A. BALL, ESQ.
           Corporation Counsel


           */s/Robert E. Quinn*
           By: Robert E. Quinn
           65 Niagara Square - 1103 City Hall
           Buffalo, NY 14202
           Tel.: (716) 851-4326
           rquinn@ch.ci.buffalo.ny.us