# Exhibit 17

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**BLACK LOVE RESISTS IN THE RUST, et al.**

**Plaintiffs,**

**-vs-**

**CITY OF BUFFALO, et al.**

**Defendants.**

---

**RESPONSES TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION TO DEFENDANT CITY OF BUFFALO, N.Y.**

**Civil Action No.: 18-cv-719**

Defendant, CITY OF BUFFALO ("City") offer the following in response to "PLAINTIFFS' AMENDED THIRD SET OF REQUESTS FOR PRODUCTION TO DEFENDANT CITY OF BUFFALO, N.Y." based on information available as of the date prescribed herein.

**GENERAL OBJECTIONS**

1. The City responds to each and every document request subject to the general objections set forth herein. These objections form a part of the response to each and every document request and are set forth herein to avoid duplication by restating them for each document request. These general objections may be specifically referred to in response to a certain document request for the purpose of clarity. However, the failure specifically to refer to a general objection is not and shall not be construed to be a waiver of any general objection, even if other general objections are specifically stated in response to a document request.

2. The City objects to each of the requests to the extent that they seek information and documents that they seek materials prepared in anticipation of litigation or are subject to the attorney-client privilege, attorney work product doctrine, deliberative process privilege, law enforcement privilege, prosecutorial privilege, or any other applicable privilege, including but not limited to those set forth by statutes such as the New York State Civil Rights Law §§50-a and 50-b, New York Public Officers Law §86, the New York Social Services Law, the Health Insurance Portability And Accountability Act (HIPAA), and 18 NYCRR §357.1.

3 . The City objects to each of the requests to the extent that they seek to impose upon Defendants any obligation beyond those imposed by the Federal Rules of Civil Procedure. The City objects to each of the requests and to the preliminary statement, definitions, and instructions that accompany them, to the extent that they are not consistent with the Federal Rules of Civil Procedure and/or the Local Rules of Civil Procedure and/or attempt to impose requirements greater than those imposed by each or all of those rules. The City objects to these requests to the extent that they seek to impose an obligation upon the Defendant to collect an obtain information from any person or entity that is not a party to this action.

4. The City objects to each of the document requests to the extent they are vague, ambiguous, overbroad, unduly burdensome, oppressive, unlimited in time, scope or subject, call for unbounded discovery, and/or do not describe the documents sought with reasonable particularity.

5. The City objects to each of the document requests to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence or seek information material and necessary to the prosecution or defense of this action.

6. The City objects to each of the document requests to the extent that they seek information not in the possession of the Defendants or their agents/employees.

7. The City reserves the right to challenge the competency, relevance, materiality and admissibility of, and to object on any grounds to, the use of the information and/or documents provided hereby in any proceeding or trial of this or any other action.

8. The City objects to the document requests insofar as they state or imply contested facts, circumstances, legal conclusions, issues, events or circumstances. The City's responses to these document requests shall not constitute any admission of any fact, event, circumstance, issue, or legal conclusion.

9. The City objects to any requests for original evidence, records, documents, and things; the City will not release original evidence or things to any party for discovery purposes but will provide a reasonable opportunity for appropriate viewing in the presence of all parties.

10. The City expressly reserves the right to amend and supplement the following responses and document requests with respect to additional information, material, and documents supplied or obtained in the course of discovery herein.

11. The City objects to these document requests to the extent that they seek information which is proprietary in nature.

## RESPONSES TO DOCUMENT REQUESTS

**REQUEST NO. 74: All documents, including but not limited to Special Orders, from January 2011 to the present relating to transfers of BPD officers to the Strike Force, Housing Unit, and Traffic Unit of the BPD.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB009967-COB010000 which have previously been provided, and the documents bates number COB010001-COB010008 provided herewith, which may be responsive to this request, and will supplement this response if and when additional documents or communications are located.

**REQUEST NO. 75: All documents, including but not limited to Special Orders, from February and March 2018 relating to transfers of BPD officers from the Strike Force to other Units of the BPD.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the previously provided document bates numbered COB009993, which may be responsive to this request, and will supplement this response if and when additional documents or communications are located.

**REQUEST NO. 76: All documents and communications from 2011 to the present between the City and/or the BPD and the United States Department of Justice relating to the BPD, including but not limited to grant applications and grant reports.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the attorney-client privilege, and/or attorney work-product privileges.

**REQUEST NO. 77: All documents and communications from or to all BPD Crime Analysts relating to the relationship, if any, between traffic enforcement and crime rates.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges. The City specifically further objects in that the phrase "from or to all BPD Crime Analysts relating to the relationship, if any, between traffic enforcement and crime rates" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 78: All documents and communications from or to all BPD Crime Analysts relating to the relationship, if any, between checkpoints and crime rates.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the attorney-client privilege, and/or attorney work-product privileges. The City specifically further objects in that the phrase "from or to all BPD Crime Analysts relating to the relationship, if any, between checkpoints and crime rates" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 79: All documents concerning citizen complaints received, reviewed, and/or investigated by the City of Buffalo Commission on Citizens' Rights and Community Relations concerning:**

**(a) racial, ethnic, and/or national origin discrimination by BPD and/or BPD personnel;**

**(b) BPD Checkpoints;**

**(c) BPD traffic stops and/or other BPD traffic enforcement practices;**

**(d) traffic tickets, fines, and fees; and**

**(e) the BTVA**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, and is not likely to result in the production of admissible evidence.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents at this time.

**REQUEST NO. 80: All documents concerning and/or reflecting communications between the Commission on Citizens' Rights and Community Relations and the BPD concerning the complaints referenced in Request for Production No. 79.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents at this time.

**REQUEST NO. 81: All documents relating to policies, procedures, protocols, directives, guidelines, standards, rules, regulations, orders, forms, and/or instructions concerning the filing, receiving, processing, tracking, transmittal, sharing, investigation, and resolution of the complaints referenced in Request for Production No. 79.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, and is not likely to result in the production of admissible evidence.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents at this time.

**REQUEST NO. 82: All documents relating to policies, procedures, protocols, directives, guidelines, standards, rules, regulations, orders, forms, and/or instructions concerning the communications referenced in Request for Production No. 80.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, and is not likely to result in the production of admissible evidence.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents at this time.

**REQUEST NO. 83: All documents relating to assessments, evaluations, investigations, reviews, reports, and/or recommendations conducted and/or issued by the Commission on Citizens' Rights and Community Relations concerning:**

**(a) incidents and/or patterns of racial, ethnic and/or national original discrimination by the BPD and/or BPD personnel;**

**(b) Checkpoints**

**(c) BPD traffic stops and/or other traffic enforcement practices;**

**(d) traffic tickets, fines and fees;**

**(e) the BTVA;**

**(f) BPD training programs in community relations and respect for citizens' rights; and**

**(g) BPD standards and procedures for investigating, acting upon, and resolving police misconduct complaints**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, Civil Rights Law §50-a, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges. The City specifically further objects in that the phrase "assessments, evaluations, investigations, reviews, reports, and/or recommendations conducted and/or issued by the Commission on Citizens' Rights and Community Relations" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents at this time.

**<u>REQUEST NO. 84</u>: All documents concerning or reflecting the agendas and/or minutes of meetings of the Commission on Citizens' Rights and Community Relations at which any of the topics set forth in Request for Production Nos. 83 (a)-(g) were discussed.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, and is not likely to result in the production of admissible evidence.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents at this time.

Dated: September 25, 2019
Buffalo, New York

TIMOTHY A. BALL, ESQ.
Corporation Counsel

*/s/Robert E. Quinn*
By: Robert E. Quinn
65 Niagara Square - 1103 City Hall
Buffalo, NY 14202
Tel.: (716) 851-4326
rquinn@ch.ci.buffalo.ny.us

TO: NCLEJ
Attn.: Claudia Wilner, Esq.
275 Seventh Avenue, Suite 1506
New York, NY 10001
wilner@nclej.org

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**BLACK LOVE RESISTS IN THE RUST, et al.**

**Plaintiffs,**

**-vs-**

**CITY OF BUFFALO, et al.**

**Defendants.**

---

**CERTIFICATE OF SERVICE**

**Civil Action No.: 18-cv-719**

I, Robert E. Quinn, hereby certify that on September 25, 2019, the annexed document was electronically served on Counsel for the Plaintiffs in this case:

Claudia Wilner, Esq.
NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE
275 Seventh Avenue, Suite 1506
New York, NY 10001
wilner@nclej.org

I certify under penalty of perjury that the foregoing is true and correct.

Dated: September 25, 2019
Buffalo, New York

TIMOTHY A. BALL, ESQ.
Corporation Counsel

*/s/Robert E. Quinn*
By: Robert E. Quinn
65 Niagara Square - 1103 City Hall
Buffalo, NY 14202
Tel.: (716) 851-4326
rquinn@ch.ci.buffalo.ny.us