# Exhibit 20

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                        :

BLACK LOVE RESISTS IN THE RUST, et al.,   :

                                    Plaintiffs,   :

        v.                                           :    Case No. 1:18-cv-00719-CCR

CITY OF BUFFALO, N.Y., et al.,             :

                                  Defendants.   :

------------------------------------------------------------ X

## PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Black Love Resists in the Rust, Dorethea Franklin, Taniqua Simmons, De'Jon Hall, and Jane Doe (collectively, "Plaintiffs"), by their undersigned attorneys, hereby serve the following Fourth Set of Requests for Production of Documents ("Requests") upon each defendant. Plaintiffs request that, within thirty (30) days of service of these Requests, or on a date mutually agreed to by the parties, each defendant make available for inspection and copying the documents described in Schedule B, in accordance with the definitions and instructions set forth in Schedule A, at the offices of the Western New York Law Center, 237 Main Street, Suite 1130, Buffalo, NY 14203. Plaintiffs reserve the right to serve additional Requests as discovery progresses.

Dated: May 12, 2020

*/s/ Darius Charney*
Baher Azmy
Darius Charney
A. Chinyere Ezie
Brittany Thomas
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6439
bazmy@ccrjustice.org
dcharney@ccrjustice.org
cezie@ccrjustice.org
bthomas@ccrjustice.org

*/s/ Claudia Wilner*
Claudia Wilner
Britney Wilson
Edward P. Krugman
NATIONAL CENTER FOR LAW
AND ECONOMIC JUSTICE
275 Seventh Avenue, Suite 1506
New York, NY 10001
Tel: (212) 633-6967
wilner@nclej.org
wilson@nclej.org
krugman@nclej.org

*/s/ Keisha A. Williams*
Joseph Keleman
Keisha Williams
WESTERN NEW YORK LAW CENTER
37 Franklin Street, Suite 210
Buffalo, NY 14202
Tel: (716) 828-8415
Fax: (716) 270-4005
jkeleman@wnylc.com
kwilliams@wnylc.com

**SCHEDULE A**

<u>DEFINITIONS</u>

1.      The Uniform Definitions for all Discovery Requests set forth in Local Civil Rule 26(c) of the Local Rules of Civil Procedure of the United States District Court for the Western District of New York (the "Local Civil Rules") apply to these Requests, including without limitation the definitions and instructions set forth below:

      a.     The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data compilations.[1] A draft or non-identical copy is a separate document within the meaning of this term.

      b.     The term "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

      c.     When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subsection, only the person's name need be listed in response to subsequent discovery requesting the identification of that person.

---

[1] Fed. R. Civ. P. 34(a) further references "documents or electronically stored information— including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form" and "any designated tangible things." *Id.* 34(a)(A)–(B).

3

    d.    When referring to documents, "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipients(s).

    e.    The terms "Plaintiff(s)" and "Defendant(s)," as well as a party's full or abbreviated name or a pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

    f.    The term "Person" is defined as any natural person or any business, legal or governmental entity, or association.

    g.    The term "concerning" means relating to, referring to, describing, evidencing or constituting.

    h.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    i.    The use of the singular form of any word includes the plural and vice versa.

2.    In addition, the following definitions and constructions apply:

    a.    "All" means "any and all" and "any" means "any and all."

    b.    "Refer," "relate," or "reflect" means all Documents that comprise, evidence, concern, constitute, describe, explicitly or implicitly refer to, were reviewed in conjunction with, or were generated as a result of the

4

       subject matter of the Request, including, but not limited to all Documents that reflect, record, memorialize, discuss, evaluate, consider, review, or report the subject matter of the Request.

   c. The term "including" as used herein means including without limitation.

  3. The term "BMHA" means the Buffalo Municipal Housing Authority including its divisions, departments, employees, officers, contractors, and agents.

  4. The term "BPD" means the Buffalo Police Department, including its officers, supervisors, commanders, captains, chiefs, units, departments, districts, divisions, bureaus, task forces, squads, sections, employees, contractors, and agents.

  5. The term "BPVA" means the Buffalo Parking Violations Agency including its divisions, departments, employees, officers, contractors, and agents.

  6. The term "Crackdown and High Visibility Interventions" is defined as the term appears in the document entitled *City of Buffalo 2019 Justice Assistance Award Grant GMS Application Number 2019-H3477-NY-DJ Grant Narrative*.

  7. The term "DOJ" means the U.S. Department of Justice, including its divisions, departments, employees, officers, contractors, and agents.

  8. The term "Erie Crime Analysis Center" or "ECAC" means the Erie Crime Analysis Center including its divisions, departments, employees, officers, contractors, and agents.

  9. The term "Federal Grants" means any federal grant or funding programs for which the City or BPD are an applicant, including without limitation Edward Justice Assistant Grants ("JAG") and Project Safe Neighborhoods Grants.

10. The term "Hot Spot" means areas that have been designated "hot spots" as the term appears in the document entitled *City of Buffalo 2019 Justice Assistance Award Grant GMS Application Number 2019-H3477-NY-DJ Grant Narrative.*

11. The term "Housing Unit" means the Housing Unit of the BPD, including its officers, supervisors, commanders, units, departments, divisions, bureaus, task forces, squads, sections, employees, and agents.

12. The term "Strike Force" means the Strike Force Unit of the BPD, including its officers, supervisors, commanders, units, departments, divisions, bureaus, task forces, squads, sections, employees, and agents.

13. The term "Traffic Unit" means the BPD's Division of Traffic Services, including any other organizational unit serving a similar or identical function but previously or subsequently having another name.

14. The term "Defendants" "You" or "Your" means Defendant City of Buffalo, N.Y., Defendant Byron B. Brown, Mayor of the City of Buffalo, in his individual and official capacities, Defendant Byron C. Lockwood, Defendant Commissioner of the Buffalo Police Department, in his individual and official capacities, Defendant Daniel Derenda, former Commissioner of the Buffalo Police Department, in his individual capacity, Defendant Aaron Young, Kevin Brinkworth, Defendant Philip Serafini, and Defendant Robbin Thomas, and any Person or entity acting on their behalf on under their control, including, but not limited to, any of their employees, agents, consultants, representatives, or advisors, and any and all of their respective predecessors and successors.

15. The term "VLT" means the New York State Vehicle and Traffic Law (VAT), and accompanying regulations.

INSTRUCTIONS

1.      Unless otherwise specified, the time period applicable to these Requests is **January 1, 2013 to the present**.

2.      Any Request seeking the production of Documents should be construed as a request for Documents and Communications, as those terms are defined in Local Rule 26(c)(3).

3.      In responding to these Requests, You must produce all responsive Documents and Communications that are in Your possession, custody, or control, or in the possession, custody, or control of any person acting on Your behalf. All Documents and Communications that respond, in whole or in part, to any portion of any of these Requests shall be produced in their entirety, without abbreviation or redaction.

4.      In responding to these Requests, You must produce all responsive Documents and Communications available at the time of production, and You must supplement Your responses as required by Federal Rule of Civil Procedure 26(e).

5.      If You find that any term is ambiguous, You should define the term as You understand it, provide a response using that definition, and include Your definition in Your response.

6.      Each Request shall be construed according to its own terms in accordance with these Definitions and Instructions. Although there may be some overlap, no Request should be understood to limit any other.

7.      Plaintiffs request that You produce responsive Documents and Communications on a rolling basis as Documents and Communications are identified and made ready for production.

8. Non-ESI Documents and Communications shall be produced as required by Federal Rules of Civil Procedure 34(b)(2)(E)(i). Regardless of the option under Rule 34(b)(2)(E)(i) that is selected for production, the file location from which every Non-ESI Document was produced and the Custodian of every non-ESI Document must be identified.

9. Identical copies of non-ESI Documents that exist in separate file locations must be produced separately, but multiple identical copies in the same file location need only be produced once.

10. Absent a stipulation by all the Parties that expressly supersedes these instructions, You shall produce all Documents and Communications responsive to these Requests as follows:

   a. Color Documents. Photographs, color brochures, color emails, and Documents and Communications that are in color shall be scanned or converted to JPEG files at 300 d.p.i. You will honor reasonable requests for either the production of the original document for inspection and copying or production of any color image of the document, thing or ESI. All images shall be saved in a directory named IMAGES.

   b. Black and White Documents. Documents and Communications that can be accurately represented in black and white (including emails, other forms of ESI, and hardcopy paper materials) shall be scanned or converted to single page Tagged Image File Format ("TIFF" or ".tiff format") files, using CCITT Group IV compression. All images shall be scanned or converted at 300 d.p.i. and reflect, without visual degradation, the full and complete information contained on the original document.

c. <u>Spreadsheets and Presentations.</u> Spreadsheets (e.g., Excel, Quattropro, or .csv) and presentations (e.g., Powerpoint) shall be produced in native form. In the event that You need to redact a portion of a Document or Communication for which only a native file is being produced, You will meet and confer with Plaintiffs regarding its production. Spreadsheets and presentations should not be imaged, but a single-page TIFF placeholder file must be included to represent the spreadsheet or presentation. Native files shall be saved in a directory named NATIVE with the proper Windows associated extension.

d. <u>Video, Audio, Databases, and Proprietary Files.</u> You will meet and confer with Plaintiffs regarding the production of video, audio, databases, and any proprietary file formats (non-Microsoft or Corel Suite compatible files).

e. <u>Other Files.</u> Other electronic Documents and Communications not specifically discussed above will be produced as single page Tagged Image File Format ("TIFF" or ".tiff format") files, using CCITT Group IV compression with related text files as described above.

f. <u>Bates Numbering.</u> You will produce all imaged Documents and Communications with a legible, unique page identifier ("Bates Number") electronically "burned" onto the image in the lower right hand corner or at a location that does not obliterate, conceal, or interfere with any information from the source document. The Bates numbering convention shall be in the format "X########" where "X" represents the short character abbreviation for relevant Defendant and "########" represents the eight-digit sequential number of the page being produced by that Defendant. Documents produced by Defendants shall be

9

abbreviated consistently, e.g., "BPD" for all Documents produced by the Buffalo Police Department and thus be labeled as "BPD########," proceeding sequentially. Images shall be named as the [Bates Number].tif or [Bates Number].jpg. Native files shall be named as [Bates Number].ext.

g. <u>Metadata.</u> Where the metadata exists in connection with any responsive Documents and Communications (including emails, other forms of ESI, and hardcopy paper materials), You shall provide it to Plaintiffs as a "load file" containing Custodian, All Custodians (i.e., the name(s) of the person(s), in addition to the Custodian, from whose files the item would have been produced if it had not been de-duplicated), Folder/File Path, Email Subject, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Filename, Author, Date Created, Date Modified, Time Created, Time Modified, MD5 Hash, File Size, File Extension, Control Number Begin, Control Number End, Attachment Begin, and Attachment End (or the equivalent thereof). The load file shall be provided in a directory named DATA, in a Concordance .DAT file format with standard delimiters. You will not include Optical Character Recognition (OCR)/extracted text in the .DAT file.

h. <u>Documents Containing Fixed Notes.</u> For Documents and Communications that contain fixed notes (*e.g.*, post-it notes), the pages will be scanned both with and without the notes. Those pages will be treated as part of the same document.

i. <u>Related Documents.</u> Documents and Communications responsive to these Requests shall be produced together with any and all drafts, non-identical copies, and parent or children files (*e.g.*, cover letters/emails, attachments, archive files

such as zip, files with embedded Documents or Communications, enclosures, Documents and Communications in a binder or folder). All such Documents and Communications shall be produced as separate files, but be assigned the same attachment range as a way of identifying the parent-child relationship. Documents and Communications attached to each other, including by staple, clip, tape, or maintained together in physical folders or binders, shall also be treated as related documents for purposes of this paragraph, and any labels, text, or markings on the folder or binder must be scanned and produced.

j. Duplicates: Identical copies of ESI files (excluding drafts, markups, alternate versions, etc.) need only be produced once. You will provide MD-5 hash values for Documents and Communications that exist as native ESI files. MD-5 hash values will be calculated at the time of processing for all categories of ESI.

k. Image Cross Reference File. You shall produce an "image cross reference file" in Concordance Opticon .log format, to accompany any produced images. The image cross reference file shall provide the Bates Numbers, relative path to images, and document break indicators. The image cross reference file shall be provided in a directory named DATA.

l. Corresponding Text Files. For electronic Documents and Communications that exist as native files and do not require redaction, You shall produce extracted text files reflecting the full text that was electronically extracted from the native file, regardless of whether the document is being produced in native form. For all Documents and Communications which are scanned hard-copies or native files that require redaction or for which text is not available (*e.g.*, graphic files and

some PDFs), You will produce corresponding OCR text files, regardless of whether the document is being produced in native form. The OCR and extracted text files shall be produced in ASCII text format and shall be labeled and produced on Production Media in accordance with the specifications below. These text files will be named with the unique Bates Number of the first page of the corresponding document followed by the extension ".txt." The OCR and extracted text files shall be produced in a manner suitable for importing the information into Concordance. OCR and extracted text files shall be saved in a directory named TEXT. All Documents should have an accompanying text file even if zero size.

m. <u>Production Media.</u> You may produce Documents and Communications to Plaintiffs using FTP, CD-ROM, DVD, or external hard drive (the "Production Media"), depending on the volume of the production. Each piece of Production Media shall identify a production number corresponding to the production "wave" and a number of the volume of material in the wave. For example, if Your first production comprises document images on three hard drives, You shall label each hard drive in the following manner in numeric sequence: "001.001"; "001.002"; "001.003." If the second production comprises three DVDs, You shall label each DVD in the following manner in numeric sequence: "002.001"; 002.002"; "002.003." Additional information that shall be identified on the physical Production Media includes: (1) the case number, (2) relevant Defendant's name, and (3) the production date. The type of materials on the media (*e.g.*, "Documents", "OCR Text", etc.) and the Bates Number range(s) of the materials

on the Production Media shall also be contained on the Production Media, or where not practicable to do so, may be provided in an accompanying letter. Production Media shall be encrypted, with the password provided to Plaintiffs by email.

n. <u>Encryption.</u>  You shall remove encryption or password protection of any file or locate and provide the passwords to Plaintiffs. If non-standard software is required to open encrypted files, You must provide the software.

o. <u>Native Files.</u>  Plaintiffs reserve the right to request native versions of imaged documents.

11. You shall produce responsive Documents and Communications as they have been kept in the usual course of business or organize and label them to correspond with the enumerated Requests in this demand.

12. You will meet and confer with Plaintiffs as soon as practicable regarding search processes and criteria (such as date ranges, custodians, search locations, key words, etc.) to identify responsive Documents and Communications in advance of Your deadline to respond to these Requests so as to facilitate the expeditious production of responsive Documents and Communications.

13. If there are no responsive Documents or Communications for a particular Request or part of a Request, You will state so in writing.

14. Whenever Documents or Communications are not produced in full or are produced in redacted form, so indicate on the Document or Communication, state with particularity the reason or reasons it is not being produced, and describe with particularity those portions of the Document or Communication not being produced.

15. To the extent that You object to any Request herein, specify (i) whether Documents and Communications are being withheld on the basis of the objection, and (ii) if any Documents and Communications are being produced notwithstanding the objection. If You object to any Request herein only in part, specify the portion of the Request You deem objectionable and produce all Documents and Communications responsive to the remainder of the Request.

16. If You withhold any Document or Communication on grounds of attorney-client privilege, work product, or any other claim of immunity from discovery, then provide a privilege log including at least the information required by Local Civil Rule 26(d), as well as (a) the name, address, occupation, title, and business affiliation of each person who prepared, received, viewed, and has or has had possession, custody, or control of the document, (b) a statement of the basis upon which the privilege or work product claim is made, and (c) the paragraph(s) of this Request that call for its production.

17. Whenever necessary to bring within the scope of these Requests Documents or Communications that might otherwise be construed to be outside their scope: (i) the use of any verb in any tense shall be construed as the use of that verb in all other tenses; and (ii) all date ranges shall be inclusive of the first and last dates identified.

**SCHEDULE B**

REQUESTS FOR PRODUCTION

85. Documents concerning any racial and ethnic bias training conducted by the City and/or BPD in connection with any Federal Grants including copies of training materials, attendance sheets, metrics, and/or reports submitted to the DOJ.

86. Documents sufficient to identify any and all areas that have been designated Hot Spots by Defendants, including exact location information and the dates that such designations applied.

87. Documents concerning any Crackdown and High Visibility Interventions conducted by the City and/or the BPD, including the date, time, and location of any such interventions.

88. Copies of any crime data, hot spot mapping, daily reports, trends and pattern data concerning the City generated by the Erie Crime Analysis Center.

89. Copies of any directives issued by Defendants concerning the towing and impound of vehicles, or the issuance of fines and fees related to parking, traffic enforcement, and VLT violations.

90. Documents describing any and all activities conducted by the City and/or BPD pursuant to a Federal Grant, including copies of any reports submitted in conjunction with JAG Grants and Project Safe Neighborhoods Grants.

91. Electronic compilations of data on all citations issued by the BPD for violations of the VTL to any automobile that, at the time of issuance of the citation, was parked, unoccupied, or not being operated, including the date, time, location, nature of the VLT violation, and amount of each citation.

92. Copies of all citations for violations of the VTL issued by the BPD to automobiles that, at the time of ticketing, were parked in lots owned, operated, or maintained by the BMHA.

93. Documents concerning the BPVA's adjudication of tickets or citations of the VLT issued by the BPD to automobiles that, at the time of ticketing, were parked in lots owned, operated, or maintained by the BMHA.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 12, 2020, a true and correct copy of the foregoing document was served on the following via electronic mail:

Robert E. Quinn
Assistant Corporation Counsel
65 Niagara Square, 11th Floor
Buffalo, New York 14202
(716) 851-4326
rquinn@city-buffalo.com

Dated: May 12, 2020

                                            */s/ A. Chinyere Ezie*
                                            A. Chinyere Ezie
                                            CENTER FOR CONSTITUTIONAL RIGHTS
                                            666 Broadway, 7th Floor
                                            New York, NY 10012
                                            (212) 614-6475
                                            cezie@ccrjustice.org