# Exhibit 21

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**BLACK LOVE RESISTS IN THE RUST, et al.**

          **Plaintiffs,**   **RESPONSES TO PLAINTIFFS' FOURTH**
                                         **SET OF REQUESTS FOR PRODUCTION TO**
          **-vs-**   **DEFENDANT CITY OF BUFFALO, N.Y.**

**CITY OF BUFFALO, et al.**   Civil Action No.: 18-cv-719

          **Defendants.**

---

Defendants ("Defendants") offer the following in response to "PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS" based on information available as of the date prescribed herein.

## GENERAL OBJECTIONS

1. The Defendants respond to each and every document request subject to the general objections set forth herein. These objections form a part of the response to each and every document request and are set forth herein to avoid duplication by restating them for each document request. These general objections may be specifically referred to in response to a certain document request for the purpose of clarity. However, the failure specifically to refer to a general objection is not and shall not be construed to be a waiver of any general objection, even if other general objections are specifically stated in response to a document request.

2. The Defendants object to each of the requests to the extent that they seek information and documents that they seek materials prepared in anticipation of litigation

or are subject to the attorney-client privilege, attorney work product doctrine, deliberative process privilege, law enforcement privilege, prosecutorial privilege, or any other applicable privilege, including but not limited to those set forth by statutes such as the New York State Civil Rights Law §§50-a and 50-b, New York Public Officers Law §86, the New York Social Services Law, the Health Insurance Portability And Accountability Act (HIPAA), and 18 NYCRR §357.1.

3. The Defendants object to each of the requests to the extent that they seek to impose upon Defendants any obligation beyond those imposed by the Federal Rules of Civil Procedure. The Defendants object to each of the requests and to the preliminary statement, definitions, and instructions that accompany them, to the extent that they are not consistent with the Federal Rules of Civil Procedure and/or the Local Rules of Civil Procedure and/or attempt to impose requirements greater than those imposed by each or all of those rules. The Defendants object to these requests to the extent that they seek to impose an obligation upon the Defendant to collect an obtain information from any person or entity that is not a party to this action.

4. The Defendants object to each of the document requests to the extent they are vague, ambiguous, overbroad, unduly burdensome, oppressive, unlimited in time, scope or subject, call for unbounded discovery, and/or do not describe the documents sought with reasonable particularity.

5. The Defendants object to each of the document requests to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence or seek information material and necessary to the prosecution or defense of this action.

6. The Defendants object to each of the document requests to the extent that they seek information not in the possession of the Defendants or their agents/employees.

7. The Defendants reserve the right to challenge the competency, relevance, materiality and admissibility of, and to object on any grounds to, the use of the information and/or documents provided hereby in any proceeding or trial of this or any other action.

8. The Defendants object to the document requests insofar as they state or imply contested facts, circumstances, legal conclusions, issues, events or circumstances. The Defendants' responses to these document requests shall not constitute any admission of any fact, event, circumstance, issue, or legal conclusion.

9. The Defendants object to any requests for original evidence, records, documents, and things; the Defendants will not release original evidence or things to any party for discovery purposes but will provide a reasonable opportunity for appropriate viewing in the presence of all parties.

10. The Defendants expressly reserve the right to amend and supplement the following responses and document requests with respect to additional information, material, and documents supplied or obtained in the course of discovery herein.

11. The Defendants object to these document requests to the extent that they seek information which is proprietary in nature.

## RESPONSES TO DOCUMENT REQUESTS

**REQUEST NO. 85: Documents concerning and racial and ethnic bias training conducted by the City and/or BPD in connection with any Federal Grants including copies of training materials, attendance sheets, metrics, and/or reports submitted to the DOJ.**

**OBJECTION:** The Defendants object to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the attorney-client privilege, and/or attorney work-product privileges. The Defendants also object to the extent that the demand seeks information beyond that allowed for in a request for production and is more akin to an interrogatory.

**REQUEST NO. 86: Documents sufficient to identify any and all areas that have been designated Hot Spots by Defendants, including exact location information and the dates that such designations applied.**

**OBJECTION:** The Defendants object to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the attorney-client privilege, and/or attorney work-product privileges. The Defendants also object to the extent that the demand seeks information beyond that allowed for in a request for production and is more akin to an interrogatory.

**REQUEST NO. 87**: Documents concerning any Crackdown and High Visibility Interventions conducted by the City and/or the BPD, including the date, time, and location of any such intervention.

**OBJECTION:** The Defendants object to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the attorney-client privilege, and/or attorney work-product privileges. The Defendants also object to the extent that the demand seeks information beyond that allowed for in a request for production and is more akin to an interrogatory.

**REQUEST NO. 88**: Copies of any crime data, hot spot mapping, daily reports, trends and pattern data concerning the City generated by the Erie Crime Analysis Center.

**OBJECTION:** The Defendants object to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the Defendants are not aware of any responsive documents or communications at this time.

**REQUEST NO. 89**: Copies of any directives issued by Defendants concerning the towing and impound of vehicles, or the issuance of fines and fees related to parking, traffic enforcement, and VLT violations.

**OBJECTION:** The Defendants object to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the attorney-client privilege, and/or attorney work-product privileges. The Defendants specifically further objects in that the term "directives" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the Defendants are not aware of any responsive documents or communications at this time.

**REQUEST NO. 90**: Documents describing any and all activities conducted by the City and/or BPD pursuant to a Federal Grant, including copies of any reports submitted in conjunction with JAG Grants and Project Safe Neighborhood Grants.

**OBJECTION:** The Defendants object to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges. The Defendants also object to the extent that the demand seeks information beyond that allowed for in a request for production and is more akin to an interrogatory.

6

**REQUEST NO. 91:** Electronic compilations of data on all citations issued by the BPD for violations of the VTL to any automobile that, at the time of issuance of the citation, was parked, unoccupied, or not being operated, including the date time, location, nature of the VLT violation and amount of each citation.

**OBJECTION:** The Defendants object to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges. The Defendants specifically further objects in that the phrase and terms "at the time of issuance of the citation, was parked, unoccupied, or not being operated" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations. The Defendants also object to the extent that the demand seeks information beyond that allowed for in a request for production and is more akin to an interrogatory.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the Defendants are not aware of any responsive documents at this time.

**REQUEST NO. 92:** Copies of all citations for violations of the VTL issued by the BPD to automobiles that, at the time of ticketing, were parked in lots owned, operated, or maintained by the BMHA.

**OBJECTION:** The Defendants object to this request insofar as it is overly broad, burdensome, vague, and is not likely to result in the production of admissible evidence.

The Defendants specifically further objects in that the phrases and terms "copies of all citations" and "parked in lots owned, operated, or maintained by the BMHA" are vague, confusing, undefined, and potentially subject to multiple meanings and interpretations. The Defendants also object to the extent that the demand seeks information beyond that allowed for in a request for production and is more akin to an interrogatory.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the Defendants are not aware of any responsive documents at this time.

**REQUEST NO. 93:** **Documents concerning the BPVA's adjudication of tickets or citations of the VLT issued by the BPD to automobiles that, at the time of the ticketing, were parked in lots owned operated, or maintained by the BMHA.**

**OBJECTION:** The Defendants object to this request insofar as it is overly broad, burdensome, vague, and is not likely to result in the production of admissible evidence. The Defendants specifically further object in that the phrases and terms "concerning the BPVA's adjudication of tickets or citations" and "parked in lots owned, operated, or maintained by the BMHA" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations. The Defendants also object to the extent that the demand seeks information beyond that allowed for in a request for production and is more akin to an interrogatory.

8

**RESPONSE:**  Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents at this time.

Dated: June 11, 2020
       Buffalo, New York

                                            TIMOTHY A. BALL, ESQ.
                                            Corporation Counsel

                                            */s/Robert E. Quinn*
                                            By: Robert E. Quinn
                                            65 Niagara Square - 1103 City Hall
                                            Buffalo, NY 14202
                                            Tel.: (716) 851-4326
                                            rquinn@ch.ci.buffalo.ny.us

TO:    NCLEJ
          Attn.: Claudia Wilner, Esq.
          275 Seventh Avenue, Suite 1506
          New York, NY  10001
          wilner@nclej.org

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**BLACK LOVE RESISTS IN THE RUST, et al.**

       **Plaintiffs,**

          **-vs-**

**CITY OF BUFFALO, et al.**

       **Defendants.**

                                  **CERTIFICATE OF SERVICE**

                                  **Civil Action No.: 18-cv-719**

---

      I, Robert E. Quinn, hereby certify that on June 11, 2020, the annexed document was electronically served on Counsel for the Plaintiffs in this case:

              Claudia Wilner, Esq.
NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE
          275 Seventh Avenue, Suite 1506
              New York, NY  10001
                wilner@nclej.org

I certify under penalty of perjury that the foregoing is true and correct.

Dated: June 11, 2020
       Buffalo, New York

                                      TIMOTHY A. BALL, ESQ.
                                      Corporation Counsel


                                      */s/Robert E. Quinn*
                                      By: Robert E. Quinn
                                      65 Niagara Square - 1103 City Hall
                                      Buffalo, NY 14202
                                      Tel.: (716) 851-4326
                                      rquinn@ch.ci.buffalo.ny.us