Case 1:18-cv-00719-CCR   Document 74   Filed 12/10/20   Page 1 of 2



275 Seventh Avenue Suite 1506, New York, NY 10001-6860
ph: 212-633-6967   fax: 212-633-6371   www.nclej.org

December 10, 2020

*Via ECF*

The Honorable Christina Reiss
United States District Court, District of Vermont
P.O. Box 446
Burlington, VT 05402-0446

Re:  *Black Love Resists in the Rust et al. v. City of Buffalo et al.*; No. 18-CV-719

Dear Judge Reiss:

The National Center for Law and Economic Justice, along with the Center for Constitutional Rights, the Western New York Law Center, and Covington & Burling LLP, represents the Plaintiffs in *Black Love Resists in the Rust et al. v. City of Buffalo et al.* We write to advise the Court of an additional issue Plaintiffs would like to discuss at the upcoming status conference: raising the limit on the number of depositions Plaintiffs may take. This issue was deferred in the parties' discovery plan (D.E. 13 ¶ 7) until the case had reached a stage at which it would be possible to estimate what would be needed. That stage has now arrived.

As Your Honor knows, this is a class action involving serious allegations of systematic discrimination and other unconstitutional policies and practices over a more than eight-year period (many of which continue to this day).  The Complaint asserts four causes of actions on behalf of ten named Plaintiffs and multiple classes and subclasses.  Plaintiffs' allegations implicate ten defendants, countless other police officers who stopped and ticketed the named plaintiffs, policymaking officials and administrators from multiple departments and offices within the City of Buffalo, as well as several third parties.  And Plaintiffs must satisfy *Monell v. Dept. of Soc. Svcs.,* 436 U.S. 658 (1978), which requires establishing that a municipal policy and/or widespread custom or practice was the moving force behind each alleged harm. In sum, this case is complex, the issues at stake are vitally important to the public interest, and there are numerous witnesses with unique knowledge of relevant information.

As an initial effort to move forward, Plaintiffs have noticed 42 depositions, one of which will be a Rule 30(b)(6) deposition of the City of Buffalo. The remaining notices are of current or former employees of the City of Buffalo, including the named defendants in the action, Buffalo Police Department officers involved in many of the facts alleged in the complaints, individuals with relevant policymaking authority, and key individual officers throughout the chain of command whose testimony is needed to establish *Monell* liability. Given our *Monell* burden, each of these depositions is necessary and none is duplicative. Furthermore, these initial deponents may well

identify other individuals, currently unknown to Plaintiffs, whose testimony will prove critical. Therefore, Plaintiffs believe that they will need to take additional depositions beyond the 42 currently noticed. As a point of reference, in *Floyd v. City of New York*, 08 Civ. 103 (S.D.N.Y.), a case raising similar claims against a municipal police department, the plaintiffs took more than 70 depositions.

Plaintiffs cannot move forward with actually scheduling and taking these depositions, however, because Defendants have so far refused to stipulate to lifting the ten deposition limit. Plaintiffs have attempted to meet and confer with Defendants concerning this issue, but Defendants have refused to state a clear position. During the parties' November 20 meet and confer, Defendants agreed to identify a subset of the 42 depositions which they would allow to move forward, but nearly three weeks have passed and Defendants still have not done so.
Plaintiffs cannot plan and execute a deposition strategy under such circumstances. Accordingly, Plaintiffs respectfully request the Court's assistance at the December 14 status conference in resolving this issue. Notwithstanding Defendants failure to cooperate in the negotiations, the parties agree that the matter is appropriate for discussion at the status conference (see attached correspondence).

Respectfully submitted,

*Claudia Wilner*

Claudia Wilner
Senior Attorney

Cc:     All counsel of record (via ECF)