

275 Seventh Avenue Suite 1506, New York, NY 10001-6860
ph: 212-633-6967  fax: 212-633-6371  www.nclej.org

January 22, 2021

*Via ECF*

The Honorable Christina Reiss
United States District Court, District of Vermont
P.O. Box 446
Burlington, VT 05402-0446

Re: *Black Love Resists in the Rust et al. v. City of Buffalo et al.*, No. 18-cv-719-CCR

Dear Judge Reiss:

The National Center for Law and Economic Justice, along with the Center for Constitutional Rights, the Western New York Law Center, and Covington & Burling LLP, represents the Plaintiffs in *Black Love Resists in the Rust et al. v. City of Buffalo et al.*  We write to update the Court on the parties' discussions concerning ESI discovery and depositions, and to request that the Court order that Defendants (i) comply with an ESI benchmark of at least four (4) custodians per week going forward, and (ii) provide dates for the first five depositions from Plaintiffs' initial list of 19.

As Your Honor knows, after Defendants refused to produce ESI documents for Plaintiffs' initial 20 custodians and search terms in a timely manner, Plaintiffs moved to compel on October 22, 2020.  The Court held a hearing on Plaintiffs' motion on December 14, 2020, and ordered that Plaintiffs propose an ESI benchmark to Defendants within two weeks.  *See* 12/14/2020 Tr. at 7:5-13.  The Court indicated that if the parties could not agree, the Court would decide on an appropriate benchmark.  *See id.*  In addition, the Court ordered Plaintiffs to designate 20 depositions to start (including the one Plaintiffs had already taken) and provide Defendants with a list.  *Id.* at 2:13-3:4.

1. ESI Discovery.  In accordance with the Court's order, on December 28, 2020, Plaintiffs proposed that Defendants complete production of ESI for four custodians per week going forward.  *See* Ex. 1.  As Plaintiffs explained to Defendants, this benchmark is reasonable in light of the Court's directive, the fact that Defendants have not completed ESI productions for any single custodian, the current discovery deadline of March 12, 2021, and the need to commence depositions promptly.

Over the last three-and-a-half weeks, Plaintiffs have repeatedly attempted to engage with Defendants regarding their proposal, but Defendants have refused to state their position.  On January 5, 2020, the parties met and conferred by phone, and Plaintiffs reiterated their proposed ESI benchmark. Defendants agreed to consider the benchmark and respond promptly.  The next day, Plaintiffs sent an email summarizing the parties' meet and confer and requested a response to

their ESI proposal by the end of the week—January 8, 2021. *See* Ex. 1. Defendants did not respond to that request.

The parties met and conferred again by telephone on January 15, 2021. Plaintiffs again reiterated their proposed benchmark of four custodians per week, and Defendants agreed to provide a response by January 19, 2021. Again, Defendants failed to respond.

Finally, on January 21, 2021, Plaintiffs sent Defendants an email noting that they still had not responded to Plaintiffs' benchmark proposal, and advised Defendants that if they did not respond by Friday, January 22, Plaintiffs would raise the issue with the Court. Ex. 1. Once again, Defendants did not respond.

Defendants have had more than enough time to consider and object to Plaintiffs' proposal. Even if Defendants had objected, there would be no valid basis to do so. Plaintiffs' proposal is more than reasonable considering the slow pace of ESI discovery thus far, the large number of ESI custodians and search terms remaining, and the need to move discovery forward at a reasonable pace. Further, Defendants have had ample opportunity to make necessary preparations to accelerate their ESI productions and meet this benchmark. Indeed, more than three weeks ago, Defendants advised the Court that they had hired a third-year law student clerk to assist with this matter and enlisted the Law Department's administrative staff to assist with electronic productions. *See* 12/28/2020 Email from R. Quinn to E. Hall. Yet despite these claimed preparations, Defendants have produced fewer than 400 pages of ESI documents since the Court hearing in mid-December, and still have not completed ESI productions for any particular custodian or search term.

2. Depositions. In accordance with the Court's directive, Plaintiffs provided Defendants a list of their initial 19 deposition witnesses on December 28, 2020. On January 5, 2021, the parties agreed that Plaintiffs would send a list of 5 witnesses they want to depose first and propose dates, (ii) the parties would schedule the depositions, and (iii) Defendants would produce all documents relating to the witness at least one week before the deposition date. *See* Ex. 1. The next week, Plaintiffs sent Defendants a list of five witnesses—Tracy Maciello, Charles Skipper, David Wilcox, Philip Serafini, and Daniel Derenda—and proposed that their depositions take place during the weeks of January 25 and/or February 1, if Defendants produced their documents sufficiently in advance. *Id.*

During the parties' January 15, 2021 meet and confer, Defendants' counsel indicated that he is not available during dates proposed by Plaintiffs and agreed that he would check whether the witnesses are available during the weeks of February 22, March 1, or March 8 instead and provide their availability to Plaintiffs by January 22. Plaintiffs reminded Defendants about this agreement on January 21, but Defendants did not respond. Ex. 1.

Defendants' endless delays continue to prejudice Plaintiffs and prevent the speedy and efficient adjudication of this dispute. Accordingly, Plaintiffs respectfully request that the Court (i) set a mandatory benchmark of four custodians per week for Defendants' ESI productions, and order

Defendants to start meeting that benchmark within one week, and (ii) order Defendants to provide the availability of Plaintiffs' first five deposition witnesses.

Respectfully submitted,

Claudia Wilner
Director of Litigation and Advocacy


cc:     All counsel of record (via ECF)