

275 Seventh Avenue Suite 1506, New York, NY 10001-6860
ph: 212-633-6967   fax: 212-633-6371   www.nclej.org

January 22, 2021

*Via ECF*

The Honorable Christina Reiss
United States District Court, District of Vermont
P.O. Box 446
Burlington, VT 05402-0446

Re:  *Black Love Resists in the Rust et al. v. City of Buffalo et al.*, No. 18-cv-719-CCR

Dear Judge Reiss:

The National Center for Law and Economic Justice, along with the Center for Constitutional Rights, the Western New York Law Center, and Covington & Burling LLP, represents the Plaintiffs in *Black Love Resists in the Rust et al. v. City of Buffalo et al.*  We write to update the Court on the parties' discussions concerning ESI discovery and depositions, and to propose to the Court a benchmark of at least four (4) custodians per week for Defendants' ESI productions going forward.[1]

As Your Honor knows, after Defendants refused to produce ESI documents for Plaintiffs' initial 20 custodians and search terms in a timely manner, Plaintiffs moved to compel on October 22, 2020.  The Court held a hearing on Plaintiffs' motion on December 14, 2020, and ordered that Plaintiffs propose an ESI benchmark to Defendants within two weeks.  *See* 12/14/2020 Tr. at 7:5-13.  The Court indicated that if the parties could not agree, the Court would decide on an appropriate benchmark.  *See id.*  In addition, the Court ordered Plaintiffs to designate 20 depositions to start (including the one Plaintiffs had already taken) and provide Defendants with a list.  *Id.* at 2:13-3:4.

In accordance with the Court's order, on December 28, 2020, Plaintiffs proposed that Defendants complete production of ESI for four custodians per week going forward.  *See* Ex. 1.  As Plaintiffs explained to Defendants, this benchmark is reasonable in light of the Court's directive, the fact

---

[1] An earlier version of this letter was filed as a motion on January 22, 2021.  *See* ECF No. 77.  On January 25, an e-filing notification appeared on the docket stating that "the assigned judge does not accept e-filed letter motions…. Reformat the document and re-file using the motion event."  Plaintiffs are resubmitting their January 22 letter as a status update letter because it relates to the same relief requested in their October 22 motion to compel (ECF No. 65) and the Court directed Plaintiffs to propose their ESI benchmark to the Court if the parties could not agree.  See 12/14/2020 Tr. at 7:5-13.  Plaintiffs have, however, removed their request relating to depositions because following the filing of that letter, Defendants' counsel provided the availability of Plaintiffs' first five deposition witnesses.

that Defendants have not completed ESI productions for any single custodian, the current discovery deadline of March 12, 2021, and the need to commence depositions promptly.

Over the last three-and-a-half weeks, Plaintiffs have repeatedly attempted to engage with Defendants regarding their proposal, but Defendants have refused to state their position. On January 5, 2020, the parties met and conferred by phone, and Plaintiffs reiterated their proposed ESI benchmark. Defendants agreed to consider the benchmark and respond promptly. The next day, Plaintiffs sent an email summarizing the parties' meet and confer and requested a response to their ESI proposal by the end of the week—January 8, 2021. *See* Ex. 1. Defendants did not respond to that request.

The parties met and conferred again by telephone on January 15, 2021. Plaintiffs again reiterated their proposed benchmark of four custodians per week, and Defendants agreed to provide a response by January 19, 2021. Again, Defendants failed to respond.

On January 21, 2021, Plaintiffs sent Defendants an email noting that they still had not responded to Plaintiffs' benchmark proposal, and advised Defendants that if they did not respond by Friday, January 22, Plaintiffs would raise the issue with the Court. Ex. 1. Once again, Defendants did not respond.

Defendants have had more than enough time to consider and object to Plaintiffs' proposal. Even if Defendants had objected, there would be no valid basis to do so. Plaintiffs' proposal is more than reasonable considering the slow pace of ESI discovery thus far, the large number of ESI custodians and search terms remaining, and the need to move discovery forward at a reasonable pace. Further, Defendants have had ample opportunity to make necessary preparations to accelerate their ESI productions and meet this benchmark. Indeed, more than three weeks ago, Defendants advised the Court that they had hired a third-year law student clerk to assist with this matter and enlisted the Law Department's administrative staff to assist with electronic productions. *See* 12/28/2020 Email from R. Quinn to E. Hall. Yet despite these claimed preparations, Defendants have produced fewer than 400 pages of ESI documents since the Court hearing in mid-December, and still have not completed ESI productions for any particular custodian or search term.[2]

Tellingly, Defendants' counsel has admitted that Plaintiffs' proposed benchmark, or a similar benchmark, is feasible. On January 24, 2021, after Defendant filed the earlier version of this letter, Defendants stated that "[w]e're actually closer to being completed [with the 20 initial ESI custodians] tha[n] I had previously believed," and that he was "***tentatively hopeful we'll be done by February 6*** but have a number of other deadlines in this and other cases this week, so will keep you advised." Ex. 1 (emphasis added). Realistically, completing production of ESI for all 20 custodians by February 6—i.e., in less than two weeks—would require Defendants to produce

---

[2] After Defendants filed their January 22 letter, Defendants made a small production including approximately 98 additional ESI documents.

documents considerably faster than Plaintiffs' proposed four custodian per week benchmark. Indeed, Plaintiffs would happily consent to another benchmark if Defendants commit to completing their production by February 6, 2021.

Defendants' endless delays continue to prejudice Plaintiffs and prevent the speedy and efficient adjudication of this dispute. For the reasons explained in Plaintiffs motion to compel (ECF No. 77), Plaintiffs respectfully request that the Court set a mandatory benchmark of four custodians per week for Defendants' ESI productions, and order Defendants to start meeting that benchmark within one week.

Respectfully submitted,

*Claudia Wilner*

Claudia Wilner
Director of Litigation and Advocacy


cc:     All counsel of record (via ECF)