UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLACK LOVE RESISTS IN THE RUST, *et al.*, individually and on behalf of a class of all others similarly situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>CITY OF BUFFALO, N.Y., *et al.*,<br><br>       Defendants. | No. 1:18-cv-00719-CCR |

**PLAINTIFFS' UNOPPOSED NOTICE OF MOTION AND
MOTION TO MODIFY SCHEDULING ORDER**

  Plaintiffs respectfully move for an extension of ninety days to the scheduling deadlines presently set by the Court's scheduling order. *See* ECF No. 71. In support of this Motion, Plaintiffs state:

  1. Under the present schedule, the deadline for completion of fact discovery and any accompanying motions to compel is March 12, 2021. The Court has set additional deadlines for completion of all expert discovery by June 23, 2021, with initial reports to be filed by May 4, 2021, rebuttal reports to be filed by June 1, 2021, and all expert depositions to be completed by June 23, 2021. The deadline for filing dispositive motions is July 29, 2021. *See* ECF Nos. 70-71.

  2. Since the Court entered the December 1, 2020 scheduling order, Plaintiffs have continued to diligently pursue fact discovery.

  3. On December 14, 2020, the Court held a hearing on Plaintiffs' Motion to Compel discovery. *See* ECF Nos. 65, 75. At the hearing, the Court ordered that (i) Plaintiffs designate their first 20 deposition witnesses; (ii) Plaintiffs propose a benchmark for Defendants' ESI productions; (iii) Defendants produce an affidavit concerning the alleged destruction of the IAD files; (iv)

Defendant produce certain monthly and daily Housing Unit and Strike Force reports; (v) Defendants provide additional officer employment history information; (vi) Defendants produce Commission on Citizens' Rights and Community Relations complaints or certify that none exist; and (vii) the parties meet and confer concerning Plaintiffs' Request for Production 76 and Fourth Set of Requests for Production.

4. The parties have made progress towards resolving each of their discovery disputes, but substantial discovery still remains to be taken.

5. Plaintiffs provided Defendants with a list of their first 20 deposition witnesses in accordance with the Court's order, and the parties subsequently agreed on a schedule for the first five of these depositions, subject to Defendants producing all relevant documents sufficiently in advance: Tracy Masiello on February 26, Charles Skipper on March 5, David Wilcox on March 8, Philip Serafini on March 15, and Daniel Derenda on March 19.

6. Plaintiffs anticipate that the process of taking depositions will require several months, and cannot be completed in the less than one month remaining until the end of fact discovery. Indeed, the parties were only able to schedule three depositions within the remaining fact discovery period.

7. Pursuant to the Court's order, on December 28, 2020, Plaintiffs proposed a benchmark of four custodians per week for Defendants' ESI productions. After Defendants refused to agree to the benchmark and produced fewer than 400 pages of ESI documents in the three weeks following the December 14 hearing, Plaintiffs filed a status letter requesting that the Court impose a benchmark. *See* ECF No. 78. The Court held a hearing on February 8 and ordered a benchmark of three ESI custodians per week. ECF No. 80.

8. Between January 22 and February 18, 2021, Plaintiffs produced approximately 19,000 pages of ESI and other discovery. *See* COB024807-COB043948. Nonetheless, there is still substantial ESI discovery remaining to be produced. There appear to be substantial documents productions remaining for at least seven of Plaintiffs' initial 20 custodians remaining (Byron Brown, Byron Lockwood, Daniel Derenda, Jeff Rinaldo, Lance Russo, Daniel Burke, and Patrick Roberts). Defendants have represented that they retained a vendor to assist with certain ESI custodians, but that thy will require additional time to complete productions for those custodians.

9. Further, Defendants have only produced documents for Plaintiffs initial 20 custodians and search terms, and the parties have not yet agreed on the scope of production for additional rounds of custodians and search terms. In addition, Defendants have not yet produced the spreadsheet with metadata information which the parties agreed to for any of their ESI productions.

10. In accordance with the Court's order, the parties twice met and conferred concerning Plaintiffs' Request for Production 76 and Fourth Set of Requests for Production. As Plaintiffs explained in their February 12, 2021 status update to the Court, the parties have made substantial progress in reaching an agreement on most of the requests, but are still discussing Request for Production 88, and Defendants have not yet produced responsive documents. *See* ECF No. 81.

11. Plaintiffs anticipate that the process of completing documents productions will require several more months, and cannot be completed before the end of the existing fact discovery deadline. For example, Defendants still need to produce ESI discovery for several additional custodians, and the parties are still in the process of resolving their disputes concerning Plaintiffs' Fourth Set of Requests for Production.

12. Accordingly, Plaintiffs respectfully request the following modifications of the schedule:

| Deadlines | Current Date | Modified Date |
|---|---|---|
| Deadline for completion of fact discovery | March 12, 2021 | June 10, 2021 |
| Deadline for motions to compel discovery | March 12, 2021 | June 10, 2021 |
| Deadline for service of Initial Expert Reports | May 4, 2021 | August 2, 2021 |
| Deadline for service of Rebuttal Expert Reports | June 1, 2021 | August 30, 2021 |
| Deadline for completion of all expert discovery (incl. expert depositions) | June 23, 2021 | September 21, 2021 |
| Deadline for Dispositive Motions | July 29, 2021 | October 27, 2021 |

13. Plaintiffs have conferred with counsel for Defendants regarding this extension request, and Defendants have stated that they do not oppose the request.

14. Assuming Defendants satisfy their discovery obligations, extending the discovery schedule will, there is reason to hope, permit the parties sufficient time to complete discovery, thereby increasing the likelihood that they may narrow the issues in dispute. Accordingly, good cause exists to justify this request to extend the discovery and dispositive motion deadlines by three months.

WHEREFORE, Plaintiffs respectfully request that the Court modify the schedule as proposed.

Dated: February 18, 2021

Respectfully Submitted,

/s/ Keisha A. Williams
Joseph Keleman
Keisha Williams
WESTERN NEW YORK LAW CENTER
Cathedral Park Tower
37 Franklin Street, Suite 210
Buffalo, NY 14202
Tel: (716) 828-8415
Fax: (716) 270-4005
jkeleman@wnylc.com
kwilliams@wnylc.com

/s/ Claudia Wilner
Claudia Wilner
Edward Krugman
Britney Wilson
NATIONAL CENTER FOR LAW
AND ECONOMIC JUSTICE
275 Seventh Avenue, Suite 1506
New York, NY 10001
212-633-6967
wilner@nclej.org
krugman@nclej.org
wilson@nclej.org

/s/ Darius Charney
Darius Charney
Chinyere Ezie
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
212-614-6475
DCharney@ccrjustice.org
CEzie@ccrjustice.org

/s/ Jordan Joachim
Jordan Joachim (admitted *pro hac vice*)
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018
212-841-1000
jjoachim@cov.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2021, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Western District's Local Rules, and/or the Western District's Case Filing Rules & Instructions upon all counsel registered through the ECF System.

*/s/ Jordan Joachim*