Exhibit 2

| | |
|---|---|
| **Subject:** | Re: Various Discovery Issues |
| **Date:** | Thursday, April 1, 2021 at 6:48:39 PM Eastern Daylight Time |
| **From:** | Edward Krugman |
| **To:** | Quinn,Robert E |
| **CC:** | Darius Charney, Chinyere Ezie, Keisha Williams, jjoachim@cov.com, Claudia Wilner |
| **Attachments:** | image001[95].png, image002[99].jpg, image003.jpg, image004.jpg, image005.jpg, image006.jpg, image007.png, image008.png, image009.png, image010.png |

Rob

Thank you for your various responses with respect to outstanding discovery issues. This note attempts to collect in one place our responses to your responses and sets forth what appears to us still to be outstanding. If we have missed something, please let us know. Likewise, if we conclude we have missed something, we will feel free to send a follow-up, but it does seem to us to be useful to have a document we can both work from.

I will be out after today until Monday, April 12. Jordan is our point person while I'm gone, and your replies and responses can be addressed to him, with copies to the rest of us.

### Parking Violations Bureau Data

Thank you for the field list. Please have a report run with the following parameters:

· Time Period: January 1, 2012 to the present (date of summons)

· Violation Types: registration and/or inspection violations only

· Database: dbo.summons (at least for now, we do not need anything from dbo.license)

· Fields to include: all fields ***except*** Scan, StateFeePd, ColType, CollIndex, CalcAmt, AgencyFee, AgencyDt, BadCheckFee, BodyType, VehMake, SentryDt, LastFmDate.

### Compstat Redactions

We are not prepared to accept redacted production. This is a race discrimination case; none of the photos in the Compstat report you provided is of a White person. Moreover, except for three homicide victims, the photos are on the *social media* page; they are not, as you suggest, simply "mugshots." We suspect that the 71 other monthly reports you will produce will be similar in that respect—which, if true, will be sufficient *all by itself* to get us to the jury on whether the BPD sees its job as policing People of Color. Rule 5.2 sufficiently addresses your concerns about filing PII; please produce immediately the remaining Compstat Reports, unredacted, or we will move to compel.

### Non-E-Mail ESI

Thank you for the advice in your March 29 e-mail that you have, and are loading into Relativity, the non-e-mail ESI of the "COB custodians," which you confirmed includes the BPD custodians. Am I correct that "COB custodians" means "everyone except ECAC"? If not, who else is excluded? We look forward to receipt of the production. Note that the search terms and custodians to be run include those we recently supplied you, as well as the original ones (more on this below).

### Form of E-Mail ESI Production

The form in which you propose to produce from Relativity appears fine. Jordan will get back to you with any tweaks.

### Additional Custodians and Search Terms

It was never contemplated, ordered, or agreed that the initial round of 20 custodians and 20 search terms would be all the ESI that was ever done. It was a first step, after which the parties would evaluate what more needed to be done. It is exactly that evaluation that is reflected in our list of additional custodians and search terms. Most of the "new" custodians are already on our witness list (*i.e.*, they are not really "new"); those that are not have been identified in discovery to date as important players on one issue or another. The search terms reflect an increased understanding, based on the documents produced to date, of the way City and BPD personnel talk about issues that, for the most part, have been in the case since Day 1.

On May 30, 2019—nearly *two years ago*—the Court said that 20 custodians and 20 search terms "would get the ball rolling," and the December 19, 2019 Order (at 7) expressly characterizes that as "a narrow initial ESI production" of "priority custodians." Your intolerable and inexcusable delay in completing the "priority" production (it is *still* not complete) does not give you license to refuse to comply with our necessary and appropriate follow-up.

### ECAC Issues

We take your point that ECAC works with and for more police agencies than just the BPD. From an e-mail standpoint, we are prepared to limit production to (a) e-mails sent to or from a BPD e-mail address and (b) internal ECAC e-mails that expressly refer to the Strike Force, the Housing Unit, or any of the variations on checkpoints (including roadblocks, etc.). BPD-side production is *not* sufficient, because relevant e-mails may have been sent to, or received from, BPD personnel who are not on the list of custodians. Nor should we be required to identify specific documents at depositions before we can obtain production of them: This is not old-style "disclosure" under the CPLR, in which the only documents that needed to be produced were ones that could be identified down to the number of pages, manner of stapling, and location of coffee stains. This is "discovery" under the Federal Rules, in which we are entitled to obtain the documents we need *before* we take depositions.

We reject your professed lack of understanding of the relationship between ECAC and checkpoint locations. The 2015 JAG application says:

> Through the assistance of Buffalo's Crime Analysis Center, housed in Buffalo Police Headquarters, analysts will outline daily reports from serious and violent crimes to quality of life crimes in order to determine similarities or trends and patterns, which will then lead command to develop a tactical plan to deploy manpower and resources to address the targeted and identified problems in a timely manner. Hot spot analysis addresses what is happening, where, possible why and finally, who will take the lead on developing a response to this issue. Both Patrol Officers within our five (5) Police Districts, Detectives from specialized Units (Narcotics, Sex Offense, Homicide, Intel, etc.), and Officers from the Department's Strike Force/Housing Units, which are not housed within one policing district, but rather have City-wide jurisdiction, may also be involved with these "crackdown" interventions in hot spot cluster areas.

Surely you are not asserting that "these 'crackdown' interventions" do not include checkpoints? We read this passage (and the similar passages repeated year after year) as an express assertion that ECAC hot spot data was an input to determining checkpoint location.

We likewise reject your suggestion (made in connection with the discussion of the GIVE and IMPACT documents) that strategies for mapping gun violence are not relevant to this lawsuit. The Complaint expressly alleges that checkpoints were crime control measures, specifically including guns (¶¶ 66-72). You said on March 12 that you were looking into what GIVE and IMPACT documents existed. Status, please.

On non-e-mail ESI at ECAC, your impressive compilation of the number of files and folders on ECAC's share drives means that somebody has a way to get at and work with those files and folders.

Given your agreement to produce the Compstat reports, and assuming search and production of ECAC e-mails as outlined above, we can pass for now on non-e-mail ESI at ECAC *except* for a listing of the maps created for the BPD by Wrona and Schellenburger.

There are also other ECAC documents that we have requested and you have agreed to look for, including the narrative portions of the RFPs (¶¶ 14, 15), and any analyses responsive to paragraphs 10, 11, and 16. Where do we stand on these, please?

### RFP Nos. 97-99

Despite the parties' extended meet-and-confer about these items on January 15 and several follow-up e-mails from Mr. Charney thereafter, you have yet to produce any documents responsive to RFPs 97-99 except for some documents regarding complaints against Officer Skipper. During the January 15 meet-and-confer, you committed to prioritize searching for responsive documents concerning Wilcox, Derenda, and Serafini and, once those documents were located, to notify Plaintiffs whether you would produce those documents or, if you objected to producing them, the bases of your objections. See Charney e-mail to Quinn, dated January 19, 2021. To date, you have yet to indicate whether you have even conducted such searches.

Similarly, as to RFP No. 100, you stated during the January 15 meet-and-confer that you would not be in a position to state whether any responsive documents exist or whether Defendants would object to producing such documents unless and until you knew the identities of the BPD officers on the Erie County DA's list of officers with testimonial credibility issues. On January 21, Plaintiffs provided you with the names of the 19 BPD officers on the Erie County DA's list of officers with testimonial credibility issues, two of whom, Officers Hassett and Hy, were at one time Strike Force officers and are both on Plaintiffs' list of deponents. See Charney e-mail to Quinn, dated January 21, 2021. We have still yet to receive documents responsive to this Request regarding Officer Hy nor any indication from you that you have even conducted searches for such documents.

As you know, these document requests were made more than four months ago and relate to witnesses Plaintiffs have prioritized for deposition. Please produce these documents immediately.



**Edward P. Krugman**
**Senior Attorney (he/him/his)**
**National Center for Law and Economic Justice**
**275 Seventh Avenue, Suite 1506, New York, NY 10001-6860**
direct: 646-680-8912 | krugman@nclej.org | www.nclej.org

Confidentiality Note: This e-mail (including attachments) is intended only for the addressee and may contain information that is privileged and/or confidential. Distribution or copying of this e-mail or its attachments by anyone other than the intended recipient is prohibited. If you have received this e-mail in error, please notify us immediately by telephone at 212-633-6967 or e-mail at info@nclej.org and destroy the original message and all copies.

**From:** Claudia Wilner <wilner@nclej.org>
**Date:** Thursday, April 1, 2021 at 11:53 AM
**To:** Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us>, Edward Krugman <krugman@nclej.org>
**Cc:** Darius Charney <dcharney@ccrjustice.org>, Chinyere Ezie <cezie@ccrjustice.org>, Keisha Williams <kwilliams@wnylc.net>, jjoachim@cov.com <jjoachim@cov.com>
**Subject:** RE: Various Discovery Issues

Hi all, I'm popping in to include the correct "Jordan".  Please respond this email and not prior emails in this chain.

Jordan, can you confirm if upload to Covington works for this format of production or if you would prefer a different mechanism?  See Rob's inquiry below.

 **Claudia Wilner**
Director of Litigation and Advocacy (pronouns she/her)
National Center for Law and Economic Justice
275 Seventh Avenue, Suite 1506, New York, NY 10001-6860

212-633-6967 | wilner@nclej.org | www.nclej.org

   

**Confidentiality Note:** This e-mail (including attachments) is intended only for the addressee and may contain information that is privileged and/or confidential. Distribution or copying of this e-mail or its attachments by anyone other than the intended recipient is prohibited. If you have received this e-mail in error, please notify us immediately by telephone at 212-633-6967 or e-mail at info@nclej.org and destroy the original message and all copies.

---

**From:** Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us>
**Sent:** Thursday, April 1, 2021 10:47 AM
**To:** Edward Krugman <krugman@nclej.org>
**Cc:** Claudia Wilner <wilner@nclej.org>; Darius Charney <dcharney@ccrjustice.org>; Jordan Berger <berger@nclej.org>; Chinyere Ezie <cezie@ccrjustice.org>; Keisha Williams <kwilliams@wnylc.net>
**Subject:** RE: Various Discovery Issues

I uploaded a batch of email ESI from Relativity to Covington this morning.  This includes COB060745 – COB061158 in image files, text files, and data files, so it should look different than our prior production.  I believe this would include "metadata" but please let me know if that's not correct or if there any issues with this manner of production.  I'm not sure Covington is the best way to produce these, and this format is how expect most of our production to look going forward, but thought I'd try to see if it works since I hadn't heard back from you on method of production.   My thoughts are a disk or link might work better but whatever you want is probably fine, just let me know.

---

**From:** Quinn,Robert E
**Sent:** Monday, March 29, 2021 6:13 PM
**To:** 'Edward Krugman' <krugman@nclej.org>
**Cc:** Claudia Wilner <wilner@nclej.org>; Darius Charney <dcharney@ccrjustice.org>; Jordan Berger <berger@nclej.org>; Chinyere Ezie <cezie@ccrjustice.org>; Keisha Williams <kwilliams@wnylc.net>
**Subject:** RE: Various Discovery Issues

I'm referring to beginning of attached email.  We'll have to talk about the proposed additional search terms (I think that's what you mean by map) at some point too, and can fold into this discussion.

---

**From:** Edward Krugman [mailto:krugman@nclej.org]
**Sent:** Monday, March 29, 2021 6:08 PM
**To:** Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us>
**Cc:** Claudia Wilner <wilner@nclej.org>; Darius Charney <dcharney@ccrjustice.org>; Jordan Berger <berger@nclej.org>; Chinyere Ezie <cezie@ccrjustice.org>; Keisha Williams <kwilliams@wnylc.net>
**Subject:** Re: Various Discovery Issues

*ATTENTION: This email came from an external source. Do not open attachments or click on links from unknown senders or unexpected emails.*

Thanks.

I have a number of things I need to get back to you on (and will, now that we have your ESI position), but that was not one of them. (I assume you're not talking about the "map", which I sent you on 3/19.) Please ask your question again (or, better, point me to where it was asked), and we'll include it in the note.



**Edward P. Krugman**
**Senior Attorney (he/him/his)**
**National Center for Law and Economic Justice**
**275 Seventh Avenue, Suite 1506, New York, NY 10001-6860**
direct: 646-680-8912 | krugman@nclej.org | www.nclej.org

Confidentiality Note: This e-mail (including attachments) is intended only for the addressee and may contain information that is privileged and/or confidential. Distribution or copying of this e-mail or its attachments by anyone other than the intended recipient is prohibited. If you have received this e-mail in error, please notify us immediately by telephone at 212-633-6967 or e-mail at info@nclej.org and destroy the original message and all copies.

**From:** Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us>
**Date:** Monday, March 29, 2021 at 5:59 PM
**To:** Edward Krugman <krugman@nclej.org>
**Cc:** Claudia Wilner <wilner@nclej.org>, Darius Charney <dcharney@ccrjustice.org>, Jordan Berger <berger@nclej.org>, Chinyere Ezie <cezie@ccrjustice.org>, Keisha Williams <kwilliams@wnylc.net>
**Subject:** RE: Various Discovery Issues

Yes, COB includes BPD (but not all of ECAC). Believe I'm still waiting on your response/explanation for the proposed "new" custodians, let me know if that's incorrect.

**From:** Edward Krugman [mailto:krugman@nclej.org]
**Sent:** Monday, March 29, 2021 5:55 PM
**To:** Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us>
**Cc:** Claudia Wilner <wilner@nclej.org>; Darius Charney <dcharney@ccrjustice.org>; Jordan Berger <berger@nclej.org>; Chinyere Ezie <cezie@ccrjustice.org>; Keisha Williams <kwilliams@wnylc.net>
**Subject:** Re: Various Discovery Issues

ATTENTION: This email came from an external source. Do not open attachments or click on links from unknown senders or unexpected emails.

Rob thanks. A point of clarification: do the "COB" custodians include the "BPD" custodians? If so, great; if not, please let us know which of the custodians (old and new) are in which category, and what will be happening with respect to BPD non-e-mail ESI.



**Edward P. Krugman**
**Senior Attorney (he/him/his)**
**National Center for Law and Economic Justice**
**275 Seventh Avenue, Suite 1506, New York, NY 10001-6860**
direct: 646-680-8912 | krugman@nclej.org | www.nclej.org

Confidentiality Note: This e-mail (including attachments) is intended only for the addressee and may contain information that is privileged and/or confidential. Distribution or copying of this e-mail or its attachments by anyone other than the intended recipient is prohibited. If you have received this e-mail in error, please notify us immediately by telephone at 212-633-6967 or e-mail at info@nclej.org and destroy the original message and all copies.

---

**From:** Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us>
**Date:** Monday, March 29, 2021 at 5:23 PM
**To:** Edward Krugman <krugman@nclej.org>
**Cc:** Claudia Wilner <wilner@nclej.org>, Darius Charney <dcharney@ccrjustice.org>, Jordan Berger <berger@nclej.org>, Chinyere Ezie <cezie@ccrjustice.org>, Keisha Williams <kwilliams@wnylc.net>
**Subject:** RE: Various Discovery Issues

I'm planning on sending the non-email ESI of COB custodians to Relativity. The drives do not appear to be organized in a way that makes the folders manually searchable and a key word search through Windows only hits for the file names. There does not appear to be a large amount of data at all and from my initial review it appears that any/most/all potentially responsive documents have already been produced through email ESI. This will be rolling but expect initial upload and search to be completed this week.

On a related note, I expect that we'll be producing an initial email ESI production from Relativity tomorrow. My understanding is that there will be an image file, a data file, and a native file where no image is possible (things like Excel's from my understanding) with placeholder text/image "file produced natively". As this will likely come up in the non-email ESI as well, I just want to make sure we're on the same page. Let me know if there are any issues with production in this matter, and please confirm that I should I still upload these to Covington or let me know if you would prefer we use an alternate method like mailing a disk. Unfortunately I have not resolved the Lotus Notes issue yet so the initial production will be Brown/Morgera/Helfer, and I'll continue to produce Lockwood for now.

For ECAC, I now have access to the shared drive and our position in my 3/12/21 email still stands. Believe request for everything is burdensome, overbroad, and not reasonably calculated to lead to discoverable evidence, etc., and this would include the requests for every map ever created. With that said, I can now perform keyword searches of file names, and have looked through so am generally familiar with the file organization, if you would like to discuss this further to see if another resolution is possible.

**From:** Quinn,Robert E
**Sent:** Tuesday, March 23, 2021 10:57 AM
**To:** Edward Krugman <krugman@nclej.org>
**Cc:** Claudia Wilner <wilner@nclej.org>; Darius Charney <dcharney@ccrjustice.org>; Jordan Berger <berger@nclej.org>; Chinyere Ezie <cezie@ccrjustice.org>; Keisha Williams <kwilliams@wnylc.net>
**Subject:** RE: Various Discovery Issues

Access is not limited to ECAC, its all drives, so I don't have a position on appropriate method yet. I will respond further tomorrow once I have access to everything.

We're working on metadata, I'll update tonight or tomorrow.

---

**From:** Edward Krugman [mailto:krugman@nclej.org]
**Sent:** Tuesday, March 23, 2021 10:47 AM
**To:** Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us>
**Cc:** Claudia Wilner <wilner@nclej.org>; Darius Charney <dcharney@ccrjustice.org>; Jordan Berger <berger@nclej.org>; Chinyere Ezie <cezie@ccrjustice.org>; Keisha Williams <kwilliams@wnylc.net>
**Subject:** Re: Various Discovery Issues

ATTENTION: This email came from an external source. Do not open attachments or click on links from unknown senders or unexpected emails.

Rob, unless I misunderstand, your "access" relates solely to ECAC. Could you answer the other two issues as well, please?

- What is your position on the appropriate method of search for non-e-mail ESI?
- Will you produce the metadata spreadsheet tomorrow?

Thanks



**Edward P. Krugman**
**Senior Attorney (he/him/his)**
**National Center for Law and Economic Justice**
**275 Seventh Avenue, Suite 1506, New York, NY 10001-6860**
direct: 646-680-8912 | krugman@nclej.org | www.nclej.org

Confidentiality Note: This e-mail (including attachments) is intended only for the addressee and may contain information that is privileged and/or confidential. Distribution or copying of this e-mail or its attachments by anyone other than the intended recipient is prohibited. If you have received this e-mail in error, please notify us immediately by telephone at 212-633-6967 or e-mail at info@nclej.org and destroy the original message and all copies.

---

**From:** Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us>
**Date:** Tuesday, March 23, 2021 at 9:46 AM
**To:** Edward Krugman <krugman@nclej.org>
**Cc:** Claudia Wilner <wilner@nclej.org>, Darius Charney <dcharney@ccrjustice.org>, Jordan Berger <berger@nclej.org>, Chinyere Ezie <cezie@ccrjustice.org>, Keisha Williams <kwilliams@wnylc.net>
**Subject:** RE: Various Discovery Issues

I will have access tomorrow after 2.

---

**From:** Quinn,Robert E
**Sent:** Tuesday, March 23, 2021 6:51 AM
**To:** Edward Krugman <krugman@nclej.org>
**Cc:** Claudia Wilner <wilner@nclej.org>; Darius Charney <dcharney@ccrjustice.org>; Jordan Berger <berger@nclej.org>; Chinyere Ezie <cezie@ccrjustice.org>; Keisha Williams <kwilliams@wnylc.net>
**Subject:** RE: Various Discovery Issues

Followed up yesterday and it's my understanding that I'll have access today or tomorrow, they're just working on technical aspects.  I'll respond as further as soon as that happens.

---

**From:** Edward Krugman [mailto:krugman@nclej.org]
**Sent:** Monday, March 22, 2021 1:26 PM
**To:** Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us>
**Cc:** Claudia Wilner <wilner@nclej.org>; Darius Charney <dcharney@ccrjustice.org>; Jordan Berger <berger@nclej.org>; Chinyere Ezie <cezie@ccrjustice.org>; Keisha Williams <kwilliams@wnylc.net>
**Subject:** Re: Various Discovery Issues

ATTENTION: This email came from an external source. Do not open attachments or click on links from unknown senders or unexpected emails.

Rob, checking in on the updates mentioned below, which you had indicated you would have for us this past Friday.

EPK



**Edward P. Krugman**
**Senior Attorney (he/him/his)**
**National Center for Law and Economic Justice**
**275 Seventh Avenue, Suite 1506, New York, NY 10001-6860**
direct: 646-680-8912 | krugman@nclej.org | www.nclej.org

Confidentiality Note: This e-mail (including attachments) is intended only for the addressee and may contain information that is privileged and/or confidential. Distribution or copying of this e-mail or its attachments by anyone other than the intended recipient is prohibited. If you have received this e-mail in error, please notify us immediately by telephone at 212-633-6967 or e-mail at info@nclej.org and destroy the original message and all copies.

---

**From:** Edward Krugman <krugman@nclej.org>
**Date:** Friday, March 19, 2021 at 12:40 PM
**To:** Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us>
**Cc:** Claudia Wilner <wilner@nclej.org>, Darius Charney <dcharney@ccrjustice.org>, Jordan Berger <berger@nclej.org>, Chinyere Ezie <cezie@ccrjustice.org>, Keisha Williams <kwilliams@wnylc.net>
**Subject:** Various Discovery Issues

Rob

As promised, I am sending two tables that "map" the search terms (new and old) to the custodians (new and old) for whom they should be run.  Please let me know of any questions. To be clear (and subject to our ongoing ESI discussion), this map covers both e-mails and non-e-mail ESI.

I look forward to receiving today the two updates from your e-mail of last Friday evening that you said you would have today
- The "method of search" you feel appropriate for non-e-mail ESI, and
- The update on ECAC following your review on independent access to the ECAC files.
- In addition, please include a status report on the metadata spreadsheet; the ongoing absence of that information has significantly affected our ability to review your production efficiently. Your statement that you "will work with the vendor to produce as soon as possible" is not sufficient.  You say you have the data; please produce the spreadsheet no later than March 24.

On parking violations, the exemplars you provided were helpful, as is your comment that you cannot search by location of BMHA properties. We will accept Citywide electronic listing of parking tickets limited to tickets for expired inspection or registration tags. Please provide a list of the fields in the PVB database so we can select the ones to be run for the query.

We will have more things to say, but to avoid dribbling things out, we'll respond to the rest of your e-mail Monday or Tuesday, after we get the two updates promised for today.

EPK