Exhibit 3

**Subject:** RE: Follow-up from meet-and-confer
**Date:** Tuesday, May 4, 2021 at 8:15:37 PM Eastern Daylight Time
**From:** Quinn,Robert E
**To:** Edward Krugman
**CC:** Darius Charney, Claudia Wilner, jjoachim@cov.com, Chinyere Ezie, Keisha Williams
**Attachments:** image002.png

We're working on all of this, as well as the issues recently raised in your other emaisl, and as you know produced traffic reports, Give Report Exemplar, and Compstat Reports yesterday.

- I have a call with our vendor tomorrow afternoon to discuss a number of issues, will follow up after that.
- I've run all search terms for the following (cannot certify due to non-email ESI search still ongoing):
  - Beaty
  - Brinkworth
  - Mann
  - Masiello
  - McLean
  - Quinn
  - Roberts
  - Serafini
  - Strobele
  - Whelan
  - Wilcox
  - Young
    - Expect these will be completed this week
      - Helfer
      - Morgera
      - Russo
        - These are partially complete, expect they will be done by 5/17
          - Lockwood
          - Brown
            - These are being held by Lotus Notes/Relativity Issue but expect to be done by 5/31
              - Derenda
              - Rinaldo
              - Burke
- May 31 is our intended completion date for the first 20 custodians and terms. My intention is to do so in 2 week intervals (i.e., May 17 and May 31) to cut down on cost of that production.
  - The other custodians are not included, we maintain our objections, and they will not be completed by May 31. I am looking into whether any additional terms for the first 20 custodians can possibly be included in that May 31 time frame but still have objections and have not committed to, or confirmed that this time frame is possible for the additional terms.
- We're generally objecting to all additional terms and custodians as I still don't think you've responded to the basic questions I posed, but putting that aside, I don't see how the school zone term is relevant to this lawsuit so we're specifically objecting to that on all grounds. I haven't attempted these searches yet, so there may be additional objections which come up, but I will attempt to run preliminary searches by Friday and respond further as necessary.

Other Matters
- As stated, we're searching for those and if I can find I will provide as soon as possible. I don't think it's something we'd regularly receive but will request again. I'll follow up now and will advise further Friday.
- I don't recall exactly what was said but it seems like a reasonable proposal and I started searching in this manner this past weekend. I have not completed but will follow up on Friday as to whether it's workable.
- I believe we should address the redaction issue with the Court at our conference. I would not object to providing to the Court in some manner, so we can have a meaningful discussion, however I would ask that you not file in accordance with our agreement.
- I'm still looking into this part.
- It is still our intention to follow up on Friday. I'll reiterate my question of what type of documentation you are looking for with Simmons and Hall given that there are no specific allegations that they were stopped or ticketed in the complaint, and I'll note that we looked for parking tickets on Joseph Bond and were again not able to find anything under that name. I'm not sure what the issue is with Bonds but am attempting other manner of searches to try to figure out.

If there's anything that's not addressed let me know.

---

**From:** Edward Krugman [mailto:krugman@nclej.org]
**Sent:** Tuesday, May 04, 2021 6:56 PM
**To:** Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us>
**Cc:** Darius Charney <dcharney@ccrjustice.org>; Claudia Wilner <wilner@nclej.org>; jjoachim@cov.com; Chinyere Ezie <cezie@ccrjustice.org>; Keisha Williams <kwilliams@wnylc.net>
**Subject:** Follow-up from meet-and-confer

ATTENTION: This email came from an external source. Do not open attachments or click on links from unknown senders or unexpected emails.

Rob

On our 5/1 call, you promised a bunch of stuff for yesterday (Monday), and mostly we haven't gotten it. We need to know where we are so we can prepare for next week's status conference. My open-items-for-Monday list is

- Metadata spreadsheet. You were to give us a status report by yesterday. You didn't. "Status" is stale by now. Where is that spreadsheet??
- Likewise, where (please) is your list of what custodians and search terms (from the original set) you believe you have finished, and which are left to be done.
- You acknowledged that ESI production is way behind and is not in compliance with the Court-ordered schedule. We asked for specific representations about how much ESI would be produced, at what intervals, and when it would be completed.
    - At one point you said you expected to finish the original production by the end of May, but the conversation then merged with the need to fold in the additional custodians and search terms, so I am concerned that you have not committed to any specific schedule on any of it.
    - You said you'd get back to us yesterday on the schedule issue. You didn't.
- We went through the list of additional search terms and custodians and answered all questions you chose to raise. You said you would get back to us with a position by Monday. You didn't.

On other matters

- You said we could expect to receive the ECAC RFP excerpts. Please confirm that we will, and tell us when.
- I am recording here that you said our proposal about searching ECAC non-e-mail folders (projects for BPD officials at the Chief level or higher) was "reasonable." Please confirm that that means you will produce those documents, and tell us when we may expect them.
- Thank you for the production of the sample redacted/unredacted GIVE reports and the four unredacted Compstat reports. Based on our review of the reports, we would be prepared to accept redaction of Social Security Numbers but nothing else.
  - The photos we've already discussed.
  - As to names and addresses of shooting arrestees, homicide victims, and the like, and the details of the asserted crimes, they go to what BPD command-level officials understood was happening where in Buffalo. That, in turn, relates to checkpoint locations and patrol areas. We are entitled to see and evaluate – and, potentially, question them on – the actual information the commanders actually had.
  - As we have said on a number of occasions, nobody is talking about *filing* that information, but I still have not heard an explanation as to why *we* cannot see it and why the protections of Rule 5.2 do not adequately address the concerns you have raised.
  - Please let us have your final position on this, so we may get in touch with the Court if we need to make arrangements to file things in Chambers.
- We confirmed to you on Friday after the call the scope of the ECAC search terms, and I reiterate that only Mr. Giammaresi and the analysts are at issue here, not State Troopers and/or others attached to ECAC. Please let us know whether you will undertake the requested searches (to repeat, only (a) internal ECAC e-mails and (b) e-mails to/from BPD or COB e-mail addresses).
- You said you would produce the documents relating to Plaintiffs by this Friday, May 7, and that you would get us final positions on the remainder of the Fifth RFP issues in the time frames set forth in our pre-meeting e-mail. None of those time frames goes later than May 7. We will review what you say when you say it and raise it with the Court (or not) as appropriate.

There is a lot here, and you are way behind. At this stage, on each issue, unless you tell us precisely what you will do and give us a specific time frame in which it will be accomplished, we will be forced to tell the Court that you have refused to do it.

I look forward to hearing from you.

EPK



**Edward P. Krugman**
**Senior Attorney (he/him/his)**
**National Center for Law and Economic Justice**
**275 Seventh Avenue, Suite 1506, New York, NY 10001-6860**
direct: 646-680-8912 | krugman@nclej.org | www.nclej.org

Confidentiality Note: This e-mail (including attachments) is intended only for the addressee and may contain information that is privileged and/or confidential. Distribution or copying of this e-mail or its attachments by anyone other than the intended recipient is prohibited. If you have received this e-mail in error, please notify us immediately by telephone at 212-633-6967 or e-mail at info@nclej.org and destroy the original message and all copies.