# Exhibit 8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**BLACK LOVE RESISTS IN THE RUST, et al.**

    **Plaintiffs,**      RESPONSES TO PLAINTIFFS' FIFTH
                SET OF REQUESTS FOR PRODUCTION TO
    -vs-           DEFENDANT CITY OF BUFFALO, N.Y.

**CITY OF BUFFALO, et al.**        Civil Action No.: 18-cv-719

    **Defendants.**

---

Defendant, City of Buffalo, ("City") offer the following in response to "PLAINTIFFS' FIFTH SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS" based on information available as of the date prescribed herein.

## GENERAL OBJECTIONS

1. The City responds to each and every document request subject to the general objections set forth herein. These objections form a part of the response to each and every document request and are set forth herein to avoid duplication by restating them for each document request. These general objections may be specifically referred to in response to a certain document request for the purpose of clarity. However, the failure specifically to refer to a general objection is not and shall not be construed to be a waiver of any general objection, even if other general objections are specifically stated in response to a document request.

2. The City objects to each of the requests to the extent that they seek information and documents that they seek materials prepared in anticipation of litigation

or are subject to the attorney-client privilege, attorney work product doctrine, deliberative process privilege, law enforcement privilege, prosecutorial privilege, or any other applicable privilege, including but not limited to those set forth by statutes such as the New York Public Officers Law §86, the New York Social Services Law, the Health Insurance Portability And Accountability Act (HIPAA), and 18 NYCRR §357.1.

3. The City objects to each of the requests to the extent that they seek to impose upon the City any obligation beyond those imposed by the Federal Rules of Civil Procedure. The City objects to each of the requests and to the preliminary statement, definitions, and instructions that accompany them, to the extent that they are not consistent with the Federal Rules of Civil Procedure and/or the Local Rules of Civil Procedure and/or attempt to impose requirements greater than those imposed by each or all of those rules. The City objects to these requests to the extent that they seek to impose an obligation upon the City to collect an obtain information from any person or entity that is not a party to this action.

4. The City objects to each of the document requests to the extent they are vague, ambiguous, overbroad, unduly burdensome, oppressive, unlimited in time, scope or subject, call for unbounded discovery, and/or do not describe the documents sought with reasonable particularity.

5. The City objects to each of the document requests to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence or seek information material and necessary to the prosecution or defense of this action.

6. The City objects to each of the document requests to the extent that they seek information not in the possession of the City or its agents/employees.

7. The City reserves the right to challenge the competency, relevance, materiality and admissibility of, and to object on any grounds to, the use of the information and/or documents provided hereby in any proceeding or trial of this or any other action.

8. The City objects to the document requests insofar as they state or imply contested facts, circumstances, legal conclusions, issues, events or circumstances. The City's responses to these document requests shall not constitute any admission of any fact, event, circumstance, issue, or legal conclusion.

9. The City objects to any requests for original evidence, records, documents, and things; the City will not release original evidence or things to any party for discovery purposes but will provide a reasonable opportunity for appropriate viewing in the presence of all parties.

10. The City expressly reserves the right to amend and supplement the following responses and document requests with respect to additional information, material, and documents supplied or obtained in the course of discovery herein.

11. The City objects to these document requests to the extent that they seek information which is proprietary in nature.

# RESPONSES TO DOCUMENT REQUESTS

**REQUEST NO. 95**: All Documents concerning the events described in ¶¶ 271-288, 302-309, 313, 317-340, 345-357, 366-372, 380-391, and 395 of Plaintiffs' Amended and Supplemental Class Action Complaint, including, but not limited to,

(i) traffic tickets;

(ii) parking tickets;

(iii) photographs, video and audio recordings;

(iv) incident reports;

(v) transcripts and summaries of BPD radio transmissions;

(vi) BPD Roadblock Directives and Checkpoint Tally Sheets;

(vii) Housing Unit, Strikeforce, and Division of Traffic Enforcement daily, weekly, and monthly reports;

(viii) BTVA, Department of Parking, Parking Enforcement Division, Parking Violations Bureau, and Impound Lot records;

(ix) New York State Department of Motor Vehicles, Erie County Supreme Court, and Buffalo City Court records; and

(x) notes, memoranda, reports, emails, SMS or text messages, social media posts, photographs, and audio and video recordings created by and/or reflecting Communications to or from BPD Officers Michael Healy, Jared Domaracki, Adam Wigdorski, Charles Miller, Charles Skipper, and Defendant Robbin Thomas, and the BPD officers identified in Defendants' Responses to Plaintiffs' Interrogatories Nos. 14-16.

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the attorney-client privilege, and/or attorney work-product privileges. The City also objects to the extent that the demand seeks information beyond that allowed for in a request for production and is more akin to an interrogatory.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB024278-COB024379 provided herewith, which may be responsive to this request, and will supplement this response if and when additional documents or communications are located.

**REQUEST NO. 96:** **All Documents concerning Plaintiffs Dorethea Franklin, Taniqua Simmons, De'Jon Hall, Joseph Bonds, Charles Palmer, Shirley Sarmiento, Ebony Yeldon, Shaketa Redden, and Jane Doe dating from January 1, 2010 to the present, including but not limited to,**

**(i) traffic tickets;**

**(ii) parking tickets;**

**(iii) accident reports,**

**(iv) incident reports,**

**(v) arrest reports,**

**(vi) criminal complaints,**

**(vii) BTVA, Department of Parking, Parking Enforcement Division, Parking Violations Bureau, and Impound Lot records;**

**(viii) emails, letters, notes, memoranda, reports, SMS or text messages, and social media posts;**

**(ix) photographs, audio and video recordings; and**

**(x) New York State Department of Motor Vehicles, New York State Division of Criminal Justice Services (DCJS), Erie County District Attorney's Office, Erie County Supreme Court, Erie County Family Court, and Buffalo City Court records.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the attorney-client privilege, and/or attorney work-product privileges. The City also objects to the extent that the demand seeks information beyond that allowed for in a request for production and is more akin to an interrogatory.

**RESPONSE:** Without waiving any general or specific objections, the City is aware of the documents bates numbered COB024278-COB024379 provided herewith, which may be responsive to this request, and will supplement this response if and when additional documents or communications are located.

**REQUEST NO. 97:** **All BPD personnel records concerning BPD Officers Michael Healy, Jared Domaracki, Adam Wigdorski, Charles Miller, Charles Skipper, Defendants Robbin Thomas, Aaron Young, Kevin Brinkworth, and Philip Serafini, the BPD officers identified in Defendants' Responses to Plaintiffs' Interrogatories Nos.**

6

**14-16, and any other current or former BPD officer noticed or produced for deposition in this matter, including, but not limited to:**

> **(i). All records concerning civilian complaints filed against each such officer and Defendant with the BPD and/or the Buffalo Commission on Citizens' Rights and Community Relations;**
>
> **(ii). All records concerning misconduct investigations of each such officer and Defendant by the BPD Internal Affairs Division (IAD), whether conducted in response to a civilian complaint or initiated internally by the BPD;**
>
> **(iii) All records concerning each such officer's and Defendant's BPD disciplinary history;**
>
> **(iv) Each such officer's and Defendant's performance evaluations;**
>
> **(v) All records concerning each such officer's and Defendant's placement or consideration for placement in any BPD performance monitoring or early intervention program.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the attorney-client privilege, and/or attorney work-product privileges. The City also objects to the extent that the demand seeks information beyond that allowed for in a request for production and is more akin to an interrogatory.

**REQUEST NO. 98**: All Documents concerning state or federal civil lawsuits filed against Michael Healy, Jared Domaracki, Adam Wigdorski, Charles Miller, Charles Skipper, Defendants Robbin Thomas, Aaron Young, Kevin Brinkworth, and Philip Serafini, the BPD officers identified in Defendants' Responses to Plaintiffs' Interrogatories Nos. 14-16, and any other current or former BPD officer noticed or produced for deposition in this matter.

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**REQUEST NO. 99**: All Documents regarding concerns about the testimonial credibility of BPD Officers Michael Healy, Jared Domaracki, Adam Wigdorski, Charles Miller, Charles Skipper, and Defendants Robbin Thomas, Aaron Young, Kevin Brinkworth, and Philip Serafini, and the BPD officers identified in Defendants' Responses to Plaintiffs' Interrogatories Nos. 14-16, and any other current or former BPD officer noticed or produced for deposition in this matter, including, but not limited to, those Documents created by and/or reflecting communications to or from the Erie County District Attorney, City of Buffalo Corporation Counsel, state or federal courts, and/or state or federal grand juries.

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the attorney-client

privilege, and/or attorney work-product privileges. The City specifically further objects in that the phrase "concern about the testimonial credibility" is vague, confusing, undefined, and potentially subject to multiple meanings and interpretations.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 100:** All Documents regarding concerns raised by the Erie County District Attorney's Office about the testimonial credibility of BPD officers, including, but not limited to, (i) the list created by the Erie County District Attorney's Office containing the names of 17 BPD officers that is referenced in the November 2, 2020 *Investigative Post* article by Geoff Kelly entitled "Problem Cop Still on the Buffalo Police Force," *available at* https://www.investigativepost.org/2020/11/02/problem-cop-still-on-buffalo-police-force/, and (ii) Documents reflecting communications to or from the BPD regarding this list or any of the BPD officers included in this list.

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges. The City also object to the extent that the demand seeks information beyond that allowed for in a request for production and is more akin to an interrogatory.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents or communications at this time.

**REQUEST NO. 101:** All Documents, including, but not limited to, notes, memoranda, reports, emails, spreadsheets or summaries of BPD work logs, created by and/or reflecting communications to or from BPD Officers concerning the payment of overtime to BPD officers, including, but not limited to, Strike Force and Housing Unit officers.

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, is not likely to result in the production of admissible evidence, and seeks information protected by the deliberative process privilege, the law enforcement privilege, the attorney-client privilege, and/or attorney work-product privileges.

**REQUEST NO. 102:** All Documents concerning BTVA's policies with respect to prosecution and plea bargaining of (i) multiple tickets issued in a single stop and (ii) tinted windows tickets, including, but not limited to, notes, memoranda, reports, or emails, and all Documents and Communications related to the development, implementation, and/or use of the policies.

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, and is not likely to result in the production of admissible evidence. The City specifically further objects in that the phrases and terms "Documents concerning" and "all Documents and Communications related to the development,

implementation, and/or use of the policies" are vague, confusing, undefined, and potentially subject to multiple meanings and interpretations. The City also objects to the extent that the demand seeks information beyond that allowed for in a request for production and is more akin to an interrogatory.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents at this time.

**REQUEST NO. 103:** **All Documents concerning BPD's use of tint meters and/or BPD's process of measuring car window tints, including, but not limited to, policies, notes, memoranda, reports, or emails.**

**OBJECTION:** The City objects to this request insofar as it is overly broad, burdensome, vague, and is not likely to result in the production of admissible evidence. The City specifically further objects in that the phrases and terms "concerning BPD's use of tint meters" and "including but not limited to, policies, notes, memoranda, reports, or emails" are vague, confusing, undefined, and potentially subject to multiple meanings and interpretations. The City also object to the extent that the demand seeks information beyond that allowed for in a request for production and is more akin to an interrogatory.

**RESPONSE:** Without waiving any general or specific objections and to the extent that the request is understood, the City is not aware of any responsive documents at this time.

Dated: December 10, 2020
       Buffalo, New York

                                      TIMOTHY A. BALL, ESQ.
                                      Corporation Counsel

                                      */s/Robert E. Quinn*
                                      By: Robert E. Quinn
                                      65 Niagara Square - 1103 City Hall
                                      Buffalo, NY 14202
                                      Tel.: (716) 851-4326
                                      rquinn@ch.ci.buffalo.ny.us


TO:    NCLEJ
          Attn.: Claudia Wilner, Esq.
          275 Seventh Avenue, Suite 1506
          New York, NY  10001
          wilner@nclej.org

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**BLACK LOVE RESISTS IN THE RUST, et al.**

       **Plaintiffs,**

             **-vs-**

**CITY OF BUFFALO, et al.**

       **Defendants.**

**CERTIFICATE OF SERVICE**

Civil Action No.: 18-cv-719

---

     I, Robert E. Quinn, hereby certify that on December 10, 2020, the annexed document was electronically served on Counsel for the Plaintiffs in this case:

Claudia Wilner, Esq.
NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE
275 Seventh Avenue, Suite 1506
New York, NY 10001
wilner@nclej.org

I certify under penalty of perjury that the foregoing is true and correct.

Dated: December 10, 2020
      Buffalo, New York

                          TIMOTHY A. BALL, ESQ.
                          Corporation Counsel


                          */s/Robert E. Quinn*
                          By: Robert E. Quinn
                          65 Niagara Square - 1103 City Hall
                          Buffalo, NY 14202
                          Tel.: (716) 851-4326
                          rquinn@ch.ci.buffalo.ny.us