

BYRON W. BROWN
MAYOR

# CITY OF BUFFALO
### DEPARTMENT OF LAW



TIMOTHY A BALL
**CORPORATION COUNSEL**

June 4, 2021

The Honorable Christina Reiss
United States District Court, District of Vermont
P.O. Box 446
Burlington, VT 05402-0446

    Re:    *Black Love Resists in the Rust, et al. v. the City of Buffalo, et al.*
           18-cv-719

Dear Judge Reiss:

    Thank you for the opportunity to submit this letter regarding certain documents and proposed redactions, issues we did not have the opportunity to discuss at our last conference due to time limitations, which we hope can be resolved in an efficient and equitable manner with the Court's assistance. Specifically, this letter will address the monthly "CompStat" and "GIVE" reports which Plaintiffs' claim are relevant and which Defendants submit contain sensitive personal information that, upon information and belief, have been provided to the Court through exemplars for review and consideration.

    To begin, while Defendants have already produced examples of these documents and proposed redactions allowing for additional production, we dispute that Plaintiffs have satisfied their burden of showing relevance and proportionality for any of these individual reports, let alone all of them. The Plaintiffs do not claim that these reports have information that relates to any incident identified in the Amended Compliant and the periodic reports are not specific to the "strike force", "housing unit", "traffic stops", "checkpoints", or any of the particularized allegations in the Amended Complaint. We therefore submit, at the least, this should be considered in any proportionality analysis.

    As to the specific individuals and entries addressed by the proposed redactions, Plaintiffs have not established how this information is relevant or discoverable in this proceeding. Upon information and belief, there are no entries relating to the named Plaintiffs and the specifically identified arrests, crimes, and other information, is not organized or compiled in a manner that would imbue any relevance or discoverability in this proceeding. The individuals are both victim and accused, identified in varying contexts, and the entries do not contain complete histories, narratives, or the result of any investigation or charges, and there is no apparent relevance to this lawsuit.

Moreover, Plaintiffs have already received an extensive amount of materials from Defendants on similar if not identical issues, to date 323,585 pages of documents collected at a substantial cost, and we submit that Defendants should be boundlessly compelled to release sensitive, confidential, records that have no direct relevance to the claims, as there is virtually no limit to discovery if Plaintiff's arguments are accepted.  With this said, and while the Defendants dispute there is any grounds for relevancy, in a good faith effort to resolve a discovery dispute, we have produced exemplars and proposed certain redactions on documents which we would be willing to produce.

As demonstrated by the examples before the Court, these reports generally contain two types of entries; statistics and maps that identify categories of data, and separate entries which contain particular information pertaining individual crimes, victims, and suspects. The Defendants have not proposed redactions on the statistics, and only minor redactions on the maps which reference particular individual's personal information. Instead, the proposed redactions relate largely if not entirely limited to personal sensitive information of particular individuals, names, dates of birth, phone numbers, last known addresses, social security numbers, etc., which we do not believe should be disclosed.

Again, upon information and belief, none of the individuals identified are named Plaintiffs.  The information proposed to be redacted is clearly sensitive, obviously raising privacy, security, and safety concerns, for individuals who are strangers to this lawsuit and for which there is no discernable relevancy to warrant such an invasion.

This type of information is often redacted for actual parties, where there is an actual finding of relevancy, and here these individuals have no connection with this lawsuit or relevancy. *See, e.g.*, Cody v. New York State Div. of State Police, CV 07-3735 LDW ETB, 2008 WL 3252081, at *4 (EDNY July 31, 2008)("[w]hile information contained within the requested files is relevant, information of a personal nature that is not necessary to the litigation may also be present Therefore, any information of a personal nature, such as social security numbers, personal telephone numbers, and home addresses should be permitted through redaction. Furthermore, these files must remain confidential and used only for purposes of this litigation, pursuant to the terms of the Protective Order, annexed hereto, which the Court issues *sua sponte*").

These grounds are perhaps most compelling in the context of "mugshots", which can affect one's personal life, job prospects, educational opportunities, housing options, and career advancement.  Prall v. New York City Dept. of Corrections, 40 Misc 3d 940 (Sup. Ct., 2013), *affd*, Matter of , 129 A.D.3d 734 (2nd Dept., 2015)(decision to redact dates of birth, home addresses, and photographs of inmates in its response to FOIL request for arrest records was proper, pursuant to exemptions governing invasion of privacy, endangering an individual's life or safety, and maintenance of records by agency; if released, dates of birth and home addresses could easily be used to facilitate identity theft; photographs, which were not generally otherwise available, could increase gang violence targeted at inmates and their family members").

Further, and even more compellingly, the context and type of information contained in these records regarding the victims, investigations, "gang affiliation", activity, and arrests, establishes that redaction is warranted on the grounds that the information may be prohibited from disclosure under the New York Criminal Procedure Law.  *See*, New York Criminal Procedure Laws §§ 160.50(1)(c), (3)(i), § 160.55 and § 1.20(18); Wilson v. City of New York, 240 A.D.2d 266, 659 N.Y.S. 2d 8 (1st Dept. 1997); Matter of Katherine B., et. al. v. Cataldo, 5 N.Y.3d 196 (2005).  Under these laws, in the event that these records are sealed for one of a number of reasons, the Defendants would be legally prohibited from producing these records.

Indeed, the whole purpose of "the sealing requirement is to ensure confidentiality for people who are arrested and to thereby avoid attaching any public stigma to them." Amy Haus, et. al. v. City of New York, et. al., 2008 WL 623344 (SDNY 2005)("federal courts should, in the spirit of comity, take into consideration the policy interests embodied in state privileges and related state laws limiting disclosure of confidential materials, at least to the extent that they can be reconciled with federal policy interests and the discovery needs of federal civil rights litigants");  Harper v. Angiolillo, 89 N.Y.2d 761 (1997)); Fountain v. City of New York, 03 CIV 7790 RWS, 2004 WL 1474695, at *2 (SDNY June 30, 2004)("[w]hile there is a possibility that some of the non-party arrestees may have relevant information, plaintiffs have not yet shown that their need for the information outweighs "the administrative burden on the City, and (more importantly)[the] burden on the privacy interest of the…non-parties").  Accordingly, the entire aim of this sealing statute would be thwarted if the Plaintiffs were permitted to access these individuals' sealed cases without consent or a Court Order allowing such an invasion, and redaction is therefore warranted.

Additionally, and in the alternative, we would request that any information be designated "for attorneys eyes" with whatever redactions deemed appropriate.  *See, e.g.*, Floyd v. City of New York, 739 F Supp. 2d 376, 386 (SDNY 2010)("restricting disclosure to only a small portion of the IAB files, redacting irrelevant and truly sensitive information, and imposing an attorneys' eyes only protective order is a sensible balance between plaintiffs' compelling need for the information and the low sensitivity of the materials generally"); Fowler-Washington v. City of New York, 19-CV-6590(KAM)(JO), 2020 WL 5893817, at *4-5 (EDNY Oct. 5, 2020), reconsideration denied, 19-CV-6590(KAM)(RER), 2020 WL 7237683 (EDNY Dec. 9, 2020)("Defendants should redact personal identifying information *only* if it falls into one of the following categories: social security numbers, dates of birth, home addresses, and the names of family members. In addition, the redacted records that are produced shall continue to be restricted to attorney's eyes only. If Plaintiff comes to believe that a particular piece of personal identifying information that was redacted would be relevant to his claims, Plaintiff may file a motion, directed to the magistrate judge, to compel production of that specific piece of information"); Floyd v. City of New York, 959 F Supp. 2d 540, 592 (SDNY 2013)(referencing "[e]xcerpts from heavily redacted minutes of Compstat meetings…")

      Finally, we should note that it is possible that separately or within individual entries there may be information which could be considered privileged under the "law enforcement privilege", but to date we have not come across any such information and therefore raise the issue in precaution, and reserve all rights in that regard.

      Thank you again for your continued courtesies in this matter.

                                              Respectfully yours,

                                              TIMOTHY A. BALL, ESQ.
                                              Corporation Counsel

                                              */s/ Robert E. Quinn*
                                              By:  Robert E. Quinn
                                              Assistant Corporation Counsel

CC:    NCLEJ
          Attn.: Claudia Wilner, Esq.
          275 Seventh Avenue, Suite 1506
          New York, NY  10001