UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

---

BLACK LOVE RESISTS IN THE RUST, et al.,
       Plaintiff

v

CITY OF BUFFALO, et al.,
       Defendant

**NOTICE OF MOTION
TO QUASH SUBPOENA**
18-CV-719
Assigned Judge:
Hon. Christina Reiss

---

       PLEASE TAKE NOTICE, that upon the attached affidavit of MICHAEL J. HILLERY, Assistant District Attorney, of counsel to JOHN J. FLYNN, the District Attorney of Erie County, sworn to on the 11th day of June, 2021, and upon all papers heretofore filed herein, the undersigned will move before the Hon. Christina C. Reiss, District Court Judge, Buffalo Courtroom, U.S. District Court for the Western District of New York, Buffalo, New York, on the ___ day of June, 2021, at 10:00 o'clock in the forenoon, or as soon thereafter as counsel may be heard, for an order quashing or modifying the subpoena duces tecum served upon the Erie County District Attorney's Office, and for such other relief as may be just and proper.

DATED:    Buffalo, New York
            June 11, 2021

Respectfully submitted,

JOHN J. FLYNN
DISTRICT ATTORNEY
Erie County
By:  MICHAEL J. HILLERY
Assistant District Attorney
of Counsel
25 Delaware Avenue
Buffalo, New York 14202

TO:     Darius Charney, Esq.

UNITED STATES DISTRICT COURT
        FOR THE
WESTERN DISTRICT OF NEW YORK

---

BLACK LOVE RESISTS IN THE RUST, et al.,
            Plaintiff                    **AFFIDAVIT**

v
                                         18-CV-719

CITY OF BUFFALO, et al.,
            Defendant

---

STATE OF NEW YORK    )
COUNTY OF ERIE       )   ss.
CITY OF BUFFALO      )

        MICHAEL J. HILLERY, being duly sworn, deposes and says:

        1.    I am an attorney duly admitted to practice law before this Court.

        2.    I am an Assistant District Attorney, appearing of counsel to JOHN J. FLYNN, District Attorney of Erie County, on behalf of the People of the State of New York.

        3.    This affidavit is submitted in support of the People's motion to quash the judicial subpoena duces tecum, received in the District Attorney's Office on May 26, 2021, requesting 1) "a copy of the Erie County District Attorney's Problem Officer List"; 2) "all documents concerning and/or reflecting the date(s) on which the Erie County District Attorney's Office added BPD officers Joseph Hassett, Richard Hy, and Thomas Zak to the Problem Officer List"; 3) "all documents concerning the reasons for the Erie County District Attorney's Office's decision to include BPD officers Joseph Hassett, Richard Hy, and Thomas Zak on the Problem Officer List,

including, but, not limited to, (i) BPD Internal Affairs Division, misconduct investigation, and other disciplinary records, (ii) affidavits and witness statements, (iii) transcripts and audio and video recordings of depositions, witness interviews, and court proceedings, and (iv) court orders and decisions; and 4) "all documents regarding communications between the Erie County District Attorney's Office and the BPD regarding the former's concerns about misconduct committed by and/or the testimonial credibility of BPD officers Joseph Hassett, Richard Hy, and Thomas Zak."

4. Plaintiff's first request cannot be accommodated because the District Attorney's Office does not keep a "Problem Officer List."

5. For similar reasons, the District Attorney's Office cannot accommodate plaintiff's second request. There is no "Problem Officer List," and no documents concerning such a list.

6. However, in April 2019, the District Attorney's Office determined that it would "no longer call Officer Hassett as a witness in any pending or future criminal action" because of problems with his credibility. District Attorney John J. Flynn notified Commissioner Byron C. Lockwood of this determination by letter dated April 17, 2019 (A copy of this letter is attached).

7. Plaintiff's third request is for "all documents" related to the District Attorney's Office's reasons for including "BPD officers Joseph Hassett, Richard Hy, and Thomas Zak on the

Problem Officer List." As there is no such list, there are no such documents.

8. As to Officer Hassett, however, the District Attorney's decision to cease from calling him as a witness in any pending or future prosecution was informed by a review of his Buffalo Police Department internal affairs files.

9. The District Attorney's Office opposes production of Officer Hassett's internal affairs files for various reasons.

10. First, no materials contained in these files were generated by the District Attorney's Office.

11. Second, as those materials were used by the District Attorney's Office to determine Officer Hassett's fitness to be called as a witness, they should be considered protected, interagency materials under Public Officers Law § 87(2)(g).

12. Based on the interagency purpose surrounding the District Attorney's Office's examination of those materials, plaintiff's request is more appropriately directed to the Buffalo Police Department via the freedom of information law.

13. Finally, New York Criminal Procedure Law demands the District Attorney's Office to maintain a flow of information with law enforcement agencies to ensure compliance with discovery obligations and timely disclosure of all *Brady* and *Giglio* information.

14. To keep this flow of information requires scrupulously building and preserving a trust between the District Attorney's Office and the law enforcement agencies that create the records. Directing the District Attorney's Office to release such information -- and thereby bypass input and possible objections from the law enforcement agency -- could jeopardize that trust, threaten the vital flow of information, and ruin prosecutions.

15. The decision to refrain from calling Officer Hassett to the witness stand was also informed by a review of protected federal grand jury material, which for other purposes is confidential.

16. Plaintiff's fourth and last request is for interagency communications between the District Attorney's Office and the Buffalo Police Department regarding the former's "concerns about misconduct committed by and/or the testimonial credibility of BPD officers Joseph Hassett, Richard Hy, and Thomas Zak."

17. To date, the only officer the District Attorney's Office has determined never to call as a witness is Officer Hassett. There is no list of "problem officers." The letter attached is the only correspondence the District Attorney's Office has that meets plaintiff's request, and it is being freely disclosed because it represents a final agency determination of public interest.

18. Upon information and belief, the District Attorney's Office has no documents regarding communications with law

enforcement agencies about its concerns with officer credibility or misconduct. If the District Attorney's Office had any such documents, they would be shielded from public disclosure as interagency materials.

WHEREFORE, it is respectfully requested that this Court issue an order quashing the subpoena dated May 25, 2021.

 /s/ Michael J. Hillery
MICHAEL J. HILLERY
Assistant District Attorney
Erie County District
Attorney's Office
25 Delaware Avenue
Buffalo, New York 14202
(716)858-2473
michael.hillery@erie.gov

Subscribed and sworn to before me
this 11th day of June, 2021.

/s/ Elaine J. Williams
ELAINE J. WILLIAMS
Notary Public, State of New York
Qualified in Erie County
My commission expires 9/4/2021

UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

---

BLACK LOVE RESISTS IN THE RUST, et al.,
                                Plaintiff

        -vs-

CITY OF BUFFALO, et al.
                                Defendant

AFFIDAVIT OF SERVICE

18-cv-719

---

STATE OF NEW YORK )
COUNTY OF ERIE    ) ss:
CITY OF BUFFALO   )

      ELAINE J. WILLIAMS, being duly sworn, deposes and says:

      That she is over the age of twenty-one (21) years; that on June 11, 2021, she served the within Notice of Motion and Affidavit upon Darius Charney, Esq., attorney for plaintiff, addressed to Darius Charney, Esq., at his office located at Center for Constitutional Rights, 666 Broadway, 7th floor, New York, New York, 10012, by depositing a true copy of same, securely enclosed in a postpaid wrapper, in a post office box regularly maintained by the United States Postal Service at the Erie County Hall in the City of Buffalo, New York in the above-captioned matter.

                                          _____
                                          ELAINE J. WILLIAMS

Subscribed and sworn to before
me on June 11, 2021.

_____
MICHAEL J. HILLERY
Notary Public, State of New York
Qualified in Erie County
My Commission Expires 3/29/2022