UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BLACK LOVE RESISTS IN THE RUST, *et al.*,
on behalf of themselves and all those similarly situated

                              Plaintiffs,

v.

CITY OF BUFFALO, *et al.* ;

                              Defendants.

No. 1:18-cv-719

**DECLARATION OF EDWARD P. KRUGMAN IN SUPPORT OF MOTIONS (A) FOR ISSUANCE OF SUBPOENA TO NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES AND (B) TO SHORTEN TIME TO RESPOND TO MOTION (A)**

Edward P. Krugman declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a member of the Bar of the State of New York and of this Court. I make this declaration in support of (a) Plaintiffs' Motion for Issuance of a Subpoena to the New York State Department of Motor Vehicles and (b) Plaintiffs' separate motion to shorten time to respond to Motion (a).

2. Although the Federal Rules of Civil Procedure do not expressly provide for a Court to "So Order" the issuance of a subpoena, neither do the Rules prohibit such an order. This motion is made because the DMV, as a matter of posted policy on its website (which has been confirmed in discussions with DMV personnel), will honor a federal subpoena only if it has been "ordered by a federal court." https://dmv.ny.gov/dmv-records/how-serve-subpoena. Regardless of

whether this policy is consistent with the Supremacy Clause (or anything else), Plaintiffs are prepared to comply with it. Hence this motion.

3. The subpoena seeks the addresses (but not the names) of all individuals to whom the Buffalo Police Department ("BPD") issued traffic tickets in the period January 1, 2012 to December 31, 2020. Listings (from a system called "TraCS") of the tickets themselves have previously been obtained by subpoenas to Erie County Central Police Services. The TraCS listings, however, merely identify the zipcode of residence of the driver to whom the ticket was issued; they do not identify the street address.

4. Plaintiffs wish to use the drivers' street addresses as part of their statistical analyses in support of their claims of racially discriminatory traffic ticketing in this case. The DMV does not record the race of drivers to whom driver's licenses are issued, and BPD officers almost always leave the "Race" field blank when entering tickets into TraCS. Because the data thus do not identify the race of a driver to whom a given ticket was issued, the racial distribution of traffic tickets issued by the BPD must be estimated in other ways.

5. In general, the estimates are performed by comparing the numbers of tickets issued to residents of a given geographic area with the racial composition of the area, with the racial composition being determined from United States Census Bureau data. Linear regression analysis and other statistical techniques may provide estimates of, for example, how the number of tickets per 100 residents of an area relates to the proportion of the area's residents consisting of White People vs. People of Color.

6. The statistical allegations of the Amended Complaint in this action are based upon such analyses, with the geographic unit of analysis being zipcode of driver's residence. *See*, *e.g.*, ECF #63 ¶¶ 107-110.

7. Zipcodes are not the only local geographic units for which the Census Bureau provides racial composition data; it provides such data for "census tracts" and "census blocks" as well. Within the City of Buffalo and its environs there are many more census tracts than zipcodes, and each census tract will generally contain two or three separate "blocks." Tract and block classification is, accordingly, a finer mesh than is zipcode classification.

8. As a cross-check, to increase statistical robustness, and for other similar purposes, Plaintiff have concluded that it would be desirable to do block and/or tract analyses in addition to zipcode analyses. The purpose of the attached subpoena is to obtain the data needed to achieve that end. Upon receipt of the individual street addresses, Plaintiffs will use the Census Bureau's geocoding interface to obtain the necessary tract and block information. This process does not require knowing the names of the individual drivers, and that information is therefore not being sought.

9. Starting on July 20, 2021, and on three additional occasions thereafter, I have requested counsel for Defendants to consent to issuance of this subpoena. Counsel has never voiced any objections to the subpoena; he has simply said he would consider the matter and get back to me. He never has.

10. To prevent Defendants' obstructive conduct from slowing this case down even more than it already has, Plaintiffs are simultaneously moving to shorten time to respond to the motion for issuance of the subpoena. Plaintiffs propose that any response be filed not later than September 10, 2021, and Plaintiffs will reply, if so advised, by September 14, 2021.

Executed under penalty of perjury this 6th day of September, 2021.

                                                *s/ Edward P. Krugman*