UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

BLACK LOVE RESISTS IN THE RUST, *et al.*,
individually and on behalf of a class of all others
similarly situated,

                         Plaintiffs,

    v.

CITY OF BUFFALO, N.Y., *et al.*,

                         Defendants.

No. 1:18-cv-00719-CCR

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL PRODUCTION AND FOR SANCTIONS AGAINST DEFENDANT CITY AND AGAINST ROBERT E. QUINN, ESQ. PERSONALLY

Plaintiffs respectfully submit this Memorandum of Law in support of their motion (a) to compel the discovery set forth in the accompanying Declaration of Edward P. Krugman (Krugman Dec.), (b) for attorneys' fees under Rule 37, jointly against Defendant City and its counsel, Robert E. Quinn, Esq., for failing to comply with this Court' prior order compelling discovery and for failing to produce documents (including Defendants previously agreed to produce), and (c) for additional sanctions under 28 U.S.C. § 1927 for Mr. Quinn's ongoing and willful refusal to cooperate in the meet-and-confer process.

### BACKGROUND

At the May 11, 2021 Status Conference, the Court said:

THE COURT: Because they say you'll say, "May 7th, I'm getting back to you." May 7th comes and goes and you don't get back to them. And I say, "Tell me what you could do." And you say, "I can do this." And what I say seems to come and go, too, because we shouldn't even be having this conference, and that is why I'm ready to start adopting a different approach because me asking you what is reasonable, okay, now it's my order, you comply with it. It kind of feels like you're blowing -- not blowing me off -- but blowing past what I consider a court order. And the fall

back is, let's do it formal. Let's have it in writing. Let's have discernable sanctions if things don't go forward.

Tr. 5/11/2021 at 10.

After making these comments at the Status Conference, directed the completion of the first round of ESI discovery, which had been pending for *two years*, by May 31, 2021. Faced with this Court order, Defendants finally complied with a portion of it and, on May 31, and produced *four times* the total amount of documents that they had produced in the entire case prior to that date.

Mr. Quinn's practice of obfuscation and delay has been apparent throughout this case, as the Court recognized at the last Status Conference and as detailed in Ms. Wilner's earlier declarations filed in August 2019 (ECF 34-2) and October 2020 (ECF #66). Consider the following events described Ms. Wilner's declaration in support of Plaintiffs' October 2020 motion to compel (ECF #66):

- On May 6, 2020, Mr. Quinn agreed to produce monthly Housing Unit reports from January 1, 2018 forward (*id.* ¶ 22), but more than five months later those reports remained unproduced (*id.* ¶ 23).

- Mr. Quinn refused to take a clear position on Plaintiffs' requests for the first pages of Housing Unit and Strike Force Daily Reports and the narrative portions of 36 specific Strike Force Daily Reports (*id.* ¶ 25). Months passed with endless chasing and back-and-forth (*id.* ¶ 26), ultimately to no result (*id.* ¶ 27).

- Mr. Quinn delayed in responding to Plaintiffs' Interrogatory 1, seeking dates of employment of Housing and Strike Force officers, for more than two years, during which he repeatedly promised and then failed to provide the information sought (*id.* ¶¶ 39-43).

This case is now more than three years old, and the parties are still stuck in document discovery. The record is clear that Mr. Quinn is personally responsible for a great deal of that delay.

That delay has only continued. After the massive May 31 production, discovery once again ground to a halt. Mr. Quinn's broken promises are once again front and center. Mr. Quinn has failed to comply with the Court's order to produce one category of documents, failed to live up to his own agreements to produce several additional category of documents, and repeatedly avoided

meeting-and-conferring as to other categories of documents. For example (Krugman Dec. ¶¶ 49-65)::

- On July 20, 2021, Plaintiffs sent Mr. Quinn an e-mail (Krugman Dec. Ex. 13) to restart conversations about open discovery issues. The e-mail stated:

    After you have had a chance to review this e-mail, we'd like to get together on a Zoom to talk it through. Please respond in writing before that, so that this e-mail and your response can be the agenda for the Zoom. On the Zoom, we will request specific commitments as to specific dates for each of the items.

- Three days later, Mr. Quinn wrote, "Sorry, busy this week. I'll respond on Monday [July 26], let me know what dates you were thinking for a meet and confer." (Krugman Dec. Ex. 14)

- *Mr. Quinn did not respond that Monday.*

- On Tuesday, July 27, Mr. Quinn wrote, "Slight delay, sorry, should have by end of today." (Ex. 15)

- *Mr. Quinn did not respond that day (or any other day to the present).*

- The meet-and-confer was set up for August 5, with Plaintiffs' e-mail putting the meeting out that far (Ex. 16) reflecting "the idea that we may be able to get some stuff resolved by e-mail between receipt of your response and that meeting."

- On July 29, having still received no substantive response to the July 20 e-mail, Plaintiffs sent Mr. Quinn a chaser and received the following response:

    I know, sorry, we're losing an attorney so I'm in the process of inheriting a lot of new cases. Should have a response tonight or tomorrow at latest. (Krugman Dec. Ex. 17)

- On August 4, the day before the scheduled meet-and-confer, Mr. Quinn wrote (Ex. 18):

    Still working on these responses, apologize for delay.

    I now have 2 conflicts tomorrow and not enough attorneys to cover. Would it be possible to move our meet and confer to tomorrow afternoon or Friday?

    Sorry for the late notice, I have depos that were supposed to finish today that are now being extended into tomorrow.

- Plaintiffs told Mr. Quinn that the meet-and-confer would not be adjourned, and he acquiesced. Some progress seemed to have been made during the meeting, and Mr. Quinn was to provide follow-up by August 12. On August 11, however, Mr. Quinn had to cancel due to a death in his family; he indicated that he would be back in the office on August 18.

- *Plaintiffs did not hear from Mr. Quinn on August 18, or on any other day that week.*

- On Monday, August 23, Plaintiffs wrote to Mr. Quinn as follows:

    My condolences again, and I hope your time in Florida went as well as it could. Based on your e-mails of 8/12 we had understood we would hear from you by 8/18, but we would understand if your family matters took longer to resolve than expected.

    In any event, we need to move this along. Your failure to fulfill your repeated promises to respond in writing to my e-mail of July 20 (now over a month ago!) meant that our conference on August 5 was less productive than it should have been, but it is now time to bring all those issues to closure. Attached to this e-mail is a proposed consent Order that we propose to ask Judge Reiss to enter. To the extent you disagree with anything in the Order, please send us a redline with your proposed changes, no later than COB Wednesday. We currently intend to move on any area where the parties do not agree, but a final decision must, of course, await our review of your redline. (Krugman Dec. Ex. 19)

- Mr. Quinn responded, "Thanks, I'm working on this now and will respond by Wednesday." (Ex. 20)

- *Mr. Quinn did not respond by that Wednesday, nor on any other day to the present.*

- On August 26, Mr. Quinn wrote, "Just waiting on 2 things, should have a response today.  Sorry for delay." (Ex. 21)

- *There was no response that day, or on any other day to the present.*

- On September 7, Mr. Quinn wrote (Ex. 22):

    I'll have an omnibus response out today.  I believe we'll largely agree and should be able to abide by the time frames, but we may have a dispute over the search terms and time frame of discovery.  If it's worthwhile to have a further discussion, I can be available Friday after 11.

- *Mr. Quinn has yet to provide any response, let alone the "omnibus response" he promised.*

At some point, repeated broken promises make clear that the promises were never intended to be kept—that they were, in short, lies when they were made. In Mr. Quinn's case, that point has long since been passed.

## ARGUMENT

### I. THE COURT SHOULD COMPEL THE REQUESTED DISCOVERY

The discovery sought to be compelled by this motion is described in detail in the Krugman Declaration, as are the reasons why that discovery is appropriate. Rather than repeat the detailed descriptions and justifications here, Plaintiffs respectfully refer the Court to the Krugman Declaration. Here, Plaintiffs simply list out the items sought to be compelled.

There are three categories of such items:

- One item (ECAC ESI) that the Court has already ordered. Krugman Dec. ¶¶ 7-8.
- Seven items that the City agreed to produce but has not produced.
  - ECAC Project File Discovery. Krugman Dec. ¶¶ 9-11.
  - Drafts of the JAG Applications. Krugman Dec. ¶¶ 12-13.
  - Housing Unit/Strike Force Overtime Reports. Krugman Dec. ¶¶ 14-15.
  - RFP ##97-99. Krugman Dec. ¶¶ 16-18.
  - Native Production, Where Available, for Pre-May 2021 E-Mails. Krugman Dec. ¶¶ 19-20.
  - GIVE Meeting Materials. Krugman Dec. ¶¶ 21-23.
  - Form of Production/Metadata. Krugman Dec. ¶¶ 24-25.
- Two items that have not been agreed.
  - Additional ESI Searches (custodians and search terms)
  - ENTCAD (dispatch database) sampling and/or production.

Production of all of these items should be compelled.[1]

---

[1] For completeness—and to illustrate the amount of time that passes even when things ultimately do get done—the Krugman Declaration also sets forth a number of other issues that were open at the end of August but have since been resolved (Krugman Dec. § I.D).

## II. THE COURT SHOULD AWARD FEES AND EXPENSES AGAINST THE CITY AND ITS COUNSEL

### A. *Sanctions Are Mandatory for Violation of the Court's Order Compelling Production of ECAC ESI*

Under Rule 37(b)(2)(C), the Court "must" order the party that violated the order, and/or its attorney, to pay the reasonable expenses, including attorneys' fees, caused by the violation unless there was substantial justification for the violation or other circumstances would render the award unjust.

There is *no* justification, substantial or otherwise, for the failure of the City and Mr. Quinn to abide by this Court's May 11, 2021 Order regarding ECAC ESI. Accordingly, an award of fees and expenses is appropriate.

### B. *Sanctions Are Likewise Warranted on the Remainder of the Motion to Compel*

Under Rule 37(a)(5)(A), if a motion to compel discovery is granted, or further disclosure is provided after the motion was filed, the court must require the offending party, the advising attorney, or both, to pay the movant's reasonable fees and expenses incurred in making the motion, including attorney's fees, unless (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the offending party's nondisclosure or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. "The test for avoiding the imposition of attorney's fees for resisting discovery in district court is whether the resistance was substantially justified, . . . or if reasonable people could different as to the appropriateness of the contested action." ECF #51, at 20 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Fees may be awarded against counsel "advising the conduct" when the lawyer had a demonstrable personal role in the conduct necessitating the motion. *E.g.*, *Walker v.*

*Carter*, 2015 WL 9450843, at *3 (S.D.N.Y. Dec. 23, 2015), *aff'd sub nom. Walker v. Burke*, 739 F.App'x 72 (2d Cir. 2018)..

The facts detailed in the Krugman Declaration make clear that the City and its counsel cannot begin to meet the test for exoneration from sanctions. Because the City's counsel expressly agreed to produce the documents in seven of these categories, the failure to produce them cannot be "substantially justified." Nor would it be "unjust" to sanction a party for failing to produce documents not in dispute. *E.g.*, *Kelly v. City of New York*, 2007 WL 1746912, at *2 (S.D.N.Y. June 15, 2007):

> It is not necessary for defendants to explicitly refuse to produce documents in order to be found to have failed to permit discovery. If a party ignores requests or engages in delaying tactics, but doesn't explicitly refuse, or even agrees, to produce discovery, sanctions pursuant to Rule 37 are still proper.

The City's ongoing refusal to engage on search terms and custodians, notwithstanding the Court's direction at the May 11 Status Conference that the parties meet and confer on these issues, is likewise the antithesis of "substantial justification" for failing to make discovery.

Mr. Quinn has willfully, repeatedly, and over a period of months failed to comply with his obligations to meet and confer in good faith on ongoing discovery issues. Accordingly, the Court should award Plaintiffs their attorneys' fees in making this motion, and it should award those fees against the City and its counsel jointly.

**C.**     ***Additional Monetary Sanctions Should Be Awarded Against Mr. Quinn Personally Under 28 U.S.C. § 1927 for His Ongoing and Willful Failure to Keep His Word***

The law of this Circuit regarding sanctions against counsel under 28 U.S.C. § 1927 is clear:

> Section 1927, entitled "Counsel's liability for excessive costs," permits the award of sanctions against any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously. . . ." 28 U.S.C. § 1927. . . . The failure to confer in good faith over discovery disputes in violation of a local rule clearly "multiplies

the proceedings . . . unreasonably and vexatiously," and Section 1927 thus provides ample authority for sanctions.

*Apex Oil Co. v. Belcher Co.*, 855 F.2d 1009, 1019-20 (2d Cir. 1988)

The *Apex Oil* test is obviously met here. As described above and in the Krugman Declaration, Mr. Quinn's conduct has turned the meet-and-confer process into a farce. For that, he deserves personal sanctions—not merely the fees Plaintiffs have incurred in making this motion but also including compensation for the time wasted in endless wheelspinning.

## Conclusion

The Court should enter the Proposed Order compelling discovery, it should award Plaintiffs their attorneys' fees incurred in making this motion, against the City and Mr. Quinn jointly, pursuant to Rules 37(a)(5)(A) and 37(b)(2)(C), and it should award additional monetary sanctions against Mr. Quinn for his conduct in making a mockery of the meet-and-confer process.

Dated: September 28, 2021

*/s/ Keisha A. Williams*
Joseph Keleman
Keisha Williams
WESTERN NEW YORK LAW CENTER
Cathedral Park Tower
37 Franklin Street, Suite 210
Buffalo, NY 14202
Tel: (716) 828-8415
Fax: (716) 270-4005
jkeleman@wnylc.com
kwilliams@wnylc.com

*/s/ Edward P. Krugman*
Claudia Wilner
Edward Krugman
Anjana Malhotra
NATIONAL CENTER FOR LAW
AND ECONOMIC JUSTICE
275 Seventh Avenue, Suite 1506
New York, NY 10001
212-633-6967
wilner@nclej.org
krugman@nclej.org
malhotra@nclej.org

*/s/ Chinyere Ezie*
Chinyere Ezie
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
212-614-6475
CEzie@ccrjustice.org

*/s/ Jordan Joachim*
Jordan Joachim (admitted *pro hac vice*)
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018
212-841-1000
jjoachim@cov.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2021, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Western District's Local Rules, and/or the Western District's Case Filing Rules & Instructions upon all counsel registered through the ECF System.

*/s/ Edward P. Krugman*