| | |
|---|---|
| **Subject:** | RE: BLRR v Buffalo Discovery Issues |
| **Date:** | Thursday, July 29, 2021 at 1:38:24 PM Eastern Daylight Time |
| **From:** | Quinn,Robert E |
| **To:** | Edward Krugman |
| **CC:** | Darius Charney, Claudia Wilner, Chinyere Ezie, Anjana Malhotra, Keisha Williams, jjoachim@cov.com |
| **Attachments:** | image003.png, image004.png |

I know, sorry, we're losing an attorney so I'm in the process of inheriting a lot of new cases. Should have a response tonight or tomorrow at latest.

---

**From:** Edward Krugman [mailto:krugman@nclej.org]
**Sent:** Thursday, July 29, 2021 1:06 PM
**To:** Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us>
**Cc:** Darius Charney <dcharney@ccrjustice.org>; Claudia Wilner <wilner@nclej.org>; Chinyere Ezie <cezie@ccrjustice.org>; Anjana Malhotra <malhotra@nclej.org>; Keisha Williams <kwilliams@wnylc.net>; jjoachim@cov.com
**Subject:** Re: BLRR v Buffalo Discovery Issues

*ATTENTION: This email came from an external source. Do not open attachments or click on links from unknown senders or unexpected emails.*

Hi Rob. Awaiting your response.

EPK


**Edward P. Krugman**
**Senior Attorney (he/him/his)**
**National Center for Law and Economic Justice**
**275 Seventh Avenue, Suite 1506, New York, NY 10001-6860**
direct: 646-680-8912 | krugman@nclej.org | www.nclej.org

Confidentiality Note: This e-mail (including attachments) is intended only for the addressee and may contain information that is privileged and/or confidential. Distribution or copying of this e-mail or its attachments by anyone other than the intended recipient is prohibited. If you have received this e-mail in error, please notify us immediately by telephone at 212-633-6967 or e-mail at info@nclej.org and destroy the original message and all copies.

---

**From:** Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us>
**Date:** Tuesday, July 27, 2021 at 8:05 AM
**To:** Edward Krugman <krugman@nclej.org>
**Cc:** Darius Charney <dcharney@ccrjustice.org>, Claudia Wilner <wilner@nclej.org>, Chinyere Ezie <cezie@ccrjustice.org>, Anjana Malhotra <malhotra@nclej.org>, Keisha Williams <kwilliams@wnylc.net>, jjoachim@cov.com <jjoachim@cov.com>
**Subject:** RE: BLRR v Buffalo Discovery Issues

Slight delay, sorry, should have by end of today.

**From:** Quinn,Robert E
**Sent:** Friday, July 23, 2021 10:26 AM
**To:** Edward Krugman <krugman@nclej.org>
**Cc:** Darius Charney <dcharney@ccrjustice.org>; Claudia Wilner <wilner@nclej.org>; Chinyere Ezie <cezie@ccrjustice.org>; Anjana Malhotra <malhotra@nclej.org>; Keisha Williams <kwilliams@wnylc.net>; jjoachim@cov.com
**Subject:** RE: BLRR v Buffalo Discovery Issues

Sorry, busy this week. I'll respond on Monday, let me know what dates you were thinking for a meet and confer.

---

**From:** Edward Krugman [mailto:krugman@nclej.org]
**Sent:** Tuesday, July 20, 2021 5:48 PM
**To:** Quinn,Robert E <rquinn@ch.ci.buffalo.ny.us>
**Cc:** Darius Charney <dcharney@ccrjustice.org>; Claudia Wilner <wilner@nclej.org>; Chinyere Ezie <cezie@ccrjustice.org>; Anjana Malhotra <malhotra@nclej.org>; Keisha Williams <kwilliams@wnylc.net>; jjoachim@cov.com
**Subject:** BLRR v Buffalo Discovery Issues

> *ATTENTION: This email came from an external source. Do not open attachments or click on links from unknown senders or unexpected emails.*

Rob

Now that we have had some time to dive into your May production—you produced four times as many documents on May 31 as you'd produced in the rest of the case combined—we need to get back to various open issues. After you have had a chance to review this e-mail, we'd like to get together on a Zoom to talk it through. Please respond in writing before that, so that this e-mail and your response can be the agenda for the Zoom. On the Zoom, we will request specific commitments as to specific dates for each of the items.

*Additional Custodians/Search Terms*

Review of the May 17 and 31 productions has enabled us to cut back sharply on the additional custodians and search terms, both generally and as to ECAC. ECAC is addressed below; here I address City/BPD custodians. For your convenience, I'm attaching our original list of additional custodians and terms, which has the "includes" definition of each term for search purposes.

- Custodians fall into three buckets: original custodians, additional custodians to be searched now, and additional custodians to be searched only when (and if) they are deposed (with results to be produced no later than three weeks prior to the deposition).

- *The additional custodians to be searched now* are Menza, Thomas, Macy, Gramaglia, DeGeorge, Rosenswie, and McClellan. The search terms for each of them are a set of core terms plus additional terms specific to that custodian, as follows:

    - *Core terms*: Check-point, road-block, impound, tint, tow, discriminat, rac, profil, bias, revenue, road check, zero tolerance, numbers, stop receipt/report, school/speed zone

    - *Menza*: core plus housing, strike force, hot pocket, hotspot,

    - *Thomas*: core plus east side, traffic-stop, complain*, Internal Affairs Department (IAD)

- *Macy*: core only
- *Gramaglia*: core plus traffic-stop, law-suit, strike-force, summons, budget, hot pocket, hotspot, high crime, violent crime, high visibility, traffic/roadway safety
- *Rosenswie/McCellan*: core plus traffic-stop, strike-force, summons, Hy, Hassett, Zak
- *The additional custodians to be searched only when/if deposed* are Acquino (M. not J.), Domaracki, Healy, Hy, Hassett, Whiteford, Wigdorsky, Tedesco, Miller, and Barba.
  - For all but Barba, the search terms are the core terms plus east-side, traffic-stop, complain*, Internal Affairs Department (IAD).
  - For Barba, the search terms are the core terms plus housing, strike-force, hot pocket, hotspot, complain*
- Additional search terms for the original custodians are

| | |
|---|---|
| Brown, Lockwood, Rinaldo, Serafini, Young | school/speed zone, zero tolerance, numbers, stop receipt/report, traffic/roadway safety, Hy, Hassett, Zak |
| Helfer, Morgera, Russo, Wilcox, McLean, Burke, Quinn, Strobele | school/speed zone, zero tolerance, numbers, stop receipt/report |
| Derenda, Brinkworth | High visibility, zero tolerance, numbers, Hy, Hassett, Zak |
| Mann, Beatty, Roberts | High visibility, zero tolerance, numbers |

We have previously discussed our reasoning for many, if not most, of the additional custodians and/or terms, but we are, of course, prepared to go through them again on our call and answer any questions you may have.

One of the custodians we have dropped is Maureen Oakley, because we have concluded that we don't need general searches of her; we just need specific documents: all drafts of the JAG grant applications, and e-mails or other correspondence concerning the drafting process. Do we need to serve a Rule 34 request for that, or will you simply agree to produce it?

***ECAC***

- What is the status of the agreed portion of the ECAC production, please? That is, the project folders for the analysts where the project is identified as being for someone at the Chief level or higher?
  - I note that your production on July 14 might have been part of that, but there is no description and, because the documents were produced as .pdfs, filesource/metadata information is, at best, spotty.
    - For example, the "Document Properties" for COB322132 show Wrona as the author and give the name of the underlying Excel spreadsheet, and those for COB322123 give similar information for that map/.mxd file, but those for COB322238 have a create-date but no other information.
    - For these documents, and any other "project" documents, we need to know author (if not all Wrona) and who the projects were for. I'd ask for the date as well, but it generally appears on the face of the document, so we can live without it this time. Any additional "project" production, however, should include the date of each document.
    - Going forward, though, I remind you of your commitment to provide

- metadata with *each* production. That process worked with the native productions on 5/17 and 5/31; it needs to be adhered to.
- · We still have not received from you the responses to the narrative portions of the ECAC RFPs (subpoena categories 14 and 15). Please produce them immediately.
- · What else, if anything, is there to come from the agreed portion of the ECAC production?
- · Based on our initial review of the May 17 and May 31 production, we have been able to cut back sharply on the need for ECAC e-mail searches. Those searches can be limited as follows:
  - · Custodians
    - · Wrona
    - · Giammaresi
    - · Schellenburger
    - · Billanti
  - · Scope of search
    - · e-mails to or from BPD e-mail addresses hitting the search terms below
    - · internal e-mails between any of the three analysts and Mr. Giammaresi hitting any of those search terms
  - · Search terms:
    - · full original set, plus
    - · hot pocket, hot spot, high visibility, zero tolerance, road check, roadway safety, traffic
- · Finally, it appears from recent production that Mr. Giammaresi has a dcjs e-mail address ([jamie.giammaresi@dcjs.ny.gov](jamie.giammaresi@dcjs.ny.gov)) that he used (and appears to continue to use) for BPD business. Accordingly, his representation in his Rule 45 letter that *all* ECAC e-mails were under the City's control was at least partially false. Are you in a position to obtain production from that e-mail address (and any other non-City e-mail addresses used by ECAC for BPD business)? If you can, it will obviate any present need for Mr. Giammaresi to explain to Judge Reiss why he told us something that was not true.

### *Redacted COMPSTAT and GIVE Reports*

You long ago agreed to produce redacted reports pending Judge Reiss's ruling on whether unredacted reports should be produced. Please do so immediately.

### *GIVE Meeting Materials*

The recent Wrona production contains some GIVE materials, but it does not contain participants' notes. Per our Status Report for the May 7 conference (at 10), please produce any paper or electronic files specifically identified to GIVE (or its predecessor program, IMPACT) that were maintained by regular attendees at the GIVE meetings.

### *Dispatch Database*

Unless I've missed something, the last we heard from you on the ENTCAD database was on May 6, when you said that the City did not have a field list and that you were not sure whether ENTCAD was a City or ECCPS database. I assume you now have the answer: which is it? If it's a City database, please treat this as a

request for all entries in the database from January 1, 2013 to the present relating to traffic stops or checkpoints (including the callout, if any, and any tickets, arrests, and other encounters incident thereto). From a mechanical standpoint it would probably be simplest to give us the entire database. If you are unwilling to do that, you will need to show us a field list and codebook and explain the extraction strategy you propose to use.

*Traffic Stop Reports*

The May 17 and May 31 productions contain a number of these. Please confirm that there are no others (and, in particular, that the report did not exist prior to June 2018) or produce any additional reports.

*Housing Unit/Strike Force Overtime Reports*

Some of these are in the May 17 and May 31 production, but it is not clear to us whether they were specifically looked for or whether they simply popped up on search terms. The ones that were produced appear to start in August 2016.

If you confirm that these reports were specifically looked for, and those that were found were produced, then we are done on this issue. If not, please have them looked for and produced, so we have a complete set.

*Metadata Spreadsheet*

The metadata spreadsheet you provided us on May 31 is riddled with errors. It appears to have been compiled not by machine extraction of data from electronic files but by human beings looking at the .pdfs you created and writing down (frequently incorrectly) what they saw. In particular, when lists of addressees or ccs are truncated in the .pdf, they are likewise truncated on the spreadsheet. That means that we do not in fact know who got each e-mail, which was a major purpose of the spreadsheet.

Am I correct about how the spreadsheet was compiled? If so, it is inconsistent with your assertion to me on March 12 that "We have data."

Do you in fact "have data"? That is, do you have the underlying electronic documents from the pre-May 2021 productions segregated somewhere? If not all of them, then some of them? If so, please produce them natively immediately.

*Plaintiffs' RFP ##97-99*

These requests all seek certain documents re the civilian complaint, disciplinary, and lawsuit histories and testimonial credibility of various current and former BPD personnel whom Plaintiffs have noticed for depositions. As a reminder, as to Officer Skipper, who was deposed on March 5, Defendants have already produced documents responsive to RFP ## 97 and 98 and have searched for but were unable to locate documents responsive to RFP # 99. In addition, in our April 26 e-mail to you, Plaintiffs indicated that for the remaining deponents, we are willing to narrow RFP ## 97(i) and (ii) to complaints and BPD misconduct investigations concerning racial profiling, biased policing, checkpoints, towing/impound, and traffic enforcement.

Accordingly, for each remaining current and former BPD employee whom Plaintiffs depose in this litigation, please confirm now that you will search for and produce all documents responsive to RFP## 97-99 concerning that witness at least seven days before the date of the witness's deposition, just as you did for Officer Skipper. This is separate from the custodian/search term process for a number of those witnesses, as outlined above, but you may wish to combine the two processes in some cases. If you do, please make sure that you produce in accordance with the general search timeframe of three weeks before the deposition.

*Plaintiffs' RFP #100*

   *(a) Hassett Materials*

Recording here that we will want to discuss on our call your recent e-mail to Darius about the Hassett

materials.

### *(b) IAD Complaint Files re Hassett and Hy*

On June 25, Darius forwarded you a list of the file numbers for IAD cases concerning Officers Hassett and Hy, which the Erie County District Attorney's Office had provided in response to Plaintiffs' subpoena regarding the DA's "Problem Officer" List. At this time, we ask that, similar to what was done in response to Plaintiffs' requests for IAD files back in 2019, Defendants produce the case summaries from IADPro for each of these files so that the parties can determine whether production of all of the files is necessary.

### *Removal of Attorneys'-Eyes Only re IAD Files*

To implement our agreement that, in light of the repeal of 50-a, AEO protection is no longer appropriate for these files, I enclose a revised protective order. Please confirm that we may file it on consent, or let us have any comments.

### *IA Pro Files re Lost/Destroyed IAD Files*

Following up on the IAD file destruction, please produce the full and complete IA Pro records for each of the destroyed files.

### *Request for Consent re Subpoena to DMV*

We need to issue a new subpoena to the DMV for driver's license information, and they have informed us that, in their view, the information we will request requires a judicially approved subpoena. Whether or not they are correct as a matter of federal as opposed to New York State law, we are happy to comply. Accordingly, we ask your consent to an order by Judge Reiss approving a subpoena to the DMV seeking the addresses (but not the names) listed on the driver's licenses for all individuals listed in TraCS as having received tickets from the BPD.

I look forward to hearing from you.

EPK



**Edward P. Krugman**
**Senior Attorney (he/him/his)**
**National Center for Law and Economic Justice**
**275 Seventh Avenue, Suite 1506, New York, NY 10001-6860**
direct: 646-680-8912 | krugman@nclej.org | www.nclej.org

Confidentiality Note: This e-mail (including attachments) is intended only for the addressee and may contain information that is privileged and/or confidential. Distribution or copying of this e-mail or its attachments by anyone other than the intended recipient is prohibited. If you have received this e-mail in error, please notify us immediately by telephone at 212-633-6967 or e-mail at info@nclej.org and destroy the original message and all copies.