UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
BLACK LOVE RESISTS IN THE RUST, et al.,

                           *Plaintiffs,*

                           Case No. 1:18-cv-719

- vs -

CITY OF BUFFALO, N.Y., et al.,

                           *Defendants*.
-------------------------------------------------------------x

## NOTICE OF CONSENT MOTION FOR ORDER MODIFYING PROTECTIVE ORDER GOVERNING PRODUCTION OF ATTORNEYS' EYES ONLY CONFIDENTIAL MATERIALS & INCORPORATED MEMORANDUM OF LAW

Plaintiffs, with the consent of Defendants, move this Court pursuant to Local Rule 7 of the Local Civil Rules of Western New York and Rule 26(e) of the Federal Rules of Civil Procedure for an Order modifying the Protective Order Governing Production of Attorneys' Eyes Only Confidential Materials (ECF No. 54) entered by the Court on January 24, 2020 (the "Protective Order"). The basis for this Motion is a change in applicable law. In support of the Motion, Plaintiffs submit the following incorporated Memorandum of Law.

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S CONSENT MOTION FOR ORDER MODIFYING  PROTECTIVE ORDER GOVERNING PRODUCTION OF ATTORNEYS' EYES ONLY CONFIDENTIAL MATERIALS

The Protective Order and the Opinion & Order of December 19, 2019 (ECF No. 51) that occasioned its entry extended attorneys-eyes only protection to Buffalo Police Department Internal Affairs Division (IAD) documents produced by Defendants on account of N.Y. Civil Rights Law §50-a ("Section 50-a"). During its period of enactment, Section 50-a prevented disclosure of police officer personnel and disciplinary records and without either the express, written consent of the police officer or a court order. *Id.* § 50-a(1) (repealed 2020).

Since the entry of the Protective Order, Section 50-a was repealed in its entirety by the New York Legislature. *See* N.Y. S. B. 8496 (2020). As a result, police disciplinary records, including the IAD records at issue here, are no longer exempt from public disclosure. N.Y. S. B. § 8496 § 2.

In light of the repeal of the Section 50-a repeal, the Parties agree that attorneys-eyes only protection for the IAD records is no longer warranted and that the records should receive confidential treatment instead. Accordingly, Plaintiffs together with Defendants hereby move this Court for an Order modifying the Protective Order as set forth in the Proposed Order submitted herewith.

Dated: October 12, 2021

Respectfully submitted,

/s/ A. Chinyere Ezie

A. Chinyere Ezie
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
212-614- 6467
cezie@ccrjustice.org

Joseph Keleman
Keisha Williams
WESTERN NEW YORK LAW CENTER
Cathedral Park Tower
37 Franklin Street, Suite 210
Buffalo, NY 14202
Tel: (716) 828-8415
Fax: (716) 270-4005
jkeleman@wnylc.com
kwilliams@wnylc.com

Claudia Wilner
Edward Krugman
Anjana Malhotra
NATIONAL CENTER FOR LAWAND ECONOMIC JUSTICE
275 Seventh Avenue, Suite 1506
New York, NY 10001
212-633-6967
wilner@nclej.org
krugman@nclej.org
malhotra@nclej.org
'
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2021, a true and correct copy of the foregoing document was served on Defendants through their counsel of record:

Robert E. Quinn
Assistant Corporation Counsel
65 Niagara Square, 11th Floor
Buffalo, New York 14202
(716) 851-4326
rquinn@city-buffalo.com

Dated: October 12, 2021

/s/ A. Chinyere Ezie

A. Chinyere Ezie
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
212-614- 6467
cezie@ccrjustice.org