UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
BLACK LOVE RESISTS IN THE RUST, et al.,

                 *Plaintiffs,*

    – vs –

CITY OF BUFFALO, N.Y., et al.,

                 *Defendants.*
---------------------------------------------------------------x

Case No. 1:18-cv-719

## ORDER MODIFYING PROTECTIVE ORDER GOVERNING PRODUCTION OF ATTORNEYS' EYES ONLY CONFIDENTIAL MATERIALS

**WHEREAS,** on January 23, 2020, the Court entered the Protective Order Governing Production of Attorneys' Eyes Only Confidential Materials ("Attorneys' Eyes Only Protective Order"), ECF No. 54, which limited disclosure of all Buffalo Police Department (BPD) Internal Affairs Division (IAD) documents produced by Defendants in accordance with the Court's Opinion & Order of December 19, 2019, ECF No. 51, to attorneys' eyes only, and;

**WHEREAS,** the Court entered the Attorneys' Eyes Only Protective Order to effectuate the intent of N.Y. Civil Rights Law §50-a, and;

**WHEREAS,** paragraph 12 of the Attorneys' Eyes Only Protective Order permits the parties to seek modification of that Order for good cause shown at any time during the course of this litigation, and;

**WHEREAS,** N.Y. Civil Rights Law § 50-a was fully repealed on June 12, 2020, *see* N.Y. Senate Bill S8496, and;

NOW, THEREFORE, IT IS HEREBY ORDERED that the Attorneys' Eyes Only Protective Order, ECF No. 54, be modified as follows:

1. As used herein, "~~Attorneys' Eyes Only~~ Confidential Materials" shall mean all IAD documents produced by defendants in accordance with the Court's Opinion and Order, dated December 19, 2019, ECF No. 51.

2. Plaintiffs~~'~~ <u>and plaintiffs'</u> attorneys shall not use the ~~Attorneys' Eyes Only~~ Confidential Materials for any purpose other than the preparation or presentation of plaintiffs' case in the above-captioned action.

3. Plaintiffs~~'~~ <u>and plaintiffs'</u> attorneys shall not disclose the ~~Attorneys' Eyes Only~~ Confidential Materials before trial to any person who is not <u>a party, or attorney for a party, to this litigation or</u> a member of the staff or a volunteer at plaintiffs' attorneys' offices, except under the following conditions:

    (a) Disclosure is necessary to the preparation or presentation of each party's case in this action;

    (b) Disclosure before trial may be made only to an expert who has been retained or specifically employed by a party's attorneys in anticipation of litigation or preparation for this action; a witness at a deposition in this action as described in paragraph 6 below; or to the Court;

    (c) Before any disclosure is made to an expert as described in subparagraph (b), the attorneys for the party who has retained or employed that expert shall provide the expert with a copy of this Protective Order, and such expert shall consent in writing, in the form annexed hereto as Exhibit A, not to use the ~~Attorneys' Eyes Only~~ Confidential Materials for any purpose other than in connection with the prosecution or defense of this case and not to further disclose the ~~Attorneys' Eyes Only~~ Confidential Materials except in testimony

taken in this case. The signed consent shall be retained by the disclosing party's attorney and a copy shall be furnished to the other parties' attorneys upon their request (redacting the name and/or other identifying information of any expert whose identity is not yet disclosed, or is not required to be disclosed, to defendants).

4. ~~The Attorneys' Eyes Only Confidential Materials shall not be disclosed to plaintiffs.~~

5. Defendants shall identify ~~Attorneys' Eyes Only~~ Confidential materials by including the designation "~~ATTORNEYS' EYES ONLY~~ CONFIDENTIAL" on the materials themselves, or, where such designation is not practicable, by including such designation in an accompanying cover letter or disc label.

6. <u>Defendants shall redact from the Confidential Materials all personal identifying information for non-BPD employees and all personal identifying information other than names and badge numbers for all BPD employees.</u>

7. Plaintiffs' attorneys may only disclose ~~Attorneys' Eyes Only~~ Confidential Materials to a witness at a deposition under the following circumstances:

   (a) To the extent an IAD investigator or IAD supervisor is deposed, counsel for plaintiffs may show that investigator or supervisor all ~~Attorneys' Eyes Only~~ Confidential Materials related to IAD investigations that the investigator or supervisor was involved in, reviewed, signed off on, and/or approved.

   (b) To the extent a BPD officer who is the subject of an IAD investigation is deposed, counsel for plaintiffs may show that officer all ~~Attorneys' Eyes Only~~

Confidential Materials related to the IAD investigation of which that officer is the subject.

(c) Counsel for plaintiffs may show a witness at a deposition documents containing statements that witness previously made to IAD investigators and documents which that witness previously provided to IAD investigators.

8. Any witness at a deposition who is shown ~~Attorneys' Eyes Only~~ Confidential Materials in accordance with paragraph 6 need not sign Exhibit A.

9. Any portion of deposition testimony concerning any ~~Attorneys' Eyes Only~~ Confidential Materials that reveal the contents of such materials shall be deemed confidential by all parties subject to the terms of this Order, and the transcript of that portion of testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page marked " ~~ATTORNEYS' EYES ONLY~~ CONFIDENTIAL." Such portion of the transcript shall be deemed to be ~~Attorneys' Eyes Only~~ Confidential Materials within the meaning of this Order.

10. If any paper which incorporates any ~~Attorneys' Eyes Only~~ Confidential Materials or reveals the contents thereof is filed with the Court, those portions of the papers incorporating or revealing the contents of the Confidential Information shall be delivered to the Court in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

**CONFIDENTIAL**

This envelope contains documents or information designated ~~attorneys' eyes only~~ confidential pursuant to an order entered by the United States District Court for the Western District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

4

11. Within 30 days after the termination of this case, including any appeals, the ~~Attorneys' Eyes Only~~ Confidential Materials, including all copies thereof, shall be returned to the attorneys for defendants or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to the attorneys who provided them with the information. This Order shall continue to be binding after the conclusion of this litigation.

12. The terms of this Order shall not apply to any materials or information produced in discovery in this litigation other than the "~~Attorneys Eyes Only~~ Confidential Materials" as defined in paragraph 1 above.

13. The parties may seek modification of this Order by application to the Court for good cause shown at any time during the course of this litigation.

Dated: Buffalo, New York
October 12th, 2021.

SO ORDERED:

_____
Hon. Christina Reiss
U.S.D.J.