UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BLACK LOVE RESISTS IN THE RUST, *et al.*,
on behalf of themselves and all those similarly
situated

                                                  Plaintiffs,

v.

CITY OF BUFFALO, *et al.* ;

                                                  Defendants.

No. 1:18-cv-719

### DECLARATION OF EDWARD P. KRUGMAN IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR ISSUANCE OF A SUBPOENA TO THE NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES

Edward P. Krugman declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

       1.     I am a member of the Bar of the State of New York and of this Court and am one of the counsel for Plaintiffs in this action. I make this declaration on personal knowledge in support of Plaintiffs' renewed motion for issuance of a subpoena to the New York State Department of Motor Vehicles.

       2.     In denying without prejudice Plaintiffs' original motion for issuance of the subpoena (ECF #104), the Court said, "The subpoena seeks a vast number of records. The motion contains no analysis of the likely costs and time that will be incurred in the response." (ECF #110). The principal purpose of this Declaration is to provide that analysis, which is based on conversations with individuals in the DMV's FOIL/Subpoena Unit. Before setting forth that analysis, I repeat for the Court's convenience (so all necessary information will be one place) the original showing as to why Plaintiffs request issuance of the subpoena.

*The Need for the Subpoena*

3. Although the Federal Rules of Civil Procedure do not expressly provide for a Court to "So Order" the issuance of a subpoena, neither do the Rules prohibit such an order. This motion is made because the DMV, as a matter of posted policy on its website (which has been confirmed in discussions with DMV personnel), will honor a federal subpoena only if it has been "ordered by a federal court." https://dmv.ny.gov/dmv-records/how-serve-subpoena. Regardless of whether this policy is consistent with the Supremacy Clause (or anything else), Plaintiffs are prepared to comply with it. Hence the original motion and this renewed motion.

4. The subpoena seeks the addresses (but not the names) of all individuals to whom the Buffalo Police Department ("BPD") issued traffic tickets in the period January 1, 2012 to December 31, 2020. Listings (from a system called "TraCS") of the tickets themselves have previously been obtained by subpoenas to Erie County Central Police Services. The TraCS listings, however, merely identify the zipcode of residence of the driver to whom the ticket was issued; they do not identify the street address.

5. Plaintiffs wish to use the drivers' street addresses as part of their statistical analyses in support of their claims of racially discriminatory traffic ticketing in this case. The DMV does not record the race of drivers to whom driver's licenses are issued, and BPD officers almost always leave the "Race" field blank when entering tickets into TraCS. Because the data thus do not identify the race of a driver to whom a given ticket was issued, the racial distribution of traffic tickets issued by the BPD must be estimated in other ways.

6. In general, the estimates are performed by comparing the numbers of tickets issued to residents of a given geographic area with the racial composition of the area, with the racial composition being determined from United States Census Bureau data. Linear regression analysis and other statistical techniques may provide estimates of, for example, how the number

of tickets per 100 residents of an area relates to the proportion of the area's residents consisting of White People vs. People of Color.

7. The statistical allegations of the Amended Complaint in this action are based upon such analyses, with the geographic unit of analysis being zipcode of driver's residence. *See*, *e.g.*, ECF #63 ¶¶ 107-110.

8. Zipcodes are not the only local geographic units for which the Census Bureau provides racial composition data; it provides such data for "census tracts" and "census blocks" as well. Within the City of Buffalo and its environs there are many more census tracts than zipcodes, and each census tract will generally contain two or three separate "blocks." Tract and block classification is, accordingly, a finer mesh than is zipcode classification.

9. As a cross-check, to increase statistical robustness, and for other similar purposes, Plaintiff have concluded that it would be desirable to do block and/or tract analyses in addition to zipcode analyses. The purpose of the subpoena is to obtain the data needed to achieve that end. Upon receipt of the individual street addresses, Plaintiffs will use the Census Bureau's geocoding interface to obtain the necessary tract and block information. This process does not require knowing the names of the individual drivers, and that information is therefore not being sought.

***The Subpoena Will Not Be Unduly Burdensome on the DMV,***
***and the DMV Has Indicated That It Is Prepared to Comply***

10. Counsel for Plaintiffs initially spoke with DMV FOIL/Subpoena personnel earlier this year, in connection with a different version of the subpoena—one that sought the driver's license photographs of those ticketed (so one could do an "apparent race" analysis). From those conversations, (a) we learned of DMV's position that it would only honor judicially approved subpoenas and (b) we became persuaded that the DMV could *not* respond to a request for numerous

photographs, because production of photographs required an individual to sit at a console and print them out one by one.

11. In the course of those discussions, however, I came to understand that this issue was specific to photographs—which were stored in a separate, legacy database—and did not apply to other driver's license information, specifically including addresses. That is, I came to understand that if one gave the DMV a spreadsheet containing driver's license numbers, it could use that spreadsheet to query (on an automatic, non-manual basis) the main DMV database to output addresses for each driver's license number on the spreadsheet.

12. It was on the basis of that understanding that I felt justified in requesting issuance of the subpoena that was the subject of ECF #104. I apologize to the Court for not setting forth that understanding in the motion for issuance.

13. On receipt of the Court's order (ECF #110), I reached out to the DMV's Counsel's office to confirm my understanding. A copy of my e-mail is annexed hereto as Exhibit 1.

14. On October 19 I received a call from Christopher Heer, an attorney in the DMV FOIL/Subpoena unit (and the individual with whom Ms. Wilner had spoken earlier in the year). He told me that he had consulted with DMV's Data Services unit and that the understanding set forth in my e-mail was correct. That is, upon receipt of a properly formatted spreadsheet containing the driver's license numbers, Data Services could write a query that would, on an automatic basis, output the requested address information.

15. Mr. Heer also said that the outputted information could, if we requested, include the driver's entire "address history" and not merely the current address. I thanked him and told him that the subpoena, when served, would so request. The principal change in the subpoena sought by this renewed motion vs. the one sought in ECF #104 is to request the address history.

16. Mr. Heer and I discussed format of the spreadsheet with the driver's license numbers for the query, and we agreed that I would serve the subpoena (when issued) by e-mail, with an electronic copy of the spreadsheet for the query.

17. With respect to burden, Mr. Heer said that writing, testing, and running the query would involve some work, but it was work that Data Services had confirmed that it could do and was prepared to do on receipt of the subpoena. Mr. Heer did ask that the return date be 30 days from service, instead of the usual 14 days, and I agreed.

## Conclusion

18. As set forth above, I submit that the subpoena seeks important information for the prosecution of this action and that compliance by the DMV by querying a database on an automatic basis and thus would not be unduly burdensome.

This 28th day of October, 2021, I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Edward P. Krugman*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2021, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Western District's Local Rules, and/or the Western District's Case Filing Rules & Instructions upon all counsel registered through the ECF System.

*/s/ Edward P. Krugman*