# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

BLACK LOVE RESISTS IN THE RUST, *et al.*,
on behalf of themselves and all those similarly
situated

Plaintiffs,

No. 1:18-cv-719

v.

CITY OF BUFFALO, *et al.* ;

Defendants.

## DECLARATION OF EDWARD P. KRUGMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR ISSUANCE OF AN UPDATING SUBPOENA TO THE NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES

Edward P. Krugman declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.  I am a member of the Bar of the State of New York and of this Court and am one of the counsel for Plaintiffs in this action. I make this declaration on personal knowledge in support of Plaintiffs' motion for issuance of an updating subpoena to the New York State Department of Motor Vehicles.

2.  For the convenience of the Court (so all necessary information will be one place), this Declaration summarizes certain material set forth in my previous Declaration (ECF #123) as to why Plaintiffs request issuance of the subpoena.

### *The Need for the Subpoena*

3.  Although the Federal Rules of Civil Procedure do not expressly provide for a Court to "So Order" the issuance of a subpoena, neither do the Rules prohibit such an order. This motion is made because the DMV, as a matter of posted policy on its website (which has been

confirmed in discussions with DMV personnel), will honor a federal subpoena only if it has been

"ordered by a federal court." https://dmv.ny.gov/dmv-records/how-serve-subpoena. Regardless of

whether this policy is consistent with the Supremacy Clause (or anything else), Plaintiffs are pre-

pared to comply with it. Hence this motion.

4.      Pursuant to a prior motion (ECF #122; granted at ECF #126), Plaintiffs sought

and obtained the addresses (but not the names) of all individuals to whom the Buffalo Police De-

partment ("BPD") issued traffic tickets in the period January 1, 2012 to December 31, 2020. List-

ings (from a system called "TraCS") of the tickets themselves had previously been obtained by

subpoenas to Erie County Central Police Services. The TraCS listings, however, merely identify

the zipcode of residence of the driver to whom the ticket was issued; they do not identify the street

address. As set forth in more detail in ECF #123, Plaintiffs wish to use the drivers' street addresses

as part of their statistical analyses in support of their claims of racially discriminatory traffic tick-

eting in this case.

5.      Since the prior motion, Plaintiffs have obtained updated TraCS ticket infor-

mation, covering the period October 1, 2020 to December 31, 2021 (the three-month overlap was

intentional, to address potential reporting lags). The current motion seeks the driver addresses for

those later tickets.

***This Updating Subpoena Will Not Be Unduly Burdensome on the DMV,***
***and the DMV Complied Without Objection to the Prior Subpoena***

6.      Counsel for Plaintiffs initially spoke with DMV FOIL/Subpoena personnel in

early 2021 in connection with a different version of the subpoena—one that sought the driver's

license photographs of those ticketed (so one could do an "apparent race" analysis). From those

conversations, (a) we learned of DMV's position that it would only honor judicially approved sub-

poenas and (b) we became persuaded that the DMV could *not* respond to a request for numerous

photographs, because production of photographs required an individual to sit at a console and print them out one by one.

7.     In the course of those discussions, however, I came to understand that this issue was specific to photographs—which were stored in a separate, legacy database—and did not apply to other driver's license information, specifically including addresses. That is, I came to understand that if one gave the DMV a spreadsheet containing driver's license numbers, it could use that spreadsheet to query (on an automatic, non-manual basis) the main DMV database to output addresses for each driver's license number on the spreadsheet.

8.     On October 19, 2021, I spoke with Christopher Heer, an attorney in the DMV FOIL/Subpoena unit, who told me that upon receipt of a properly formatted spreadsheet containing the driver's license numbers, DMV's Data Services operation could write a query that would, on an automatic basis, output the requested address information.

9.     With respect to burden, Mr. Heer said that writing, testing, and running the query would involve some work, but it was work that Data Services had confirmed that it could do and was prepared to do on receipt of the 2021 subpoena. Mr. Heer did ask that the return date be 30 days from service, instead of the usual 14 days, and I agreed.

10.     The 2021 Subpoena requested addresses for 77,524 distinct drivers. In November 2021, DMV responded to the subpoena with a spreadsheet containing the requested address information. The current updating subpoena (which covers a much smaller timeframe) seeks addresses for only 8,934 distinct drivers. Any burden on the DMV responding to the current subpoena will therefore be at least somewhat less than the burden with respect to the subpoena to which they have already responded.

**CONCLUSION**

11.     As set forth above and in ECF #123, I submit that the subpoena seeks important information for the prosecution of this action and that compliance by the DMV by querying a database on an automatic basis and thus would not be unduly burdensome.

This 10th day of August, 2022, I declare under penalty of perjury that the foregoing is true and correct.

<em>/s/ Edward P. Krugman</em>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 9, 2022, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Western District's Local Rules, and/or the Western District's Case Filing Rules & Instructions upon all counsel registered through the ECF System.

*/s/ Edward P. Krugman*