

December 19, 2022

Via ECF

The Honorable Christina Reiss
United States District Court
District of Vermont
P.O. Box 446
Burlington, VT 05402-0446

    Re:  *Black Love Resists in the Rust et al. v. City of Buffalo, N.Y. et al.*, No. 18-CV-719

Dear Judge Reiss:

    I am writing to notify the Court regarding an inadvertent violation of the Protective Order Governing Production of Attorneys' Eyes Only Confidential Materials (Dkt. No. 54), as modified by the Court on October 12, 2021 (Dkt. No. 118) (the "Protective Order"). Specifically, Plaintiffs' counsel shared several transcripts with two third parties without realizing that certain portions of those transcripts are protected or potentially protected by the Protective Order. We have acted quickly to claw back those materials, and we have already informed Defendants' counsel of these matters by letter dated December 16, 2022.

    As relevant here, the key provisions of the Protective Order are as follows:

- The Protective Order defines "Confidential Materials" as "all IAD documents produced by defendants in accordance with the Court's Opinion and Order, dated December 19, 2019, ECF No. 51." Protective Order at ¶ 1.

- The Protective Order requires Defendants to "identify Confidential materials by including the designation 'CONFIDENTIAL' on the materials themselves, or, where such designation is not practicable, by including such designation in an accompanying cover letter or disc label." Protective Order at ¶ 5.

- As to deposition transcripts, the Protective Order provides: "Any portion of deposition testimony concerning any Confidential Materials that reveal the contents of such materials shall be deemed confidential by all parties subject to the terms of this Order, and the transcript of that portion of testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page marked 'CONFIDENTIAL.'" Protective Order at ¶ 9.

    On November 15, 2022, counsel for Plaintiffs provided certain documents and deposition transcripts (not including deposition exhibits) to Charlie Specht at The Buffalo News and Geoff

Kelly at The Investigative Post.  At the time of disclosure, we did not realize that certain portions of the following disclosed transcripts are protected or arguably protected by the Protective Order:

- Serafini transcript dated December 27, 2021.  Pages 324-325 of this transcript are marked "Confidential – Attorneys' Eyes Only," and the excerpt discusses Exhibit 38, which is similarly marked.

- Derenda transcript dated January 10, 2022.  Pages 447-80 of this transcript are not marked confidential or separately bound, but they discuss Exhibits 73-86, which are marked "Confidential."

- Wilcox transcript dated November 4, 2021.  Pages 221-22 of this transcript are not marked confidential or separately bound, but they discuss Exhibit 31, which is marked "For Attorney Eyes Only."

- Whelan transcript dated June 8, 2022.  Pages 410-18 of this transcript are not marked confidential or separately bound, but they discuss Exhibit 3, which is marked "For Attorney Eyes Only."  In addition, we provided a summary discussing pages 415-16 of this transcript that reveals information found in Exhibit 3.

- Quinn transcript dated April 1, 2022.  Pages 125-36 of this transcript are not marked confidential or separately bound, but they discuss Exhibit 45, which is marked "For Attorney Eyes Only."

After discovering these inadvertent disclosures, we acted promptly to claw back the foregoing materials.  Specifically, we contacted Specht and Kelly beginning on December 13, 2022, requesting that these materials be destroyed and removed from any publicly available site.  We also provided them with replacement versions that redacted the foregoing materials.  On December 13 and 15, 2022, these recipients confirmed that they had destroyed any known copies of these materials.  In addition, copies of the transcripts available at links in news articles on the Internet (https://www.investigativepost.org/2022/11/14/testimony-buffalo-cops-use-of-n-word-not-uncommon/ and https://buffalonews.com/news/local/crime-and-courts/buffalo-police-regularly-use-racial-slur-for-black-people-officials-testify/article_81189f3c-6522-11ed-b1ed-cf2742efac73.html) were removed and replaced with redacted versions.

We regret this error and stand ready to respond to any questions or concerns the Court may have.

Respectfully submitted,

*Claudia Wilner*

Claudia Wilner
Attorney for Plaintiffs