UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BLACK LOVE RESISTS IN THE RUST, by and through its Co-Directors Natasha Soto and Shaketa Redden and on behalf of its members; DORETHEA FRANKLIN, TANIQUA SIMMONS, DE'JON HALL, and JANE DOE, individually and on behalf of a class of all others similarly situated,

        Plaintiffs,

v.

CITY OF BUFFALO, N.Y.; BYRON B. BROWN, Mayor of the City of Buffalo, in his individual and official capacities; BYRON C. LOCKWOOD, Commissioner of the Buffalo Police Department, in his individual and official capacities; DANIEL DERENDA, former Commissioner of the Buffalo Police Department, in his individual capacity; AARON YOUNG, KEVIN BRINKWORTH, PHILIP SERAFINI, ROBBIN THOMAS, UNKNOWN SUPERVISORY PERSONNEL 1-10, UNKNOWN OFFICERS 1-20, each officers of the Buffalo Police Department, in their individual capacities,

        Defendants.

Case No.: 1:18-cv-719

---

# MEMORANDUM IN OPPOSITION TO
# PLAINTIFFS' MOTION TO TAKE ADDITIONAL DEPOSITIONS

        **HODGSON RUSS LLP**
        *Attorneys for Defendants City of Buffalo, NY, Byron B. Brown, Byron C. Lockwood, Daniel Derenda, Aaron Young, Kevin Brinkworth, Philip Serafini, Robbin Thomas, Unknown Supervisory Personnel 1-10, and Unknown Officers 1-20*
        Hugh M. Russ III, Esq.
        Peter Sahasrabudhe, of counsel
        The Guaranty Building
        140 Pearl Street, Suite 100
        Buffalo, NY  14202-4040
        716.856.4000

# **TABLE OF CONTENTS**

PAGE

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT 2

    A.    The Non-Party Police Officers Who the Plaintiffs Speculatively Allege "Ticketed Based on Race" ......................................................................................3

    B.    Police Officers Involved in Ticketing Two Named Plaintiffs ...............................5

    C.    BTVA Witnesses .....................................................................................................7

    D.    Proportionality .........................................................................................................8

CONCLUSION..............................................................................................................................8

# **TABLE OF AUTHORITIES**

PAGE

**Federal Cases**

*Brunkhorst v. Bischoff*,
   21-CV-4362, 2022 WL 6991285 (S.D.N.Y. Oct. 2022) ............................................................. 6

*City of Almaty, Kazahkstan v. Ablyazov*,
   15-CV-05345 2018 WL 11451338 (S.D.N.Y. Jun 2018) ......................................................... 4

*Galgano v. County of Putnam*,
   16-CV-3572, 2021 WL 2138759 (S.D.N.Y. May 2021) ...................................................... 2, 3

*Hertz Corporation v. Accenture LLP*,
   1:19-cv-03508, 2020 WL 1150053 (S.D.N.Y. Mar. 2020) ....................................................... 8

*Raba v. Suozzi*,
   06-CV-1109, 2006 WL 8435603 (E.D.N.Y. 2006) ...................................................... 2, 4, 6, 8

Scanlan v. Potter,
1:05 CV 291, 2006 WL 1207748 (D. Vt. May 2006) .................................................................. 7

**Rules**

Fed. R. Civ. P. 30(a)(2)(A) ............................................................................................................ 2

**PRELIMINARY STATEMENT**

The City of Buffalo, Byron B. Brown, Byron C. Lockwood, Daniel Derenda, Aaron Young, Kevin Brinkworth, Philip Serafini, Robbin Thomas, Unknown Supervisory Personnel 1-10, and Unknown Officers 1-20 ("the defendants"), respectfully submit this memorandum in opposition to the plaintiffs' motion to take an additional eleven depositions in this matter.[1]

The plaintiffs have been given considerable leeway throughout discovery by both the Court and the defendants.  The Court has already allowed the plaintiffs to take *double* the number of depositions they are entitled to take under the Federal Rules of Civil Procedure.  In many of those depositions, counsel for the defendants permitted the plaintiffs' attorneys to go well beyond the applicable seven hour time limit for questioning.  In addition, the defendants have spent countless hours producing documents in response to plaintiffs' cumbersome discovery demands, many of which required the defendants to review electronically stored information ("ESI") spanning back almost a decade.  In short, despite the plaintiffs' claims of complexity, the fact of the matter is they have been given more than ample opportunity to discover information material and necessary to each of the causes of action asserted in the Amended Complaint.

The additional depositions the plaintiffs now seek would be cumulative and duplicative of information they have already obtained.  Moreover, to allow the plaintiffs to

---

[1] The defendants do not object to the plaintiffs request to take the deposition defendant, Robin Thomas, given that she is a named party in this action.

conduct eleven further depositions would impose a heavy and costly burden upon the defendants, who have already expended considerable time and resources to comply with their discovery obligations in this litigation. Given the limited probative value of the information the plaintiffs wish to discover in the additional depositions, the burden imposed in allowing the depositions is disproportional to the needs of the case.

For the foregoing reasons, and for the reasons to be explained in this brief, the defendants respectfully request that the Court deny the plaintiffs' motion to take an additional eleven depositions. In the alternative, the plaintiffs' motion should at least be partially denied, as the plaintiffs have not showed a particularized need to depose each and every one of the eleven additional witnesses they have identified. Finally the defendants request that the Court grant such further and additional relief as it may deem just and proper.

## ARGUMENT

"The Federal Rules of Civil Procedure presumptively limit to ten the number of depositions that each side may conduct." *Galgano v. County of Putnam*, 16-CV-3572, 2021 WL 2138759, at *1 (S.D.N.Y. May 2021) (citing Fed. R. Civ. P. 30(a)(2)(A)). "Absent an agreement among the parties, a party must obtain leave of the court before taking any additional depositions beyond the limit of ten." *Raba v. Suozzi*, 06-CV-1109, 2006 WL 8435603, at *1 (E.D.N.Y. 2006). The factors a court must consider when determining whether to allow a litigant to exceed the ten depositions are "whether: (1) the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less extensive; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action," and (3) "the burden or expense of the proposed

discovery outweighs its likely benefit, considering the needs of the case, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."[2]  *Galgano*, 2021 WL 2138759, at *1.

Here, the additional witnesses whose testimony is sought by the plaintiffs can be divided into three categories: (1) five non-party police officers who allegedly issued parking and traffic tickets to minority citizens at what plaintiffs claim to be disproportional rates when compared to non-minority citizens; (2) individual police officers who issued tickets to two of the named plaintiffs; and (3) officials of the Buffalo Traffic Violations Agency ("BTVA").  Each category of deponent will be addressed in turn.

**A.     The Non-Party Police Officers Who the Plaintiffs Speculatively Allege "Ticketed Based on Race"**

The plaintiffs have identified five Buffalo Police Officers who, according the plaintiffs' unilaterally compiled "statistics," disproportionately ticketed minority citizens of the City of Buffalo.[3]  Those individual police officers are: Michael Acquino, Kelvin Sharpe, Richard Hy, Justin Tedsco, and Andrew Whiteford.

The plaintiffs, however, have not in any way identified how these individuals would have unique knowledge of the Buffalo Police Department's ("BPD") implementation of its various policies and procedures.  Nowhere do the plaintiffs articulate how these officers

---

[2]   Even though the Court already permitted the plaintiffs to conduct twenty depositions, the parties do not dispute that the same factors apply to the plaintiffs' request here which seeks to take depositions beyond the twenty already permitted by the Court.

would be privy to information not available from other sources –including the many deponents the plaintiffs have already been able to depose.

For example, the plaintiffs have already deposed Charles Skipper, who was an officer of the same rank as the five individuals now identified by the plaintiffs.  Moreover, the plaintiffs are going to depose the defendant, Robin Thomas, who was the same rank as the five proposed deponents in the BPD units about which the plaintiffs seek discovery.  The plaintiffs have also had ample opportunity to depose intermediate supervisors of the five newly proposed deponents, including Lance Russo, Patrick Roberts, Phillip Serafini, and Kevin Brinkworth.  These supervisors have the same if not better knowledge of the *Monell* evidence which the plaintiffs seek from the five newly proposed deponents.   The plaintiffs' inability to differentiate the projected testimony of the five proposed deponents from other witnesses already depoosed warrants denial of their current motion.  *Raba*, 2006 WL 8435603, at *1 (denying similar request where "Plaintiffs do not demonstrate why these depositions would not be cumulative or duplicative, ***or whether this information will be attainable from any of the prior ten depositions to be taken***") (emphasis added).

In addition, the plaintiffs make no showing of how the any one of the five newly proposed deponents' testimony would be significantly unique when compared to the testimony of the other four.  In order for the Court to grant the plaintiffs permission to depose ***all five*** of these individuals, the plaintiffs   "must demonstrate that each and every one of the proposed deponents would provide sufficiently unique information, not cumulative or duplicative of others, to justify the additional burden on the defendants of defending the depositions." *City of Almaty, Kazakhstan v. Ablyazov*, 15-CV-05345  2018 WL 11451338, at *2 (S.D.N.Y. Jun 2018).

In their motion, the plaintiffs have simply lumped all five of these individuals together without making any particularized showing as to why each individual's testimony is necessary. Thus, if the Court is inclined to permit the plaintiffs to depose any of the five individual officers the plaintiffs have identified, the Court should rule that the plaintiffs are not entitled to all five depositions.

**B.     Police Officers Involved in Ticketing Two Named Plaintiffs**

The plaintiffs also seek to take the testimony of four BPD officers who were allegedly involved in issuing tickets to two of the named plaintiffs in this action. Those officers include: Michael Healy, Jared Domaracki, Charles Miller, and Adam Wigdorski. Officer Healy issued a ticket to plaintiff, Ebony Yeldon, and the other three officers ticketed plaintiff, Charles Palmer.

This testimony, however, will be cumulative and duplicative of the testimony that has been or will be elicited at the plaintiffs' depositions.[4] The defendants, for example, have already taken the testimony of Ebony Yeldon. Although the parties have not yet received a transcript of Ms. Yeldon's testimony, the undersigned can report that Ms. Yeldon confirmed at her deposition that she was driving a taxi owned by her employer at the time, and that at least one of the windows of the taxi was tinted. Ms. Yeldon testified that she was ticketed for tinted windows and for driving without insurance. Ms. Yeldon confirmed that, upon appeal to the appropriate body, her ticket for driving without insurance was overturned because she did not

---

[4] The defendants began taking the plaintiffs' depositions in December. To date, four plaintiff depositions have been completed and the parties are working to schedule the remaining plaintiffs in the coming months. The defendants do not plan to go beyond the limit of ten depositions before completion of discovery.

own the vehicle, but that her tickets for driving with tinted windows was enforced. The plaintiffs have not demonstrated how Officer Healy's testimony would provide any further detail or context other than that which has already been offered by Ms. Yeldon herself.

Although the defendants have yet to take the deposition of Charles Palmer, the plaintiffs have likewise failed to demonstrate how the testimony officers Domaracki, Miller, and Wigdorski would not be cumulative of Mr. Palmer's testimony. In other words, the plaintiffs have not demonstrated how the information they are seeking from officers Domaracki, Miller, and Wigdorski is not readily available from Mr. Palmer himself.

Given that the testimony of officers Healy, Domaracki, Miller, and Wigdorski would be cumulative and duplicative of Ms. Yeldon and Mr. Palmer's testimony, the Court should deny the plaintiff's request to depose these four police officers. *Raba*, 2006 WL 8435603, at *1. At the very least, the Court should hold the plaintiffs' request to conduct these depositions in abeyance until plaintiff depositions are completed. If, after all plaintiffs have been deposed, counsel for the plaintiffs believes there is specific information that is uniquely within the purview of these officers' knowledge and is not obtainable from other sources, then it would be appropriate for the plaintiffs to renew their request. *Brunkhorst v. Bischoff*, 21-CV-4362, 2022 WL 6991285, (S.D.N.Y. Oct. 2022) (holding that plaintiff "may move the Court again for leave to take the additional depositions after he has taken at least seven depositions of fact witnesses, in the event ***that he can present more detailed reasons to support his need to take more than ten depositions and why those additional depositions would not be unreasonably cumulative or duplicative***") (emphasis added). At present, however, the Court should not grant the plaintiffs' request to take these four depositions, as they have failed to show that the four

depositions would not be cumulative and duplicative of depositions that are likely to be held within the coming months.

C.    **BTVA Witnesses**

The final two witnesses the plaintiffs seek to depose are Octavio Villegas, a prosecutor for the BTVA, and Donna Estrich, the Commissioner of Buffalo's Department of Administration and Finance.  According to the plaintiffs, these two witnesses have knowledge of the defendants' "financial stake" in implementing allegedly unconstitutional ticketing practices and the defendants' use of ticketing to "pad" the City of Buffalo's revenue.

The plaintiffs, however, have failed to explain why they were not able obtain the information they seek from these witnesses through other discovery devices which are less invasive, time consuming, and expensive.  For example, the plaintiffs have not explained why the testimony from these two witnesses is required when voluminous document production has been made showing the total fines imposed by the City of Buffalo as a result of traffic violations over the past decade.  Further, the plaintiffs have not explained how the document productions made by the defendants are insufficient for the plaintiffs to determine whether individuals involved with the BTVA had a personal financial stake in the fines issued for violations of New York's Vehicle and Traffic Law (they did not).  Absent a showing that the information sought by the plaintiffs is not available through other devices, their request to depose Mr. Villegas and Commissioner Estrich should be denied.  *See Scanlan v. Potter*, 1:05 CV 291, 2006 WL 1207748, (D. Vt. May 2006) (denying similar request where plaintiff was able to "obtain all the information he need[ed] through discovery allowed him by the Federal Rules, thereby rendering additional depositions duplicative and unnecessary).

**D.     Proportionality**

"The mere fact that there are several individuals who may possess relevant information does not necessarily entitle a party to examine each of them." *Hertz Corporation v. Accenture LLP*, 1:19-cv-03508, 2020 WL 1150053, at *2 (S.D.N.Y. Mar. 2020).  In keeping with this principle, District Courts throughout this Circuit routinely exercise their discretion to deny a litigant additional depositions when the risk of cumulative discovery is high. *Id.* (citing *Raba*, 2006 WL 8435603, at *1).

The time and resources the defendants have devoted to this litigation have been astronomical.  This matter was initiated nearly five years ago, and it has been defendants who have had to spend the bulk of that time committing their attention and resources to the incredibly burdensome and cumbersome discovery demands and obligations imposed by the plaintiffs.  The plaintiffs cannot be given endless rope to seek any and all discovery which may have some tangential relevance to their claims.  Accordingly, because the danger of cumulative and time consuming discovery outweighs the potential relevance of the additional depositions sought by the plaintiffs, the Court should exercise its discretion to deny the plaintiffs' motion in its entirety.  Alternatively, the Court should, at the very least, carefully limit the amount of additional depositions the plaintiffs are allowed to take.

## CONCLUSION

For these reasons, the defendants respectfully request that the Court deny the plaintiffs' motion to take an additional eleven depositions in its entirety.  In the alternative, the defendants request that the Court grant the plaintiffs leave to conduct fewer than the eleven

additional depositions they have requested.  Finally, the defendants request that the Court grant any further and additional relief as the Court may deem just and proper.

Dated:    Buffalo, New York
          January 17, 2023

>    **HODGSON RUSS LLP**
>    *Attorneys for Defendants City of Buffalo, NY, Byron B. Brown, Byron C. Lockwood,*
>    *Daniel Derenda, Aaron Young, Kevin Brinkworth, Philip Serafini, Robbin Thomas,*
>    *Unknown Supervisory Personnel 1-10, and*
>    *Unknown Officers 1-20*
>
>    By: //s Peter A. Sahasrabudhe
>          Hugh M. Russ III, Esq.
>          Peter Sahasrabudhe
>    The Guaranty Building
>    140 Pearl Street, Suite 100
>    Buffalo, NY  14202-4040
>    716.856.4000