**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BLACK LOVE RESISTS IN THE RUST, *et al.*, on behalf of themselves and all those similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BUFFALO, *et al.* ;<br><br>Defendants. | No. 1:18-cv-719 |

**DECLARATION OF EDWARD P. KRUGMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR ISSUANCE OF A SECOND UPDATING SUBPOENA TO THE NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES**

Edward P. Krugman declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      I am a member of the Bar of the State of New York and of this Court and am one of the counsel for Plaintiffs in this action. I make this declaration on personal knowledge in support of Plaintiffs' motion for issuance of a second updating subpoena to the New York State Department of Motor Vehicles.

2.      For the convenience of the Court (so all necessary information will be one place), this Declaration summarizes certain facts set forth in my previous Declarations (ECF ##123, 143-3) as to why Plaintiffs request issuance of the subpoena.

***The Need for the Subpoena***

3.      Although the Federal Rules of Civil Procedure do not expressly provide for a Court to "So Order" the issuance of a subpoena, neither do the Rules prohibit such an order. This

motion is made because the DMV, as a matter of posted policy on its website, will honor a federal subpoena only if it has been "ordered by a federal court." https://dmv.ny.gov/dmv-records/how-serve-subpoena. Regardless of whether this policy is consistent with the Supremacy Clause (or anything else), Plaintiffs are prepared to comply with it. Hence this motion.

4.      Pursuant to prior motions (ECF #122 (granted at ECF #126); ECF #143 (granted at ECF #144)), Plaintiffs sought and obtained from the DMV the addresses (but not the names) of individuals with New York driver's licenses to whom the Buffalo Police Department ("BPD") issued traffic tickets in the period January 1, 2012 to June 30, 2022. Plaintiffs previously obtained the ticket data (from a system called "TraCS") by subpoenas to Erie County Central Police Services. The TraCS listingsdata, however, merely identify the zipcode of residence of the driver to whom the ticket was issued, not the street address. As set forth in more detail in ECF #123, Plaintiffs wish to use the drivers' street addresses as part of their statistical analyses in support of their claims of racially discriminatory traffic ticketing in this case.

5.      Since the prior motions, Plaintiffs have obtained updated TraCS data covering the period July 1, 2022 to December 31, 2022. The current motion principally seeks the driver addresses for those later tickets.

6.      In addition, Plaintiffs have reviewed the prior subpoenas and productions thereunder and have determined that some relevant addresses had been inadvertently omitted from prior requests (probably due to filtering and/or cut-and-paste errors in creation of the lists). The instant subpoena requests those as well.

7.      The total number of addresses sought by the instant subpoena is 6,494. This is a fraction of the 77,000+ addresses sought and obtained in 2021 and is less than the 8,000+ addresses sought and obtained in the first updating subpoena.

***This Updating Subpoena Will Not Be Unduly Burdensome on the DMV,***
***and the DMV Complied Without Objection to the Prior Subpoenas***

8.     On October 19, 2021, I spoke with Christopher Heer, an attorney in the DMV FOIL/Subpoena unit, who told me that upon receipt of a properly formatted spreadsheet containing the driver's license numbers, DMV's Data Services operation could write a query that would automatically output the requested address information.

9.     With respect to burden, Mr. Heer said that writing, testing, and running the query would involve some work, but it was work that Data Services had confirmed that it could do and would do on receipt of the 2021 subpoena. Mr. Heer did ask that the return date be 30 days from service, instead of the usual 14 days, and I agreed. The instant subpoena likewise has a 30-day return date

10.     As noted, the instant subpoena asks for many fewer driver addresses than did the first subpoena and slightly fewer than did the second. Based on my conversations with Mr. Heer and the DMV's record of compliance without objection, I believe the subpoena requested herein will not unduly burden the DMV.

#### CONCLUSION

11.     As set forth above and in ECF ##123, 143-3, the subpoena seeks important information for the prosecution of this action and compliance will not be unduly burdensome for the DMV.

This 11rth day of May, 2023, I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Edward P. Krugman*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 11, 2023, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Western District's Local Rules, and/or the Western District's Case Filing Rules & Instructions upon all counsel registered through the ECF System.

*/s/ Edward P. Krugman*