# Exhibit D

Peter Sahasrabudhe
Direct Dial: 716.848.1508
PSahasra@hodgsonruss.com

May 4, 2023

<u>Via E-Mail</u>

Claudia Wilner, Esq.
National Center for Law and
Economic Justice
275 Seventh Avenue – Suite 1506
New York, New York  10001

Dear Ms. Wilner:

> Re:  *Black Love Resists in the Rust, et al. vs. City of Buffalo, et al.*
>      <u>Case No. 18-cv-00719</u>

We are writing to follow up on our meet and confer, which occurred last week on April 26, 2023.  We also wish to respond in writing to the correspondence which you sent on May 2, 2023.  Further, we wish to address scheduling of depositions and the deadline for fact discovery going forward.

**(A)  <u>Plaintiffs' Request for Supplementation of Discovery</u>**

Last week, on April 25, 2023, you sent an e-mail requesting supplementation of discovery on a number of different items.  In total, you requested eleven different types of materials.  We have since undertaken to determine how long the City and its departments need to search for and potentially produce the materials you have listed to the extent they are available.  Thus far, we have produced items in response to the third, fourth, and fifth request you made in your e-mail.  Those materials are the changes made to the Buffalo Police Department's ("BPD") Manual of Procedures, BPD's current policies and trainings on traffic enforcement, and BPD's policies and training materials on implicit bias and racial bias.  We are continuing to search for other items you requested, some of which are specifically addressed below.

### <u>Item 1 2022 BTVA Report</u>

I am told that this will not be difficult to locate and produce.

### <u>Item 2 BPD's Housing Unit Monthly Reports</u>

BPD has a new Lieutenant of Administration who is assisting with this request.  I am waiting to hear back on a timeframe for the production of the materials requested.

May 4, 2023
Page 2

### Item 6 Internal Affairs Resolution Statistics and Reports

I am working with BPD's IAD Captain on this request. He has relayed that he believes he can have these materials to produce in a week.

### Item 7 Notices of Claims from 2013 to Present

We discussed this at our meet and confer call. The City does not have a way to categorize notices of claim in the manner you request. Moreover notices of claim are publicly available. You have stated your intent to narrow this request. We of course will consider any narrowed request and respond accordingly

### Item 8 Quarterly Gap Statements

I have spoken with my contacts at the City and BPD. Thus far, no one knows where I would locate a "Quarterly Gap Statement." Is this something which the City has already produced? Please confirm and we will continue our search.

### Items 9 and 10 Materials Related to the Commission on Citizens' Rights and Community Relations

I have requested these materials from the City but have not yet heard back on a timeline for their production.

### Item 11 GIVE Reports

These materials are actually kept by the Erie Crime Analysis Center ("ECAC"), which is not controlled by the City or BPD. Nonetheless, BPD has reached out to ECAC's Director to determine if they can provide us with the requested materials. I have not been told when ECAC might be able to provide the requested materials.

### Item 12- Current CBA

The CBA will not be difficult to produce. What will be more difficult is compiling the memoranda of understanding which extend the CBA between the City and the Buffalo Police Benevolent Association. We think we should able to produce these materials within seven to fourteen days.

### Rolling Production

We will continue our rolling production of materials as they become available.

**(B)    Plaintiffs' Request for Supplementation of IAD Materials**

By letter dated March 30, 2022, Plaintiffs identified materials which they claimed were missing from prior production made by the City. According to my count, Plaintiffs have identified seventy eight materials in their March letter. I note that these specific materials were not raised or identified by Plaintiffs until twenty days after the parties' joint motion for an extension of discovery had been filed and two days after the Court granted the motion. When we originally requested a June 29, 2023 date for close of fact discovery, Plaintiffs had not identified these materials.

Furthermore, as I expressed on our call, BPD's IAD has many important matters to deal with at this moment separate and apart from this litigation. IAD is responding to a federal court order which requires them to search for materials spanning back nearly forty years. IAD is also responding to a subpoena from the New York Attorney General's Office, which requires the lion share of the Division Captain's time and attention. Moreover, the IAD personnel are charged with investigating and responding to new complaints in a timely manner – a task that both sides of this litigation do not dispute is incredibly important.

IAD also has limited personnel. Currently, IAD is comprised of an Inspector in charge of the Division, a Captain, two report technicians, one police officer, and six lieutenants. I also relayed to you on our call that IAD has recently had a change in leadership, as the former Inspector in charge of the Division recently retired.

Given all of these factors, IAD is not able to immediately produce the approximately seventy eight items which you have requested. IAD is committed to searching for each and every item requested and producing them in the event they are in IAD's possession. IAD simply needs adequate time to do so. Accordingly, we are requesting the following production benchmarks for production: (1) for the materials coded red in your recent correspondence, IAD requests a production date of July 1, 2023; for materials coded blue, IAD requests a production date of July 15, 2023; for the materials coded green, IAD requests a production date of August 1, 2023.

We understand that the current deadline for discovery is June 29, 2023. As such, we are prepared to make a motion for an extension of that deadline. We plan to ask for a deadline through and including August 31, 2023. We think this is a reasonable request given the volume of information and depositions Plaintiffs are seeking. Please let us know if you object to this request. We are prepared to make the request with or without Plaintiffs' consent.

**(C)    Remaining Depositions**

When the parties initially requested a June 29 date for close of discovery, the Court had not yet decided Plaintiffs' motion to take an additional eleven depositions. We now

May 4, 2023
Page 4

know that the Court has granted Plaintiffs permission to take nine depositions in addition to those that they were already going to take. On top of that, we are conducting multiple Plaintiff depositions, which is going to require a significant amount of time in the second two weeks of May.

In short, given the number of depositions Plaintiffs still seek, the parties have around twenty depositions to complete from now until June 29, 2023. It is a near impossibility to fit in that many depositions in a month and a half time frame, particularly given the busy calendars of counsel and the witnesses, many of whom are non-parties who are no longer employed by the City. Given this reality, we feel that our request for an August 31, 2023 deadline to complete discovery is reasonable.

**30(b)(6) Witnesses**

We attempted to do deposition designations as previously discussed to expedite the need for 30(b)(6) testimony. This has proved to be too cumbersome of a task, and we plan to identify 30(b)(6) witnesses shortly. The issue we are having is that many of the policies and procedures identified in your 30(b)(6) notice will require retired City employees or BPD administrators to speak on the topics. We are hoping to obtain agreement from retired witnesses to serve as the City's 30(b)(6) witnesses.

**Byron Lockwood Deposition**

We do not consent to Plaintiffs deposing Byron Lockwood for fourteen hours. The mere fact that he is a named party is not sufficient grounds to double the amount of time allotted by the Federal Rules of Civil Procedure. We also do not consent to extending the time for other defendants. Plaintiffs will have taken over thirty depositions in this matter by the time discovery closes. Plaintiffs have will have had ample opportunity to explore the avenues they feel are appropriate in the seven hours allowed by the Federal Rules –both with Commissioner Lockwood and with the other witnesses who still have yet to testify.

**Conclusion**

The City does not have unlimited resources. Nor is yours the only major, discovery-intensive legal matter the City faces currently. The amount of discovery sought by Plaintiffs in this matter is enormous, causing hours of work for all involved. We are doing the best we can under difficult circumstances, and we appreciate your patience.

Very truly yours,

*s/ Peter Sahasrabudhe*

Peter Sahasrabudhe

May 4, 2023
Page 5