UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BLACK LOVE RESISTS IN THE RUST, by and through its
Co-Directors Natasha Soto and Shaketa Redden and on behalf
of its members; DORETHEA FRANKLIN, TANIQUA
SIMMONS, DE'JON HALL, and JANE DOE, individually
and on behalf of a class of all others similarly situated,

                       Plaintiffs,

  v.

CITY OF BUFFALO, N.Y.; BYRON B. BROWN, Mayor of
the City of Buffalo, in his individual and official capacities;
BYRON C. LOCKWOOD, Commissioner of the Buffalo
Police Department, in his individual and official capacities;
DANIEL DERENDA, former Commissioner of the Buffalo
Police Department, in his individual capacity; AARON
YOUNG, KEVIN BRINKWORTH, PHILIP SERAFINI,
ROBBIN THOMAS, UNKNOWN SUPERVISORY
PERSONNEL 1-10, UNKNOWN OFFICERS 1-20, each
officers of the Buffalo Police Department, in their individual
capacities,

                       Defendants.

Case No.:   1:18-cv-719

---

# MEMORANDUM IN OPPOSITION TO
# PLAINTIFFS' MOTION TO DEPOSE BYRON LOCKWOOD FOR
# <u>FOURTEEN HOURS</u>

                       **HODGSON RUSS LLP**
                       *Attorneys for Defendants City of Buffalo, NY, Byron*
                       *B. Brown, Byron C. Lockwood, Daniel Derenda,*
                       *Aaron Young, Kevin Brinkworth, Philip Serafini,*
                       *Robbin Thomas, Unknown Supervisory Personnel*
                       *1-10, and Unknown Officers 1-20*
                       Hugh M. Russ III, Esq.
                       Peter Sahasrabudhe, of counsel
                       The Guaranty Building
                       140 Pearl Street, Suite 100
                       Buffalo, NY  14202-4040
                       716.856.4000

## **TABLE OF CONTENTS**

PAGE

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT .................................................................................................................................2

POINT I.     PLAINTIFFS' REQUEST IS PREMATURE ..........................................................2

POINT II.    DEFENDANT LOCKWOOD'S ROLES AND RESPONSIBILITIES DO NOT ESTABLISH A NEED FOR AN ENLARGEMENT OF TIME TO COMPLETE HIS DEPOSITION ................................................................................5

    A.   Defendant Lockwood's Responsibilities as Commissioner of Police do not Justify Enlarging the Time Allotted for his Deposition...........................................5

    B.   Defendant Lockwood's Responsibilities as Deputy Commissioner of Operations do not Justify Enlarging the Amount of Time Allotted for his Deposition ................................................................................................................7

POINT III.   IF THE COURT IS INCLINED TO GRANT PLAINTIFFS ADDITIONAL TIME TO CONDUCT DEFENDANT LOCKWOOD'S DEPOSITION AT THIS STAGE, LESS THAN SEVEN ADDITIONAL HOURS SHOULD BE GRANTED .......................................................................8

CONCLUSION................................................................................................................................9

# TABLE OF AUTHORITIES

PAGE

**Federal Cases**

*Allen v. Dairy Farmers of America, Inc.*,
   09-cv-230, 2011 WL 13444243 (D. Vt. Apr. 2011) (Reiss, J.) ............................................ 4, 5

*Anderson v. Colorado, Dept. of Corrections*,
   848 F.Supp. 2d 1291 (D. Colo. 2012) ........................................................................................ 8

*Arista Records LLC v. Lime Group LLC*,
   06-cv-5936, 2008 WL 1752254 (S.D.N.Y. Apr. 2008) ............................................................ 3, 8

*Benitez v. Lopez*,
   17-CV-3827, 2019 WL 1578167 (E.D.N.Y. Mar. 2019) ..................................................... 2, 3, 6

*Kleppinger v. Tex. Dep't of Trasnp.*,
   283 F.R.D. 330 (S.D. Tex. 2012) ................................................................................................ 8

*Margel v E.G.L. Gem Lab Ltd*,
   04-cv-1514, 2008 WL 2224288 (S.D.N.Y. May 2008) ........................................................... 2, 8

*Pierre v. City of New York*,
   20-cv-05116, 2022 WL 2384150 (S.D.N.Y. Jul. 2022) ............................................................ 3, 4

**Rules**

Fed. R. Civ. P. 30(d)(1) .................................................................................................................... 2

**PRELIMINARY STATEMENT**

Plaintiffs have requested leave to depose Defendant, Byron Lockwood for fourteen hours –***double*** the amount of time generally permitted by the Federal Rules of Civil Procedure. But Plaintiffs completely fail to demonstrate why they are entitled to such extraordinary relief. The decisions cited by Plaintiffs where courts have allowed litigants to exceed seven hours of questioning involve unique circumstances which are simply not present here. This is not a case where multiple attorneys for multiple parties need to question Defendant Lockwood. The examination will be conducted by one attorney –who will have had ample time to prepare questions and prioritize topics. Nor can Plaintiffs argue that Defendant Lockwood has been evasive or non-responsive through prior testimony –as the deposition has not even commenced.

To support their request, Plaintiffs do no more than provide a general description of some of the positions and responsibilities that Defendant Lockwood held during his tenure with the Buffalo Police Department ("BDP"). But Plaintiffs have made no specific showing as to why those positions necessitate an additional seven hours of questioning. Indeed, as discussed more fully below, previous testimony and Plaintiffs' own pleadings reveal that certain lines of questioning will not last nearly as long as Plaintiffs suggest in their motion.

Given these realities, Plaintiffs' request should be denied. Plaintiffs may renew their motion if, after sufficiently clear, precise, non-cumulative questioning, they can show that seven hours was insufficient to explore relevant topics with Defendant Lockwood. Until then, however, Plaintiffs' request is entirely premature under the circumstances. Alternatively, if the

Court is inclined to grant Plaintiffs additional time for questioning before Defendant Lockwood's deposition even begins, the Court should greatly limit the amount of extra time that is given.

## ARGUMENT

The Federal Rules of Civil Procedure presumptively limit the time allotted for questioning at depositions to one day of seven hours. Fed. R. Civ. P. 30(d)(1). Although courts have discretion to allow additional time beyond the usual seven hours, a court must determine whether there is "good cause" before it grants such a request. *Margel v E.G.L. Gem Lab Ltd*, 04-cv-1514, 2008 WL 2224288, at *8 (S.D.N.Y. May 2008). Where the party seeking additional time to conduct a deposition does not show that a deponent will be questioned concerning a large number of documents, or that an interpreter is required, a court normally looks to ***whether time previously afforded for the deposition was used efficiently*** and whether there are additional relevant areas of inquiry. *Id.* (emphasis added). Given this standard, Plaintiffs' request for fourteen hours to conduct the deposition of Defendant Lockwood should be denied.

### POINT I.   PLAINTIFFS' REQUEST IS PREMATURE

Where a litigant moves for additional time to complete a deposition before the examination has even begun, a court may outright deny the motion as premature. *Benitez v. Lopez*, 17-CV-3827, 2019 WL 1578167, at *1 (E.D.N.Y. Mar. 2019). In *Benitez*, the court denied a litigant's request for an order directing the opposing party to sit for more than seven hours of deposition testimony. *Id.* The court's reasoning was simple. Because the deposition had not even commenced, the court could not determine whether there was good cause to increase the amount of time allotted for questioning. *Id.* The court explained that the requesting party was entitled to make a renewed request following completion of the initial deposition. *Id.*

So too here. Without the benefit of Defendant Lockwood having been previously deposed, the Court cannot determine whether there are relevant topics which Plaintiffs are unable to cover without being given extra time for the examination. Plaintiffs may well be able to adequately complete to Defendant Lockwood's deposition in seven hours. There is simply no way to tell unless the deposition goes forward before Plaintiffs' request is entertained. Further, ordering the deposition to go forward before granting Plaintiffs additional time would allow the Court to determine *why* Plaintiffs are not able to cover relevant topics –if they in fact are unable to adequately complete the deposition in seven hours. Examining attorneys at depositions "are responsible for prioritizing the topics examined and asking questions that are sufficiently clear, precise and non-cumulative to move the deposition along efficiently." *Arista Records LLC v. Lime Group LLC*, 06-cv-5936, 2008 WL 1752254, at *2 (S.D.N.Y. Apr. 2008). If Plaintiffs' counsel is unable to cover their desired topics at Defendant Lockwood's deposition based on a failure to adhere to these responsibilities, it would be entirely unfair to allow them additional time to conduct the deposition. Given the present record, the Court is unable to determine whether additional time is needed at all for Defendant Lockwood's deposition –much less whether there is a legitimate basis for additional time. As such, Plaintiffs' request is premature and should be denied. *Benitez*, 2019 WL 1578167, at *1.

It may be true that there is no "bright-line rule" requiring a party to wait until after a deposition has been taken to make a request for additional time to question a witness. *Pierre v. City of New York*, 20-cv-05116, 2022 WL 2384150, at *2 (S.D.N.Y. Jul. 2022). But courts which have granted advanced permission to exceed seven hours of questioning have done so under unique circumstances which are not present here. In *Pierre*, for example, the court granted

advanced leave for additional time to conduct a plaintiff deposition where there were four defendants who were all represented by separate counsel. *Id.* at *1, *3. Each attorney representing the four defendants needed to ask different sets of questions which were unique to their clients' interest in the litigation. *Id.* at *3. Those circumstances are not present here. Only one attorney will be asking Defendant Lockwood questions. The questions asked will be on behalf of all Plaintiffs. And Plaintiffs have not shown or demonstrated why seven hours is insufficient for the attorney conducting the examination to adequately cover the appropriate topics about which Defendant Lockwood has pertinent knowledge. This is particularly true given that the attorney conducting the examination will have had many weeks to prepare questions and to properly prioritize the topics which are covered. Dkt. No. 168 (setting forth that Defendant Lockwood's deposition will be conducted in or around July 26, 2023, approximately six weeks from today).

Moreover, although Defendant Lockwood may have been a high ranking official at BPD, Plaintiffs have failed to show that he has the type of particularized knowledge which is distinct from the multitude of other witnesses whom Plaintiffs have already deposed or plan to depose in the future. *Cf. Allen v. Dairy Farmers of America, Inc.*, 09-cv-230, 2011 WL 13444243, at *2-*3 (D. Vt. Apr. 2011) (Reiss, J.). Plaintiffs' claims are focused on two now disbanded BPD units –the Strike Force and the Housing Unit. Given the evidence adduced throughout discovery to date, it is possible and indeed likely that Defendant Lockwood will not have the type of detailed knowledge possessed by the Captains and Lieutenants who supervised those units on a day-to-day basis. Sahasrabudhe Decl. Ex. B ("Brinkworth Dep.") at p. 20 (explaining that Defendant Lockwood had little involvement with Strike Force). Witnesses who

4

have already given testimony and who likely have a better understanding of the day to day operation of Strike Force and the Housing Unit include: Captain Phillip Serafini, Captain Patrick Roberts, Lieutenant Michael Quinn, and Lieutenant Lance Russo. This is not a situation where Defendant Lockwood has a breadth of unique knowledge which is not discoverable through other witnesses or other sources. *Cf. Allen*, 2011 WL 13444243, at *2-*3.

Given the present circumstances, there is no basis to grant Plaintiffs additional time to conduct the deposition of Defendant Lockwood. As such, the Court should deny Plaintiffs' request as premature. Such a denial would be without prejudice to Plaintiffs' right to renew the request should the deposition reveal a ***legitimate basis*** for questioning Defendant Lockwood beyond the default seven hours.

**POINT II.   DEFENDANT LOCKWOOD'S ROLES AND RESPONSIBILITIES DO NOT ESTABLISH A NEED FOR AN ENLARGEMENT OF TIME TO COMPLETE HIS DEPOSITION**

In an effort to substantiate their request, Plaintiffs point to Defendant Lockwood's responsibilities when he served as BPD's Commissioner and Deputy Commissioner of Operations. Dkt No. 166-1 at p. 7-10. But the responsibilities identified by Plaintiffs do not justify additional time for Defendant Lockwood's deposition –much less an additional seven hours.

**A.   Defendant Lockwood's Responsibilities as Commissioner of Police do not Justify Enlarging the Time Allotted for his Deposition**

Plaintiffs' own pleading demonstrates that Strike Force was disbanded in February of 2018 –almost immediately after Defendant Lockwood became Commissioner of

Police. Dkt. No. 63 at ¶ 189. Further, the Housing Unit was disbanded in 2020, only two years after Defendant Lockwood became Commissioner. Sahasrabudhe Decl., Ex. A ("Yong Dep.") at p. 12. Defendant, Daniel Derenda oversaw the Strike Force and Housing Unit as Commissioner of Police for are longer than Defendant Lockwood. And although Plaintiffs counsel was given considerable leeway to question Defendant Derenda over the course of three separate days, they did not need anywhere close to fourteen hours to complete his deposition. Sahasrabudhe Decl., Ex. C ("Derenda Transcripts"). There is simply no reason why Plaintiffs should be given fourteen hours to question Defendant Lockwood simply because he served as Commissioner of Police from 2018 to 2022.

To be sure, Plaintiffs are entitled to question Defendant Lockwood about why Strike Force and the Housing Unit were disbanded when he was Commissioner. But Plaintiffs have utterly failed to demonstrate how and why they need seven additional hours to adequately cover those topics. As such, there request is, at best, premature. *Benitez*, 2019 WL 1578167, at *1.

The only other responsibilities of the Commissioner of Police which Plaintiffs point to in their motion is the Commissioner's authority to oversee the discipline of BPD personnel. Dkt. 166-1 at p. 8-9. But again, Plaintiffs have failed to make a specific showing as to why Defendant Lockwood's testimony on this topic would not be cumulative of other witnesses Plaintiffs plan to depose. Indeed, we expect the testimony will reveal that Defendant Lockwood delegated much of his disciplinary authority to BPD personnel overseeing the Department's Internal Affairs Division ("IAD"). And Plaintiffs have already been given permission to depose the two Inspectors who were in charge of IAD while Defendant Lockwood

6

served as Commissioner –Herold McClellan and Robert Rosenswie. Plaintiffs have not shown why they are unable to adequately explore BPD's disciplinary practices by deposing Inspectors McClellan and Rosensewie in addition to Defendant Lockwood. Until Plaintiffs have actually completed their depositions of these three witnesses, their request for additional time to depose Defendant Lockwood regarding BPD's disciplinary practices is premature.

**B.    Defendant Lockwood's Responsibilities as Deputy Commissioner of Operations do not Justify Enlarging the Amount of Time Allotted for his Deposition**

Plaintiffs' arguments regarding Defendant Lockwood's responsibilities as BPD's Deputy Commissioner are even more conclusory than their arguments regarding his responsibilities as Commissioner. Plaintiffs point only to the fact that as a general matter, Defendant Lockwood technically had supervisory authority over all precincts, districts, and units of BPD when he was the Deputy Commissioner. But this does not mean that Defendant Lockwood was heavily involved in the Strike Force or Housing Unit's daily operations. In fact, the evidence shows that Defendant Lockwood had very little involvement with Strike Force when he was Deputy Commissioner. Brinkworth Dep. at p. 20. Simply quoting the job description of the Deputy Commissioner in BPD's Manual of Procedures does not entitle Plaintiffs to question Defendant Lockwood for fourteen hours.

Moreover, the fact that Defendant Lockwood was in charge of CompStat meetings as Deputy Commissioner does not entitle Plaintiffs to question him for fourteen hours. See Dkt. 166-1 at p. 10. Plaintiffs have not demonstrated why questioning regarding CompStat meetings will be especially time-consuming when compared to other deposition topics which have already been explored in this case. Nor have Plaintiffs demonstrated or argued that

7

questioning Defendant Lockwood on the topic of CompStat will require them to go through an especially high volume of documents.  Furthermore, the deposition testimony Plaintiffs have already taken shows that Strike Force did not necessarily use CompStat information to conduct its daily patrol activities.  Brinkworth Dep. at p. 40-41.  As such, the Court should deny Plaintiffs request to question Defendant Lockwood for fourteen hours to the extent the request is premised upon the fact that CompStat meetings will be a topic covered at his deposition.

**POINT III.    IF THE COURT IS INCLINED TO GRANT PLAINTIFFS ADDITIONAL TIME TO CONDUCT DEFENDANT LOCKWOOD'S DEPOSITION AT THIS STAGE, LESS THAN SEVEN ADDITIONAL HOURS SHOULD BE GRANTED**

If the Court is inclined to allow Plaintiffs additional time to question Defendant Lockwood, the Court should limit the amount of additional time it gives.  This point is demonstrated by the very case-law on which Plaintiffs rely in their moving papers.  In each of the cases Plaintiffs cite, which involve extreme circumstances which are absent here, the requesting party was awarded substantially less than seven additional hours to complete a deposition.  *See, e.g., Arista Records, LLC*, 2008 WL 1752254, at *2 (allowing for four additional hours where deponent had been evasive and provided non-responsive answers at prior deposition); *Anderson v. Colorado, Dept. of Corrections*, 848 F.Supp. 2d 1291, 1301 (D. Colo. 2012) (allowing one additional hour to depose plaintiff's mental health provider when plaintiff's mental health had changed since the close of discovery); *Kleppinger v. Tex. Dep't of Trasnp.*, 283 F.R.D. 330, 335-336 (S.D. Tex. 2012) (allowing for additional five hours of questioning where counsel for individual defendants did not have any opportunity to question Plaintiff at prior deposition because they had not yet been retained or appeared in the action).

If the cases relied upon by Plaintiffs did not warrant seven additional hours of questioning, then seven additional hours are surely not required here. Moreover, the Court should also take into account that Plaintiffs have already been given permission to take thirty one depositions in this matter when the presumptive limit on the number of depositions is ten. Plaintiffs have also been allowed to obtain voluminous electronic discovery spanning nearly a decade which has imposed a significant burden on Defendants. There is no reason why Plaintiffs need seven additional hours to question Defendant Lockwood on top of the exceedingly broad scope of discovery which has already been afforded to them.

Accordingly, if the Court is going to grant Plaintiffs additional time to question Defendant Lockwood, it should grant an amount of time that is considerably less than seven hours.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court deny the plaintiffs' motion to depose Byron Lockwood for fourteen hours in its entirety. In the alternative, Defendants request that the Court grant substantially less additional time than the seven hours Plaintiffs have requested. Finally, Defendants request that the Court grant any further and additional relief as the Court may deem just and proper.

Dated:   Buffalo, New York
         June 15, 2023

**HODGSON RUSS LLP**
*Attorneys for Defendants City of Buffalo, NY, Byron B. Brown, Byron C. Lockwood,*
*Daniel Derenda, Aaron Young, Kevin Brinkworth, Philip Serafini, Robbin Thomas,*

9

*Unknown Supervisory Personnel 1-10, and Unknown Officers 1-20*


By: <u>//s Peter A. Sahasrabudhe</u>
     Adam W. Perry, Esq.
     Hugh M. Russ III, Esq.
     Peter Sahasrabudhe
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, NY  14202-4040
716.856.4000

017635.00062 Litigation 16565362v1