UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK

BLACK LOVE RESISTS IN THE RUST, *et al.*,
individually and on behalf of a class of all others
similarly situated,

                      Plaintiffs,

    v.

CITY OF BUFFALO, N.Y., *et al.*,

                      Defendants.

No. 1:18-cv-00719-CCR

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
PLAINTIFFS' MOTION TO PERMIT SUFFICIENT TIME TO DEPOSE NAMED
DEFENDANT BYRON LOCKWOOD**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................... 1

ARGUMENT .................................................................................................................. 1

I.  Plaintiffs' Request for Additional Deposition Hours is Timely and Appropriate in Light of the Circumstances of This Complex Constitutional Case and Mr. Lockwood's Importance. ...................................................................................... 1

II. Plaintiffs' Request for 14 Hours is Appropriate in Light of the Specific Areas Where Mr. Lockwood Can Provide Critical, Non-Cumulative Testimony. ........ 5

III. Denial of This Motion Would Prejudice Plaintiffs and Further Delay This Action. ................................................................................................................ 6

CONCLUSION ............................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**                                                                                              **Page(s)**

*Arista Recs. LLC v. Lime Grp. LLC*,
  No. 06 Civ. 5936, 2008 WL 1752254 (S.D.N.Y. Apr. 16, 2008) ...................................... 2, 6

*Kogut v. County of Nassau et al.*,
  2:06-cv-06695-JS-SIL (E.D.N.Y. May 25, 2011) ............................................................. 2, 5

*Lucente v. County of Suffolk*,
  980 F.3d 284 (2d Cir. 2020) ................................................................................................ 3

*Pierre v. City of New York*,
  1:20-cv-05116, 2022 WL 2384150 (S.D.N.Y. July 1, 2022) ........................................ 1, 2, 5

*Sexton v. Exxon Mobil Corp.*,
  3:17-cv-482-JWD-RLB, ECF No. 224 (M.D. La. filed Jan. 31, 2020) ................................ 7

*Yoe v. Crescent Sock Co.*,
  1:15-cv-3-SKL, ECF No. 255 (E.D. Tenn. filed Apr. 26, 2017) ........................................... 2

**PRELIMINARY STATEMENT**

Defendants' opposition improperly attempts to minimize Defendant Lockwood's knowledge and his importance to this case. Contrary to Defendants' mischaracterization, neither Plaintiffs' claims nor Mr. Lockwood's relevance are limited to the Strike Force and the Housing Unit. While those units both are integral to Plaintiffs' claims, Defendants' unconstitutional traffic enforcement policies and procedures continue to this day and extend well beyond the Strike Force and Housing Units to include racial profiling, multiple-ticketing practices, towing and impounding procedures, the use of such practices to pad the BPD and City budgets, and Defendants' pervasive and persistent failure to train, supervise, and discipline members of the BPD engaged in this conduct. As a key member of BPD's top leadership for more than a decade, including for four years as Commissioner, Defendant Lockwood was privy to extensive information about these practices—information which cannot be fairly explored within the 7 hours made available for typical witnesses. Accordingly, Plaintiffs respectfully request that the Court grant their Motion to Permit Sufficient Time to Depose Named Defendant Byron Lockwood.[1]

**ARGUMENT**

**I.   Plaintiffs' Request for Additional Deposition Hours is Timely and Appropriate in Light of the Circumstances of This Complex Constitutional Case and Mr. Lockwood's Importance.**

Despite their attempts to characterize Plaintiffs' request as "premature," Defendants admit that there is no "bright line rule" preventing the grant of additional deposition time prior to that deposition taking place. Defs. Opp. Br. (ECF No. 169-6) at 3 (quoting *Pierre v. City of*

---

[1] In the alternative, Plaintiffs respectfully request that the Court allow Plaintiffs to renew their motion to request additional time to address any outstanding areas of testimony after completion of the seven hours with Mr. Lockwood allotted under the Federal Rules.

1

*New York*, 1:20-cv-05116, 2022 WL 2384150, at *2 (S.D.N.Y. July 1, 2022)). The Court has "broad discretion" to allow more time "if appropriate to the circumstances of the case." *Arista Recs. LLC v. Lime Grp. LLC*, No. 06 Civ. 5936, 2008 WL 1752254, at *1 (S.D.N.Y. Apr. 16, 2008). Indeed, contrary to Defendants' argument, courts have granted requests for additional time before the deposition commenced. *See, e.g.,* Letter Motion for Discovery Request for Additional Time to Depose Plaintiffs Restivo, Halstead and Kogut at 2, *Kogut v. County of Nassau et al.*, 2:06-cv-06695-JS-SIL (E.D.N.Y. May 25, 2011) (ECF No. 127) (electronic order granting motion entered June 7, 2011); *Yoe v. Crescent Sock Co.*, 1:15-cv-3-SKL, ECF No. 255, at 3-4 (E.D. Tenn. filed Apr. 26, 2017). And regardless of the timing of the motion, where additional time is "needed to fairly examine [a] deponent," the Court "must" exercise that discretion to "allow additional time." *Pierre*, 2022 WL 2384150, at *1 (quoting Fed. R. Civ. P. 30(d)(1)).

There is no doubt that additional time is needed to examine Mr. Lockwood here as he spent more than a decade, and the majority of the relevant period, in key leadership positions within the BPD. Throughout this time period, Mr. Lockwood was personally responsible for directing and executing Defendants' racially-biased traffic enforcement schemes. *See, e.g.,* Pls. Mot. Br. (ECF No. 166-1) at 7 (detailing how Mr. Lockwood set "Department Policy" through the issuance of General Orders).

Defendants mischaracterize both Plaintiffs' claims and Mr. Lockwood's knowledge as limited to the operation of two specific units, the Strike Force and Housing Units. Defs. Opp. Br. at 4–5. To the contrary, Plaintiffs' claims encompass not only these units' past unconstitutional checkpoint program, but also multiple-ticketing schemes, revenue raising practices targeted at Buffalo's low income and minority communities, and racially

2

discriminatory traffic enforcement practices that continue to this day. *See* Compl. (ECF No. 63) ¶¶ 80-90 (describing checkpoints targeting Buffalo's minority neighborhoods), 91-99 (describing the BPD's heavy ticketing surrounding majority-minority Buffalo Municipal Housing Authority complexes), 100-118 (detailing Defendants' practices regarding multiple tickets for tinted window, seatbelt, and child restraint violations which have "continued to present" and are supported by the "most recent ticketing data available for the post-Strike Force period"); Pls. Mot. Br. at 11 (describing Defendants' punitive traffic enforcement practices carried out for the purpose of generating overtime compensation and City revenue).

As the Deputy Commissioner and then the Commissioner of the BPD over the course of more than a decade, Mr. Lockwood has extensive knowledge about these practices. For example, in addition to his role in disbanding both the Strike Force and the Housing Unit (which Defendants admit, Defs. Opp. Br. at 5–6), Mr. Lockwood has exclusive information regarding the monitoring and oversight of checkpoints and multiple ticketing practices concentrated on Buffalo's East Side; the BPD's response to complaints about and governmental inquiries into these practices; the BPD's training, supervision, and disciplinary practices throughout the relevant period; and changes to BPD policies over time along with the reasons for those changes. Pls. Mot. Br. at 8, 10–11. Moreover, as one of BPD's top policy-makers during the relevant period, Mr. Lockwood is central to Plaintiffs' *Monell* claims, which require the showing of a "persistent and widespread" "policy, custom" or "practice." *Lucente v. County of Suffolk*, 980 F.3d 284, 297-98 (2d Cir. 2020); *see* Pls. Mot. Br. at 8–10 (describing Mr. Lockwood's direct supervision of BPD units engaged in racially-biased traffic enforcement, including the communication of enforcement priorities).

Defendants ignore Mr. Lockwood's central position in directing and carrying out the BPD's unconstitutional conduct, and his importance to Plaintiffs' *Monell* claims. Instead, Defendants speculate that Mr. Lockwood's testimony could be duplicative of other testimony that has not yet been provided. For example, Defendants' unsupported assertion that they "expect" that testimony will show that Mr. Lockwood delegated his disciplinary authority to the head of the BPD's Internal Affairs Department fails to contend with Plaintiffs' argument, supported by the BPD's own Manual of Procedures, that during his time as Commissioner, Mr. Lockwood retained "ultimate authority" for training, supervision, and disciplinary practices within the department. Defs. Opp. Br. at 6; Pls. Mot. Br. at 8. Moreover, the extent to which Mr. Lockwood retained or delegated his authority over disciplinary matters is itself a topic that is central to Plaintiffs' burden under *Monell*.

Likewise, Defendants' unsupported assertion that "Strike Force did not necessarily use CompStat information" to conduct its patrol activities ignores Mr. Lockwood's relevance beyond Strike Force and fails to undermine Plaintiffs' specific evidence that BPD leadership communicated its enforcement priorities to unit chiefs—including the Strike Force and Housing Unit Chief—at those meetings themselves. Defs. Opp. Br. at 8; *see* Pls. Mot. Br. at 5 (noting that Mr. Lockwood attended and led these meetings as Deputy Commissioner for Operations while the BPD Commissioner did not attend).

Defendants' document production illustrates Mr. Lockwood's widespread relevance. Defendants have produced approximately 17,289 custodial documents for Mr. Lockwood, an amount that far exceeds that of every other custodian except Mayor Brown—who Mr. Lockwood reported to when he was BPD Commissioner. Decl. of Claudia Wilner (ECF No. 148-3) at 2. Mr. Lockwood's testimony as to the meaning of these documents will be critical

4

to understanding the larger framework of the BPD's traffic enforcement policies and procedures.

**II.     Plaintiffs' Request for 14 Hours is Appropriate in Light of the Specific Areas Where Mr. Lockwood Can Provide Critical, Non-Cumulative Testimony.**

The 14 hours Plaintiffs have requested for Mr. Lockwood's deposition are warranted in light of his extensive knowledge and the breadth of Plaintiffs' claims. For example, in *Kogut v. County of Nassau*, the court allowed Defendants to depose each of the three plaintiffs in the action for 14 hours each where Defendants argued that the "multiple causes of action" in the case warranted additional time. Letter Motion for Discovery Request for Additional Time to Depose Plaintiffs Restivo, Halstead and Kogut at 2, *Kogut v. County of Nassau et al.*, 2:06-cv-06695-JS-SIL (E.D.N.Y. May 25, 2011) (ECF No. 127) (electronic order granting motion entered June 7, 2011); *see also Pierre*, 2022 WL 2384150, at *2-3 (granting motion to extend deposition time in a case implicating multiple defendants where the conduct took place over more than a decade). Notably, the court granted the Defendants' request for seven additional hours before the deposition had commenced, as Plaintiffs ask the Court to do in this case.

Plaintiffs here likewise bring "multiple causes of action," alleging violations of the Fourth Amendment and the Fourteenth Amendment of the U.S. Constitution, as well as violations of Title VI of the Civil Rights Act of 1964. *Kogut*, ECF No. 127, at 2; *see* Compl. ¶¶ 203, 435-454. Plaintiffs present claims for damages as well as injunctive claims for relief, alleging conduct which spans from 2012 to present. *See* Compl. ¶¶ 3 (describing deployment of BPD's Strike Force in 2012), 10 (describing Plaintiffs' request for an injunction outlawing Defendants' racially-biased policing practices), 399-417 (same), 418-34 (Plaintiffs' claims for damages for racially-biased policing practices). This Court has itself noted that Plaintiffs

bring "a complex case" which "alleges constitutional violations that took place over a period of several years." Text Order (ECF No. 160).  And despite Defendants attempts to oversimplify Plaintiffs' claims in their Opposition Brief dated June 15, 2023, Defendants themselves agreed merely a day earlier that the "complex nature of the claims and defenses" at hand justified extending the close of discovery.  Joint Mot. to Modify Scheduling Order (ECF No. 167) at 6.

Defendants point to specific topics of testimony that Plaintiffs have identified about which Mr. Lockwood will be able to provide relevant, non-cumulative testimony and argue that for each specific topic, Plaintiffs should not require more than the presumptive seven hours of deposition time.  Defs. Opp. Br. at 6 (providing an unsupported assertion that Defendants "expect" Mr. Lockwood will not have much to say regarding his specific enumerated duties such as training, supervision discipline), 10 (arguing that CompStat testimony will not "be especially time-consuming compared when to other deposition topics").  But given the need to question Mr. Lockwood about matters as varied as checkpoints, multiple ticketing practices, training and discipline, policing priorities, and departmental policies, and the need to do so for a period spanning approximately a decade, Plaintiffs' request for seven additional hours of deposition time is "appropriate to the circumstances of the case" and to Mr. Lockwood's role as a senior leader within the BPD and as a Named Defendant. *Arista Recs.*, 2008 WL 1752254, at *1.

### III. Denial of This Motion Would Prejudice Plaintiffs and Further Delay This Action.

Limiting the deposition of Mr. Lockwood to the seven hours allotted to typical witnesses will unfairly prejudice Plaintiffs by forcing them to truncate their examination of important areas of testimony, forego examination of relevant topics entirely, or both.  And even leaving open the possibility for Plaintiffs to request additional time after an initial seven

6

hours would not resolve this prejudice, because it would force Plaintiffs to proceed with Mr. Lockwood's deposition uncertain as to its length, and thus unable to organize their examination in the most effective and efficient way. *See Sexton v. Exxon Mobil Corp.*, 3:17-cv-482-JWD-RLB, ECF No. 224, at 5 (M.D. La. filed Jan. 31, 2020) (allowing 14 hours of deposition time with an expert witness whose report raised "central issues" in the case and for whom it would be "impractical" to split testimony over multiple days). Defendants do not dispute that the 17 depositions that Plaintiffs have taken so far have been conducted efficiently, and that Plaintiffs have taken no more time than necessary to discover each witness' knowledge of the facts relevant to Plaintiffs' claims. Plaintiffs simply request an opportunity to explore Mr. Lockwood's extensive knowledge of relevant facts.

Plaintiffs are also conscious of the amount of time spent in discovery to date. Though Defendants claim that discovery has constituted a "significant burden," they now propose that the parties proceed with the deposition and then return to re-litigate the issue of deposition time after the presumptive seven hours of questioning is complete. Defs. Opp. Br. at 7, 9. Defendants' plan only risks further additional delay by requiring the parties to return to the Court to re-litigate these same issues in dispute now. Defendants' plan stands contrary to the interests of both parties in ensuring that the remaining discovery is completed "as expeditiously as possible." Joint Mot. to Modify Scheduling Order at 6. In light of the breadth and intricacy of Plaintiffs' claims, and in the interest in resolving these issues efficiently, Plaintiffs request that the Court exercise its "broad discretion" to allow for a total of 14 hours deposition time to depose Named Defendant and former Commissioner Byron Lockwood.

## CONCLUSION

For the reasons set forth above and in Plaintiffs' opening brief, Plaintiffs respectfully request that the Court grant in its entirety Plaintiffs' Motion to Permit Sufficient Time to Depose Named Defendant Byron Lockwood.

Dated: June 22, 2023

Respectfully Submitted,

_/s/ Jordan S. Joachim_
Jordan S. Joachim
Christine Nelson
COVINGTON & BURLING, LLP
620 Eighth Ave., Suite 4029
New York, NY 10018
Tel: 212-841-1000
Fax: 212-841-1010
jjoachim@cov.com
cnelson@cov.com

Keisha Williams
WESTERN NEW YORK LAW CENTER
37 Franklin Street, Suite 210
Buffalo, NY 14202
Tel: 716-828-8415
kwilliams@wnylc.com

A. Chinyere Ezie
Baher Azmy
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Tel/Fax: 212-614-6464
cezie@ccrjustice.org
bazmy@ccrjustice.org

Claudia Wilner
Anjana Malhotra
Edward Krugman
NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE
50 Broadway, Suite 1500
New York, NY 10004
Tel: 212-633-6967
wilner@nclej.org
malhotra@nclej.org
krugman@nclej.org

_Counsel for Plaintiffs_

9

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 22, 2023, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Western District's Local Rules, and/or the Western District's Case Filing Rules & Instructions upon all counsel registered through the ECF System.

      */s/ Jordan S. Joachim*