UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

BLACK LOVE RESISTS IN THE RUST,               )
DOROTHEA FRANKLIN, TANIQUA                    )
SIMMONS, DE'JON HALL, JANE DOE,               )
Individually and on behalf of a class of      )
Others similarly situated, SHIRLEY            )
SARMIENTO, EBONY YELDON,                      )
CHARLES PALMER, SHAKETA                       )
REDDEN, and JOSEPH BONDS,                     )
                                              )
          Plaintiffs,                         )
                                              )
              v.                              )
                                              )     Case No. 1:18-cv-00719
CITY OF BUFFALO, N.Y., BYRON B.               )
BROWN, Mayor of the City of Buffalo, in his   )
individual and official capacities, BYRON     )
C. LOCKWOOD, Commissioner of the              )
Buffalo Police Department, in his individual  )
capacity, DANIEL DERENDA, former              )
Commissioner of the Buffalo Police            )
Department, in his individual capacity,       )
AARON YOUNG, officer of the Buffalo           )
Police Department, in his individual capacity, )
KEVIN BRINKWORTH, PHILIP SERAFINI,            )
officer of the Buffalo Police Department, in   )
his individual capacity, ROBBIN THOMAS,       )
officer of the Buffalo Police Department, in   )
his individual capacity, UNKNOWN              )
SUPERVISORY PERSONNEL 1-10, officers          )
of the Buffalo Police Department, in their     )
individual capacities, UNKNOWN OFFICERS       )
1-20, officers of the Buffalo Police Department, )
in their individual capacities, and ERIE      )
COUNTY DISTRICT ATTORNEY'S                    )
OFFICE,                                       )
                                              )
          Defendants.                         )
                                              )

**ENTRY ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION TO PERMIT SUFFICIENT TIME TO DEPOSE DEFENDANT BYRON
LOCKWOOD**
(Doc. 166)

Pending before the court is Plaintiffs' June 1, 2023 motion to permit sufficient time to depose Defendant Byron Lockwood (Doc. 166). Defendants opposed the motion on June 16, 2023 (Doc. 169), and Plaintiffs replied on June 22, 2023 (Doc. 170), at which point the court took the matter under advisement.

Plaintiffs are represented by Andrea Chinyere Ezie, Esq., Baher Azmy, Esq., Christine Adrienne Nelson, Esq., Claudia Wilner, Esq., Edward Krugman, Esq., Joseph A. Kelemen, Esq., Keisha Alecia Williams, Esq., Anjana Malhotra, Esq., Britney Renee Wilson, Esq., Darius Charney, Esq., and Jordan Scott Joachim, Esq.

Defendants are represented by Peter A. Sahasrabudhe, Esq., Robert Emmett Quinn, Esq., Cheyenne Nicole Freely, Esq., David A. Short, Esq., and Hugh M. Russ, III, Esq.

Under Federal Rule of Civil Procedure 30(d)(1), depositions are "limited to one day of seven hours," but courts "must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent[.]" Fed. R. Civ. P. 30(d)(1); *see also* Fed. R. Civ. P. 26(b)(2)(A) (authorizing courts to alter the length of depositions). "A party seeking a court order to extend the time for examination or otherwise alter the limitations is expected to show good cause to justify such an order." *Robinson v. DeNiro*, 2022 WL 274677, at *2 (S.D.N.Y. Jan. 26, 2022). "Whether good cause exists to extend a deposition beyond the presumptive time limit of seven hours is a fact-specific determination." *Pierre v. City of New York*, 2022 WL 2384150, at *1 (S.D.N.Y. July 1, 2022). District courts have "broad discretion to set the length of depositions appropriate to the circumstances of the case." *Arista Records LLC v. Lime Grp. LLC*, 2008 WL 1752254, at *1 (S.D.N.Y. Apr. 16, 2008); *see also In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008) ("A district court has wide latitude to determine the scope of discovery[.]").

2

Plaintiffs request an additional seven hours to depose Mr. Lockwood for a total of fourteen hours. Mr. Lockwood was either Buffalo Police Department ("BPD") Commissioner or its Deputy Commissioner of Operations during the relevant period and allegedly played "central role" in Defendants' alleged discriminatory conduct. Plaintiffs contend he has important, non-cumulative information relevant to their claims and that additional deposition time is needed in light of their "multiple complex constitutional claims alleging a citywide practice of racially-biased traffic enforcement" which involve "government processes spanning numerous municipal department[s] and a period of more than a decade[.]" (Doc. 166-1 at 13-14.) Defendants oppose their request, contending Plaintiffs have failed to use the total time allotted for purportedly other key witnesses and because the time requested is excessive.

There is no "bright-line rule" regarding when a deposition may be extended beyond seven hours. *Pierre*, 2022 WL 2384150, at *2. Courts have allowed parties to depose "central figure[s]" for more than seven hours. *Greater New York Taxi Assoc. v. City of New York*, 2017 WL 4012051, at *8 (S.D.N.Y. Sept. 11, 2017).

In the instant case, Mr. Lockwood may have extensive knowledge about the allegedly unconstitutional practices at issue in this case, as he was one of BPD's "policy-makers during the relevant period[.]" (Doc. 170 at 6.) The case is complex and includes a significant timeline, multiple events, and a large geographic area. Plaintiffs, however, have not sufficiently explained why they require double the amount of time traditionally allotted for a deposition. As a result, Plaintiffs may depose Mr. Lockwood for a total of ten hours, and may renew their motion with the court should they require additional time. *See, e.g.*, *Robinson v. De Niro*, 2022 WL 274677, at *3 (Jan. 26, 2022) (granting five additional hours to complete Plaintiff's deposition after it had commenced).

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to permit sufficient time to depose Mr. Lockwood is GRANTED IN PART AND DENIED IN PART.

SO ORDERED.

SO ORDERED.

Dated this _____ 29th _____ day of June, 2023.

Christina Reiss, District Judge
United States District Court