UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK

---

BLACK LOVE RESISTS IN THE RUST, *et al.*,
individually and on behalf of a class of all others
similarly situated,

                              Plaintiffs,

v.                                                          No. 1:18-cv-00719-CCR

CITY OF BUFFALO, N.Y., *et al.*,

                              Defendants.

---

## ORDER SUPPLEMENTING PROTECTIVE ORDER GOVERNING PRODUCTION OF ATTORNEYS' EYES ONLY AND CONFIDENTIAL MATERIALS

WHEREAS, on January 23, 2020, the Court entered a Protective Order Governing Production of Attorneys' Eyes Only Confidential Materials ("Attorneys' Eyes Only Protective Order") (ECF No. 54) which limited disclosure of all Buffalo Police Department ("BPD") Internal Affairs Division ("IAD") documents produced by Defendants in accordance with the Court's Opinion & Order of December 19, 2019 (ECF No. 51) to attorneys' eyes only;

WHEREAS, on October 12, 2021, the Court entered a modified protective order governing the production of attorneys' eyes only and confidential materials in this matter (ECF No. 118).

WHEREAS, since the Court entered the modified protective order, Plaintiffs have made follow-up requests to Defendants for additional IAD materials;

1

WHEREAS, Plaintiffs have also requested that Defendants supplement their production of COMPSTAT and GIVE reports since the Court entered the modified protective order;

WHEREAS, the parties acknowledge and agree that IAD materials may contain confidential information regarding citizen complainants and witnesses such as Social Security numbers, addresses, and other personal, private information to which the public has no legitimate right of access;

WHEREAS, the parties further acknowledge and agree that IAD materials may contain personal, confidential information related to police officers and other personnel employed or formerly employed by the BPD such as personal addresses and Social Security numbers;

WHEREAS, Defendants contend that COMPSTAT and GIVE reports may contain personal, confidential information regarding citizens who are not parties to this action, such as Social Security numbers and personal addresses;

WHEREAS, Defendants contend that COMPSTAT and GIVE reports may contain information protected by the "law enforcement privilege" in that the reports may contain information regarding on-going investigations of criminal wrongdoing;

WHEREAS, the parties wish to expedite Defendants' production of documents, and to do so, the parties agree that a supplement to the current protective order is necessary to minimize or eliminate the amount of redactions that Defendants must make to IAD materials and COMPSTAT and GIVE reports.

2

NOW, THEREFORE, IT IS HEREBY ORDERED that the current modified protective order (ECF No. 118) be supplemented as follows:

1. Defendants need not redact any personal, confidential information related to citizen complainants in IAD materials before making productions, but the parties shall treat all such information going forward as "Attorneys' Eyes Only," and agree that the parties shall not publicly file any such information to the docket of this Court absent seeking advance permission from the Court in accordance with this District's Local Rules of Civil Procedure and the Federal Rules of Civil Procedure generally;

2. Defendants need not redact personal confidential information of BPD officers contained in IAD materials, but Plaintiffs' attorneys shall treat all such materials as "Attorneys' Eyes Only" and agree that the parties shall not publicly file any such information to the docket of this Court absent seeking advance permission from the Court in accordance with this District's Local Rules of Civil Procedure and the Federal Rules of Civil Procedure generally;

3. Defendants need not redact any personal, confidential information related to non-party citizens found within COMPSTAT and GIVE Reports, but the parties shall treat all such information going forward as "Attorneys' Eyes Only," and agree that the parties shall not publicly file any such information to the docket of this Court absent seeking advance permission from the Court in accordance with this District's Local Rules of Civil Procedure and the Federal Rules of Civil Procedure generally;

4. Defendants need not redact any information protected by the law enforcement privilege, but the parties agree that all such information, particularly information

3

related to ongoing criminal investigations, shall be treated as "Attorneys' Eyes Only," and the parties shall not publicly file any such information to the docket of this Court absent seeking advance permission from the Court in accordance with this District's Local Rules of Civil Procedure and the Federal Rules of Civil Procedure generally.

5. Defendants shall continue to identify confidential and attorneys' eyes only materials by including the appropriate designation on the materials themselves, or, where such designation is not practicable, by including such designation in an accompanying cover letter or disc label, as required by the modified protective order (ECF No. 118).

6. Plaintiffs may continue to disclose confidential and attorneys' eyes only materials to their retained experts, to witnesses at depositions, and to this Court as authorized by the modified protective order (ECF No. 118).

7. Plaintiffs' counsel may disclose IAD materials (including summaries of such materials) and COMPSTAT and GIVE reports (or portions of such reports) so long as they first redact those documents to prevent disclosure of personal, confidential information of citizen complainants, BPD officers, and other nonparties to this action and/or information subject to the law enforcement privilege. Prior to any such disclosure, Plaintiffs' counsel will notify Defendants' counsel and provide a copy of the materials to be disclosed with the proposed redactions. Defendants will have three days to identify any additional redactions required and the basis for such redactions. If Defendants fail to identify additional redactions or fail to respond within three days, Plaintiffs may proceed with the disclosure.

Dated:

August  8th , 2023

                **SO ORDERED**

                By: _____

                    Hon. Christina Reiss
                    U.S.D.J.