UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLACK LOVE RESISTS IN THE RUST, *et al.*, individually and on behalf of a class of all others similarly situated,<br><br>                   Plaintiffs,<br><br>  v.<br><br>CITY OF BUFFALO, N.Y., *et al.*,<br><br>                   Defendants. | No. 1:18-cv-00719-CCR |

### DECLARATION OF MATTHEW A. PARHAM IN SUPPORT OF MOTION FOR LEAVE TO TAKE THE DEPOSITION OF THE BUFFALO POLICE BENEVOLENT ASSOCIATION

       MATTHEW A. PARHAM, ESQ., under penalty of perjury and pursuant to 28 U.S.C. § 1746, hereby declares the following to be true and correct:

    1.     I am an attorney duly admitted to practice in this Court. I am an attorney at the Western New York Law Center, counsel to Plaintiffs in this matter.

    2.     I make this declaration in support of Plaintiffs' motion for leave to take an additional deposition and to place certain facts and documents before the Court with respect to that motion. The facts set forth below are based on my review of the case file.

    3.     In light of the impending close of fact discovery on January 4, 2024, Plaintiffs request that the Court consider this motion on an expedited basis, with any opposition due December 13, 2023, reply papers due December 18, 2023, and a return date shortly thereafter, and that the Court permit the deposition to be taken following the January 4 deadline so long as the deposition subpoena is served before the deadline.

4.      Plaintiffs seek to take the deposition of the Buffalo Police Benevolent Association ("PBA") pursuant to Fed. R. Civ. P. 30(b)(6) and 45.

5.      In a Text Order entered April 10, 2023, ruling on Plaintiffs' motion that sought to take depositions of a total of 31 specific named individuals, this Court authorized Plaintiffs to take a total of 29 depositions. ECF No. 160.

6.      Plaintiffs' prior motion did not identify the PBA as someone whose deposition Plaintiffs sought. Plaintiffs have only recently learned information that leads them to consider the PBA's deposition necessary to the preparation of their case.

7.      During his deposition on September 22, 2023, Buffalo Police Commissioner Joseph Gramaglia testified that the PBA and the City's collective bargaining agreement with the PBA prevent the City from taking various actions to reform police practices in Buffalo, such as conducting performance evaluations of Buffalo police officers or disciplining officers for misconduct. Commissioner Gramaglia asserted that the City has sought to obtain the ability to do these things during negotiations with the PBA. Gramaglia Dep. Tr. at 182:15-185:21. I attach hereto as **Exhibit A** a true and correct copy of the cited portions of Commissioner Gramaglia's deposition

8.      During his deposition on November 6, 2023, Buffalo Mayor Byron Brown testified that the PBA and the collective bargaining process with the PBA have prevented the City from taking actions to reform police practices in Buffalo, in particular limiting the ability of the City to discipline officers for misconduct or to require racial sensitivity training of Buffalo police officers. Brown Dep. Tr. at 157:1-159:8, 166:1-21. I attach hereto as **Exhibit B** a true and correct copy of the cited portions of Mayor Brown's deposition.

9. Subsequent to those depositions, Plaintiffs learned that Defendant City of Buffalo has entered into a "Triage Agreement" with the PBA that impacts the ability of the City to supervise and discipline officers.

10. Plaintiffs served document requests as early as 2018 that sought documents relating to the City's supervision of officers' traffic-enforcement activities (sought in request number 40 in Plaintiffs' first set of requests for production). Yet the "Triage Agreement" had never been produced in discovery. Plaintiffs learned of it only in November 2023 through their investigatory efforts. In light of the impending close of fact discovery on January 4, 2024, Plaintiffs immediately served document requests and interrogatories upon the City seeking further information about the "Triage Agreement" and the City's assertions concerning PBA negotiations. Plaintiffs also served a document subpoena upon the PBA.

11. In investigating the claims made by Mayor Brown and Commissioner Gramaglia that the City sought authority to train, discipline, or evaluate officers during negotiations with the PBA, Plaintiffs have learned of public statements made by current PBA President John Evans that are directly contrary to those assertions. For example, PBA President Evans told the Investigative Post in 2019 that "the Brown administration had never tried to bargain changes in the way police are disciplined, for example, or to the seniority system that limits the commissioner's managerial rights." I attach hereto as **Exhibit C** a copy of the Investigative Post article.

12. Given these public statements directly contrary to the testimony of Mayor Brown and Commissioner Gramaglia, it appears that the PBA possesses information that Plaintiffs may use to rebut Defendants' assertion that any blame for the City's failure to

supervise, investigate, discipline, or train officers rests on the PBA and not the City. Plaintiffs accordingly seek to take the single additional deposition of the PBA.

13. The proposed deponent is the only source of information relevant to the City's asserted defense that its hands have been tied by the PBA and its CBA that is independent of the City itself. The single additional deposition should last well under a day and will not impose significant burden on the parties, and the information has not been previously available as it was only when Defendants asserted their theory of shifting blame to the PBA at their recent depositions that Plaintiffs could have been aware of the need to take a deposition of the PBA. Therefore, the additional deposition is appropriate and the Court should permit it.

14. On December 1, 2023, Plaintiffs sought Defendants' consent to the additional deposition, but Defendants refused to consent to it. Attached as **Exhibit D** hereto are the emails in which Plaintiffs requested consent and Defendants refused.

**WHEREFORE**, Plaintiffs respectfully request that the Court grant their motion for leave to take an additional deposition, together with such other and further relief as the Court may consider just and proper.

Dated: December 11, 2023
       Buffalo, New York

                              s/ *Matthew A. Parham*
                              Matthew A. Parham
                              WESTERN NEW YORK LAW CENTER
                              37 Franklin Street, 2nd Floor
                              Buffalo, NY 14202
                              (716) 828-8422
                              mparham@wnylc.net

                              *Counsel for Plaintiffs*