# Exhibit 141

SPECIAL SESSION
June 2, 2015
AT 2:30 P.M.

| | | |
|---|---|---|
| 1. | Call for Special Session_____ | R&F |
| 2. | Discharge Civil Service-HRM Benefit Coverage_____ | ADOPT |
| 3. | HRM-Change in Benefit Coverage Retirement System_____ | ADOPT |
| 4. | Local Law Establishing Traffic Violations Agency_____ | APP 06/04/2015 |
| 5. | Adjourn_____ | ADOPT |

# PROCEEDINGS
# OF THE
# CITY OF BUFFALO
# JUNE 2, 2015
# SPECIAL SESSION

**NO. 1**
**CALL FOR SPECIAL SESSION**

Mr. Gerald A. Chwalinski
City Clerk
1308 City Hall
Buffalo, New York
Dear Mr. Chwalinski:
Pursuant to Section 3.9 of the Charter of the City of Buffalo, upon the written request of Five Councilmembers, dated June 2, 2015 presented to you herewith, I hereby call a Special Meeting of the Common Council to be held in the Council Chambers, City Hall, Buffalo, New York, on June 2, 2015 at 3:.~0~P.M., and waive the 24 hour notice for the following purpose:    J-: ~
To receive and take appropriate action on all items regarding :
Home Rule Message - Change of Benefit Coverage Retirement System
Local Law Establishing Traffic Violations Agency

                                                        Yours truly,



                                                        Darius G. Pridgen
                                                        President of the Council


June 2, 2015
Hon. Darius G. Pridgen
President Common Council
1315 City Hall
Buffalo, New York
Dear Sir:
WE, the undersigned, members of the Common Council, hereby request that you call a Special Meeting of the Common Council, pursuant to Section 3.9 of the Charter of the City of Buffalo, and waive the 24 hour notice for the following purpose:
To receive and take appropriate action on
Home Rule Message - Change of Benefit Coverage Retirement System
Local Law Establishing Traffic Violations Agency
We request that this Special Meeting be held on June 2, 2015 at 2:30 P.M.
Rasheed Wyatt
David Franczyk
Christopher Scanlon
Michael J. LoCurto
Joseph Golombek
David A. Rivera

Pursuant to Rule 2 of the Rules of Order of the Common Council of the City of Buffalo, each of the following named members of the Common Council, to wit:
RICHARD A. FONTANA
JOSEPH GOLOMBEK
DAVID RIVERA
DEMONE SMITH

DAVID FRANCZYK
MICHAEL LOCURTO
CHRISTOPHER SCANLON
RASHEED N.C. WYATT
hereby agrees that twenty-four (24) hours' notice be waived of the time and purpose of the Special Meeting of the Common Council duly called to be held on June 2, 2015 at 2:30 P.M.
Rasheed Wyatt
David Franczyk
Christopher Scanlon
Michael J. LoCurto
Joseph Golombek
Richard A Fontana
David A. Rivera
Demone Smith

STATE OF NEW YORK
COUNTY OF ERIE) ss:
CITY OF BUFFALO)
On this 2nd day of June 2015, before me, the subscribers, personally
appeared
To me known to be the same persons described in and who executed the foregoing instrument, and they duly and severally acknowledged to me that they executed the same.

Gerald A. Chwalinski
Commissioner of Deeds, in and for the City of Buffalo, N.Y.
My Commission expires 12/31/l 6

TO EACH MEMBER OF THE COMMON COUNCIL:
YOU ARE HEREBY NOTIFIED that, pursuant to Section 3.9 of the Charter of the City of Buffalo, upon the written request of Five Councilmembers, dated June 2, 2015, DARIUS G.PRIDGEN, President of the Common Council, has called a Special Meeting of the Common Council, to be held in the Council Chambers, City Hall, Buffalo, New York, on June 2, 2015 at 2:30 P.M. for the following purpose:
To receive and take appropriate action on all items relating to
Home Rule Message - Change of Benefit Coverage Retirement System Local Law Establishing Traffic Violations Agency

Yours very truly,   .
Gerald A. Chwalinski
City Clerk

RECEIVED AND FILED

NO. 2
BY MR. WYATT

**DISCHARGE CIVIL SERVICE COMMITTEE**
**HRM - SENATE BILL S.3528 CHANGE BENEFIT COVERAGE**
**(COM. 15-1110, CCP 5/26/2015)**

Mr. Scanlon moved that
Whereas, the above item is currently in the Civil Service Committee and,
Whereas, it is no longer necessary for this item to be considered by that committee, Now Therefore Be It Resolved, that this Common Council does hereby discharge the Committee from further consideration of this item, and it is now before the Common Council for its consideration.
Seconded by Mr. Scanlon
ADOPTED.

NO 3

SPONSOR: COUNCILMEMBER SCANLON
RE.: HOME RULE REQUEST TO PASS SENATE BILLS. 3528, "AN ACT IN RELATION TO AUTHORIZING SEAN WILLIAM MCCABE TO FILE A REQUEST FOR CHANGE OF BENEFIT COVERAGE WITH THE NEW YORK STATE AND LOCAL POLICE AND FIRE RETIREMENT SYSTEM."
WHEREAS: Scan William McCabe, a member of the New York State and local police and fire retirement system who was first employed by the Buffalo Police Department on July 3l, 2009, who, for reasons not ascribable to his own negligence, elected to participate in the non-contributory retirement plan, shall be deemed to be covered by the benefits 0fthe retirement plan contained in subdivision F of section 384 retroactive to July 31, 2009; and
WHEREAS: It is in the interest of the City of Buffalo that such legislation be enacted;
NOW THEREFORE BE IT RESOLVED, that the City Clerk send a Home Rule Request to the New York State Legislature, as follows:
To the Legislature:
Pursuant to Article IX of the Constitution, the City of Buffalo requests the enactment of Senate Bill No. S.3528, entitled "AN ACT that relates to the authorization of the New York State and local police and fire retirement system to designate Scan William McCabe as a Tier III member."
It is hereby stated that a necessity exists for the enactment of such legislation, and that the facts establishing such necessity are as follows:
The local government does not have the power to enact such legislation by local law.
EXPLANATION
This legislation allows the Sean William McCabe, an employee of the City of Buffalo to change his retirement status from Tier 5 to Tier 3. This bill allows Mr. McCabe to be granted tier 3 status in the New York State and local police and fire retirement system, a status he has rightfully earned.
AND BE IT FURTHER RESOLVED, that the City Clerk send copies of this resolution to the Home Rule Counsel of the New York State Senate, the New York State Assembly, and the local delegation of the New York State Legislature.
ADOPTED

The Council Recessed at 2:40 PM until June 4, 2015 at 3:00 PM

NO. 3
BY: COUNCILMEMBER DEMONE A. SMITH,
LOCAL LAW NO. -- (2015)
INTRODUCTORY NO. -1- (2015)
**AMENDING THE CHARTER OF THE CITY OF BUFFALO IN RELATION TO THE ESTABLISHMENT OF THE BUFFALO TRAFFIC VIOLATIONS AGENCY**

A LOCAL LAW
BE IT ENACTED BY THE COMMON COUNCIL OF THE CITY OF BUFFALO AS FOLLOWS:
SECTION 1:    THAT ARTICLE 6 SECTION 6-24 OF THE CHARTER OF THE CITY OF BUFFALO, ADOPTED PURSUANT TO LAW, IS HEREBY ADDED AS FOLLOWS:

Section 1. Legislative Intent.
This Common Council hereby finds and determines that Budget Bills S. 2008-B and A. 3008-B of the State of New York authorize the City of Buffalo to establish the Buffalo Traffic Violations Agency to administer and dispose of traffic infractions.
This Common Council further finds that the Buffalo Traffic Violations Agency can administer and dispose of traffic violations in a more efficient manner and provide fiscal relief to City government and taxpayers.
Therefore, the purpose of this law is to establish the Buffalo Traffic Violations Agency.

Section 2. Amendments.
I.) The BUFFALO CITY CHARTER is hereby amended by the addition of a new Article 6 Section 6-24 which shall read as follows:
ARTICLE 6 SECTION 6-24
BUFFALO TRAFFIC VIOLATIONS AGENCY
§6-24. Agency established.
Subject to the provisions of article fourteen-B of the General Municipal Law, there shall be an Executive Department of the City of Buffalo known as the Buffalo Traffic Violations Agency which shall operate under the direction and control of the Mayor. The Buffalo Traffic Violations Agency shall assist the Buffalo City Court in the disposition and administration of infractions of traffic laws, ordinances, rules and regulations, except that said Agency shall not have jurisdiction over those matters which are specifically excluded by section 371 (2-a) of the General Municipal Law.
II.) The BUFFALO CITY CHARTER is hereby amended by the addition of a new Article 6 Section
6-24(1) which shall read as follows:
§6-24(1) Executive Director.
A.) The Agency shall be headed by an Executive Director, appointed by the Mayor subject to the confirmation of the Buffalo Common
Council and shall serve at the pleasure of the Mayor.
The Executive Director shall be responsible for the oversight and administration of the
C.) The Executive Director shall not appear in any capacity in any part of the Buffalo City Court on any matter relating to traffic violations and shall be further prohibited from appearing in any capacity in any other court or administrative tribunal on any matter relating to traffic violations.
D.) The Executive Director may establish such rules, regulations, procedures and forms as he or she may deem necessary to carry out the functions of the Agency, Article 14-B of the General Municipal Law, and the collection of delinquent fines.
E.) The Executive Director shall issue on an annual basis, beginning eighteen months following the creation of the Buffalo Traffic Violations Agency, pursuant to this local law, a report detailing the prowess, development and operations of the Traffic Violations Agency. The report shall be provided to the Governor, the Temporary President of the Senate, the Speaker of the Assembly, the Mayor of Buffalo, the Common Council of Buffalo, the Presiding Judge of the Buffalo City Court and the Erie County District Attorney
III) The BUFFALO CITY CHARTER is hereby amended by the addition of a new Article 6 Section
6-24(2) which shall read as follows:
§6-24 (27. Traffic Prosecutor selection and oversight.
The Executive Director of the Agency shall select and may contract with or hire one or more persons who are attorneys, duly admitted to the practice of law in New York State, for the prosecution of any traffic infraction, except those described in paragraphs (a), (b), (c), (d) (e), (f) and (g) of subdivision 2-a of section 371 of the General Municipal Law, to be heard, tried, or otherwise disposed of by the Buffalo City Court. Such persons shall be known as "Traffic Prosecutors," as that term is defined in section 370-a of the General Municipal Law and shall be subject to the provisions of section 374-a of the General Municipal Law.
Traffic Prosecutors are prohibited from appearing in any capacity, other than as a Traffic Prosecutor, in any part of the Buffalo City Court, on any matter relating to traffic violations and are further prohibited from appearing in any capacity, other than as a Traffic Prosecutor, in any other court or administrative tribunal on any matter relating to traffic violations.
IV.) The BUFFALO CITY CHARTER is hereby amended by the addition of a new Article 6 Section
6-24(3) which shall read as follows:
~6-24(3). Agency Procedures.
(.4.) A person charged with an infraction that shall be disposed of by the Agency may be permitted to answer, within a time specified by the Agency, either in person at the Agency or by written power of attorney in such form as prescribed herein, by paying the applicable fine and, in writing, waiving a hearing in court, pleading guilty to the charge or a lesser charge agreeable to the Traffic Prosecutor and the person charged with an infraction and authorizing the Executive Director to enter such a plea and accept payment of said fine. Acceptance of the prescribed fine and power of attorney by the Agency shall be deemed complete satisfaction for the violation, and the violator shall be given a receipt which so states.
(B) If a person charged with a traffic violation does not answer within the time specified by the Agency as set forth in paragraph (A) of this section, the Agency may cause a complaint to be entered against him forthwith and warrant to be issued for his arrest and appearance before the Buffalo City Court, such summons to be predicated upon the personal service of said summons upon the person charged with the infraction.
(C) Any person who shall have been, within the preceding twelve (12) months, guilty of three (3) or more violations, shall not be permitted to appear and answer to a subsequent violation at the Agency, but must appear in Buffalo City Court at a time specified by the Agency.
(D) The Agency shall not be authorized to deprive a person of his right to counsel or to prevent a person from exercising his or her right to appear in Buffalo City Court to answer to, explain, or defend any charge of a violation of any traffic law, ordinance, rule or regulation.
The power of attorney referred to in subdivision (A) of this section shall be in the following
"POWER OF ATTORNEY: The undersigned pleads guilty to the charge noted herein and enclosed herewith the sum of $ cash, check or money order to pay the necessary fine (circle the one used).
I hereby appoint a Clerk of the Buffalo Traffic Violations Agency as my attorney-in-fact to appear for me in said Agency, to waive a hearing on such violation(s), to enter a plea of guilty on my behalf and to pay the fine."

_____
PRINT NAME
_____
SIGNATURE
_____
NOTARY

V.) The BUFFALO CITY CHARTER is hereby amended by the addition of a new Article 6 Section
6-24(47 which shall read as follows:
§6-24(4). Buffalo City Court Judicial Hearing Officers.
Subject to the provisions of section 1690 of the Vehicle and Traffic Law and notwithstanding any other provision of law, where the trial of a traffic infraction is authorized or required to be tried before the Buffalo City Court, and such traffic infraction does not constitute a misdemeanor, felony, violation of subdivision one of section eleven hundred ninety-two, subdivision five of section eleven hundred ninety two, section three hundred ninety-seven-a, or subdivision (g) of section eleven hundred eight,/of this chapter, or a violation of paragraph (b7 of subdivision four of section fourteen-f or clause (b) of subparagraph (iii7 of paragraph c of subdivision two of section one hundred forty of the transportation law, or any offense that is part of the same criminal transaction, as that term is defined in subdivision two of section 40.10 of the criminal procedure law, as

such a misdemeanor, felony, violation of subdivision one of section eleven hundred ninety-two, subdivision two of section eleven hundred ninety-two, section three hundred ninety-seven-a or subdivision (g) of section eleven hundred eighty of this chapter, or a violation of paragraph (b) of subdivision four of section fourteen-f or clause (b) of subparagraph (iii) of paragraph d of subdivision two of section one hundred forty of the transportation law, or any parking, stopping, standing or pedestrian offense, the Administrative Judge of the Eight Judicial District may assign judicial hearing officers to conduct such a trial.
VI.) The BUFFALO CITY CHARTER is hereby amended by the addition of a new Article 6 Section
6-24(57 which shall read as follows:
§6-24(5). Judicial Hearing Officers.
For all proceedings before the Buffalo City Court, the administrative judge of Buffalo City Court, without the consent of the parties, assign matters involving traffic except those described in paragraphs (a), (b), (c). (d). (e) and (f) of subdivision two of section three hundred seventy-one of the general municipal law to a judicial hearing officer in accordance with the provisions of § l690 of the Vehicle and Traffic law.
§6-24(57. Implementing provisions.
(A.) Agency Funding. Pursuant to Article 20 of the Buffalo City Charter, the City of Buffalo mac appropriate those monies which, in its sole discretion, are necessary for the compensation of those persons selected to serve as Executive Director and Traffic Prosecutors and to cover all other expenses associated with the administration of the Buffalo Traffic Violations Agency.
(13) Distribution of funds. Subject to the provisions of General Municipal Law §371, and notwithstanding any inconsistent provision of law, fines, penalties and forfeitures collected by the Buffalo Traffic Violations Agency shall be distributed as provided in section eighteen hundred three of the Vehicle and Traffic Law. All fines, penalties and forfeitures for violations adjudicated by the Buffalo Traffic Violations Agency pursuant to subdivision two-a of this section except as provided in subdivision three of section ninety-nine-a of the State Finance Law, shall be paid by such Agency to the State Comptroller within the first ten (10) days of the month following collection. Each such payment shall be accompanied by a true and complete report in such form and detail as the State Comptroller shall prescribe.
(C7 Staffing. All employees, with the exception of judicial hearing officers and traffic prosecutors, will be in positions approved by the Buffalo Common Council as Budget and Personnel Amendments of the City's Annual Budget.
D.)    Notification. The Buffalo City Clerk is hereby directed to notify New York State's Legislative Bill Drafting Commission when this
local law is filed in the Office of the Secretary of State.
VII.) The BUFFALO CITY CHARTER is hereby amended by the addition of a new Article 6 Section
6-24(6) and section 6-24(7) which shall read as follows:
36-24(6) Applicability.
Notwithstanding that the Agency is authorized to commence operations not sooner than July 1, 2015, this law shall apply to all actions on or aider the effective date of this law and to all actions otherwise taken heretofore related to the establishment, maintenance and operation of the Agency.
§6-24(7). SEQRA Determination
This Council, being under the State Environmental Quality Review Act (SEQRA) lead agency, hereby finds and determines that this law constitutes a Type II action pursuant to Section 617.5(c)(20) and/or (27) of Title 6 of the NEW YORK CODE OF RULES AND REGULATIONS (6 NYCRR) and with the meaning of Section 8-0109(2) of the NEW YORK ENVIRONMENTAL CONSERVATION LAW as a promulgation of regulations, rules, policies, procedures, and legislative decisions in connection with continuing agency administration, management and information collection. The Buffalo Common Council on Environmental Quality (CEQ) is hereby directed to circulate any appropriate SEQRA notices of determination of non-applicability or non-significance in accordance with this law.
VIII.) The BUFFALO CITY CHARTER is hereby amended by the addition of a new Article 6 Section 6-24(8) which shall read as follows:
§6-24(8) Effective Date.
This law shall take effect immediately provided that the City of Buffalo shall comply with all the provisions of the law set forth in Budget Bills S. 2008-B and A. 3008-B of the State of New York and further, notifies the Legislative Bill Drafting Commission of its enactment so that the Commission may maintain an accurate and timely effective data base of the official text of the laws of the State of New York in furtherance of effectuating the provisions of section 44 of the Legislative Law and section 70-b of the Public Officers Law.
IX.) The BUFFALO CITY CHARTER is hereby amended by the addition of a new Article 6 Section
6-24(9) which shall read as follows:
§6-24(9) Severability.
If any clause, sentence, paragraph, subdivision, section or part of this law or the application thereof to any person, individual, corporation, firm, partnership, entity, or circumstance, shall be adjudged by any court of competent jurisdiction to be invalid or unconstitutional, such order or judgment shall not effect. impair, or invalidate the remainder thereof, but shall be confined in its operation to the clause, sentence, paragraph, subdivision, section or part of this law, or in its application to the person, individual, corporation, firm, partnership, entity, or circumstance, directly involved in the controversy in which such judgment or order Shall have been rendered. It is hereby declared to be the intent of the Common Council that this law would have been enacted even if such invalid provisions had not been included herein.
Insofar as the provisions of this local law are Inconsistent with the provisions of any other local law or act, the provisions of this local law shall be controlling.
Section 3:           This local law shall take effect immediately.
This local law is not subject to mandatory referendum because the subject matter is not enumerated in the Municipal Home Rule Law as a category requiring a referendum.
Byron W. Brown
Mayor
APPROVED AS TO FORM
Timothy Ball
Corporation Counsel
NOTE: Matter underlined is new, matter in brackets is to be deleted.
By: Shauna L. Strom
Senior Deputy Corporation Counsel
PASSED
AYES – 6 NOES – 0(June 4, 2015)

**ADJOURNMENT**
On a motion by Mr. Smith, seconded by Mr. Golombek, the Council adjourned at 4:12 P.M.

GERALD A. CHWALINSKI
CITY CLERK