UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BLACK LOVE RESISTS IN THE RUST by and through MARIELLE SHAVONNE SMITH and CHARIS HUMPHREY on behalf of its members; SHAKETA REDDEN; DORETHEA FRANKLIN; TANIQUA SIMMONS; DE'JON HALL; JOSEPH BONDS; CHARLES PALMER; SHIRLEY SARMIENTO; EBONY YELDON; and JANE DOE, individually and on behalf of a class of all others similarly situated;

                        Plaintiffs,

v.                                        Civil No.: 1:18-cv-00719-CCR

CITY OF BUFFALO, NY; BYRON B. BROWN, Mayor of the City of Buffalo, in his individual and official capacities; BYRON C. LOCKWOOD, Commissioner of the Buffalo Police Department, in his individual and official capacities; DANIEL DERENDA, former Commissioner of the Buffalo Police Department, in his individual capacity; AARON YOUNG, KEVIN BRINKWORTH, PHILIP SERAFINI, ROBBIN THOMAS, UNKNOWN SUPERVISORY PERSONNEL 1-10, UNKNOWN OFFICERS 1-20, each officers of the Buffalo Police Department, in their individual capacities.

                        Defendants.

---

## **DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

       The City Defendants, by and through their attorneys, respectfully submit this Notice of Supplemental Authority to bring the Court's attention to the recent Ninth Circuit decision *Black Lives Matter Los Angeles v. City of Los Angeles* ("*BLM L.A.*"), attached as Exhibit A, which addresses the commonality and predominance issues for class certification and was issued after class certification briefing was complete.

In briefing, Plaintiffs argued that commonality exists among its Proposed Classes and common issues predominated over individual issues. Dkt. Nos. 211 at 33-38, 43-53; 223 at 14-16, 20-26. According to Plaintiffs, commonality stems from common questions regarding whether the City Defendants violated the law. Dkt. No. 211 at 33-38. In that same vein, Plaintiffs argue that predominance exists because Plaintiffs must show that City policy, custom, or deliberate indifference caused their injuries. *Id.* at 44. They argue that "municipal liability is itself a major, overarching common question that justifies a predominance finding." *Id.*

In opposition, the City Defendants argued the opposite—particularly with respect to Plaintiffs' Proposed Damages Classes. Dkt. No. 220 at 25-34, 42-43. Specifically, the City Defendants argued that to prove commonality under Rule 23(a), it is not enough for Plaintiffs to allege that they have suffered the same violation of law. *Id.* at 26. Rather, Plaintiffs must show that they have suffered the same injury, which they have failed to do. *Id.* Further, the City Defendants argued that Plaintiffs' proposed division of damages into separate individualized and general damages phases does not cure the lack of commonality. *Id.* at 37-34. Similarly, the City Defendants argued that the Proposed Damages Classes do not meet the predominance requirement of Rule 23(b)(3). *Id.* at 42. Rather, the Proposed Damages Classes are riddled with individual questions that will predominate over any common issues. *Id.* at 42-43.

Defendants' arguments are directly supported by *BLM L.A.* The case arose out of law enforcement's use of force upon and arrests of protestors during a ten-day protest following the murder of George Floyd. There, the Ninth Circuit vacated the certification of all classes, including a *Monell* class, for their failure to satisfy commonality and predominance. Ex. A at 9, 14. The Court held that Plaintiffs failed to meet the commonality requirement because they failed to show the existence of common evidence that can resolve "one stroke" claims that

hinged upon a "wide array of facts and circumstances." Ex. A at 11. The Court noted that "plaintiffs cannot certify a class by merely alleging that a policy applies class-wide—and that a common question exists—without showing how common evidence can be used to prove their claims across the class members." *Id.* at 14. Because the Plaintiffs failed to explain what common evidence could prove the claims of hundreds, if not thousands, of class members who all had diverging experiences, there was no commonality. *Id.* Given that individualized evidence would be necessary to prove the Plaintiffs' claims, the Court further held that it was unlikely the Plaintiffs could show "common questions exist, let alone predominate over individual ones." *Id.* at 11; *see also id.* at 12.

Accordingly, the City Defendants respectfully request that the Court consider this Ninth Circuit authority on the issues of commonality and predominance in opposition to Plaintiffs' Motion for Class Certification.

Dated: Buffalo, New York
October 7, 2024

**HODGSON RUSS LLP**
*Attorneys for Defendants*

By: /s/ *Cheyenne N. Freely*
Peter A. Sahasrabudhe
Hugh M. Russ III
Cheyenne N. Freely
The Guaranty Building
140 Pearl Street – Suite 100
Buffalo, New York  14202
Telephone:  (716) 856-4000
pshasra@hodgsonruss.com
hruss@hodgsonruss.com
cfreely@hodgsonruss.com