UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLACK LOVE RESISTS IN THE RUST, *et al.*, individually and on behalf of a class of all others similarly situated,<br><br>               Plaintiffs,<br><br>   v.<br><br>CITY OF BUFFALO, N.Y., *et al.*,<br><br>               Defendants. | No. 1:18-cv-00719-CCR |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants have asked this Court to consider *Black Lives Matter Los Angeles v. City of Los Angeles ("BLM L.A.")*, 113 F.4th 1249 (9th Cir. 2024) in opposition to Plaintiffs' Motion for Class Certification. Contrary to Defendants' arguments, *BLM L.A.* supports Plaintiffs.

The claims in *BLM L.A.* turned on a multitude of individual issues, each of which require individual factfinding, such as whether LAPD officers used excessive force, *id.* at 1259, subjected protestors to unconstitutional conditions of confinement, *id.* at 1261, or had probable cause for an arrest, *id.* at 1262. Protestors experienced widely varying injuries, some of which LAPD did not cause: Abigail Rodas's injuries could have resulted from a trip and fall, for example, and Nadia Kahn's injuries likely came from a different law enforcement agency altogether; some protestors were not seriously hurt but Tina Crnko incurred permanent nerve damage and PTSD from a beating. *Id.* at 1255. Conditions on buses also varied, as did the reasons for arrests. *Id.* at 1255-56. The claims stemmed from different protests held at different times and locations, protestors had widely varying experiences, and "the plaintiffs have not explained what common evidence can prove the claims of the hundreds, if not thousands, of the members in all the classes

who had diverging experiences." *Id.* at 1264.  The *BLM L.A.* plaintiffs did not even advance a *Monell* theory that applied equally to all class members. *Id.* at 1264-65.

Plaintiffs' claims in this case bear little resemblance to those in *BLM L.A.* Indeed, the only point of similarity is that both cases involve claims against a municipality for unconstitutional policing practices. However, the claims themselves are entirely different.

Here, each proposed Class challenges one specific municipal policy or practice that harmed each putative class member in the same way. The Checkpoint Class challenges the Checkpoint Policy and the Tinted Windows Class challenges the policy and practice of issuing multiple tinted windows tickets in a single stop. In stark contrast to *BLM L.A.*, here every class member incurred essentially the same injury. Every Checkpoint Class member endured substantially the same seizure; every Tinted Windows Class member received more than one tinted windows ticket in a single stop. For each Class, the question whether the City violated class members' constitutional rights will generate the same answer for every member of the class.

As their evidentiary submission shows, Plaintiffs have amassed a robust evidentiary record to prove the relevant policies and practices (ECF 203-210), and each class member will rely on the same body of evidence to establish the City's liability to them. In this case, *all* of the core liability questions are common, there are no significant individual defenses, and the answers to common questions will determine the City's liability to each class member "in one stroke." *BLM L.A.*, 113 F.4th at 1258 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)); *see* ECF 211 at pp. 24-29, 34-44; ECF 223 at pp. 2-9, 13-15.

In *BLM L.A.*, the Ninth Circuit recognized that class certification would be appropriate where each class member "was subject to the same alleged policy failure" and "thus experienced substantially similar constitutional injuries." 113 F.4th at 1263 (discussing *Multi-Ethnic Immigrant Workers Organizing Network v. City of Los Angeles*, 246 F.R.D. 621 (C.D. Cal. 2007)).

Because the Checkpoint and Tinted Windows Classes meet this stringent criteria, *BLM L.A.* supports Plaintiffs' Motion for Class Certification.

Dated:  October 14, 2024

_/s/ Claudia Wilner_____
Claudia Wilner
Anjana Malhotra
Edward Krugman
NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE
50 Broadway, Suite 1500
New York, NY  10004
(212) 633-6967
wilner@nclej.net
malhotra@nclej.net
krugman@nclej.net

Matthew A. Parham
WESTERN NEW YORK LAW CENTER
37 Franklin Street, 2nd Floor
Buffalo, NY  14202
(716) 828-8422
mparham@wnylc.net

Baher Azmy
A. Chinyere Ezie
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY  10012
(212) 614-6464
bazmy@ccrjustice.org
cezie@ccrjustice.org

Philip Irwin
Jordan Scott Joachim
Christine Nelson
Andrew Timmick
COVINGTON & BURLING, LLP
620 Eighth Ave., Suite 4029
New York, NY  10018
212-841-1000
pirwin@cov.com
jjoachim@cov.com
cnelson@cov.com
atimmick@cov.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2024, the foregoing document and accompanying motion papers were filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Western District's Local Rules, and/or the Western District's Case Filing Rules & Instructions upon all counsel registered through the ECF System.

_/s/ Claudia Wilner_____