UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

BLACK LOVE RESISTS IN THE RUST, *et al.*,
individually and on behalf of a class of all others
similarly situated,

                    Plaintiffs,

            v.                                                          No. 1:18-cv-00719-CCR

CITY OF BUFFALO, N.Y., *et al.*,

                    Defendants.

---

## STIPULATED MOTION FOR ADJOURNMENT OF DEADLINES IN CASE MANAGEMENT ORDER

The Parties respectfully move to amend the scheduling order to extend both the dispositive motion deadline and the deadline for any motions to compel.

**Extension of the Motion to Compel Deadline**

1.      Under the present schedule, the deadline for any motions to compel is January 31, 2025.

2.      The Parties previously informed the Court of Defendants' supplemental productions of materials arising out of the City of Buffalo's Gun Involved Violence Elimination ("GIVE") Grant reporting related to Defendants' use of traffic policing for criminal law enforcement.  *See* ECF No. 226 ¶ 4.

3.      While these supplemental materials originally arose in the context of the City's GIVE Grant reporting, after (i) examining documents Defendants produced related to that reporting and (ii) completing 30(b)(6) depositions of BPD Chief William Macy and Captain Michael

Palizay on related topics, Plaintiffs identified materials that extend beyond the GIVE Grant program that are relevant to Plaintiffs' claims, responsive to Plaintiffs' discovery requests, and that remain unproduced.

4. The Parties have made substantial progress on closing out those original supplemental requests. *See* ECF No. 246 ¶¶ 2-3. However, certain materials remain unproduced. These unproduced materials consist principally of voluminous body camera footage associated with individual traffic stops executed by the BPD since January 1, 2024.

5. The body camera footage relates to specific traffic stops that Plaintiffs believe the BPD executed without probable cause or reasonable suspicion disproportionately against Black and Latino drivers.

6. This body camera footage is directly relevant to Plaintiffs' claim for injunctive relief under the Fourteenth Amendment and Title VI of the Civil Rights Act. As the Court heard at the October 23, 2024 hearing on Plaintiffs' Motion for Class Certification, Plaintiffs bring a claim for prospective relief on behalf of the putative Traffic Enforcement Class seeking to enjoin Defendants from targeting Buffalo's Black and Latino motorists through traffic stops, tickets, and checkpoints on the basis of their race and ethnicity.

7. Plaintiffs' position is that these materials provide additional evidence to support Plaintiffs' claims because they can show both the race of the drivers and the basis of the stops, or lack thereof, in the incidents in question. As such, Plaintiffs believe the materials are highly relevant evidence of Plaintiffs' claim that the BPD targeted (a) unsupported stops at (b) Buffalo's Black and Latino drivers. Plaintiffs consider this footage strong additional evidence of ongoing racially discriminatory traffic enforcement by the BPD.

8.      While Defendants continue to deny Plaintiffs' claim and entitlement to injunctive relief, they have agreed to produce at least some of the body camera footage sought by Plaintiffs. However, Defendants require additional time in order to search for produce the remaining body camera footage, and Plaintiffs will need time to review that footage before the motion to compel deadline.

9.      The Parties agree that the outstanding material relates exclusively to Plaintiffs' prospective injunctive case and has no bearing on Plaintiffs' claims for damages.  Discovery as to Plaintiffs' damages claims is complete and has been for some time.

10.     The Parties continue to collaborate to determine whether the requested body camera footage can be limited, and to complete remaining productions as efficiently and expeditiously as possible.  Given that the outstanding material relates exclusively to evidence supporting Plaintiffs' prospective case, the Parties have discussed the possibility of bifurcating the case as to claims seeking damages and claims that seek only injunctive relief in order to proceed as expeditiously as possible.  However, the Parties have not yet agreed on this issue and do not present it to the Court for evaluation at this time.

11.     The Parties believe that the extension of the motion to compel deadline may enable them to resolve any remaining issues without the Court's intervention.

12.     Accordingly, the Parties respectfully request that the Court amend the scheduling order to extend the deadline to file any motions to compel from January 31, 2025 to March 14, 2025.

**Extension of the Dispositive Motion Deadline**

13.     Under the present schedule, the deadline for dispositive motions is January 30, 2025.

14.     As noted above, the Parties continue to work together on issues related to supplemental discovery.  This continued effort now overlaps in time with the Parties' work on their respective motions for summary judgment.

15.     Defendants have requested a short extension of eight (8) additional days to prepare their motion for summary judgment while they continue to address the outstanding supplemental discovery issues discussed above.  Plaintiffs have consented to Defendants' requested extension of the dispositive motion deadline.

16.     Accordingly, the Parties respectfully request that the Court amend the scheduling order to extend the dispositive motion deadline from January 30, 2025 to February 7, 2025.  The Parties additionally respectfully request that the deadline to file any opposition briefing is extended to April 8, 2025, and that the deadline to file any reply briefing is extended to May 8, 2025.[1]

17.     The Parties thank the Court in advance for its consideration of these requests.

WHEREFORE, the Parties respectfully request that the Court modify the schedule as proposed.

---

[1] A timeline for the Parties' opposition and reply briefing was last set in ECF No. 228 (briefing periods of 51 days and 14 days, respectively).  Those deadlines were not addressed in subsequent scheduling motions, but the Parties currently agree that 60 days for oppositions and 30 days for replies are appropriate.

Dated: January 28, 2025

Respectfully Submitted,

<table>
<tr>
<td>

_s/ Jordan S. Joachim_
Philip Irwin (*pro hac vice*)
Jordan S. Joachim (*pro hac vice*)
Christine Nelson (*pro hac vice*)
Andrew Timmick (*pro hac vice*)
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018
212-841-1000
pirwin@cov.com
jjoachim@cov.com
cnelson@cov.com
atimmick@cov.com

Claudia Wilner
Edward Krugman
Anjana Malhotra
NATIONAL CENTER FOR LAW
AND ECONOMIC JUSTICE
50 Broadway, Suite 1500
New York, NY 10004
212-633-6967
wilner@nclej.org
krugman@nclej.org
malhotra@nclej.org

Matthew Alan Parham
WESTERN NEW YORK LAW CENTER
Cathedral Park Tower
37 Franklin Street, Suite 210
Buffalo, NY 14202
716-828-8415
mparham@wnylc.com

Chinyere Ezie
Baher Azmy
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
212-614-6475
cezie@ccrjustice.org
bazmy@ccrjustice.org

_Attorneys for Plaintiffs_

</td>
<td>

_s/ Cheyenne Freely_
Hugh M. Russ III
Peter A. Sahasrabudhe
Cheyenne Freely
HODGSON RUSS LLP
The Guaranty Building
140 Pearl Street – Suite 100
Buffalo, New York 14202
Telephone: (716) 856-4000
hruss@hodgsonruss.com
pshasra@hodgsonruss.com
cfreely@hodgsonruss.com

_Attorneys for Defendants_

</td>
</tr>
</table>

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2025, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Western District's Local Rules, and/or the Western District's Case Filing Rules & Instructions upon all counsel registered through the ECF System.

_s/ Jordan S. Joachim_
Jordan S. Joachim