**COVINGTON**

BEIJING  BOSTON  BRUSSELS  DUBAI  FRANKFURT
JOHANNESBURG  LONDON  LOS ANGELES  NEW YORK
PALO ALTO  SAN FRANCISCO  SEOUL  SHANGHAI  WASHINGTON

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T  +1 212 841 1000

**By ECF**                                                          April 1, 2025

Hon. Christina Reiss
P.O. Box 446
Burlington, VT 05402-0446
(802) 951-6622

>       **Re:  Black Love Resists in the Rust, et al., v. City of Buffalo, et
>       al., No. 18-cv-719-CCR (W.D.N.Y.)**

Dear Judge Reiss:

Together with the National Center for Law and Economic Justice, the Center for
Constitutional Rights, and the Western New York Law Center, we represent Plaintiffs in the
above-captioned matter.  Pursuant to Western District of New York Local Civil Rule 7(a)(2)(C),
Plaintiffs request permission to file an Opposition to Defendants' Motion for Summary
Judgment in excess of the twenty-five (25) pages allotted by the Local Civil Rules.  In particular,
Plaintiffs request permission to file an Opposition of up to one hundred and twenty (120) pages.

Plaintiffs bring complex constitutional claims under the Fourth Amendment and
Fourteenth Amendment, as well as claims under Title VI of the Civil Rights Act of 1964.
Plaintiffs' claims consist of damages claims as well as claims for prospective injunctive relief.
The discriminatory traffic enforcement conduct at issue spans a period of more than a decade,
from 2012 to the present.

Moreover, Plaintiffs allege that the City of Buffalo has maintained a pattern, practice, or
policy of discriminatory traffic enforcement throughout the entire time period and is therefore
liable as a municipality under *Monell v. Department of Social Services*, 436 U.S. 658 (1978),
and its progeny.  Defendants have moved for summary judgment on each of Plaintiffs' claims, as
well as raising issues of standing and liability related to the individual Defendants in this case.
Plaintiffs must therefore address each of these unique and complex issues in turn, which
requires more than the twenty-five pages allotted by default.

Defendants' memorandum in support of their Motion for Summary Judgment totaled
sixty (60) pages in length.  Throughout, Defendants made multiple contentions that Plaintiffs
have presented "no evidence" in support of their numerous claims.  *See, e.g.*, ECF No. 252.46 at
19-21 ("No evidence even suggests that" "minority motorists were targeted based on their
race."), 24 ("Beyond statistics, Plaintiffs have no evidence of intentional discrimination by
BPD."), 30 ("[T]here is no evidence that any of the traffic enforcement actions Plaintiffs
complaint [sic] of were done in furtherance of any federal program or grant.").  Plaintiffs'
opposition therefore focuses on the factual evidence that Plaintiffs have assembled through

**COVINGTON**

Hon. Christina Reiss
April 1, 2025
Page 2

extensive discovery in this case, a task which requires sufficient space to lay out adequately. Plaintiffs have waited until they made substantial progress in the drafting process to make this request so that it could be accurately tailored to Plaintiffs' needs.

Plaintiffs have conferred with Defendants' counsel and Defendants have consented to Plaintiffs' request.  In turn, Plaintiffs have consented to a proportionate extension to Defendants' reply briefing in further support of their Motion for Summary Judgment.  We thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Jordan S. Joachim*

Jordan S. Joachim