# EXHIBIT 152

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK

----------------------------------------X
BLACK LOVE RESISTS IN THE RUST, et al.,  :
                                         :
                            Plaintiffs,  :
                                         :
v.                                       :  Case No. 1:18-cv-00719-CCR
                                         :
CITY OF BUFFALO, N.Y., et al.,           :
                                         :
                            Defendants.  :
                                         :
----------------------------------------X

**PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANTS**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiffs Black Love Resists in the Rust, Shaketa Redden, Dorethea Franklin, Taniqua Simmons, De'Jon Hall, Joseph Bonds, Charles Palmer, Shirley Sarmiento, Ebony Yeldon, and Jasmine Evans (collectively, "Plaintiffs"), by their undersigned attorneys, hereby serve the following Requests for Admission on Defendants, with responses due within thirty (30) days of service, and supplemental responses required thereafter as set forth by Federal Rule of Civil Procedure 26(e).

## DEFINITIONS

1. The Uniform Definitions for all Discovery Requests set forth in Local Civil Rule 26(c) of the Local Rules of Civil Procedure of the United States District Court for the Western District of New York (the "Local Civil Rules") apply to these Requests, including without limitation the definitions and instructions set forth below:

   a. The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data compilations.[1] A draft or non-identical copy is a separate document within the meaning of this term.

    b.    The term "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

    c.    When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subsection, only the person's name need be listed in response to subsequent discovery requesting the identification of that person. When referring to documents, "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipients(s).

    d.    The terms "Plaintiff(s)" and "Defendant(s)," as well as a party's full or abbreviated name or a pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

    e.    The term "Person" is defined as any natural person or any business, legal or governmental entity, or association.

    f.    The term "concerning" means relating to, referring to, describing, evidencing or constituting.

    g.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

0002

      h.    The use of the singular form of any word includes the plural and vice versa.

2.    In addition, the following definitions and constructions apply:

      a.    "All" means "any and all" and "any" means "any and all."

      b.    "Refer," "relate," or "reflect" means all Documents that comprise, evidence, concern, constitute, describe, explicitly or implicitly refer to, were reviewed in conjunction with, or were generated as a result of the subject matter of the Request, including, but not limited to all Documents that reflect, record, memorialize, discuss, evaluate, consider, review, or report the subject matter of the Request.

      c.    The term "including" as used herein means including without limitation.

3.    The term "BPD" means the Buffalo Police Department, including its officers, supervisors, commanders, captains, chiefs, units, departments, districts, divisions, bureaus, task forces, squads, sections, employees, and agents.

4.    The term "City of Buffalo" means the City of Buffalo, including its divisions, departments, subdivisions, affiliates, subsidiaries, controlled entities, officers, directors, employees, agents, attorneys, consultants, contractors, and representatives, and any other person who currently or formerly acted or purported to act on its behalf.

5.    The term "Buffalo Traffic Violations Agency" or "BTVA" means the Executive Department of the City of Buffalo, which operates under the direction and control of the Mayor of Buffalo, including its director, officers, supervisors, commanders, units, departments, divisions, bureaus, task forces, squads, sections, employees, and agents.

6.    The term "Housing Unit" means the Housing Unit of the BPD, including its

officers, supervisors, commanders, units, departments, divisions, bureaus, task forces, squads, sections, employees, and agents.

  7. The terms "located" and "location" means the address, street segment, and/or intersection and includes the greatest level of detail for which the information is available.

  8. The term "Strike Force" means the Strike Force Unit of the BPD, including its officers, supervisors, commanders, units, departments, divisions, bureaus, task forces, squads, sections, employees, and agents.

  9. The term "Reporting" means any citizen complaints made directly to the BPD, 311, the Office of the Mayor of the City of Buffalo, or any other City of Buffalo department.

  10. "BPD Manual of Procedures" means the BPD Manual of Procedures revised on August 14, 2013 and any predecessor or successor Documents in effect at the BPD.

  11. The term "Checkpoint(s)" means any "Traffic Checkpoint" as described in Section 10.5 of the BPD Manual of Procedures.

  12. The term "Checkpoint Program" means the planning, authorization, or operation of Checkpoints as defined herein by the BPD.

  13. The term "Roadblock Directives" refers to the documents that are produced at COB001962-COB003602.

  14. "Traffic Ticket(s)" means any ticket or summons issued by the BPD for a violation of any section of the New York State Vehicle and Traffic Law ("VTL") and/or Chapter 479 of the Municipal Code of the City of Buffalo, New York.

  15. "TraCS" means the New York State Traffic and Criminal Software in use at the BPD.

  16. "CHARMS" is the record management system in use at the BPD that integrates,

0004

among other things, police reports, arrests, summons, and towing records.

17. "Early Warning System" means a data-based police management tool that detects patterns and trends in police conduct to prevent escalation of unlawful, dangerous, or otherwise problematic police conduct.

18. The term "Defendants," "You," or "Your" means Defendant City of Buffalo, N.Y., Defendant Byron B. Brown, Mayor of the City of Buffalo, in his individual and official capacities, Defendant Byron C. Lockwood, former Commissioner of the Buffalo Police Department, in his individual and official capacities, Defendant Daniel Derenda, former Commissioner of the Buffalo Police Department, in his individual capacity, Defendant Aaron Young, Kevin Brinkworth, Defendant Philip Serafini, and Defendant Robbin Thomas, and any Person or entity acting on their behalf or under their control, including, but not limited to, any of their employees, agents, consultants, representatives, or advisors, and any and all of their respective predecessors and successors.

## INSTRUCTIONS

1. Please provide answers to these Requests for Admission with separate responses from *each* of the individual Defendants. Do not simply provide one response on behalf of all Defendants.

2. Where knowledge or information in Your possession is requested, such request includes knowledge or information in the possession of each person who acts or has acted at the relevant times as Defendants' employee, agent, attorney, servant, representative or successor in interest.

3. If an objection is made, please state the reason for the objection. Please specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.

0005

4. Unless otherwise specified, the "Relevant Time Period" applicable to these Requests is January 1, 2013 to the present.

## REQUESTS FOR ADMISSION

1. Admit that Checkpoint locations were not selected based on any data concerning the location of motor vehicle accidents.

2. Admit that Checkpoint locations were not selected based on any Reporting concerning the location of motor vehicle accidents.

3. Admit that Checkpoint locations were not selected based on any data concerning the location of red light violations.

4. Admit that Checkpoint locations were not selected based on any Reporting concerning the location of red light violations.

5. Admit that Checkpoint locations were not selected based on any data concerning the location of stop sign violations.

6. Admit that Checkpoint locations were not selected based on any Reporting concerning the location of stop sign violations.

7. Admit that Checkpoint locations were not selected based on any data concerning the location of speeding violations.

8. Admit that Checkpoint locations were not selected based on any Reporting concerning the location of speeding violations.

9. Admit that Checkpoint locations were not selected based on any data concerning the location of Driving While Intoxicated (DWI) violations.

10. Admit that Checkpoint locations were not selected based on any Reporting concerning the location of DWI violations.

11. Admit that Checkpoint locations were not selected based on any data concerning the location of violations for driving without a valid license.

12. Admit that Checkpoint locations were not selected based on any Reporting concerning the location of violations for driving without a valid license.

13. Admit that Checkpoint locations were not selected based on any data concerning the location of violations for driving without a valid registration.

14. Admit that Checkpoint locations were not selected based on any Reporting concerning the location of violations for driving without a valid registration.

15. Admit that Checkpoint locations were not selected based on any data concerning the location of violations for driving without a valid inspection sticker.

16. Admit that Checkpoint locations were not selected based on any Reporting concerning the location of violations for driving without a valid inspection sticker.

17. Admit that Defendants did not perform any analyses to determine whether the Checkpoint Program improved traffic safety.

18. Admit that Mayor Byron Brown authorized the Checkpoint Program.

19. Admit that the BPD has not issued any directives prohibiting the use of Checkpoints going forward.

20. Admit that the BPD has not removed Section 10.5, titled "Traffic Checkpoints," from its Manual of Procedures.

21. Admit that the BPD has not issued any directives barring the Strike Force from being reestablished.

22. Admit that the Housing Unit sometimes ran Checkpoints without the involvement of the Strike Force.

0007

23. Admit that if and when the Housing Unit ran Checkpoints without the involvement of the Strike Force, it did not issue Roadblock Directives.

24. Admit that, during the Relevant Time Period, BPD officers were/are paid time and a half for the time they spent/spend on Court appearances in connection with Traffic Tickets they have issued.

25. Admit that, during the Relevant Time Period, BPD officers were/are paid for at least four hours of time spent on each Court appearance in connection with Traffic Tickets they have issued, even if the actual time they spent/spend on that appearance was/is less than four hours.

26. Admit that the City of Buffalo, including without limitation the Buffalo Traffic Violations Agency ("BTVA"), maintains computerized records of Traffic Tickets that state for each person ticketed the nature of the violation(s), the date and time of the violation(s), the amount(s) assessed, the amount(s) paid, and the amount(s) owed.

27. Admit that the City of Buffalo, including without limitation the Department of Parking, maintains computerized records of vehicle tows and impounds.

28. Admit that the City of Buffalo, including without limitation the Department of Parking, maintains computerized records from which it is possible to identify, for each vehicle impounded, the license plate number of the vehicle; the date of the impound; the duration of the impound; whether the vehicle was released, sold, or auctioned; the amount(s) assessed for towing, storage and other fees; the amount(s) paid from any source; and the amount(s) owed.

29. Admit that the County of Erie maintains a computerized database of information concerning Traffic Tickets known as TraCS.

0008

30. Admit that, during the Relevant Time Period, the fields in the TraCS database included/include, among others, the following:

    a. The date and time of the violation(s);

    b. The location of the violation(s);

    c. A description of the violation(s);

    d. The provision(s) of law under which the violation(s) arise(s);

    e. The race of the person to whom the Traffic Ticket(s) is/are issued.

31. Admit that, during the Relevant Time Period, TraCS functionality included/includes the ability to enter, at the time of issuance, the race of the person to whom the ticket is being issued.

32. Admit that the BPD has not issued any formal written policy requiring that BPD officers record in TraCS the race of each person ticketed.

33. Admit that the copies of TraCS records produced by Plaintiffs to Defendants are authentic for purposes of Rule 901(a) of the Federal Rules of Evidence.

34. Admit that the copies of TraCS records produced by Plaintiffs to Defendants are records of a regularly conducted activity under Rule 803(6) of the Federal Rules of Evidence.

35. Admit that the County of Erie maintains a record management database known as CHARMS that integrates, among other records, arrests, summons, and towing information.

36. Admit that the copies of CHARMS records produced by Plaintiffs to Defendants are authentic for purposes of Rule 901(a) of the Federal Rules of Evidence.

37. Admit that the copies of CHARMS records produced by Plaintiffs to Defendants are records of a regularly conducted activity under Rule 803(6) of the Federal Rules of Evidence.

0009

38. Admit that the BPD has not issued any formal written policy to officers concerning the prevention of racially biased policing, including racial profiling.

39. Admit that the BPD does not have an Early Warning System.

40. Admit that the BPD has received federal funds issued by the Department of Justice in the years 2015-present.

41. Admit that each of the following datasets on the OpenData Buffalo website is maintained for and at the direction of the City, and is a statement of the City that meets the requirements for admissibility set forth in Rule 801(d)(2) of the Federal Rules of Evidence:

    a. Open Data Uniform Traffic Tickets

    b. Open Data Traffic Stop Receipts

    c. Open Data Parking Summonses

    d. Open Data Tows

    e. Open Data Roadside Appearance Tickets

    f. Open Data Quality of Life Summonses

42. Admit that all of the documents You produced in discovery, including all of the documents produced with Bates prefix "COB" and any documents You produced without Bates numbers, are authentic for purposes of Rule 901(a) of the Federal Rules of Evidence.

43. Admit that the following documents constitute records of a regularly conducted activity for purposes of Rule 803(6) of the Federal Rules of Evidence:

    a. Roadblock Directives, including without limitation COB001962-COB003602;

    b. Housing Unit Monthly Reports, including without limitation COB001637-COB001941 and COB024517-COB024806;

 c. Strike Force Daily Reports and Housing Daily Reports, including without limitation COB024393-COB027836 and COB028265-COB032191;

 d. All records related to complaints and investigations of complaints included in the spreadsheets emailed to Plaintiffs by Defendants on September 23, 2022;

 e. All IAPro summaries, an example of which can be found at COB668652-668657;

 f. All Internal Affairs Division ("IAD") case folders, as defined on pages 14-15 of the Buffalo Police Department Complaint Investigation Manual (produced by Defendants at COB_INC_00000095_014-015), and their complete contents;

 g. All P-73 Buffalo Police Department Intra-Departmental Correspondence forms and their complete contents, an example of which can be found at COB014236;

 h. All BPD officer disciplinary cards, as defined on page 14 of the Buffalo Police Department Complaint Investigation Manual (produced by Defendants at COB_INC_00000095_014), an example of which can be found at COB010049;

 i. All complaints filed with Buffalo's Commission on Citizens' Rights and Community Relations (CCRCR) and their complete file contents;

 j. Compstat reports, including without limitation COB326623 to COB329534;

0011


      k.    Strike Force Area maps, including without limitation COB001613-COB001636.

Dated: March 7, 2023

/s/ A. Chinyere Ezie
A. Chinyere Ezie
Baher Azmy
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Tel/Fax: (212) 614-6464
CEzie@ccrjustice.org
BAzmy@ccrjustice.org

Keisha Williams
WESTERN NEW YORK LAW CENTER
37 Franklin Street, Suite 210
Buffalo, NY 14202
Tel: (716) 828-8415
Fax: (716) 270-4005
kwilliams@wnylc.com

/s/ Claudia Wilner
Claudia Wilner
Anjana Malhotra
Edward Krugman
NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE
50 Broadway, Suite 1500
New York, NY 10004
212-633-6967
wilner@nclej.org
malhotra@nclej.org
Krugman@nclej.org

Jordan Scott Joachim
COVINGTON & BURLING, LLP
620 Eighth Ave. Suite 4029
New York, NY 10018
Tel:  (212) 841-1000
Fax: (212) 841-1010
JJoachim@cov.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2023, I served the foregoing document electronically to all counsel of record.

/s/ Claudia Wilner
Claudia Wilner
NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE
50 Broadway, Suite 1500
New York, NY 10004
212-633-6967
wilner@nclej.org

*Counsel for Plaintiff*

0013