# EXHIBIT 311



**The City of Buffalo Common Council**
1413 City Hall
Buffalo, NY 14202

**SCHEDULED**

**AGENDA ITEM 21-423**

Meeting: 03/30/21 02:00 PM
Department: Common Council
Category: Resolution
Prepared By: Malcolm Aaron Ertha
Initiator: Malcolm Aaron Ertha
Sponsors: University District Council Member Rasheed N.C. Wyatt
DOC ID: 13928 A

# Wyatt - Failure of COB Speed Violation Monitoring System Program and Rescinding 19-490

Whereas   On July 30, 2018, the City of Buffalo Parking Department issued a Request for Proposals for an automated speed enforcement system (a.k.a., "speed cameras") to enforce school zone speed limits in the City of Buffalo;

Whereas   On April 2, 2019, the Common Council approved Item 19-490, a request from the Parking Commissioner to enter into a speed camera contract with Sensys Gatso Group;

Whereas   On August 7, 2019, New York State Governor Andrew M. Cuomo signed legislation (S.231/A.951) establishing New York State Vehicle & Traffic Law §1180-D, which authorizes the City of Buffalo to create a school zone speed camera "demonstration program" in which speed cameras are used to enforce speed limits in up to twenty school zones;

Whereas   On November 7, 2019, the City of Buffalo Parking Commissioner signed a contract with Sensys Gatso USA, Inc. to operate speed cameras in up to twenty school zones and issue fines of $50.00 to vehicle owners whose vehicles are photographed traveling above the posted school zone speed limit;

Whereas   Incorporated into the above-referenced contract as Exhibit A is the City of Buffalo's speed camera Request for Proposals, which directed Sensys Gatso USA, Inc. to generate the speed camera installation site selection criteria (p. 10 of Request for Proposals) and all press releases and public education materials introducing the public to the new speed camera program (p. 14 of Request for Proposals);

Whereas   On March 11, 2020, the City of Buffalo began issuing citations under its speed camera demonstration program—called the "School Zone Safety Program"—for the stated purpose of "reducing school zone vehicle crashes" in the name of child safety;

Whereas   Speed cameras were not installed in the twenty Buffalo school zones with the highest number of school day, school hour vehicle crashes, but were instead concentrated primarily in school zones with the highest traffic volumes;
Pursuant to the enabling state legislation VTL 1180-D, "the city shall consider criteria including, but not limited to the speed data, crash history, and the roadway geometry applicable to such school speed zone."
Zones were selected based on crash data with the most dangerous school zones prevailing.

Whereas   Speed cameras have been disproportionately installed in school zones within

0001

COB354496

Agenda Item 21-423                                                    Meeting of March 30, 2021

high-poverty, low-income, and minority census tracts, including some school zones with comparatively low school day, school hour vehicle crash rates; This is an arbitrary and false statement. *see Methodology*

Whereas    Buffalo has a poverty rate of 30.3%—almost three times the national average—and no matter where speed cameras are located, low-income residents and families are disproportionately hurt by such fines and fees compared to more affluent residents and families;
The perception that road traffic injury is the price to pay for achieving mobility in certain socio-economic communities must be replaced by a more holistic idea that emphasizes prevention through action at all levels

It would be impossible to attach a value to each case of human sacrifice and suffering to produce a dollar amount that captures the societal cost of road crashes and injuries. The economic cost of road crashes and injuries is estimated to be 2% of the gross national product.
*(Jacobs G, Aeron-Thomas A, Astrop A. Estimating global road fatalities. Crowthorne, Transport Research Laboratory, 2000 (TRL Report, No. 445).*

In the United States of America, the human capital costs of road traffic crashes in 2000 were estimated at US$ 230 billion
*Blincoe LJ et al. The economic impact of motor vehicle crashes 2000. Washington, DC, National Highway Traffic Safety Administration, 2002 (Report No. DOT HS-809-446).*

**Road traffic injuries place a heavy burden not only on the local economy but also on household finances. Many families are driven deeply into poverty by the loss of breadwinners and the added burden of caring for members disabled by road traffic injuries.**

A large proportion of low-to middle-income road crash victims are pedestrians and cyclists. Equal protection for all road users should be a guiding principle to avoid unfair burden of injury and death for poorer people and vulnerable road users.
*(Murray CJL et al. The Global Burden of Disease 2000 project: aims, methods and data sources [revised]. Geneva, World Health Organization, 2001 (GPE Discussion Paper No. 36);*
*Martinez R. Traffic safety as a health issue. In: von Holst H, Nygren A, Thord R, eds. Traffic safety, communication and health. Stockholm, Temaplan AB, 1996.)*

**This issue of equity is central for reducing the societal burden of road crash injury or death**

COB354497

Agenda Item 21-423                                              Meeting of March 30, 2021

Whereas    School zone speed limit signs have not been installed at a distance of 1,320 feet as
           required under City Code Ch. 479-14(4)B, and have instead been placed much closer
           to school buildings and speed cameras, thus giving drivers less time to slow their
           vehicles before entering speed camera enforcement zones at the expense of child
           safety;
           **Local Law cannot supersede State Law as advised by legal counsel. State
           law says "not to exceed"** *see VTL 1180(c)*  4. "school speed zone" shall
           mean a radial distance not to exceed one thousand three
           hundred twenty feet from a school building, entrance, or exit.

Whereas    In City of Buffalo speed camera citation appeal hearings, the same New York State-
           licensed attorneys serve as both the Administrative Hearing Officer and the Traffic
           Prosecutor on behalf of the City of Buffalo, which is prohibited under New York
           Rules    of    Professional    Conduct,    22    N.Y.C.R.R.    Part    1200;
           Baseless. Attorney did not serve in both capacities simultaneously, does not constitute
           misconduct per legal counsel.

Whereas    In City of Buffalo speed camera citation appeal hearings, the technician responsible
           for certifying the evidence against the citation recipient is not present, and although
           New York State Vehicle & Traffic Law §1180-D(d) indicates that the signature of a
           certifying technician on a speed camera citation represents prima facie evidence of
           the facts contained therein, such certifications are neither sworn to nor affirmed
           before a notary public or other authorized official, for which reason the New York
           State Supreme Court has declared invalid speed camera citations with only a
           certifying technician's signature (*Street v. City of New York*, 2020 N.Y. Slip Op.
           32645 (N.Y. Sup. Ct. 2020));
           1. Not required by enabling legislation
           2. Decisions out of NYC do not constitute application in other Judicial Departments.
           misconduct per legal counsel, per legal counsel.

Whereas    The City of Buffalo may be violating the due process rights of vehicle owners because
           its speed camera citations indicate that failure to pay and contest liability by the due
           date stated on the initial citation constitutes an automatic admission of guilt, even
           though citations are mailed via first class mail only, and neither the City of Buffalo
           nor Sensys Gatso USA, Inc. has the ability to verify whether or not any citation ever
           made it into the hands of the addressee;
           Not required by enabling legislation to confirm receipt. Only required to timely
           postmark, per legal counsel.

Whereas    Thousands of speed camera citations were issued to vehicle owners before the
           cameras were calibrated by an independent calibration laboratory as required by
           New York State Vehicle & Traffic Law §1180-D(a)(2)(ii);
           Incorrect. Cameras were calibrated by independent calibration company Sep 2021
           *before* being used.

Updated: 3/29/2021 4:37 PM by Bethany Wright A                          Page [ PAGE ]

COB354498

Agenda Item 21-423                                    Meeting of March 30, 2021

Whereas   A number of lawsuits have already been filed against the City of Buffalo for its speed
          camera program, asserting that school zone speed limit signage is improperly posted,
          that insufficient signage and markings exist to warn drivers of speed limit changes,
          and challenging the selection of speed camera installation sites, some of which
          appear to be in conflict with applicable laws and regulations;
          Baseless, lawsuits are still pending and allegations are not case law.

Whereas   In a 2011 report, "Caution: Red Light Cameras Ahead," the U.S. Public Interest
          Research Group warned that speed camera contracts that "divert revenue to the
          camera vendor on a per-ticket basis," like the one between the City of Buffalo and
          Sensys Gatso USA, Inc., are the "most problematic" type of traffic enforcement
          camera contract because they create "a built-in incentive to maximize the issuance of
          violations, while making public safety a less direct consideration" (p. 14);
          This is an opinion piece, NOT an empirical study.
          Policy decisions about highway safety are guided by scientific evaluations of program
          effectiveness.
          Study after study has found both increase in compliance and reduction in crashes.
          Reports/studies with findings that contradict a body of existing research should be
          subjected to peer review

Whereas   On automated traffic enforcement system contracts, the Federal Highway
          Administration warns that, "the vendor should not be responsible for selecting the
          sites or should not be paid on a per-ticket basis due to potential conflict of interest
          issues        that        may        arise        from        this        arrangement;
          The vendor does not select the camera locations. Locations were based on the
          guidance from the enabling legislation.

Whereas   The City of Buffalo did not first pursue non-punitive traffic calming measures in
          school zones before resorting to the use of speed cameras, and does not even
          maintain crosswalks in City school zones, including those now equipped with speed
          cameras;
          The City has: i.e. For example, The Main Street Reconstruction Project (2007-2009).
          A state of the art integrated traffic control system was installed along with improved
          turning lanes at major intersections, channelizing landscaped islands, lane re-
          configurations and numerous traffic calming measures such as raised brick
          crosswalks. The intent was to move traffic at a slower overall speed, however, the
          location at St Joe's University School is consistently once of the lowest compliant
          locations.

Updated: 3/29/2021 4:37 PM by Bethany Wright A                          Page [ PAGE ]

COB354499

Agenda Item 21-423                                    Meeting of March 30, 2021

Whereas  The Contract for Services between the City of Buffalo and Sensys Gatso USA, Inc. states that "the terms of this Agreement... shall be subject to the prior approval of the Buffalo Common Council..." (Section 14(a)); however, no formal request to approve the specific terms of said contract was ever submitted to the Common Council of the City of Buffalo for a vote, nor did the Common Council provide the same despite the City's execution of said contract: Now, Therefore Be It
Counsel approved permission to enter into contract, does not require approving contract, per legal counsel.
The quoted except above literally means that the terms of the contract are inherently approved because the Counsel had already approved permission to enter into the same.

*Resolved that The City of Buffalo Common Council-*

1)    declares the City's speed camera demonstration program a failure and rescinds its approval of Item 19-490;

2)    requires the Commissioner of Parking to issue refund checks within 90 calendar days of this resolution's passage for all speed camera citation payments received by the City of Buffalo and Sensys Gatso USA, Inc. for which the associated speed camera citation was not issued in accordance with all provisions of New York State Vehicle & Traffic Law §1180-D;

3)    requires the Commissioners of Parking and Public Works to remove and replace every speed camera on a thoroughfare designated under City Code §479-4 with an appropriately sited solar LED radar speed sign (retail price approx. $3,015) no later than September 1, 2021;

4)    hereby prohibits the installation of any new or relocated speed camera within the City of Buffalo unless authorization is expressly provided by vote of the Common Council;

5)    requires the Commissioner of Public Works to install and maintain school zone speed limit signs and roadside flashing beacons signs—except on main thoroughfares so designated under City Code §479-4 which shall have overhead signs with flashing beacons—in conformance with standards established in the Manual on Uniform Traffic Control Devices for Streets and Highways of the Federal Highway Administration and associated New York State supplement no later than September 1, 2021;

6)    That the Common Council of the City of Buffalo requires the Commissioner of Public Works install and maintain "SCHOOL" pavement markings in all lanes of travel and ensure that all intersections within school zones have clearly and completely marked crosswalks at all times, and to install appropriate non-punitive traffic calming measures (e.g., speed humps) in school zones found to be unsafe based on school day accident history data or documented observances of school day safety incidents (e.g., near-misses) that indicate a

0005

COB354500

risk to child safety;

7) requires the Commissioner of Public Works install and maintain "SCHOOL" pavement markings in all lanes of travel and ensure that all intersections within school zones have clearly and completely marked crosswalks at all times, and to install appropriate non-punitive traffic calming measures (e.g., speed humps) in school zones found to be unsafe based on school day accident history data or documented observances of school day safety incidents (e.g., near-misses) that indicate a risk to child safety; and

8) Directs that a copy of this resolution be forwarded to City of Buffalo Mayor Byron W. Brown; City of Buffalo Parking Commissioner Kevin J. Helfer; and City of Buffalo Public Works Commissioner Michael J. Finn, Timothy Ball City of Buffalo Corporation Counsel.

| RESULT: | **REFERRED TO LEG** | Next: 4/6/2021 1:00 PM |
|---------|---------------------|------------------------|

COB354501