# EXHIBIT 343

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of New York

| | | |
|---|---|---|
| Myles Carter | ) | H.D. 3:34 PM |
| | ) | CITY OF BUFFALO |
| | ) | DEPARTMENT OF LAW |
| | ) | SEP 02 2021 |
| *Plaintiff(s)* | ) | RECEIVED |
| v. | ) | Civil Action No. 21-cv-954 |
| The City of Buffalo, Buffalo Police Officer Charlan D. Mitchell, Buffalo Police Officers John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5 and John Doe #6, NY State Police Sergeant Joseph H. Krywalski, NY State Police Trooper Michael D. O'Bryan, and NY State Police Trooper Daniel A. Burgess | ) ) ) ) ) | TAB | RECO | CAM |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   The City of Buffalo, c/o Buffalo County Clerk, 65 Niagara Square # 1132, Buffalo, NY 14202

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Sivin, Miller & Roche LLP
20 Vesey St., Suite 1400
New York, NY 10007

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:   8/24/2021   _Mary C. Loewenguth_
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
----------------------------------X
MYLES CARTER,

        Plaintiff,

    -against-

THE CITY OF BUFFALO, BUFFALO POLICE
OFFICER CHARLAN D. MITCHELL,
BUFFALO POLICE OFFICERS JOHN DOE #1,
JOHN DOE #2, JOHN DOE #3, JOHN DOE #4,
JOHN DOE #5 and JOHN DOE #6, NY STATE
POLICE SERGEANT JOSEPH H. KRYWALSKI,
NY STATE POLICE TROOPER MICHAEL D.
O'BRYAN and NY STATE POLICE TROOPER
DANIEL A. BURGESS,

        Defendants.
----------------------------------X

**COMPLAINT**

Plaintiff Demands a
Trial By Jury

    Plaintiff, by his attorneys Sivin, Miller & Roche, LLP, complaining of defendants, alleges as follows, upon information and belief:

## THE PARTIES

    1. That at all times herein mentioned, plaintiff was and is a United States citizen and a resident of the Town of Tonawanda, County of Erie, State of New York.

    2. That at all times herein mentioned, defendant The City of Buffalo (hereinafter "the City") was and is a municipal corporation, organized and existing under and by virtue of the laws of the State of New York.

    3. That at all times herein mentioned, the City operated, managed, maintained, and controlled the Buffalo Police Department (hereinafter "the BPD").

    4. That at all times herein mentioned, the BPD was and is an agency of the City.

5. That at all times herein mentioned, defendant Buffalo Police Officer Charlan D. Mitchell (hereinafter "Mitchell") was and is employed by the City as a police officer.

6. That at all times herein mentioned, Mitchell was and is employed by the BPD as a police officer.

7. That at all times herein mentioned, Mitchell was acting within the course and scope of his employment with the City and the BPD.

8. That at all times herein mentioned, Mitchell was acting under color of state law.

9. That at all times herein mentioned, defendants Buffalo Police Officers John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5, and John Doe #6 (hereinafter collectively "the John Doe officers"), are fictitious names and are intended to designate Buffalo police officers whose identities are unknown to plaintiff.

10. That at all times herein mentioned, the John Doe officers were and are employed by the City as police officers.

11. That at all times herein mentioned, the John Doe officers were and are employed by the BPD as police officers.

12. That at all times herein mentioned, the John Doe officers were acting within the course and scope of their employment with the City and the BPD.

13. That at all times herein mentioned, the John Doe officers were acting under color of state law.

14. That at all times herein mentioned, defendant NY State Police Sergeant Joseph H. Krywalski (hereinafter "Krywalski") was and is employed by the New York State Police (hereinafter "the State") as a sergeant.

15. That at all times herein mentioned, Krywalski was acting within the course and scope of his employment with the State.

16. That at all times herein mentioned, Krywalski was acting under color of state law.

17. That at all times herein mentioned, defendant NY State Police Trooper Michael D. O'Bryan (hereinafter "O'Bryan") was and is employed by the State as a trooper.

18. That at all times herein mentioned, O'Bryan was acting within the course and scope of his employment with the State.

19. That at all times herein mentioned, O'Bryan was acting under color of state law.

20. That at all times herein mentioned, defendant NY State Police Trooper Daniel A. Burgess (hereinafter "Burgess") was and is employed by the State as a trooper.

21. That at all times herein mentioned, Burgess was acting within the course and scope of his employment with the State.

22. That at all times herein mentioned, Burgess was acting under color of state law.

## JURISDICTION and VENUE

23. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

24. That this Court has jurisdiction over this action in that the action arises under 42 U.S.C. § 1983 and alleges violations of plaintiff's civil rights, including rights guaranteed under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

COB-Hodgson_0030421
COB-HODGSON_0030418

25. That venue is proper in this district as the parties reside in the Western District of New York and the causes of action herein accrued in the Western District of New York.

26. That prior to the institution of this action and within ninety (90) days from the dates when the causes of action accrued herein, a notice of claim and intention to sue was duly served upon and filed with the City, Mitchell, and the John Doe officers on behalf of plaintiff; that this action was not commenced until the expiration of thirty (30) days after such notice of claim and intention to sue was presented and the City, Mitchell, and the John Doe officers have neglected and/or refused to make adjustment or payment thereon, and this action is being commenced within one year and ninety days after the causes of action accrued herein.

## FACTS

27. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

28. That on June 1, 2020, plaintiff was lawfully standing at or near the intersection of Bailey Avenue and Weston Avenue, Buffalo, New York, attending a protest of police misconduct.

29. That during the course of the protest, plaintiff was being interviewed by a media outlet about issues relating to the protest.

30. That during the course of this interview, plaintiff had his arms extended vertically over his head and his hands open, an act commonly referred to as a "hands up" gesture and universally recognized as intended to indicate that the individual poses no threat of harm to others.

COB-Hodgson_0030422
0005                                                            COB-HODGSON_0030418

31. That while plaintiff was being interviewed by the media outlet with his hands up, the John Doe officers, together with Krywalski, O'Bryan, and Burgess, acting collectively and in concert with each other, violently tackled plaintiff from behind and threw plaintiff to the ground.

32. That after tackling plaintiff to the ground, the John Doe officers, together with Krywalski, O'Bryan, and Burgess, forcibly detained and kept plaintiff pinned to the ground (forcing plaintiff to ingest tear gas that had been discharged in the area) and forcibly applied zip ties to plaintiff's hands.

33. That after forcibly applying the zip ties to plaintiff, the John Doe officers continued to detain, confine, and imprison plaintiff against his will at various locations, including but not limited to a police vehicle and a police precinct.

34. That during the course of plaintiff's detention, the John Doe officers substituted metal handcuffs for the zip ties that initially were applied to restrain plaintiff.

35. That after plaintiff was physically detained by the John Doe officers, Mitchell formally placed plaintiff under arrest and continued the forcible detention, confinement, and imprisonment of plaintiff.

36. That following plaintiff's arrest, Mitchell and the John Doe officers, together with Krywalski, O'Bryan, and Burgess, initiated and/or caused to be initiated a criminal prosecution of plaintiff, in which plaintiff was charged with crimes of which he was innocent and of which Mitchell, the John Doe officers, Krywalski, O'Bryan, and Burgess knew plaintiff to be innocent.

37. That in support of the aforementioned prosecution, Mitchell, the John Doe officers, Krywalski, O'Bryan, and Burgess knowingly made false accusations against plaintiff to fellow officers and to prosecutors.

38. That in support of the aforementioned criminal prosecution, Mitchell authored and signed Criminal Court Complaints that contained allegations of criminal conduct against plaintiff that were false and that Mitchell knew to be false.

39. That as a result of the criminal prosecution, plaintiff was required to appear in court to defend against the criminal charges, and was otherwise deprived of his liberty.

40. That on or about July 17, 2020, all criminal charges against plaintiff were dismissed on the merits, and the criminal proceeding terminated favorably to plaintiff.

41. That at all times herein mentioned, Mitchell, the John Doe officers, Krywalski, O'Bryan, and Burgess lacked probable cause or even reasonable suspicion to believe that plaintiff had committed or was about to commit any crime or criminal violation.

42. That the force used against plaintiff by the John Doe officers, Krywalski, O'Bryan, and Burgess was unreasonable, excessive, and not justified under the circumstances.

43. That the force used against plaintiff resulted in difficulty breathing, bruising and cuts to both wrists, an injury to plaintiff's lower back which prevented plaintiff from engaging in certain physical activities for an extended period of time after the date of the arrest, and anxiety.

44. That the aforementioned actions of Mitchell, the John Doe officers, Krywalski, O'Bryan, and Burgess were intentional and malicious in nature.

45. That the aforementioned actions of Mitchell, the John Doe officers, Krywalski, O'Bryan, and Burgess were motivated, in part, by a desire to punish plaintiff for the

COB-Hodgson_0030424
COB-HODGSON_0030418

exercise of his First Amendment rights of free speech and assembly, and his right to petition the government for redress of grievances.

46. That each of the defendants herein observed aspects of the illegal conduct of his fellow law enforcement officials, had a duty and reasonable opportunity to intervene to prevent and/or stop that illegal conduct, and deliberately failed and refused to do so.

47. That as a result of the aforesaid actions of the defendants, plaintiff sustained physical and emotional injuries, endured and will continue to endure pain and suffering and loss of enjoyment of life, suffered a deprivation of liberty, incurred attorney's fees in defense of the criminal charges, incurred other economic loss, and has been otherwise damaged.

### FIRST CAUSE OF ACTION AGAINST
### THE CITY and THE JOHN DOE OFFICERS
(State Law Claim for Assault and Battery)

48. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

49. That the aforementioned actions of the John Doe officers constitute and resulted in an assault and battery of plaintiff, for which the John Doe officers are liable under New York state law and for which the City is vicariously liable under the doctrine of respondeat superior.

### SECOND CAUSE OF ACTION AGAINST
### THE CITY, THE JOHN DOE OFFICERS and MITCHELL
(State Law Claim for False Arrest/Imprisonment)

50. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

51. That the aforementioned actions of the John Doe officers and Mitchell constitute and resulted in a false arrest and false imprisonment of plaintiff, for which the John Doe officers and

Mitchell are liable under New York state law and for which the City is vicariously liable under the doctrine of respondeat superior.

### THIRD CAUSE OF ACTION AGAINST
### THE CITY, THE JOHN DOE OFFICERS and MITCHELL
(State Law Claim for Malicious Prosecution)

52. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

53. That the aforementioned actions of the John Doe officers and Mitchell constitute and resulted in a malicious prosecution of plaintiff, for which the John Doe officers and Mitchell are liable under New York state law and for which the City is vicariously liable under the doctrine of respondeat superior.

### FOURTH CAUSE OF ACTION AGAINST
### THE JOHN DOE OFFICERS, MITCHELL,
### KRYWALSKI, O'BRYAN and BURGESS
(42 U.S.C. § 1983: Fourth and Fourteenth Amendment Claims)

54. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

55. That the aforesaid actions by the John Doe officers, Mitchell, Krywalski, O'Bryan, and Burgess constitute illegal searches and seizures, deprivations of liberty, arbitrary and capricious abuses of authority, a violation of due process, and a violation of plaintiff's personal and bodily integrity, all in violation of rights guaranteed to plaintiff under the Fourth Amendment and Fourteenth Amendment to the U.S. Constitution, and entitle plaintiff to recover damages from the John Doe officers, Mitchell, Krywalski, O'Bryan, and Burgess under 42 U.S.C. §1983.

## FIFTH CAUSE OF ACTION AGAINST THE JOHN DOE OFFICERS, MITCHELL KRYWALSKI, O'BRYAN and BURGESS
(42 U.S.C. § 1983: First Amendment Claim)

56. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

57. That the aforesaid actions by the John Doe Officers, Mitchell, Krywalski, O'Bryan, and Burgess were undertaken in retaliation or retribution for plaintiff having exercised his right of free speech, his right of free assembly, and his right to petition the government for redress of grievances, guaranteed by the First Amendment to the Constitution, and entitle plaintiff to recover damages from the John Doe officers, Mitchell, Krywalski, O'Bryan, and Burgess under 42 U.S.C. § 1983.

58. That all of the foregoing causes of action fall within one or more of the exceptions set forth in Article 16 of New York's Civil Practice Law & Rules with respect to joint and several liability.

**WHEREFORE**, plaintiff demands judgment against defendants, and each of them, for compensatory damages in the amount of Two Million ($2,000,000.00) Dollars, and punitive damages in the amount of One Million ($1,000,000.00) Dollars, and plaintiff demands attorneys' fees pursuant to 42 U.S.C. § 1988, together with the costs and disbursements of this action.

Dated: New York, New York
August 23, 2021

Yours, etc.
Sivin, Miller & Roche, LLP

By _____
Edward Sivin
Attorneys for plaintiff
20 Vesey St., Suite 1400
New York, NY 10007
(212) 349-0300

COB-Hodgson_0030427
COB-HODGSON_0030418
0010