# EXHIBIT 345

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT: WESTERN DISTRICT OF NEW YORK
_____

JENNEICE MORRIS,
AKEEL WARD,
BRANDON STEWART, and                                **COMPLAINT**
JUSTIN PEARSALL,
     Plaintiffs                                         Docket No.

-vs-

CITY OF BUFFALO,
CITY OF BUFFALO POLICE OFFICER
JOHN DAVIDSON, and
CITY OF BUFFALO POLICE OFFICER
PATRICK GARRY
     Defendants.
_____

### Jury Demand

Trial by Jury on all issues is demanded.

### Preliminary Introduction

     This action is brought by Plaintiffs against the Defendants pursuant to 42 U.S.C. § 1983 and 42 U.S.C § 1988 as applicable to the fourth and fourteenth amendments of the United States Constitution for the claims of excessive force, unlawful detainment, illegal search, the unlawful deprivation of property, in addition to including pendant state claims.

### Parties

     1.     Plaintiff Jenneice Morris resides at 189 Leslie Street, Buffalo, New York 14211, located in Erie County and the State of New York.

     2.     Plaintiff Akeel Ward resides at 935 Walden Avenue, Buffalo, New York 14211, located in Erie County and the State of New York.

     3.     Plaintiff Brandon Stewart resides at 2 Hamlin Road, Buffalo, New York 14208, located in Erie County and the State of New York.

     4.     Plaintiff Justin Pearsall resides at 2 Hamlin Road, Buffalo, New York 14208, located in Erie County and the State of New York.

5. Upon information and belief, the CITY OF BUFFALO is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York.

6. City of Buffalo C-District Police Officer JOHN DAVIDSON is employed by the City of Buffalo and was acting in such capacity during the events which give rise to this lawsuit.

7. City of Buffalo C-District Police Officer PATRICK GARRY is employed by the City of Buffalo and was acting in such capacity during the events which give rise to this lawsuit.

## Jurisdiction

8. Plaintiffs bring this action to recover damages for violations of The Fourth Amendment of the United States Constitution, codified at 42 U.S.C. §1983 and 42 U.S.C. § 1981 and as bestowed upon the states and its citizens through the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Plaintiffs also bring several State claims against the Defendants, which this Court would have pendant or supplemental jurisdiction over.

9. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1332 (federal question) and § 1367 (supplemental jurisdiction).

10. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. § 2202.

11. Compensatory and punitive damages are sought pursuant to 42 U.S.C. § 1983.

12. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. Rule 54.

## Venue

13. This action properly lies in the Western District of New York, pursuant to 28 U.S.C.§ 1343(3) because the claims arose in this judicial district and the Defendants reside in and/or do business in Erie County.

COB-Hodgson_0051713

## Factual Background

14. At approximately 2:40 a.m. on April 7, 2019, the Plaintiffs were on their way back from Tim Horton's when they backed into Plaintiff Morris' driveway, located at or about 191 Leslie St. Buffalo, NY 14211.

15. Plaintiff Ward was driving. Plaintiff Morris was sitting in the back seat driver's side of the vehicle. Plaintiff Pearsall was in the front seat passenger's side of the vehicle, while Plaintiff Stewart was in the back seat passenger side of the vehicle.

16. Plaintiffs were abiding by all relevant New York State laws at this time as well as all other times referenced in this complaint.

17. Plaintiffs were about to exit the vehicle when Defendant Officer Davidson and Defendant Officer Garry, in their one car unit, seized the Plaintiffs in a driveway owned by Plaintiff Morris outside her home. Defendant Garry was driving. Rather than explaining what the issue was or why they were detaining the Plaintiffs, Defendant Garry instead told the Plaintiffs to, "Get the fuck back into the vehicle," and "Don't move or I'll end all of you right now, and put all of your brains over the dashboard."

18. Defendant Officer Davidson was primarily on the driver's side of the vehicle, while the even more aggressive, erratic, and violent Defendant, Officer Garry, was on the passenger side of the vehicle.

19. Both Plaintiff Morris and Plaintiff Pearsall had pre-existing injuries to their legs and had their injured legs extended out of the vehicle, as they were intending to enter Plaintiff Morris' residence prior to being harassed and seized by the Defendants.

20. The Defendant Officers repeatedly slammed the car doors on the injured Plaintiffs' legs, even though both Plaintiffs explained that they both had preexisting leg injuries and were in fact disabled. Defendant Officer Davidson slammed a door on Plaintiff Morris, while Defendant Garry slammed a door on Plaintiff Pearsall. Defendant Garry also punched Plaintiff Pearsall in the arm.

21. All Plaintiffs were unlawfully searched and seized by Defendants Garry and Davidson.

22. Plaintiffs Ward and Stewart were, for no legitimate or legal basis whatsoever, put into the back of a patrol vehicle by the Defendant Officers. Plaintiff Ward's car was searched without any legal basis to do so, and his full unopened bottle of Hennessy was

emptied.

23.     The Defendant Officers, and primarily Defendant Officer Garry, also threatened residents of 187, 189, and/or 191 Leslie Street who came out to record the encounter so as to protect the civilians from further abuse at the hands of the Defendant Officers who were sworn to protect and serve them.

24.     Defendant Officers also threw Plaintiff Stewart to the ground, poured out a full, unopened, and completely lawful bottle of Hennessey, stole $300 from Plaintiff Pearsall's wallet, and stole Plaintiff Stewart's cell phone.

25.     When the Plaintiffs requested the Defendant Officers names so that they could render a complaint, the Defendant Officers refused to provide their identities and further, falsely represented that they worked in E District, which was not the case.

### First Cause of Action for Violation of the Fourth Amendment as per 42 U.S.C. §1983 for the excessive use of force used against Plaintiff Morris by Defendant City of Buffalo Police Officers John Davidson.

26.     Plaintiffs repeat and reiterate each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

27.     To establish a claim for excessive force, a plaintiff must show "(1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable." Cass v. City of Abilene, 814 F.3d 721, 731 (5th Cir. 2016).

28.     Plaintiff Morris, who was already suffering from rheumatoid arthritis in her right leg and utilized a walker, sustained a tendon injury to her left ankle as a result of Defendant Officer Davidson intentionally slamming the car door on her leg. Plaintiff Morris had alerted Defendant Davidson to the fact that her leg was in a prone position within the door frame, and Defendant Davidson disregarded her warnings and slammed the door on her left leg multiple times in quick succession. The force used by Defendant Officer Davidson was clearly excessive as Plaintiff Morris had not done anything wrong and was merely asking Defendant Davidson to not close the door on her leg. The use of force by Defendant Officer Davidson was objectively unreasonable, as Plaintiff Morris did not pose any threat and was attempting to comply with the Defendant Officer's

COB-Hodgson_0051715

directives. Because of the excessive use of force by Defendant Davidson, Plaintiff Morris is now permanently injured.

29. Plaintiff Morris was seized at this time, as she was being unlawfully detained at the time excessive force was exercised against her, as she was being forced back into the vehicle in question, against her will.

30. Specifically, Plaintiff's left ankle has tendon damage which has required physical therapy, has caused and continues to cause her severe pain, and continues to negatively impact her mobility. Plaintiff has been forced to use braces and other such devices upon her ankle to allow her to remain ambulatory.

31. Furthermore, Defendants Davidson was acting under the color of law when he exercised unreasonable force upon Plaintiff Morris.

32. Plaintiff demands costs and attorney fees pursuant to 42 U.S.C. §1988.

**Second Cause of Action for Violation of the Fourth Amendment
as per 42 U.S.C. §1983 for the excessive use of force used against
Plaintiff Pearsall by Defendant City of Buffalo Police
Officer Patrick Garry.**

33. Plaintiff Pearsall, who was already disabled and used crutches, sustained injuries to his right shin as a result of Defendant Officer Garry slamming the car door several times on his leg. Defendant Officer Garry also hit Plaintiff Pearsall in the arm and shoved him into the car. The force used by Defendant Garry was clearly excessive to the need at hand as Plaintiff Pearsall had not done anything wrong and was simply asking Defendant Garry why they were being stopped.

34. Plaintiff Pearsall was being detained, as Defendant Garry had threatened his life should he not get back into the vehicle. The use of force by Defendant Officer Garry was clearly unreasonable as Plaintiff Pearsall did not pose any threat and was attempting to comply with the Defendant Officer's directives. The use of force was excessive to the need at hand, objectively unreasonable, and caused Plaintiff Pearsall injuries in the form of bruising, swelling, and sharp pains to his right shin that made it difficult for Plaintiff Pearsall to walk and perform his daily functions for a significant period of time.

COB-Hodgson_0051716

### Third Cause of Action for Violations of the Fourth Amendment as per 42 U.S.C. §1983 for the unlawful detainment of Plaintiffs Morris, Ward, Stewart and Pearsall by Defendants City of Buffalo Police Officers John Davidson and Patrick Garry

31.     All Plaintiffs repeat and reiterate each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

32.     To maintain a claim for false imprisonment a plaintiff must establish: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement, and; (4) the confinement was not otherwise privileged. See Bernard v. United States, 25 F. 3d 98, 102 (2d Cir. 1994).

33.     Defendant Officers intended to confine the Plaintiffs as evinced by Defendant Garry's demands and death threats to the Plaintiffs to get back in the car. Plaintiff Stewart and Ward were ordered and physically placed into the back of the Defendant Officers' patrol vehicle for upwards of 20 minutes despite having committed no wrongdoing.

34.     Plaintiffs Pearsall and Morris were also physically detained, as they were searched as well as having their movement restricted for upwards of 20 minutes despite not having committed any wrongdoing.

34.     Plaintiffs demand costs and attorney fees pursuant to 42 U.S.C. §1988.

### Third Cause of Action for the state claim of unlawful detainment of Plaintiffs Morris, Ward, Stewart and Pearsall by Defendants City of Buffalo and City of Buffalo Police Officers John Davidson and Patrick Garry

35.     Plaintiffs Morris, Ward, Stewart and Pearsall repeat and reiterate each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

36.     The elements for a state claim for false imprisonment are identical to those of a federal claim.

37.     Plaintiffs fulfilled the notice requirements and were all examined at a General Municipal Law (GML) §50-h hearing.

COB-Hodgson_0051717

**Fourth cause of action for violation of the fourth amendment as per 42 U.S.C. §1983 for the illegal search of all Plaintiffs against Defendants City of Buffalo Police Officers John Davidson and Patrick Garry**

38. Plaintiffs Morris, Ward, Stewart and Pearsall repeat and reiterate each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

39. The Fourth Amendment of the United States Constitution protects the citizenry for unreasonable searches. "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment -- subject only to a few specifically established and well-delineated exceptions." Katz v United States, 389 US 347, 357 (1967).

40. In the case at bar, the Plaintiffs were subjected to warrantless pat-down searches of their person and belongings after they were detained by the Officer Defendants after Plaintiff Ward backed into Plaintiff Morris' driveway. Plaintiffs did not willingly consent to such any search and the circumstances did not allow the Officer Defendants to seek Plaintiffs' consent to search their person, and nor did said Plaintiffs consent to such a search. The Officer Defendants searched the Plaintiffs' pockets and other areas of their bodies as well as the vehicle in question. Such search was objectively unreasonable and unlawful in nature.

**Fifth cause of action for the violation of Article 1 Section 12 of the New York State Constitution for the illegal search of the Plaintiffs as against Defendants City of Buffalo, Defendants City of Buffalo Police Officers John Davidson and Patrick Garry**

41. Plaintiffs repeat and reiterate each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

42. Similar to the Fourth Amendment of the United States Constitution, Section 12 of Article 1 of the New York State Constitution grants New York State citizens the right to be free from unreasonable searches.

43. For the same reasons that the searches of the Plaintiffs were unreasonable under the federal constitution, they are unreasonable under the New York State constitution. The searches of Plaintiffs were conducted without a search warrant and in the absence of any of the exceptions to the warrant requirement.

### Sixth cause of action against Defendants City of Buffalo Police Officers John Davidson and Patrick Garry for the violation of Plaintiffs Pearsall and Stewart's fourth amendment rights in the form of the unlawful deprivation of their property

44. Plaintiffs Pearsall and Stewart repeat and reiterate each and every foregoing allegation of this Complaint with full force and effect as if set forth at length in this cause of action.

45. Defendant Officers searched Plaintiff Pearsall and removed his wallet from his pocket, removing his ID and taking approximately $300 in cash from Plaintiff Pearsall.

46. Plaintiff Stewart had two cellphones with him. Plaintiff Stewart attempted to record the activities and civil rights deprivations being committed by the Defendant Officers. Defendant Officers then separated Plaintiff Stewart from his phone and ultimately took such phone from the back of the car where Plaintiff Stewart had left said phone.

### Seventh cause of action against Defendant City of Buffalo Police Officers Patrick Garry for the violation of Plaintiffs Stewart's fourth amendment right to be free of excessive force while he was seized.

47. Plaintiff Stewart repeats and reiterates each and every foregoing allegation of this Complaint with full force and effect as if set forth at length in this cause of action.

48. Without cause and any legal basis to do so, Defendant Garry yanked Plaintiff Stewart out of the car, manhandled him, threw him on the ground, and then dragged him before throwing him into the Defendant's patrol vehicle.

49. As a result of such treatment, Plaintiff Stewart suffered bruising, scratching, and pain to his back, arms, and hand.

WHEREFORE, the Plaintiffs, Jenneice Morris, Akeel Ward, Brandon Stewart and Justin Pearsall, demand judgment on the above counts against the Defendants, their units, their officers, employees, against and other persons acting in concert or participation with them as stated above, and award the following amounts:

    a. Compensatory damages in favor of the Plaintiffs in an amount to be determined by a jury;

    b. Exemplary damages in favor of the Plaintiffs;

    c. Costs of this action, including reasonable attorney fees to the Plaintiffs pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, U.S.C. 1988 (1976); and,

    d. Such other relief as the court may deem appropriate.

Dated: March 30, 2020
       Buffalo, New York

                                      By: /s/ Matthew Albert
                                          The Law Offices of Matthew Albert, Esq.
                                          Attorney for Plaintiffs
                                          1207 Delaware Avenue, Suite 208
                                          Buffalo, New York 14209
                                          (716) 445-4119
                                          mattalbertlaw@gmail.com

COB-Hodgson_0051720