# EXHIBIT 351

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE
_____

JEFFREY E. CAMPBELL, II,
                      Plaintiff,

vs.

CITY OF BUFFALO, NEW YORK,
CITY OF BUFFALO POLICE DEPARTMENT,

                      Defendants.
_____

(AOL 1-25.23)

Index No: 808025/2023

CITY OF BUFFALO
DEPARTMENT OF LAW
JUL 06 2023
RECEIVED

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

     PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

     Counsel and/or parties must either: 1) immediately record their representative within the e-filed matter on the Consent/Represent page in NYCEF; or 2) file the Notice of Opt-Out form to claim one of the limited exemptions from mandatory e-filing (see below). Failure to record representation may result in an inability to receive electronic notice of any document filings. Claiming an exemption will require the exempt party to serve and be served with hard copy documents.

     Counsel and unrepresented parties who intend to participate in e-filing must first create a NYSCEF account and obtain a userID and password. For additional information about electronic filing, and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center(phone: 646-386-3033;e-mail: efile@nycourts.gov; mailing address: 60 Centre Street, New York, New York 10007).

     Exemptions from mandatory e-filing (Section 202.5-bb(e)) are limited to:

     1) attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements; and

     2) parties who expect to represent themselves and who choose not to participate in e-filing. (Such parties are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action is pending.)

DATED: July 6th, 2023

                                            **ROLAND M. CERCONE, PLLC.**

                                            S/ROLAND M. CERCONE
                                            Roland M. Cercone, Esq.
                                            484 Delaware Avenue
                                            Buffalo, NY 14202
                                            (716) 883-3300
                                            Email: CerconeLaw@hotmail.com

TO:    Above-Captioned Defendants

SUPREME COURT OF THE COUNTY OF ERIE
STATE OF NEW YORK: COUNTY OF ERIE

JEFFREY E. CAMPBELL, II,
    Plaintiff,

vs

CITY OF BUFFALO, NEW YORK,
CITY OF BUFFALO POLICE DEPARTMENT
    Defendants,

**SUMMONS**

Index No: 808025/2023

CITY OF BUFFALO
DEPARTMENT OF LAW
JUL 06 2023
RECEIVED

**TO THE ABOVE NAMED DEFENDANTS:**

  **YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with a summons, to serve a notice of appearance, on the plaintiffs' attorney within **20** days after the service of this summons, exclusive of the day of service, or within **30** days after completion of service where service is made in any other manner than by personal delivery within the State. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

  **COMPLAINT ENDORSEMENT:** That plaintiffs' complaint against you is in a sum beyond the jurisdictional limits of all lower Courts, together with interest costs and disbursements in this action based on a cause of action for personal injuries.

  Erie County is designated as the place of trial on basis of resident of plaintiff(s) who resides at County of Erie, New York.

DATED: Buffalo, New York
    June 27th, 2023

By:_____
Roland M. Cercone, Esq.
ROLAND M. CERCONE, PLLC
*Attorney for Plaintiff*
Cornell Mansion
484 Delaware Avenue
Buffalo, New York, 14202
(716) 883-3300

To:
CITY OF BUFFALO, NEW YORK,
CITY OF BUFFALO
POLICE DEPARTMENT

SUPREME COURT OF THE COUNTY OF ERIE
STATE OF NEW YORK: COUNTY OF ERIE

JEFFREY E. CAMPBELL, II
       Plaintiff,

vs.

CITY OF BUFFALO POLICE DEPARTMENT,
CITY OF BUFFALO NEW YORK,
       Defendant.

**COMPLAINT**

*Index No:*

Plaintiff above named for her cause of action against the defendant herein, alleges upon information and/or knowledge and/or belief:

1. That at all times hereinafter mentioned, the plaintiff, JEFFREY E. CAMPBELL, II, was at the time of this incident and is at the present time a resident of the County of Erie, State of New York.

2. That upon information and belief, the defendant, CITY OF BUFFALO, NEW YORK, is a municipal corporation organized and authorized to do business in the County of Erie, State of New York.

3. That upon information and belief the City of Buffalo Police Department is a subdivision or an administrative arm of the CITY OF BUFFALO, NEW YORK. As such the City of Buffalo Police Department's agents, employees and/or representatives are agents, employees and/or representatives for the City of Buffalo, New York.

4. That a Notice of Claim was filed against the defendants on or about April 14th, 2023 and was properly served upon them.

5. That as a result the defendant's through the City of Buffalo Corporation Counsel conducted a 50-H deposition of the plaintiff to determine the facts of the potential claim.

6. That although more than 40 days have elapsed since the Notice of Claim the defendants have either failed or refused to pay all or part of said claim.

## FACTS

7. That the plaintiff and his girlfriend worked for Tesla Corporation.

8. That as part of their jobs, Tesla leases vehicles to employees if they carpool and pick-up other employees from Tesla for work.

9. That Tesla did lease a white truck Toyota Highlander for the plaintiff and his girlfriend to use.

10. That the plaintiff's girlfriend was involved in a minor car accident where apparently her front plate to the white Toyota Highlander fell off.

11. The girlfriend notified her employer Tesla who advised her to report the plate lost in the accident.

12. That since Tesla was the leased party, they formally filed the police report specifically indicating that the front plate was lost and specifically did not check stolen.

13. That upon information and belief some agent, employee and/or representative of the Police Department incorrectly inputted information into the computer that the license plate was lost and/or stolen.

14. That on or about January 25th, 2023 the plaintiff was lawfully operating the white Toyota Highlander with the proper plate that is registered to that Toyota Highlander on the vehicle and upon information and belief he was followed by police officers from the Buffalo Police Department. He entered a convenience store to get a drink when he was approached by a Buffalo Police Officer.

COB-Hodgson_0044986

15. For some reason the Buffalo Police Officer asked the plaintiff if he was driving the gray sedan.

16. The plaintiff knowing that he was driving a white truck Toyota Highlander said "No".

17. The Police Officer then grabbed the plaintiff and the plaintiff objected to being grabbed and asked why he was being grabbed and touched. Police Officers did not identify as such and then after they tackled him to the ground, they told him that he was under arrest for driving a stolen vehicle. They then later changed that to saying that he was driving with stolen plates.

18. As indicated, the plaintiff repeatedly objected and asked why he was being grabbed, knocked to the ground and handcuffed yet the officers initially did not respond.

19. That the plaintiff had been the victim of abuse and excessive force by members of the Buffalo Police Department on multiple prior occasions which the City of Buffalo paid out settlements to the plaintiff on multiple occasions. This was one of the reasons why the plaintiff was more upset and afraid with once again being man handled and mishandled by Buffalo Police Officers.

20. Then after grabbing, tackling, leaning on, punching, kicking, handcuffing and placing plaintiff in the back of the patrol car, the police officers then made some inquiry and realized they had made a mistake where the plaintiff was not driving a stolen vehicle and was not driving a vehicle with stolen plates. In fact, he was driving "his car" that he and his girlfriend used from their employer Tesla.

21. Nevertheless, the officers said "well we have to charge you with obstructing governmental administration".

COB-Hodgson_0044987

22. The plaintiff made several appearances in Buffalo City Court on the penal charges of 195.05, obstructing governmental administration. The Judge upon oral motion from plaintiff's attorney ended up dismissing the case outright.

23. It is further alleged that the police officers had a special duty and relationship with the plaintiff since he and his girlfriend through their agent and employer reported the plate lost on his own vehicle and in fact, he was driving his own proper vehicle with the proper registered plate to that vehicle, thus the plaintiff justifiably relied that the police would not arrest him for driving a stolen vehicle or with a stolen plate when he was driving his own permissive vehicle with the proper plate.

## AS FOR A FIRST CAUSE OF ACTION

24. The plaintiff repeats, restates and realleges each and every allegation set forth above with full force in effect herein.

25. This first cause of action is for false arrest and or illegal and or improper detainment, in that it is alleged that on or about January 25th, 2023 at approximately 9:45PM the plaintiff was lawfully shopping in a corner convenient store located at E. Ferry Street and Earnest Avenue in the City of Buffalo, County of Erie State of New York, when he was approached by one or more Buffalo Police Officers.

26. It is alleged that the defendants intended to confine the plaintiff in that they did almost immediately grab the plaintiff and then subsequently pushed him to the ground and handcuff him and put him in the back seat of the patrol car.

27. It is alleged that the plaintiff was conscious of this confinement and did not consent to the confinement as he obviously knew what was going on and verbally objected and physically objected to the confinement.

COB-Hodgson_0044988

28. It is further alleged that the confinement was not otherwise privileged and that the officers were not privileged to detain the defendant in the manner in which they did by almost immediately grabbing him. In fact, it is alleged they failed to make proper inquiry and investigation prior to improperly detaining the plaintiff.

29. It is also alleged that the employees of the defendant were acting in the course of their employment and under the color of law when these incidents occurred.

30. As a result of the false arrest and illegal or improper detainment, the plaintiff sustained physical injuries as well as mental and emotional injuries, medical expenses and loss of enjoyment of life and other damages.

31. As a result, the damages exceed the jurisdictional limits of all lower courts and this action is properly brought before the Supreme Court County of Erie State of New York pursuant to the CPLR § 3017 (c) and General Municipal Law §50 (e).

### AND AS FOR SECOND CAUSE OF ACTION

32. The plaintiff repeats, restates and realleges each and every allegation set forth above with full force and effect herein.

33. That the second cause of action is for malicious prosecution as the defendant, its employees, agents, representatives and police officers commenced a criminal proceeding against the plaintiff for the charges of penal law §195.05

34. That the charges brought against the plaintiff by the defendants were terminated in favor of the accused in that charges were dismissed completely in Buffalo City Court.

35. It is further alleged that the defendants employees agents representatives including police officers lacked probable cause for charging and commencing the action against the plaintiff in that the defendants improperly detained the plaintiff because he had not

committed any crime; and that the police officers mistakenly thought he had; and the police officers and or their agents and representatives failed to properly input information into their computer; and they failed to properly investigate, and inquire into the matter before using physical force. They then had to charge the plaintiff with some criminal offense to protect themselves and thus these charges were done maliciously.

36. The charges were then dismissed outright.

37. As a result of the malicious prosecution, the plaintiff sustained physical injuries as well as mental and emotional injuries, medical expenses and loss of enjoyment of life and other damages, including punitive damages for this offense.

38. As a result, the damages exceed the jurisdictional limits of all lower courts and this action is properly brough before the Supreme Court County of Erie State of New York pursuant to the CPLR § 3017 (c) and General Municipal Law §50 (e).

## AS FOR A THIRD CAUSE OF ACTION

39. Plaintiff repeats restates and realleges each and every allegation set forth above with full force and effect herein

40. The third cause of action is for assault and/or intentionally placing plaintiff in apprehension or fear of imminent harmful or offensive contact.

41. That the defendants when they approached and grabbed the plaintiff without explaining what was going on or without conducting a proper inquiry or investigation, intentionally placing the plaintiff in fear of imminent harmful or offensive contact and did indeed contact him and forced him to the ground and subsequently punched and used other physical contact and handcuffed him and placed him in the patrol car.

42. It is alleged that the defendants had the real and apparent ability to bring about harmful offensive bodily contact and did indeed do so in the manner described above.

43. It is alleged that the defendant intentionally grabbed the plaintiff again without probable cause for an arrest at that point and caused plaintiff to be fearful for imminent assault and battery which did indeed occurred.

44. As a result of the assault and/or intentionally placing plaintiff in apprehension or fear of imminent or offensive contact, the plaintiff sustained physical injuries as well as mental and emotional injuries, medical expenses and loss of enjoyment of life and other damages.

45. As a result, the damages exceed the jurisdictional limits of all lower courts and this action is properly brought before the Supreme Court County of Erie State of New York pursuant to the CPLR § 3017 (c) and General Municipal Law §50 (e).

## AS FOR A FOURTH CAUSE OF ACTION

46. The plaintiff repeats restates and realleges each and every allegation set forth above with full force and effect herein.

47. The fourth cause of action is for battery in that the defendants through its employees, agents and representatives intentionally touched the plaintiff without the plaintiff's consent and caused offensive bodily contact to the plaintiff.

48. It is alleged that the officers grabbed the plaintiff and proceeded to tackle him to the ground get on top of his body hand cuff him and put him in the police car without his consent as he expressed that to them, and this was offensive bodily contact to the plaintiff in that they did not properly have probable cause to do so under the circumstances.

49. As a result of the battery, the plaintiff sustained physical injuries as well as mental and emotional injuries, medical expenses and loss of enjoyment of life and other damages.

COB-Hodgson_0044991

50. As a result, the damages exceed the jurisdictional limits of all lower courts and this action is properly brought before the Supreme Court of Erie State of New York pursuant to the CPLR § 3017 (c) and General Municipal Law §50 (e).

### AS FOR FIFTH CAUSE OF ACTION

51. The plaintiff repeats, restates and realleges each and every allegation set forth above with full force and effect herein

52. The fifth cause of action is for unnecessary and/or excessive force. That the defendant through its employees, agents and representatives had no need to initiate contact or force in this matter. And if they had simply talked to the plaintiff, they would have not needed to use any force and realize they had no probable cause to arrest him for what they had thought he had done.

53. Instead, the defendant its agents, employees and/or representatives used unnecessary and/or excessive force in that they grabbed, tackled, punch, kicked, jumped, leaned on, handcuffed and/or otherwise made contact with the plaintiff and put him in the police car.

54. As a result of the unnecessary and/or excessive force, the plaintiff sustained physical injuries as well as mental and emotional injuries, medical expenses and loss of enjoyment of life and other damages.

55. As a result, the damages exceed the jurisdictional limits of all lower courts and this action is properly brought before the Supreme Court of Erie County State of New York pursuant to CPLR § 3017 (c) and General Municipal Law §50 (e).

### AS FOR A SIXTH CAUSE OF ACTION

56. Plaintiff repeats realleges restates each and every allegation set forth above with full force and effect herein.

COB-Hodgson_0044992

57. The sixth cause of action is for a claim of violations of the Civil Rights Law under 42 USC § 83 in that it is claimed that the defendant police officers were acting under the color of the law when they approached the defendant and grabbed him subsequently tackled him, handcuffed him and put him in the police car.

58. It is claimed that the plaintiff was deprived of his constitutional right of freedom of liberty and or freedom from use of excessive force and/or freedom of malicious prosecution in that the plaintiff was not under arrest and was not told he was under arrest until after he was grabbed and was subsequently tackled to the ground and then given the circumstances that the officers had no probable cause to arrest him or grab when they did, such use of force by the police was excessive and/or unnecessary

59. That as a result the defendants conduct and violation of these rights, the plaintiff sustained physical injuries as well as mental and emotional injuries, medical expenses and loss of enjoyment of life and other damages.

60. As a result, the damages exceed the jurisdictional limits of all lower courts and this action is properly brought before the Supreme Court of Erie County State of New York pursuant to the CPLR §3017 (c) and General Municipal Law §50 (e).

## AS FOR SEVENTH CAUSE OF ACTION

61. The plaintiff repeats, restates, and realleges each and every allegation set forth above with full force and effect herein.

62. The seventh cause of action is for negligence on part of the defendant its agents, employees and/or representatives.

63. That it is alleged that the defendant its agents, employees and/or representatives had a special duty to the plaintiff because the plaintiff was the lawful owner and operator of the

vehicle that had reported a license plate lost in a minor accident and did not report it stolen nor the vehicle stolen and since the plaintiff then through relationship with the complainant and lawfully operating his vehicle, the defendants agents, employees and/or representative had a special duty and relationship to him intended for his benefit.

64. That the defendants, agents, employees and/or representatives acted with negligence and carelessness in improperly inputting information into the computer; improperly interpreting information; improperly making inquiry into the facts of the matter before using physical contact and force; improperly conducting a simple investigation before using force; and improperly subduing the plaintiff.

65. That by reason of the defendant's negligence, the plaintiff suffered certain painful and permanent physical and psychological injuries, pain and suffering and has incurred medical expenses and loss of enjoyment of life all to his damage and punitive damages pursuant to General Municipal Law Section 50 (e) and CPLR Section 3017 (c).

66. That the amount of damages sought by the plaintiff for all these cause of action exceeds the jurisdictional limits of all lower courts and this action is properly brought before the Supreme Court County of Erie State of New York.

### AS FOR EIGHTH CAUSE OF ACTION

67. The plaintiff repeats, restates, and realleges each and every allegation set forth above with full force and effect herein.

68. The eighth cause of action is for gross negligence on part of the defendants its employees agents and representatives, in that the behavior of the defendant, its employees agents and/ or representatives were a gross disregard for the truth, in that they improperly inputted

COB-Hodgson_0044994

information into a computer, improperly relayed it to officers; the officers grossly failed to investigate and grossly failed to make reasonable inquiry before they used force in this matter.

69. That by reason of the defendant's gross negligence, the plaintiff suffered certain painful and permanent physical and psychological injuries, pain and suffering and has incurred medical expenses and loss of enjoyment of life all to his damage and punitive damages pursuant to General Municipal Law Section 50 (e) and CPLR Section 3017 (c).

70. That the amount of damages sought by the plaintiff for all these cause of action exceeds the jurisdictional limits of all lower courts and this action is properly brought before the Supreme Court County of Erie State of New York.

**WHEREFORE**, plaintiff demands judgment against the defendants for all causes of action, as it pertains to the defendants pursuant to General Municipal Law § 50(e) and CPLR § 3017(c) in a sum beyond the jurisdictional limits of all lower courts, together with interest, costs and disbursements and attorneys fees in this matter.

Dated: Buffalo, New York
       June 27th, 2023

Yours etc.,

By:_____
Roland M. Cercone, Esq.
ROLAND M. CERCONE, PLLC
*Attorney of Plaintiff*
484 Delaware Avenue
Buffalo, New York 14202
(716) 883-3300

To:

CITY OF BUFFALO POLICE DEPARTMENT

CITY OF BUFFALO NEW YORK

COB-Hodgson_0044996

# VERIFICATION

STATE OF NEW YORK    )
                     )
COUNTY OF ERIE       )

JEFFERY E. CAMPBELL, II, being duly sworn, deposes and says: I am the plaintiff in the above-referenced action; I have read the foregoing SUMMONS AND COMPLAINT and know the contents thereof; the same is true to my own knowledge as to the matters stated therein to be alleged upon information and belief, and as to those matters I believe it to be true.

*/s/ Jeffrey Campbell*
JEFFREY E. CAMPBELL, II

STATE OF NEW YORK )
COUNTY OF ERIE    ) SS.
CITY OF BUFFALO   )

On the 5th day of July, 2023, before me, the subscriber, personally appeared **JEFFREY E. CAMPBELL, II**, known to me to be the, individual described in and who executed the forgoing instrument, and who duly acknowledged to me that he executed the same.

*/s/ Sophia E. Hooven*
Notary Public

SOPHIA E. HOOVEN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01HO6411256
Qualified in Erie County
Commission Expires November 9, 2024

0015

COB-Hodgson_0044997