# EXHIBIT 406

| Patrick A Roberts/BPD | To | Patrick A Roberts/BPD@BuffaloPoliceDept, |
|---|---|---|
| 10/28/2013 06:26 PM | cc | |
| | bcc | |
| | Subject | Fw: Citizen's complaint |

----- Forwarded by Patrick A Roberts/BPD on 10/28/2013 06:25 PM -----

P-73  **BUFFALO POLICE DEPARTMENT INTRA-DEPARTMENTAL CORRESPONDENCE**

| TO: Daniel Derenda<br>        Commissioner of Police | DATE: 10/28/2013 05:48:27 PM |
|---|---|
| FROM: Patrick A Roberts<br>          Captain Housing Unit | SUBJECT: Citizen's complaint |

Attn:  Kevin Brinkworth, Housing Unit/Strike Force Chief
         Harold McLellan, Inspector IAD

Sir:

   Please refer to the complaint filed by Mr. Albert Gulledge.  I did telephone Mr. Gulledge on 10/28/2013 at approx. 1630 Hrs. at the number provided, 935-9099, and did leave a detailed message as to why I was calling and how I could be contacted.  I did receive a return call shortly thereafter from Mr. Gulledge.  I did introduce myself and told him that I would like to give him an opportunity to speak to me in greater detail with regards to his complaint.
   He did explain to me that he was stopped for illegally tinted windows on his vehicle and was given a ticket for each front window even though his claim is that the officer only checked one window.  I did explain that the officers do not need to use a tint meter at all to garner a conviction for the offense, and that a tint meter is only a tool to assist in the prosecution. He stated that he received a ticket for no seatbelt and his claim is that he was wearing one and only removed it after the officers stopped him.  I told him that a judge would decide after hearing testimony on the matter if there is compelling evidence to convict him of the offense. He talked about a ticket he received for watching t.v. and explained that it is his factory installed dashboard GPS that was on.  I told him if he was not watching t.v. he cannot be convicted of said offense, but that officers must have felt that they had probable cause to issue that summons.
   I asked him about the burning marihuana cigar in the vehicle.  He claims that there was none.  I told him that the officers said that there was and if so he could have been arrested.  He made an assertion that he was stopped solely because he is black, and if there was weed, any good cop would have gotten him out and searched him.  I told him that is not necessarily true and that the officers claimed to have excercised discretion on that as their main concern was to monitor activities of possible gang members who were reported to be in the area at the "Cobblestone".  I told him that I would look at his arrest history to see if marihuana played a role in his life,  just as the officer's past record is considered in these matters.  He understood why I might check, and in fact he does have two previous marihuana related arrests, one for possessing more than a half a pound of it.
   He was more concerned about his second encounter with P.O. Acquino.  He claims that a sheriff and a BPD lt. waved him through a checkpoint and that after turning he was stopped by P.O. Acquino and summonsed for tints  again.  He claims that his windows were down and the officer could not have seen the windows.  He feels that since other officers waved him through he should not have been stopped.  I explained to him that the traffic court judge does not use that fact in his decision making and that another officer may act upon a traffic offense when one has not.



0001

COB053610

    I asked Mr. Gulledge if he has a court date set, and he said "of course I do". He further states that he has had the tints removed and that he is no longer in violation of that law. I told him that the judge typically takes that into account and issues a $0 fine, however that I could not guarantee that. Mr. Gulledge told me that he is not a drug dealer and that he works every day. I told him that he is not charged with either drug sales nor not working. All in all the conversation went well and Mr. Gulledge wishes nothing further on the matter that his day in court. He simply wished to make our department aware of his concerns.

    With that revelation I believe the matter should be considered closed. I believe the officers did act on probable cause and that they did excersise discretion. On one stop, summonses were issued by P.O. O'Donnell and on the other, summonses were issued by P.O. Acquino. I do not believe P.O. Acquino is harassing Mr. Gulledge, but that his actions are attracting the attention of at least (2) Buffalo Police officers.

Respectfully submitted,


Captain Patrick Roberts


Respectfully forwarded,


Chief Kevin Brinkworth

COB053611

0003

COB053612