UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

DORETHEA FRANKLIN, *et al.*, individually and
on behalf of a class of all others
similarly situated,

                    Plaintiffs,

     v.

CITY OF BUFFALO, N.Y., *et al.*,

                    Defendants.

No. 1:18-cv-00719-CCR

---

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL ENTRY OF JUDGMENT PURSUANT TO RULE 54(b)

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

BACKGROUND ........................................................................................................................... 1

ARGUMENT................................................................................................................................. 3

CONCLUSION.............................................................................................................................. 7

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*,
106 F.3d 11 (2d Cir. 1997)........................................................................................6

*Auscape Int'l v. Nat'l Geographic Soc'y*,
2007 WL 426731 (S.D.N.Y. Feb. 5, 2007).................................................................5

*Chapman v. Dunn*,
129 F.4th 1307 (11th Cir. 2025) ................................................................................6

*Cullen v. Margiotta*,
618 F.2d 226 (2d Cir. 1980)........................................................................................3

*Curtiss-Wright Corp. v. Gen. Elec. Co.*,
446 U.S. 1 (1980)..............................................................................................3, 4, 5

*DeLeonardis v. Berg*,
40 F. Supp. 2d 488 (E.D.N.Y. 1999) .........................................................................7

*Ginett v. Comput. Task Grp., Inc.*,
962 F.2d 1085 (2d Cir. 1992)..................................................................................6, 7

*Grand River Enters. Six Nations, Ltd. v. Pryor*,
425 F.3d 158 (2d Cir. 2005)....................................................................................3, 4

*Hickey v. City of Seattle*,
2002 WL 32168077 (W.D. Wash. Nov. 5, 2002), *rev'd on other grounds*, 409
F.3d 1113 (9th Cir. 2005) ..........................................................................................5

*In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*,
2010 WL 1328249 (S.D.N.Y. Apr. 5, 2010)..............................................................5

*In re S. African Apartheid Litig.*,
2009 WL 3364035 (S.D.N.Y. Oct. 19, 2009)............................................................4

*Matter of Energetic Tank, Inc.*,
110 F.4th 131 (2d Cir. 2024) .....................................................................................6

*Novic v. AXA Network, LLC*,
642 F.3d 304 (2d Cir. 2011).......................................................................................4

**Other Authorities**

Federal Rule of Civil Procedure 54(b)...................................................................... *passim*

**INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 54(b), Plaintiffs move for entry of final judgment on their injunctive claims and those of the Traffic Enforcement Class. Entry of judgment will promote judicial efficiency by allowing Plaintiffs to appeal the court's dismissal of their injunctive claims alongside the pending appeal of the proposed Intervenors, thus avoiding piecemeal appeals. Moreover, the equities weigh strongly in favor of allowing immediate appeal. Plaintiffs and proposed Intervenors raise nearly identical claims arising out of the same record, so absent a Rule 54(b) judgment Plaintiffs' right to injunctive relief may be determined without their participation by the outcome of the Intervenor appeal. Because briefing is already underway on the Intervenor appeal, Plaintiffs request prompt resolution of this motion.

**BACKGROUND**

On June 28, 2018, four individual Plaintiffs and an organization, Black Love Resists in the Rust, filed this class action. ECF 1. On May 21, 2020, Plaintiffs filed an amended complaint, joined by five additional individuals. ECF 63.

On May 29, 2024, Plaintiffs moved for certification of two damages classes under Rule 23(b)(3) and an injunctive class under Rule 23(b)(2) (the "Traffic Enforcement Class"). ECF 202-211.

On April 22, 2025, this Court granted certification of the damages classes[1] but denied certification of the Traffic Enforcement Class, concluding that Plaintiffs lack injunctive standing. ECF 261. The Court explained that such standing required assessing "the likelihood of future constitutional violations," but, as of the date of the class certification motion, Plaintiffs' allegations

---

[1] Defendants successfully petitioned this Court for permission to appeal that aspect of the decision, and briefing of that appeal is complete. *See* Nos. 25-1191, 25-2216 (2d Cir.).

of injury referred only to "past alleged harms." *Id*. at 9, 12. The Court also faulted the class "[t]o the extent" that it sought impermissible "obey the law" relief. *Id*. at 9.

On July 11, 2025, two proposed Intervenors—both members of the Traffic Enforcement Class who had experienced multiple, recent instances of discriminatory traffic enforcement—moved to join the action as Named Plaintiffs and class representatives. ECF 326. At the same time, Plaintiffs moved for reconsideration and, in the alternative, renewed their motion pursuant to Federal Rule of Civil Procedure 23(c)(1)(C). ECF 327.

On March 27, 2026, the district court denied all three motions in a single order ("the Order"). ECF 357. In denying reconsideration, the court reaffirmed its earlier determination that Plaintiffs lacked standing because their risk of future harm was speculative. *Id.* at 6-7. The court also explained that the Traffic Enforcement Class could not be certified because it was not ascertainable and Plaintiffs sought an "obey the law" injunction. *Id.* at 7-8. The court denied renewal "[f]or the same reasons that reconsideration was denied*." Id.* at 22. And the court denied intervention as untimely and futile because the proposed Intervenors, like Plaintiffs, lack injunctive standing and requested "obey the law" relief. *Id.* at 14-20.

On April 14, 2026, Plaintiffs filed in the Second Circuit a Rule 23(f) petition for leave to appeal the denial of their renewed motion for class certification. *See* No. 26-968, Dkt. 1 (2d Cir.). On April 27, 2026, the proposed Intervenors appealed from the denial of their motion to intervene. *See* No. 26-1157, Dkt. 1 (2d Cir.). The Second Circuit has ordered that these two appeals be heard in tandem. *See* No. 26-968, Dkt. 21; No. 26-1157, Dkt. 11.

On May 29, 2026, this Court issued its summary judgment decision. ECF 364. With regard to the injunctive claims, the Court explained that because Plaintiffs had sought

interlocutory appeal, "the court does not consider summary judgment insofar as it pertains to the Traffic Enforcement Class." *Id.* at 2. Later in the opinion, however, the Court stated:

> Following the court's April 22, 2025 Opinion and Order granting in part and denying in part Plaintiffs' motion to certify class, (Doc. 261), and the court's March 27, 2026 Opinion and Order denying Plaintiffs' motion to reconsider or renew, (Doc. 357), Plaintiffs' requests for injunctive relief have been dismissed. Defendants' motion for summary judgment on Plaintiffs' claim for injunctive relief is therefore DENIED AS MOOT.

*Id.* at 50. No final judgment has yet been entered as to Plaintiffs' injunctive claims.

## ARGUMENT

The Court should direct entry of partial judgment as to Plaintiffs' injunctive claims, including those brought by the putative Traffic Enforcement Class. Under Rule 54(b), when "an action presents more than one claim for relief … the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties[.]" Fed. R. Civ. P. 54(b). A judgment entered as final under Rule 54(b) is immediately appealable, despite the presence of other, unresolved claims.

Entry of final judgment under Rule 54(b) is appropriate when three requirements are met: "(1) there are multiple claims or parties, (2) at least one of the claims or the rights and liabilities of at least one party has been finally determined, and (3) 'there is no just reason for delay.'" *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 164-65 (2d Cir. 2005) (quoting Fed. R. Civ. P. 54). To invoke Rule 54(b), the court must make an "express determination" that there is no just reason for delay and offer "a brief, reasoned explanation" for application of the rule. *Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir. 1980) (per curiam). The determination is left to the sound discretion of the district court, which must "take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

Here, Plaintiffs meet all three requirements for entry of judgment under Rule 54(b). The first two requirements are easily met because this case involves multiple claims and parties, and

3

this Court has determined that Plaintiffs may not pursue their injunctive claims because they lack standing and primarily requested "obey the law" relief.[2] *See Pryor*, 425 F.3d at 164-65. The third requirement of the Rule 54(b) test is met as well, because there is no just reason to delay an appeal of this matter.

First, entering final judgment on Plaintiffs' injunctive claims would promote judicial efficiency by allowing the Second Circuit to hear Plaintiffs' appeal concurrently with the Intervenor appeal and the Rule 23(f) petition, all of which raise substantially similar legal questions on the same record. *See Curtiss-Wright Corp.*, 446 U.S. at 8 (instructing courts to consider "judicial administrative interests" when evaluating 54(b) motions).  Specifically, directing judgment under Rule 54(b) would avoid separate appeals covering substantially similar issues, as would occur if Plaintiffs had to wait until the entry of final judgment on the damages claims in order to appeal the determination that they lack injunctive standing.

"'It does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case' in successive appeals from successive decisions on interrelated issues." *Novic v. AXA Network, LLC*, 642 F.3d 304, 311 (2d Cir. 2011) (quoting *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir. 1991)). This court can prevent such inefficiencies by entering judgment on all the injunctive claims so that all can be appealed together. *See, e.g. In re S. African Apartheid Litig.*, 2009 WL 3364035, at *1 (S.D.N.Y. Oct. 19, 2009) ("[T]he opportunity to have [the movant's] appeal heard roughly simultaneously with the pending appeal would serve the

---

[2] Although the Court's May 29, 2026 order (ECF 364 at 50) stated that the Plaintiffs' injunctive claims already "have been dismissed," Plaintiffs understood the Court's prior orders on class certification (ECF 261 and 357) as having merely denied class certification without formally dismissing the claims. Nevertheless, because the Court has made its view of those claims clear in multiple orders, Plaintiffs believe that the Court should issue a Rule 54(b) judgment on them.

4

interest of sound judicial administration by helping to avoid piecemeal appeals."); *Auscape Int'l v. Nat'l Geographic Soc'y*, 2007 WL 426731, at *1 (S.D.N.Y. Feb. 5, 2007) (where multiple pending appeals raise the same issue, "the efficient administration of justice requires that this issue be conclusively determined by the Court of Appeals so as to preclude piecemeal adjudication").

The equities also strongly support entry of partial judgment here. *Curtiss-Wright Corp.*, 446 U.S. at 8 (instructing courts to consider "the equities involved"). If Plaintiffs cannot appeal now, they will suffer the practical evisceration of their right of appeal. In deciding the Intervenor appeal, the Second Circuit will necessarily resolve many legal issues pertaining to Plaintiffs' injunctive standing—but without their participation. Some of Plaintiffs' injunctive claims— particularly those related to Checkpoints and multiple tinted windows ticketing—are not squarely at issue in the Intervenor appeal but yet could be governed by it. Without entry of partial judgment, Plaintiffs' claims may very well be decided as a practical matter without affording them an opportunity to be heard at all. And in the alternative, certification is necessary to ensure that "no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp.*, 446 U.S. at 8. Justice thus requires that Plaintiffs and the Intervenors be allowed to appeal together. *See Hickey v. City of Seattle*, 2002 WL 32168077, at *1 (W.D. Wash. Nov. 5, 2002), *rev'd on other grounds*, 409 F.3d 1113 (9th Cir. 2005) (granting Rule 54(b) certification where claims were the subject of another pending appeal because "it would be inequitable and inefficient not to enter final judgment as to them"); *see also In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 2010 WL 1328249, at *4 (S.D.N.Y. Apr. 5, 2010) (certifying final judgment where a "failure to provide appellate review … would work an injustice").

Entry of partial judgment under Rule 54(b) is also necessary to avoid "some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Matter of Energetic Tank, Inc.*, 110 F.4th 131, 148 (2d Cir. 2024) (quoting *Harriscom*, 947 F.2d at 629). This case has already been pending for eight years, and Defendants' pending class certification appeal is likely to further delay resolution of the damages claims, as the appeal will determine the scope of any trial. If appellate review of the Court's injunctive relief decision does not occur until after final judgment is entered on Plaintiffs' damages claims, it may be years before Plaintiffs' injunctive claims are fully adjudicated by the appellate and district courts, making evidence preservation concerns very acute. Judgment is thus necessary to preserve witness testimony and evidence at risk of being lost or growing stale with the passage of time. *See, e.g.*, *Chapman v. Dunn*, 129 F.4th 1307, 1315 (11th Cir. 2025) (Rule 54(b) certification was warranted where "delaying this appeal could well risk witnesses forgetting events or to otherwise becoming unavailable to testify.")

Finally, Rule 54(b) judgment is appropriate here because the injunctive claims are separable from Plaintiffs' damages claims. The Second Circuit considers claims to be separable "if they involve at least some different questions of fact and law and could be separately enforced," *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 21 (2d Cir. 1997) (citation omitted), and "[o]nly those claims 'inherently inseparable' from or 'inextricably interrelated' to each other are inappropriate for rule 54(b) certification." *Ginett v. Comput. Task Grp., Inc.,* 962 F.2d 1085, 1096 (2d Cir. 1992). The injunctive claims, at this stage of the litigation, turn on threshold questions of law such as whether Plaintiffs have standing and have adequately framed their request for relief. These legal questions pertain only to the injunctive claims. Thus, the outcome of the injunctive appeal will not impact the resolution of Plaintiffs' damages claims no matter the result, and there is no just reason to delay appellate review of Plaintiffs' injunctive

6

claims. *See, e.g.*, *Ginett*, 962 F.2d at 1096-97 (Rule 54(b) judgment was proper on claim that was "separable from and independent of the rest of the claims in the case"); *DeLeonardis v. Berg,* 40 F. Supp. 2d 488, 490-91 (E.D.N.Y. 1999) (same).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court direct entry of final judgment as to the injunctive claims of Plaintiffs and the Traffic Enforcement Class. Further, to ensure that Plaintiffs' appeal may be heard by the Second Circuit at the same time as the Intervenor appeal and the 23(f) petition, Plaintiffs respectfully request a prompt resolution of this motion.

Dated: June 29, 2026

Respectfully submitted,

*/s/ A. Chinyere Ezie*
A. Chinyere Ezie
Baher Azmy
CENTER FOR CONSTITUTIONAL
RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
(212) 614–6464
bazmy@ccrjustice.org
cezie@ccrjustice.org

Claudia Wilner
NATIONAL CENTER FOR LAW AND
ECONOMIC JUSTICE
50 Broadway, Suite 1500
New York, NY 10004
(212) 633–6967
wilner@nclej.org

Matthew A. Parham
WESTERN NEW YORK LAW CENTER
37 Franklin Street, 2nd Floor
Buffalo, NY 14202
(716) 828–8422
mparham@wnylc.net

Philip Irwin (*pro hac vice*)
Jordan S. Joachim (*pro hac vice*)
Christine Nelson (*pro hac vice*)
COVINGTON & BURLING LLP
30 Hudson Yards
New York, New York 10001
(212) 841-1000
pirwin@cov.com
jjoachim@cov.com
cnelson@cov.com

*Attorneys for Plaintiffs*

8

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2026, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Western District's Local Rules, and/or the Western District's Case Filing Rules & Instructions upon all counsel registered through the ECF System.

*/s/ A. Chinyere Ezie*

9